FILED

JUL 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JURY
ACTION

1

Joseph A. Buaiz Jr.
1783 Rocky Springs Road
Bean Station, Tennessee
                37708

Plaintiff
Judiciary Act of 1789 § 35

CASE NUMBER  1:06CV01312

JUDGE: Rosemary M. Collyer

DECK TYPE: Pro se General Civil

DATE STAMP: 07/24/2006

# district court of the United States[1]
# District of Columbia

Joseph A. Buaiz Jr.,

    Plaintiff,

     v.

UNITED STATES

    Respondent,

Case Nº:

VERIFIED COMPLAINT
(Unlawful Collection Activities)
(Multiple Violations of Title 26 USC)
(Breach of Administrative Procedure)

TRIAL BY JURY DEMANDED

COMES NOW Joseph A. Buaiz Jr., in his own right, <u>Faretta v. California</u>, 422 US 809, reserving his right to Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC § 2072(b), and the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, implemented by EXECUTIVE ORDER 13107 on December 10, 1998, <u>63 Federal Register 240, pp 68991-68993</u> and for his cause of action, avers:

I.    PARTIES

    A.    Plaintiff is a Citizen of Tennessee, a Republic, "State in this Union," as established in ART. IV § 4 UNITED STATES CONSTITUTION, <u>Hooven & Allison v. Evatt,</u> 324 U.S. 652, 672-674, domiciled at the address shown above.

    B.    Respondent is the UNITED STATES.

II.    JURISDICTION

    A.    This action is brought pursuant to Internal Revenue Code section 7433[2], 102 Stat.

---

[1] As designated in Title 26, United States Code, § 7433.
[2] Added Pub. L. 100-647, title VI, Sec. 6241(a), Nov. 10, 1988, 102 Stat. 3747

<u>3747</u>, for reckless, intentional, or negligent disregard of numerous provisions of the Internal Revenue Code and regulations promulgated thereunder, as described in the attached VERIFIED STATEMENT OF FACTS, and alleged below.

B.   This action is brought also pursuant to the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, <u>ch 324</u>, <u>60 Stat 237</u>, as amended; <u>Title 5 United States Code §§ 704</u>, <u>and 706(1)</u>, respectively,

1.   to compel agency action unlawfully withheld or unreasonably denied; and,

2.   for judicial review of final agency actions for which there is no other adequate remedy in a court.

C.   Plaintiff may forego exhausting administrative remedies that are either futile or inadequate, <u>Wallace v Lynn</u> (1974) 165 App DC 363, 507 F2d 1186, 8 CCH EPD ¶ 9822, <u>Ft. Sumter Tours, Inc. v Andrus</u> (1977, DC SC) 440 F Supp 914, *affd* (CA4 SC) 564 F2d 1119, 24 CCF ¶ 81817; <u>Winterberger v General Teamsters Auto Truck Drivers & Helpers</u> (1977, CA9 Or) 558 F2d 923, 96 BNA LRRM 2092, 82 CCH LC ¶ 10085; or when agency action exceeds statutory authorization; however, such remedies have been exhausted in this case. <u>Blue Ribbon Quality Meats, Inc. v Federal Trade Com</u>. (1976, WD Mo) 434 F Supp 159, *affd* (CA8) 560 F2d 874, 1977-2 CCH Trade Cases ¶ 61554. <u>Georgia Dept. of Transp. v Dole</u> (1983, ND Ga) 561 F Supp 1024;

D.   The district court of the United States has jurisdiction pursuant to

1.   Section 7433 of the Internal Revenue Code of 1986, <u>102 Stat. 3747</u>, as amended;

2.   Section 704 of the ADMINISTRATIVE PROCEDURE ACT, <u>80 Stat. 392</u>, for final agency actions for which there is no other adequate remedy in a court;

3.   Section 705 of the ADMINISTRATIVE PROCEDURE ACT, <u>80 Stat. 393</u>, to compel agency action unlawfully withheld or unreasonably denied.

4.   Section 706 of the ADMINISTRATIVE PROCEDURE ACT, <u>80 Stat. 393</u>, to provide for judicial review of final agency actions for which there is no other adequate remedy in a court.

The court has power to hold unlawful and set aside agency action findings, and conclusions found to be -

a)  (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
b)  (B) contrary to constitutional right, power, privilege, or immunity;
c)  (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
d)  (D) without observance of procedure required by law;
e)  (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title [Title 5] or otherwise reviewed on the record of an agency hearing provided by statute; or
f)  (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

E.  The Court further:

1.  has federal question jurisdiction pursuant to Title 28 United States Code § 1331 with respect to federal record-keeping matters under

a)  the Federal Records Act; 82 Stat. 1297, et seq.;
b)  the National Archives Act[3], 90 Stat. 2723, , et seq.;
c)  the Freedom of Information Act, 80 Stat. 383, et seq.; and,
d)  the Privacy Act of 1974, 88 Stat. 1897;

2.  has jurisdiction of action in the nature of mandamus to compel performance of a duty by an officer or employee of an agency of the United States, pursuant to P. L. 87-748, § 1(a), 76 Stat. 744, Title 28 United States Code § 1361; the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, ch 324, 60 Stat 237, as amended; Title 5 United States Code § 705; and,

3.  has jurisdiction under the ALL WRITS ACT, Title 28 United States Code § 1651[4].

---

[3] Added Pub. L. 94-575, Sec. 2(a)(1), Oct. 21, 1976, 90 Stat. 2723
[4] 28 USCS § 1651 was enacted to meet cases where there was no specific process provided by statute, John Gund Brewing Co. v United States (1913, CA8 ND) 204 F 17, mod (CA8 ND) 206 F 386, and is necessary because federal courts, being courts of limited jurisdiction, would not

F.    Venue is proper in the District of Columbia, the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643, wherein the offices of government are required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643.

III.    ALLEGATIONS RE:

DISREGARDS OF INTERNAL REVENUE CODE PROVISIONS OR REGULATIONS PROMULGATED THEREUNDER:

A.    COUNT ONE:

By disregard of Internal Revenue Code section 6001[5], 68A Stat. 731 with intent to defeat the application thereof; defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, a component of the Department of Treasury, failed to notify Plaintiff, by notice served or by regulation, of the imposition upon Plaintiff of a requirement keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code.

B.    COUNT TWO:

By disregard with intent to defeat the application of Federal Tax Regulation 26 CFR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, a component of the Department of Treasury, failed to notify Plaintiff, by notice served, of the imposition upon Plaintiff of a requirement keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code.

---

otherwise possess tools necessary to implement their jurisdictional grants. ITT Community Development Corp. v Barton (1978, CA5 Fla) 569 F2d 1351.

[5] Amended 1976 - Pub. L. 94-455 struck out "or his delegate" after "Secretary" wherever appearing.

1

2

C.    COUNT THREE:

By disregard with intent to defeat the application of Internal Revenue Code section

3

$6103^6$, 68A Stat. 753, subsection (c); defendant, through principals, officers, agents,

4

and/or employees of Internal Revenue Service, a component of the Department of

Treasury, failed to disclose returns, and return information to Plaintiff upon request.

5

6

D.    COUNT FOUR:

By disregard of Internal Revenue Code section $6109^7$ [8], 75 Stat. 828, subsection (d), and

7

with the intent to defeat the application thereof; defendant, through principals, officers,

8

agents, and/or employees of Internal Revenue Service, a component of the Department of

9

Treasury, forced Plaintiff into the use of a "social security account number issued to an

individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by

10

the Commissioner of Social Security only to:

11

        i.    aliens 42 USC § 405(c)(2)(B)(i)(I); and,

12

        ii.    applicants for/recipients of federal benefits 42 USC §
          405(c)(2)(B)(i)(II)

13

effectively creating, in Plaintiff, a false status of "alien" and/or "applicant/recipient".

14

15

E.    COUNT FIVE:

By disregard with the intent to defeat the application of Internal Revenue Code section

16

6201, 68A Stat. 767, subsection (a), paragraphs (1) and (2); defendant, through

17

principals, officers, agents, and/or employees of Internal Revenue Service, a component

of the Department of Treasury, failed to limit "assessments" to:

18

        i.    Taxes shown on return 26 USC § 6201(a)(1); and,

19

        ii.    Unpaid taxes payable by stamp 26 USC § 6201(a)(2).

20

21

22

23

24

---

[6] Amended 1976 - Pub. L. 94-455 among other changes, substituted provisions treating income tax returns as public records and allowing inspection only under regulation approved by the President except in certain enumerated situations for provisions treating return information as confidential and not subject to disclosure except in limited situations and inserted provisions defining "return" and "return information" and provisions prohibiting tax information from being furnished by the Internal Revenue Service to another agency unless the other agency establishes procedures for safeguarding the information it receives.
[7] Added Pub. L. 87-397, Sec. 1(a), Oct. 5, 1961, 75 Stat. 828
[8] 1976 - Subsec. (a). Pub. L. 94-455, Secs. 1203(d), 1906(b)(13)(A), struck out in provisions preceding par. (1) "or his delegate" after "Secretary" and added par. (4).
    Subsec. (d). Pub. L. 94-455, Sec. 1211(c), added subsec. (d).

F.    COUNT SIX:

By disregard with intent to defeat the application of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917; defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, a component of the Department of Treasury, collected amounts collectable only from those engaged in activity relating to Alcohol, Tobacco Products, and Firearms.

G.    COUNT SEVEN:

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with the intent to defeat the application thereof; defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, a component of the Department of Treasury, failed to make and record assessments of Plaintiff in the office of the Secretary.

H.    COUNT EIGHT:

By disregard with the intent to defeat the application of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, a component of the Department of Treasury, failed to make, execute, i.e., sign, summary records of assessment, which include,

    a.   identification of the taxpayer;

    b.   character of liability assessed;

    c.   taxable period, if applicable; and,

    d.   amount of assessment

I.    COUNT NINE:

By disregard with intent to defeat the application of Internal Revenue Code section 6203, 68A Stat. 768; defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, a component of the Department of Treasury, failed to furnish Plaintiff copies of assessments "filed in the Office of the Secretary" upon Plaintiff's request.

J.    COUNT TEN:

By disregarding, with the intent to defeat the application of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203; defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, a component of the Department of Treasury, failed to furnish Plaintiff copies of signed summary records of assessment with supporting lists upon Plaintiff's request.

K.    COUNT ELEVEN:

By disregard of Internal Revenue Code section 6301, 68A Stat. 775, with intent to defeat the application thereof; defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, a component of the Department of Treasury, exceeded the limits imposed upon the Secretary's authority to collect to taxes; i.e., taxes imposed by the Internal Revenue Code[9]. Specifically:

  i. The Commissioner of Internal Revenue failed to develop and implement procedures under which - "(1) a determination by an employee to file a notice of lien or levy with respect to, or to levy or seize, any property or right to property would, where appropriate, be required to be reviewed by a supervisor of the employee before the action was taken"; and,

---

[9] Notes under IRC section 6301 specify: "Pub. L. 105-206, title III, Sec. 3421, July 22, 1998, 112 Stat. 758, provided that:

"(a) In General. - The Commissioner of Internal Revenue shall develop and implement procedures under which -

"(1) a determination by an employee to file a notice of lien or levy with respect to, or to levy or seize, any property or right to property would, where appropriate, be required to be reviewed by a supervisor of the employee before the action was taken; and

"(2) appropriate disciplinary action would be taken against the employee or supervisor where the procedures under paragraph (1) were not followed."

"(b) Review Process. - The review process under subsection (a)(1) may include a certification that the employee has -

"(1) reviewed the taxpayer's information;

"(2) verified that a balance is due; and

"(3) affirmed that the action proposed to be taken is appropriate given the taxpayer's circumstances, considering the amount due and the value of the property or right to property.

"(c) Effective Dates. -

"(1) In general. - Except as provided in paragraph (2), this section shall take effect on the date of the enactment of this Act [July 22, 1998].

"(2) Automated collection system actions. - In the case of any action under an automated collection system, this section shall apply to actions initiated after December 31, 2000."

ii. The Commissioner of Internal Revenue failed to develop and implement procedures under which -"(2) appropriate disciplinary action would be taken against the employee or supervisor where the procedures under paragraph (1) were not followed"; and,

iii. The Commissioner of Internal Revenue failed to develop and implement a review process under subsection (a)(1) which includes a certification that the employee has -

"(1) reviewed the taxpayer's information;

"(2) verified that a balance is due; and

"(3) affirmed that the action proposed to be taken is appropriate given the taxpayer's circumstances, considering the amount due and the value of the property or right to property."

**L.    COUNT TWELVE:**

By disregard with the intent to defeat the application of Internal Revenue Code section 6304[10], 112 Stat. 768, subsection (b), paragraph (1); defendant, through principals, officers, agents, and/or employees of Internal Revenue Service engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." with regard to Plaintiff.

**M.    COUNT THIRTEEN:**

By disregard of Internal Revenue Code section 6321, 68A Stat. 779, with the intent to defeat the application thereof; defendant, through principals, officers, agents, and/or employees of Internal Revenue Service asserted two Notices of Lien allegedly for failure or neglect to pay, without giving proper notice and without making demand.

**N.    COUNT FOURTEEN:**

By disregard with intent to defeat the application of section 6751(b)(1) of the Internal Revenue Code of 1986, 68A Stat 3, § 6751(b); defendant, through IRS principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination.

---

[10] Added Pub. L. 105-206, title III, Sec. 3466(a), July 22, 1998, 112 Stat. 768.

Joseph A. Buaiz Jr. V. UNITED STATES          **Page 8 of 14**          26 U.S.C. §7433 Verified Complaint

O.    COUNT FIFTEEN:

By disregarding Internal Revenue Code section 6322, 68A Stat. 779, with the intent to defeat the application thereof; defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, a component of the Department of Treasury, made, executed, and issued two Notices of Lien, with the intent that same be recorded into the Public Record, against Plaintiff for which no assessments were made; in clear violation of Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1.

P.    COUNT SIXTEEN:

By disregard with intent to defeat the application of Internal Revenue Code section 6323, 68A Stat. 779, subsection (f), paragraph (1), subparagraph (A); defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, a component of the Department of Treasury, failed to certify the aforementioned Notices of Lien prior to issuing for the purpose of recording, in violation of A.R.S. § 33-1033.

Q.    COUNT SEVENTEEN:

By disregard with intent to defeat the application of Internal Revenue Code section 7213, 68A Stat. 855, subsection (a); defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, a component of the Department of Treasury, unlawfully disclosed return information - by making, executing, and causing to be recorded, two Notices of Lien which assert "Unpaid Balance(s) of Assessment(s)" and "Assessment Date(s)" for which no assessments and, or record of assessments exists.

R.    COUNT EIGHTEEN:

By disregard of Internal Revenue Code section6325, with the intent to defeat the application thereof; defendant's Agent, Jane Lethco, employee # 62-09719, refused to release the aforesaid Notices of Lien, despite the fact that Agent Lethco admitted to Plaintiff that the Internal Revenue Service had no W-2 or 1099 information regarding Plaintiff for the "tax years" cited on said Notices of Lien, and that said Notices of Lien were not supported by the requisite documentation.

S.    COUNT NINETEEN:

By disregard with intent to defeat the application of Internal Revenue Code section 6404(g); defendant's Agent, Jane Lethco, employee # 62-09719, refused to suspend interest and penalties despite her own admission that Internal Revenue Service does not possess documentation which would prove Plaintiff owes a tax for the years for which Agent Lethco is imposing interest and penalties upon Plaintiff.

T.    COUNT TWENTY:

By disregard with intent to defeat the application of Internal Revenue Code section 7602(e); defendant's Agent, Velvet Cole, employee # 62-03098, used financial status and economic reality examination techniques in an effort to determine alleged tax liability against Plaintiff. Agent Cole's actions are intentional disregards of the Internal Revenue Code. Agent Cole admitted Internal Revenue Service records indicate Plaintiff did not have reportable income from years 2002 and 2003, but that she intended to investigate, examine, and audit the Plaintiff concerning years 2002 and 2003 regardless.

U.    COUNT TWENTY-ONE:

By disregard with the intent to defeat the application of Internal Revenue Code section 6110(a); defendant's Agent, Velvet Cole, employee # 62-03098, refused to produce evidence which would indicate that there had been a determination that there is such, "a reasonable indication [of] a likelihood of such unreported income." Agent Cole's refusal to produce the required documentation is in clear violation of Internal Revenue Code section 6110(a).

V.    COUNT TWENTY-TWO:

By disregard with intent to defeat the application of Internal Revenue Code section 7609(f),(g) and (i)(2); defendant's Agent, Velvet Cole, employee # 62-03098, scheduled a meeting for the purpose of examination of Plaintiff and to receive testimony and records from Plaintiff. Agent Cole is merely an administrative employee of the IRS, and is not authorized under any section of the Internal Revenue Code to schedule examinations and, or to receive testimony.

W.    COUNT TWENTY-THREE:

By disregard of Internal Revenue Code sections 7608(a),(2) and 7608(b)(A), and with the intent to defeat the application thereof; defendant's Agent, Velvet Cole, employee # 62-03098, made and served upon Plaintiff four (4) summonses in less than forty day's time. Agent Cole's issuance of summonses is in clear violation of, and shows intent to defeat, said provisions of the Internal Revenue Code.

X.    COUNT TWENTY-FOUR:

By disregard of Internal Revenue Code sections 7603(a), and with the intent to defeat the application thereof; defendant's Agent, Velvet Cole, employee # 62-03098, made un-authorized entry onto private property and hand delivered an original First Party summons on May 3rd, 2006. Said summons was not attested to, and was executed and served in clear violation of, and with intent to defeat section 7603(a) of the Internal Revenue Code.

IV.    SPECIAL MATTERS:

Upon information and belief, each failure of administrative procedure and disregard identified above was intended to defeat the application of one or more provisions of the Internal Revenue Code,  in violation of IRC § 7214(a)(3).

V.    ALLEGATIONS RE: BREACHES OF ADMINISTRATIVE PROCEDURE:

    a.  Upon information and belief, the failures of administrative procedure identified above were,

        i.   arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

        ii.  contrary to constitutional right, power, privilege, or immunity;

        iii. in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

        iv.  without observance of procedure required by law;

        v.   unsupported by substantial evidence in a case subject to sections 556 and 557 of this title [Title 5] or otherwise reviewed on the record of an agency hearing provided by statute; or

1

2

3

4

          vi.  unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

5

6

7

8

9

10

11

12

    b.  Upon information and belief, the failures of administrative procedure identified above were, arbitrary, capricious, and abuses of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence in a case subject to sections <u>556</u> and <u>557</u> of Title 5, United States Code, or otherwise reviewed on the record of an agency hearing provided by statute, and unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

13

14

15

## VI.   INJURIES:

16

17

18

19

A.  Plaintiff, despite efforts to mitigate damages, has incurred substantial pecuniary injury as direct and proximate results of the reckless and intentional disregards of the Internal Revenue Code and regulations promulgated thereunder on the part of defendant's Agency, agents, officers, and employees.

20

21

22

23

24

B.  Plaintiff seeks damages in the amount of $526,325.00 for pecuniary injuries to wit: Plaintiff has suffered, as a direct loss, $526,325.00. This amount would have been paid to Plaintiff, but was made unavailable to Plaintiff due to the reckless and intentional disregards of the Internal Revenue Code and regulations promulgated thereunder on the part of defendant's Agency, agents, officers, and employees.

C.  Plaintiff seeks damages in the amount of $32,387.00 for pecuniary injuries to wit: Plaintiff has suffered, as a direct loss, $32,387.00. This amount would have been credited to Plaintiff's Social Security retirement account, but was prevented from being so credited due to the reckless and intentional disregards of the Internal Revenue Code on the part of defendant's Agency, agents, officers, and employees.

D.  Plaintiff seeks damages in the amount of $1,000,000.00 for pecuniary injuries to wit: Plaintiff has suffered as a direct loss, the value of Professional Tradesman Certification which would have been available to Plaintiff, but was made unavailable to Plaintiff due to the reckless and intentional disregards of the Internal Revenue Code and regulations promulgated thereunder on the part of defendant's Agency, agents, officers, and employees. Said Professional Tradesman Certification would have guaranteed Plaintiff competitive pay rates until the age of retirement, and a considerable pension. Plaintiff conservatively estimates pecuniary losses due to the loss of said Professional Certification to be $1,000,000.00 over the course of Plaintiff's potential working career.

E.  Plaintiff has sustained damages totaling $1,558,712.00 to date as direct and proximate results of defendant's Agency, agents, officers, and employees continual, reckless, and intentional disregards of the Internal Revenue Code.

VII.  SUMMARY:

Pursuant to section 7433(b) of the Internal Revenue Code of 1986, *26 USC § 7433(b)*;

In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $ 1,000,000.00 or the sum of –

(1)  actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional actions of the officer or employee, and,

(2)  the costs of the action.

VIII.   REMEDY SOUGHT:

Plaintiff seeks relief in the following particulars:

1.   A finding that defendant is liable to the Plaintiff in the amount of $1,558,712.00 for the actual, direct economic damages sustained by the Plaintiff as a direct result of the reckless or intentional actions of the defendant's agents, officers, and employees against Plaintiff and,

2.   A finding that the defendant is liable to the Plaintiff for the costs of this action.

WHEREFORE,     Plaintiff seeks an ORDER:

A.   Directing the defendant to pay damages in the amount of $1,558,712.00 to the Plaintiff and,

B.   Directing the defendant to pay Plaintiff for the costs of this action.

## VERIFICATION

I, Joseph A. Buaiz Jr. declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief except for those allegations made upon information and belief, and as to those, I believe them to be true.

Respectfully entered this _20_ day of July, 2006.

_Joseph A. Buaiz Jr._

Joseph A. Buaiz Jr.

Sworn and Subscribed before me this _20_ day of July, 2006

Notary Public for the State of Tennessee _Barbara S. Wolfe_

My Commission expires: _3-28-2010_        Seal

BARBARA S. WOLFE
STATE OF TENNESSEE
NOTARY PUBLIC
GRAINGER COUNTY

Joseph A. Buaiz Jr.
1783 Rocky Springs Road
Bean Station, Tennessee


Plaintiff
Judiciary Act of 1789 § 35


# district court of the United States[1]
# District of Columbia


Joseph A. Buaiz Jr.,                          Case No:

    Plaintiff,                    VERIFIED STATEMENT OF FACTS
                                      (Unlawful Collection Activities)
v.                                    (Disregards of Title 26 USC)

UNITED STATES                            (Trial by Jury Demanded)

Respondent,


1. During April of 1995, Internal Revenue agents, officers, and or employees, made
   and issued a fraudulent Notice of Levy bearing the SSN assigned to me.

2. Said Notice of Levy was issued to my workplace in an effort to coerce the
   Fiduciary Officer thereof to convert my monies/assets to the IRS.

3. My monies/assets were fraudulently converted to the IRS through deceit and
   inducement via the issuance of said Notice of Levy. Said Notice of Levy carried
   false and fraudulent "Unpaid Balance(s) of Assessment" information. I now
   know, through the admissions of Internal Revenue agents, officers, and
   employees that no assessments of, or against me have occurred.

**06 1312**

**FILED**

JUL 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

[1] As designated in Title 26, United States Code, § 7433.

4. Internal Revenue Service did not have a Lien, or Notice of Lien recorded against me until February of 1996; nearly a year after implementing the aforesaid levy against me.

5. By and through the exclusive use of anonymously issued, unsigned collection documents, IRS agents, employees, and officers effectively denied me a reasonable opportunity to discover all essential elements of a possible cause of action for more than ten years. The signed correspondence of Jane Lethco, having breached the anonymity of the Internal Revenue Service as it pertains to me, has provided me with the essential elements needed to bring suit under the provisions of 26 CFR § 301. 7433-1.

6. On, or about October 4th, 2005, I received letters entitled "FINAL NOTICE" (Letter1058), and a Letter Number 3174(P), dated October 4th, 2005. Said letters being the first signed correspondence I received from IRS personnel in regards to collection, and or enforcement actions. IRS employee, Jane Lethco signed said letters which included attempts to collect taxes allegedly owed for "Tax Periods" 1993 and 1994, for which IRS admits no records of W-2 or 1099 information pertaining to me exist, and civil penalties allegedly owed for "Tax Periods" 1989 through and including 1994. Both of the aforesaid letters carry the blue ink, original signatures of Jane Lethco, Revenue Officer; employee #62-09719.

7. Prior to receipt of the aforesaid correspondences, I remained effectively barred from bringing suit due to the IRS's reliance upon computer generated letters bearing no signature whatsoever, and IRS's use of letters bearing computer generated signatures. Not until I received the signed correspondence of agent Jane Lethco, who I intend to subpoena as a witness, did I have a reasonable opportunity to discover all essential elements of a possible cause of action.

8. On, or about October 4th, 2006, I contacted IRS Agent Jane Lethco by telephone. Agent Lethco, after admitting IRS records show no W-2 or 1099 information regarding me for the years 1989 through 1994, refused to release said liens.

9. Until the IRS's anonymity was breached by Agent Jane Lethco, none of my
   corresponence to the IRS had any effect. IRS simply responded with another
   anonymous, computer generated letter; usually from another office located in yet
   another city, and usually reflecting an increase in the amount allegedly owed. IRS
   relied heavily upon their anonymity to deny me an effective administrative
   avenue through which I could have addressed the serious procedural errors and
   wrongful collection activities which were being perpetrated against me.

10. I have requested assessment certificates through the Freedom of Information Act,
    and the Privacy Act. The Internal Revenue service has never produced the
    requested / required documentation. Of more than a dozen requests, only five
    have been answered at all. One response, which was a request for additional time,
    was in response to my request which was received by IRS on January 12th, 2006.
    IRS still has not produced the requested documentation to date.

11. IRS Disclosure Office responses to my other requests for assessment certificates
    have been frivolous responses, or failures to respond. Never has the requested /
    required documentation been produced.

12. On or about March 24th, 2006, I received a letter from IRS Agent Velvet Cole.
    Said letter was not a standard form letter, but appeared to have been drafted by
    Velvet Cole herself; complete with spelling and grammatical errors. Velvet Cole's
    letter cited "Tax Years" 2000, 2001, 2003, & 2004 as years for which IRS did not
    receive tax returns from me. IRS records clearly indicate I did not have any
    taxable income for years 2000, through 2003. IRS records also clearly indicate
    that I filed a return for 2004, and that I overpaid.

13. Agent Cole's letter instructed me to contact her by telephone, and not by mail. I
    phoned Agent Cole on March 24th, 2006, as instructed. Agent Cole stated that she
    intended to investigate me to determine how I "...survived those years where
    there is no reported income." I informed Agent Cole that her intended actions
    would be in violation of §7602(e) of the Internal Revenue Code in that Agent
    Cole is prohibited from engaging in economic reality examination techniques.

14. I informed Agent Cole that I had filed returns for 2004 and 2005, and that the IRS had rendered determinations that I had overpaid for both years. Agent Cole then insisted that she still intended to investigate and examine me regarding said years.

15. On March 31st, 2006, I responded to Agent Cole by letter (via FAX), and requested assessment certificates directly from IRS Agent Cole, as decided by the Supreme Court in Ryder V. United States, and pursuant to § 2 of 31 CFR Part 1, Appendix B of Subpart C; both of which indicate that I am entitled to directly request evidence of authority and/or liability from the Agent making the allegations / attempt to collect. I was dealing directly with Agent Cole, and requested the required documentation from her. Agent Cole refused to produce the required documentation upon my request.

16. I also requested any and all evidence which would indicate that there had been a determination made that there is such, " a reasonable indication [of] a likelihood of such unreported income." Agent Cole refused to produce the requested information in clear violation of Internal Revenue Code section 6110(a).

17. On May 3rd, 2006 Revenue Agent Velvet Cole and an accomplice made unauthorized entry onto private property and hand delivered an original un-attested Form 2039 First Party Summons upon me. Said summons was not a copy, and was not attested. These acts, committed by Agent Cole are in direct violation of the requirements set forth in §7603(a), which require that an attested copy be delivered to the hand of the person to whom it is directed. Agent Cole's summons bears a genuine, original signature, complete with discernable impressions evident on the reverse side of said summons.

18. On May 3rd, 2006, upon making unauthorized entry onto private property, Agent Velvet Cole introduced herself to me as, 'Special Agent Velvet Cole from the Internal Revenue Service'. Agent Cole's statement was a material misrepresentation uttered under color of law. After claiming to be a "Special Agent", Agent Cole then produced and displayed her Administrative Pocket

Commission which bore the suffix "A" immediately after the serial number, which proved her true status, and lack of authority.

19. On May 3rd, 2006, Agent Cole falsely pretended to be acting under the authority of the United States or a department, agency, or officer thereof. Agent Cole was clearly acting without authority when in reply to my question regarding her alleged authority to make entry onto private property, she stated, "I assure you that I have the authority to come here." Agent Cole admitted, through the production and display of her Pocket Commission, that she is merely an Administrative employee of the IRS, and that she was not a "Special Agent" as she had claimed.

20. On May 3rd, 2006, Agent Cole was clearly acting without authority when she demanded that I appear in response to an illegally issued summons to give sworn testimony and surrender books, papers, records, etc. Agent Cole falsely acted as though she possessed Law Enforcement authority when she threatened me by stating, "That's a real summons. If you don't appear, you'll be picked up." Agent Cole has not been commissioned with the authority to issue summonses and, or make demands upon, or threats against Citizens.

21. On May 3rd, 2006, Moments after making the false statement wherein she claimed to be, 'Special Agent Velvet Cole from the Internal Revenue Service', Ms. Cole produced and displayed her Pocket Commission. Said Pocket Commission bore the suffix "A" immediately after the serial number. When I commented on Agent Cole's Administrative Pocket Commission, Agent Cole uttered yet another false statement; "A means Agent". Agent Cole's uttered statements were false, fictitious, and fraudulent misrepresentations.

22. Agent Cole's willfully uttered false, fictitious, and fraudulent statements were intentional misrepresentations of the Official United States issued Pocket Commission she presented.

23. Less than one hour after Agent Cole hand delivered said unauthorized summons, I received, via USPS, a Form 2039 Part C, Third Party Summons. Said unauthorized summons was directed to me, and bore the genuine signature of Velvet Cole. Agent Cole signed said summons as the issuing officer, certifying that said third party summons was issued on the 3rd day of May, 2006. The envelope in which said summons was delivered carried a post mark of May 01 06. The post mark upon the envelope is evidence that Agent Cole executed and signed said summons at least two days prior to the false date she certified upon the document itself.

24. Velvet Cole, IRS employee # 62-03098, knowingly made and delivered (via USPS) as true, an Official Certificate, Form 2039 Part C, Third Party Summons, which contained statements which the evidence shows were false. Velvet Cole certified that the Third Party Summons she mailed to me was executed and issued on May 3rd, 2006. Postal records prove said summons was executed and issued at least two days prior.

25. On June 7th, 2006, Agent Velvet Cole and her accomplice once again made un-authorized entry onto private property in Grainger County, Tennessee. Ms. Cole and her accomplice both displayed their Administrative Pocket Commissions, as they had during their previous un-authorized entry. Ms. Cole served two more summonses upon me during this, the June 7th, 2006 encounter.

26. During this, her second un-authorized entry upon private property, June 7th, 2006, Agent Cole falsely pretended to be acting under the authority of the United States or a department, agency, or officer thereof. Agent Cole was clearly acting without authority when she committed the aforesaid violations. Agent Cole demanded that I appear in response to illegally issued summonses to give sworn testimony and surrender books, papers, records, etc. Agent Cole falsely acted as though she possessed Law Enforcement authority by stating, "You need to be in my office on June 29th, at nine A.M." Agent Cole has not been commissioned with the authority to issue summonses and, or make demands upon Citizens.

27. Agent Cole has served four summonses on me in less than forty days. All four summonses cite the same "Tax Years", as years Ms. Cole seeks to investigate; years for which IRS records plainly state that I either had no reportable income, or that I had filed returns and overpaid.

28. The same testimony and documentation is being sought in all four summonses. It is my belief that Agent Cole's actions are retaliatory and designed to influence and, or obstruct the testimony of a Witness/ Plaintiff in the instant action. Agent Cole was noticed on March 31st, 2006, and three additional times since then, that this action would be brought in a United States District Court.

29. Agent Cole has was noticed on March 31st, 2006, that the instant action was imminent. Despite having been noticed, Agent Cole has engaged in a campaign of harassment and witness tampering against me.

30. I responded to Agent Cole regarding her first two issuances of summonses. Said response was received by Agent Cole May 15th, 2006.

31. Agent Cole responded by serving two more summonses on me. Agent Cole did not seek enforcement by and through a U.S. District Court, but instead executed and issued two more summonses.

32. My response to Agent Cole's first two summonses clearly detailed Agent Cole's intentional and reckless disregards of the Internal Revenue Code and the regulations promulgated thereunder.

33. Agent Cole was Noticed as to my intention to file a civil suit prior to her execution, issuance, and delivery of all four of her unauthorized summonses.

> Agent Cole has served four summonses upon me in less than forty days.
> Agent Cole has made threats and demands upon me.
> Agent Cole has intimidated and lied to me.

34. Regarding "Tax Years" 2004 and 2005, Agent Cole was advised that IRS has already accepted returns for these years, recalculated, and returned determination letters to me. IRS calculated that I overpaid for years 2004 and 2005.

35. Agent Cole's desire to investigate "Tax Years" 2004 and 2005 is not only unauthorized, but completely unwarranted as well. The IRS has rendered determinations in my favor for both 2004 and 2005.

36. Agent Cole was advised that IRS records clearly indicate that I had no taxable income during the other years cited in said summonses.

## VERIFICATION

I, Joseph A. Buaiz Jr. declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief except for those allegations made upon information and belief, and as to those, I believe them to be true.

Respectfully entered this _20_ day of July, 2006.

Joseph A. Buaiz Jr.

Sworn and Subscribed before me this ___20___ day of July, 2006

Notary Public for the State of Tennessee _Barbara S. Wolfe_

My Commission expires: ___3-28-2010___        *Seal*

