1  Joseph A. Buaiz Jr.
   1783 Rocky Springs Road
2  Bean Station, Tennessee
                    37708
3

4  Plaintiff
   Judiciary Act of 1789 § 35

5

6

# district court of the United States[1]
# District of Columbia

7

8

9  Joseph A. Buaiz Jr.,                Case Nº: **1:06CV01312 RMC**

10     Plaintiff,              **AMENDED** VERIFIED COMPLAINT
                               (Unlawful Collection Activities)
                               (Multiple Violations of Title 26 USC)
11       v.                    (Breach of Administrative Procedure)

12 UNITED STATES                       TRIAL BY JURY DEMANDED

13 Respondent,

14

15

16    COMES NOW Joseph A. Buaiz Jr., in his own right, <u>Faretta v. California</u>, 422 US

17 809, reserving his right to Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES

18 CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC § 2072(b), and the

19 INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, implemented by

20 EXECUTIVE ORDER 13107 on December 10, 1998, <u>63 Federal Register 240, pp 68991-</u>

21 <u>68993</u>, and pursuant to his right under Fed. R. Civ. P. Rule 15, hereby amends his

22 complaint as follows, and for his cause of action, avers:

**RECEIVED**

23

SEP 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

24 ---

[1] As designated in Title 26, United States Code, § 7433.

I.    PARTIES

    A.    Plaintiff is a Citizen of Tennessee, a Republic, "State in this Union," as established in ART. IV § 4 UNITED STATES CONSTITUTION, <u>Hooven & Allison v. Evatt</u>, 324 U.S. 652, 672-674, domiciled at the address shown above.

    B.    Respondent is the UNITED STATES.

II.    JURISDICTION

    A.    This action is brought pursuant to Internal Revenue Code section 7433[2], <u>102 Stat. 3747</u>, for reckless, intentional, or negligent disregard of numerous provisions of the Internal Revenue Code and regulations promulgated thereunder, as described in the attached VERIFIED STATEMENT OF FACTS, and alleged below.

    B.    This action is brought also pursuant to the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, <u>ch 324</u>, <u>60 Stat 237</u>, as amended; <u>Title 5 United States Code §§ 704, and 706(1)</u>, respectively,

        1.    to compel agency action unlawfully withheld or unreasonably denied; and,

        2.    for judicial review of final agency actions for which there is no other adequate remedy in a court.

    C.    Plaintiff may forego exhausting administrative remedies that are either futile or inadequate, <u>Wallace v Lynn</u> (1974) 165 App DC 363, 507 F2d 1186, 8 CCH EPD ¶ 9822, <u>Ft. Sumter Tours, Inc. v Andrus</u> (1977, DC SC) 440 F Supp 914, *aff'd* (CA4 SC) 564 F2d 1119, 24 CCF ¶ 81817; <u>Winterberger v General Teamsters Auto Truck Drivers & Helpers</u> (1977, CA9 Or) 558 F2d 923, 96 BNA LRRM

---

[2] Added Pub. L. 100-647, title VI, Sec. 6241(a), Nov. 10, 1988, 102 Stat. 3747

2092, 82 CCH LC ¶ 10085; or when agency action exceeds statutory

authorization; however, such remedies have been exhausted in this case. <u>Blue</u>

<u>Ribbon Quality Meats, Inc. v Federal Trade Com</u>. (1976, WD Mo) 434 F Supp

159, *affd* (CA8) 560 F2d 874, 1977-2 CCH Trade Cases ¶ 61554. <u>Georgia Dept.</u>

<u>of Transp. v Dole</u> (1983, ND Ga) 561 F Supp 1024;

D.     The district court of the United States has jurisdiction pursuant to

    1.     Section 7433 of the Internal Revenue Code of 1986, <u>102 Stat. 3747</u>, as

        amended;

    2.     Section 704 of the ADMINISTRATIVE PROCEDURE ACT, <u>80 Stat. 392</u>, for

        final agency actions for which there is no other adequate remedy in a

        court;

    3.     Section 705 of the ADMINISTRATIVE PROCEDURE ACT, <u>80 Stat. 393</u>, to

        compel agency action unlawfully withheld or unreasonably denied.

    4.     Section 706 of the ADMINISTRATIVE PROCEDURE ACT, <u>80 Stat. 393</u>, to

        provide for judicial review of final agency actions for which there is no

        other adequate remedy in a court.

The court has power to hold unlawful and set aside agency action findings, and

conclusions found to be -

    a)     (A) arbitrary, capricious, an abuse of discretion, or otherwise not in

        accordance with law;

    b)     (B) contrary to constitutional right, power, privilege, or immunity;

c)   (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

d)   (D) without observance of procedure required by law;

e)   (E) unsupported by substantial evidence in a case subject to sections <u>556</u> and <u>557</u> of this title [Title 5] or otherwise reviewed on the record of an agency hearing provided by statute; or

f)   (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

E.   The Court further:

   1.   has federal question jurisdiction pursuant to <u>Title 28 United States Code § 1331</u> with respect to federal record-keeping matters under

      a)   the Federal Records Act; <u>82 Stat. 1297</u>, *et seq.*;

      b)   the National Archives Act[3], <u>90 Stat. 2723</u>, , *et seq.*;

      c)   the Freedom of Information Act, <u>80 Stat. 383</u>, *et seq.*; and,

      d)   the Privacy Act of 1974, <u>88 Stat. 1897</u>;

   2.   has jurisdiction of action in the nature of mandamus to compel performance of a duty by an officer or employee of an agency of the United States, pursuant to <u>P. L. 87-748, § 1(a)</u>, <u>76 Stat. 744</u>, <u>Title 28 United States Code § 1361</u>; the ADMINISTRATIVE PROCEDURE ACT, June

---

[3] Added Pub. L. 94-575, Sec. 2(a)(1), Oct. 21, 1976, 90 Stat. 2723

11, 1946, ch 324, 60 Stat 237, as amended; Title 5 United States Code §
705; and,

3.     has jurisdiction under the ALL WRITS ACT, Title 28 United States Code §
1651[4].

F.     Venue is proper in the District of Columbia, the permanent seat of government of
the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643,
wherein the offices of government are required to be exercised, pursuant to Title
4, United States Code, § 72, 61 Stat. 643.

III.     ALLEGATIONS RE:

DISREGARDS OF INTERNAL REVENUE CODE PROVISIONS OR

REGULATIONS PROMULGATED THEREUNDER:

Plaintiff re-alleges all counts brought forth in Plaintiff's original Verified Complaint.

A.     COUNT ONE:

By disregard of Internal Revenue Code section 6001[5], 68A Stat. 731 with intent to defeat
the application thereof; defendant, through principals, officers, agents, and/or employees
of Internal Revenue Service, a component of the Department of Treasury, failed to notify
Plaintiff, by notice served or by regulation, of the imposition upon Plaintiff of a
requirement to keep records, make statements, or file returns with respect to any tax

---

[4] 28 USCS § 1651 was enacted to meet cases where there was no specific process provided by
statute, John Gund Brewing Co. v United States (1913, CA8 ND) 204 F 17, mod (CA8 ND) 206
F 386, and is necessary because federal courts, being courts of limited jurisdiction, would not
otherwise possess tools necessary to implement their jurisdictional grants. ITT Community
Development Corp. v Barton (1978, CA5 Fla) 569 F2d 1351.
[5] Amended 1976 - Pub. L. 94-455 struck out "or his delegate" after "Secretary" wherever appearing.

imposed in the Internal Revenue Code. Defendant, by and through defendant's agent, the

Secretary, and defendant's agency, the Internal Revenue Service, admitted that Plaintiff

has never been notified by notice served or by regulation to keep records, make

statements, or file returns with respect to any tax imposed in the Internal Revenue Code.


B.     COUNT TWO:

By disregard with intent to defeat the application of Federal Tax Regulation 26 CFR

1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805,

68A Stat. 917, to implement the provisions of Internal Revenue Code section 6001 with

respect to income tax imposed in Subtitle A of the Internal Revenue Code; defendant,

through principals, officers, agents, and/or employees of Internal Revenue Service, a

component of the Department of Treasury, failed to notify Plaintiff, by notice served, of

the imposition upon Plaintiff of a requirement to keep specific records, make statements,

or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code.


C.     COUNT THREE:

By disregard with intent to defeat the application of Internal Revenue Code section

6103[6], 68A Stat. 753, subsection (c); defendant, through principals, officers, agents,

and/or employees of Internal Revenue Service, a component of the Department of

Treasury, failed to disclose returns, and return information to Plaintiff upon request.

---

[6] Amended 1976 - Pub. L. 94-455 among other changes, substituted provisions treating income tax returns as public records and allowing inspection only under regulation approved by the President except in certain enumerated situations for provisions treating return information as confidential and not subject to disclosure except in limited situations and inserted provisions defining "return" and "return information" and provisions prohibiting tax information from being furnished by the Internal Revenue Service to another agency unless the other agency establishes procedures for safeguarding the information it receives.

Defendant, by and through defendant's agent, the Secretary, and defendant's agency, the

Internal Revenue Service, admitted Internal Revenue Service does not possess W-2 or

1099 records for years which defendant's agents have imposed, and continue to impose

collection actions, examinations, penalties and interest, and maintain a Notice of Lien.

D.    COUNT FOUR:

By disregard of Internal Revenue Code section 6109[7] [8], 75 Stat. 828, subsection (d), and

with the intent to defeat the application thereof; defendant, through principals, officers,

agents, and/or employees of Internal Revenue Service, a component of the Department of

Treasury, forced Plaintiff into the use of a "social security account number issued to an

individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by

the Commissioner of Social Security only to:

        i.    aliens 42 USC § 405(c)(2)(B)(i)(I); and,

        ii.    applicants for/recipients of federal benefits 42 USC §

           405(c)(2)(B)(i)(II)

effectively creating, in Plaintiff, a false status of "alien" and/or "applicant/recipient".

E.    COUNT FIVE:

By disregard with the intent to defeat the application of Internal Revenue Code section

6201, 68A Stat. 767, subsection (a), paragraphs (1) and (2); defendant, through

principals, officers, agents, and/or employees of Internal Revenue Service, a component

---

[7] Added Pub. L. 87-397, Sec. 1(a), Oct. 5, 1961, 75 Stat. 828
[8] 1976 - Subsec. (a). Pub. L. 94-455, Secs. 1203(d), 1906(b)(13)(A), struck out in provisions preceding par. (1) "or his delegate" after "Secretary" and added par. (4).
    Subsec. (d). Pub. L. 94-455, Sec. 1211(c), added subsec. (d).

1     of the Department of Treasury, failed to limit "assessments" to:

2                     i.   Taxes shown on return 26 USC § 6201(a)(1); and,

3                     ii.  Unpaid taxes payable by stamp 26 USC § 6201(a)(2).

4

5     F.     COUNT SIX:

6     By disregard with intent to defeat the application of Federal Tax Regulations in 27 CFR

7     Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917;

8     defendant, through principals, officers, agents, and/or employees of Internal Revenue

9     Service, a component of the Department of Treasury, collected amounts collectable only

10    from those engaged in activity relating to Alcohol, Tobacco Products, and Firearms.

11

12    G.     COUNT SEVEN:

13    By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with the intent to

14    defeat the application thereof; defendant, through principals, officers, agents, and/or

15    employees of Internal Revenue Service, failed to make and record assessments of

16    Plaintiff in the office of the Secretary.  Defendant, by and through defendant's agent, the

17    Secretary, and defendant's agency, the Internal Revenue Service, admits no procedurally

18    proper assessments have been performed with respect to Plaintiff. Defendant's agency,

19    the Internal Revenue Service, provides a party admission that a Form 23C Assessment

20    Certificate, signed by an Operation Manager or a duly appointed Assessment Officer is

21    prerequisite to a procedurally proper assessment. The aforementioned party admission is

22    found in the Internal Revenue Manual at: 3.17.63.19 (10-01-2005), and qualifies as a

23    Party Admission under the Federal Rules of Evidence 801 (d)(2)(D).

24

1

2   H.    COUNT EIGHT:

3   By disregard with the intent to defeat the application of Federal Tax Regulation

4   301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, <u>68A Stat. 917,</u>

5   to implement the provisions of Internal Revenue Code section 6203, defendant, through

6   principals, officers, agents, and/or employees of Internal Revenue Service, a component

7   of the Department of Treasury, admitted said agents and agency failed to make, execute,

8   i.e., sign, summary records of assessment, which include,

9                    a.   identification of the taxpayer;

10                   b.   character of liability assessed;

11                   c.   taxable period, if applicable; and,

12                   d.   amount of assessment

13

14   I.    COUNT NINE:

15   By disregard with intent to defeat the application of Internal Revenue Code section 6203,

16   <u>68A Stat. 768</u>; defendant, through principals, officers, agents, and/or employees of

17   Internal Revenue Service, a component of the Department of Treasury, failed to furnish

18   Plaintiff copies of assessments "filed in the Office of the Secretary" upon Plaintiff's

19   request.  Defendant, by and through defendant's agent, the Secretary, and defendant's

20   agency, the Internal Revenue Service, admits no assessments have been performed with

21   respect to Plaintiff, and that no assessment records pertaining to Plaintiff are "filed in the

22   Office of the Secretary".

23

24

1

J.    COUNT TEN:

2

By disregarding, with the intent to defeat the application of Federal Tax Regulation

3

301.6203-1, promulgated pursuant to IRC section 7805, <u>68A Stat. 917</u>, to implement the

4

provisions of Internal Revenue Code section 6203; defendant, through principals,

5

officers, agents, and/or employees of Internal Revenue Service, a component of the

6

Department of Treasury, failed to furnish Plaintiff copies of signed summary records of

7

assessment with supporting lists upon Plaintiff's request. Defendant's agent, the

8

Secretary, and defendant's agency, the Internal Revenue Service, admits said agents and

9

agency failed to perform any procedurally proper assessments with respect to Plaintiff.

10

11

K.    COUNT ELEVEN:

12

By disregard of Internal Revenue Code section 6301, <u>68A Stat. 775</u>, with intent to defeat

13

the application thereof; defendant, through principals, officers, agents, and/or employees

14

of Internal Revenue Service, a component of the Department of Treasury, exceeded the

15

limits imposed upon the Secretary's authority to collect to taxes; i.e., taxes imposed by

16

the Internal Revenue Code[9].  Specifically:

17

18

[9] Notes under IRC section 6301 specify: "Pub. L. 105-206, title III, Sec. 3421, July 22, 1998, 112 Stat. 758, provided that:

19

"(a) In General. - The Commissioner of Internal Revenue shall develop and implement procedures under which -
"(1) a determination by an employee to file a notice of lien or levy with respect to, or to levy or seize, any

20

property or right to property would, where appropriate, be required to be reviewed by a supervisor of the employee before the action was taken; and

21

"(2) appropriate disciplinary action would be taken against the employee or supervisor where the procedures under paragraph (1) were not followed."
"(b) Review Process. - The review process under subsection (a)(1) may include a certification that the employee

22

has -
"(1) reviewed the taxpayer's information;

23

"(2) verified that a balance is due; and
"(3) affirmed that the action proposed to be taken is appropriate given the taxpayer's circumstances, considering the amount due and the value of the property or right to property.

24

"(c) Effective Dates. -

i.  The Commissioner of Internal Revenue failed to develop and

implement procedures under which - "(1) a determination by an

employee to file a notice of lien or levy with respect to, or to levy or

seize, any property or right to property would, where appropriate, be

required to be reviewed by a supervisor of the employee before the

action was taken"; and,

ii.  The Commissioner of Internal Revenue failed to develop and

implement procedures under which -"(2) appropriate disciplinary

action would be taken against the employee or supervisor where the

procedures under paragraph (1) were not followed"; and,

iii.  The Commissioner of Internal Revenue failed to develop and

implement a review process under subsection (a)(1) which includes a

certification that the employee has -

"(1) reviewed the taxpayer's information;

"(2) verified that a balance is due; and

"(3) affirmed that the action proposed to be taken is

appropriate given the taxpayer's circumstances, considering the

amount due and the value of the property or right to property."

---

"(1) In general. - Except as provided in paragraph (2), this section shall take effect on the date of the enactment of this Act [July 22, 1998].
"(2) Automated collection system actions. - In the case of any action under an automated collection system, this section shall apply to actions initiated after December 31, 2000."

1

L.    COUNT TWELVE:

2

By disregard with the intent to defeat the application of Internal Revenue Code section

3

6304[10], 112 Stat. 768, subsection (b), paragraph (1); defendant, through principals,

4

officers, agents, and/or employees of Internal Revenue Service engaged in "conduct the

5

natural consequence of which is to harass, oppress, or abuse any person in connection

6

with the collection of any unpaid tax." with regard to Plaintiff. Defendant's agent, Jane

7

Lethco, admitted Internal Revenue Service possess no W-2 or 1099 information

8

pertaining to Plaintiff for years 1993 and 1994. 'Tax years' 1993 and 1994 are years for

9

which agent Lethco is investigating and imposing collection actions against Plaintiff.

10

Defendant's agent, Jane Lethco made, executed, and served a third party summons which

11

named with specificity, the years 1993 and 1994 as the years for which she is

12

investigating Plaintiff. Lethco, by admitting Internal Revenue Service possesses no W-2

13

or 1099 information pertaining to Plaintiff for the years said summons was issued, admits

14

said summons was brought in bad faith, and not for a legitimate purpose.

15

16

M.    COUNT THIRTEEN:

17

By disregard with the intent to defeat the application of Internal Revenue Code section

18

6304[11], 112 Stat. 768, subsection (b), paragraph (1); defendant, through principals,

19

officers, agents,    and/or employees of Internal Revenue Service engaged in "conduct the

20

natural consequence of which is to harass, oppress, or abuse any person in connection

21

with the collection of any unpaid tax." with regard to Plaintiff. Defendant's agent, Velvet

22

Cole made, executed, and served upon Plaintiff, four summonses in less than forty day's

23

24

---
[10] Added Pub. L. 105-206, title III, Sec. 3466 (a), July 22, 1998, 112 Stat. 768.
[11] Added Pub. L. 105-206, title III, Sec. 3466 (a), July 22, 1998, 112 Stat. 768.

1    time. Agent Cole's summonses all name the years 2002, 2003, 2004, and 2005 as years

2    for which agent Cole is investigating Plaintiff. Defendant's agency, the Internal Revenue

3    Service admits Plaintiff had no taxable income for years 2002 and 2003. Defendant's

4    agency further admits Plaintiff overpaid regarding years 2004 and 2005.

5

6    N.    COUNT FOURTEEN:

7    By disregard of Internal Revenue Code section 6321, 68A Stat. 779, with the intent to

8    defeat the application thereof; defendant, through principals, officers, agents, and/or

9    employees of Internal Revenue Service asserted two Notices of Lien allegedly for failure

10   or neglect to pay amounts which defendant's agents and agency admit were un-assessed.

11

12   O.    COUNT FIFTEEN:

13   By disregarding Internal Revenue Code section 6322, 68A Stat. 779, with the intent to

14   defeat the application thereof; defendant, through principals, officers, agents, and/or

15   employees of Internal Revenue Service, a component of the Department of Treasury,

16   made, executed,  and issued two Notices of Lien, with the intent that same be recorded

17   into the Public Record against Plaintiff, for years which defendant's agents and agency

18   admit no assessments were made against Plaintiff. The making, execution, and issuance

19   of said 'liens' was in violation of Internal Revenue Code section 6203 and Federal Tax

20   Regulation 301.6203-1. One of the aforementioned Notices of Federal Tax Lien being

21   maintained against Plaintiff specifically concerns years 1993 and 1994; years for which

22   defendant's agency admits through multiple sources that said agency has no record of

23   procedurally proper assessments against Plaintiff, nor pertinent W-2 or 1099 information.

24

1

P.    COUNT SIXTEEN:

2

By disregard with intent to defeat the application of Internal Revenue Code section 6323,

3

68A Stat. 779, subsection (f), paragraph (1), subparagraph (A); defendant, through

4

principals, officers, agents, and/or employees of Internal Revenue Service, a component

5

of the Department of Treasury, failed to certify the aforementioned Notices of Lien prior

6

to issuing for the purpose of recording, in violation of A.R.S. § 33-1033.

7

8

Q.    COUNT SEVENTEEN:

9

By disregard with intent to defeat the application of Internal Revenue Code section 7213,

10

68A Stat. 855,   subsection (a); defendant, through principals, officers, agents, and/or

11

employees of Internal Revenue Service, a component of the Department of Treasury,

12

unlawfully disclosed return information - by making, executing,  and causing to be

13

recorded, two Notices of Lien which assert "Unpaid Balance(s) of Assessment(s)" and

14

"Assessment Date(s)" for which defendant's agents and agency admit no procedurally

15

proper assessments occurred, and no record of any such assessments exists.

16

17

R.    COUNT EIGHTEEN:

18

By disregard of Internal Revenue Code section 6325, with the intent to defeat the

19

application thereof; defendant's Agent, Jane Lethco, employee # 62-09719, refused to

20

release the aforesaid Notices of Lien despite the fact that Agent Lethco admitted to

21

Plaintiff that the Internal Revenue Service has no W-2 or 1099 information regarding

22

Plaintiff for the "tax years" cited on said Notices of Lien, and that said Notices of Lien

23

were not supported by the requisite documentation.

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

S.    COUNT NINETEEN:

By disregard with intent to defeat the application of Internal Revenue Code section

6404(g); defendant's Agent, Jane Lethco, employee # 62-09719, refused to suspend

interest and penalties despite her own admission that Internal Revenue Service does not

possess documentation which would prove Plaintiff owes a tax for the years for which

Agent Lethco is imposing interest and penalties upon Plaintiff.


T.    COUNT TWENTY:

By disregard with intent to defeat the application of Internal Revenue Code section

7602(e); defendant's Agent, Velvet Cole, employee # 62-03098, used financial status and

economic reality examination techniques in an effort to determine alleged tax liability

against Plaintiff. Agent Cole's actions are intentional disregards of the Internal Revenue

Code. Agent Cole admitted Internal Revenue Service records indicate Plaintiff did not

have reportable income from years 2002 and 2003, but stated that she intended to

investigate, examine, and compel testimony and the production of records from Plaintiff

concerning years 2002 and 2003 regardless.


U.    COUNT TWENTY-ONE:

By disregard with the intent to defeat the application of Internal Revenue Code section

6110(a); defendant's Agent, Velvet Cole, refused to produce evidence which would

indicate that there had been a determination that there is such, "a reasonable indication

[of] a likelihood of such unreported income." Agent Cole's refusal to produce the

required documentation is a clear and blatant violation of said provision.

V.    COUNT TWENTY-TWO:

By disregard with intent to defeat the application of Internal Revenue Code section 7609(f),(g) and (i)(2); defendant's Agent, Velvet Cole, employee # 62-03098, scheduled a meeting for the purpose of examination of Plaintiff and to receive testimony and records from Plaintiff. Agent Cole is merely an administrative employee of the IRS, and is not authorized under any section of the Internal Revenue Code to schedule examinations and, or to receive testimony.

W.    COUNT TWENTY-THREE:

By disregard of Internal Revenue Code sections 7608(a),(2) and 7608(b)(A), and with the intent to defeat the application thereof; defendant's Agent, Velvet Cole, employee # 62-03098, made and served upon Plaintiff, four (4) summonses in less than forty day's time. Upon information and belief, agent Cole's making, execution, and issuance of the aforementioned summonses was intended to intimidate Plaintiff, and thereby hinder, delay, or prevent Plaintiff from bringing the action now before the Court.

X.    COUNT TWENTY-FOUR:

By disregard of Internal Revenue Code section 7603(a), and with the intent to defeat the application thereof; defendant's Agent, Velvet Cole, employee # 62-03098, made un-authorized entry onto private property and hand delivered an original First Party summons on May 3rd, 2006. Said summons was not attested to, and was executed and served in clear violation of, and with intent to defeat section 7603(a) of the Internal Revenue Code.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Y.    COUNT TWENTY-FIVE:

By disregard of Internal Revenue Code section 7609(a)(2), 7609(c)(2)(D), and with intent

to defeat the application thereof; on August 17th, 2006, defendant's agent, Jane Lethco,

employee # 62-09719, made, executed, and served upon Plaintiff's step-son, an un-

authorized third party summons. Agent Lethco failed to notice Plaintiff as to her service

of said third party summons, in clear and blatant violation of the aforesaid provisions of

the Internal Revenue Code. Agent Lethco instead willfully misapplied the exception

found at section 7609(c)(2)(D). Agent Lethco failed to indicate which of the two

subsections, (i), or (ii) she was relying upon for the exception she wrongfully claimed.

Agent Lethco's third party summons fails to qualify for exception from the notice

requirement under either subsection, (i), or (ii) of said provision. Agent Lethco made a

False Statement by asserting that her summons was exempt from the notice requirements

of said provision. Agent Lethco's False Statement shows said summons was made,

executed, and served in bad faith. Agent Lethco's third party summons specifically states

years 1993 and 1994 as the years for which information is being sought. Said years are

years for which agent Lethco, herself, has previously admitted Internal Revenue Service

possess no W-2 or 1099 information regarding Plaintiff. Further, defendant's agency, the

Internal Revenue Service, admitted through multiple correspondences from disclosure

offices that Internal Revenue Service does not possess any W-2 or 1099 information or

evidence of any procedurally proper assessments regarding Plaintiff for years 1993 and

1994. Agent Lethco's third party summons was not issued for a legitimate purpose. Upon

information and belief, agent Lethco's actions regarding the aforementioned summons

were intended to harass Plaintiff, and thereby influence testimony in the instant matter.

1

Y.    COUNT TWENTY-SIX:

2

By disregard of Internal Revenue Code section 7604(a) & (b), and with the intent to

3

defeat the application thereof; defendant's Agent, Velvet Cole, employee # 62-03098,

4

sought to circumvent the jurisdiction of the local United States district court as a means

5

enforcing the four un-authorized summonses she made, executed, and served upon

6

Plaintiff. Agent Cole instead enlisted the aid of the Office of Chief Counsel for the Small

7

Business / Self Employed Division. At agent Cole's request, on July 14th, 2006, Caroline

8

R. Krivacka issued to Plaintiff a threatening letter in an attempt to extort testimony and

9

evidence from Plaintiff. Mrs. Krivacka's correspondence went as far to offer relief from

10

"Legal proceedings…" if Plaintiff would agree to collude with Mrs. Krivacka and agent

11

Cole in depriving the local United States district court of its rightful jurisdiction over

12

agent Cole's desire for enforcement of the four summonses she made, executed, and

13

served upon Plaintiff. Despite having been noticed in March of 2006 that the instant

14

action was imminent, agent Cole continues with her attempts to extort testimony and

15

evidence from Plaintiff. Upon information and belief, the aforesaid concerted actions of

16

agent Cole and Caroline R. Krivacka were intentionally misleading, threatening, and

17

designed to obstruct and prevent the testimony of Plaintiff in response to a proper

18

summons enforcement proceeding in the local United States district court.

19

20

IV.    SPECIAL MATTERS:

21

Counts one through twenty-six, above, are re-alleged and incorporated as though fully set

22

forth herein. Upon information and belief, each failure of administrative procedure and

23

disregard identified above was intended to defeat the application of the respective

24

provision of the Internal Revenue Code, and each constitutes a separate and distinct

violation of IRC § 7214(a)(3).

V.    ALLEGATIONS RE: BREACHES OF ADMINISTRATIVE PROCEDURE:

    A.    Counts one through twenty-six, above, are re-alleged and incorporated as if fully

set forth herein.

    B.    Upon information and belief, the failures of administrative procedure identified in

Counts one through twenty-six, above, were arbitrary, capricious, an abuse of discretion,

or otherwise not in accordance with law; contrary to constitutional right, power,

privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or

short of statutory right; without observance of procedure required by law; unsupported by

substantial evidence in a case subject to sections 556 and 557 of Title 5, United States

Code, or otherwise reviewed on the record of an agency hearing provided by statute, and

unwarranted by the facts to the extent that the facts are subject to trial de novo by the

reviewing court.

VI.    INJURIES:

    A.    Plaintiff, despite efforts to mitigate damages, has incurred substantial pecuniary

        injury as a direct result of the reckless and intentional disregards of the Internal

        Revenue Code and regulations promulgated thereunder on the part of

        defendant's Agency, agents, officers, and employees.

B.   Plaintiff seeks damages in the amount of $530,282.00 for pecuniary injuries to wit: Plaintiff has suffered, as a direct loss, $530,282.00. This amount would have been paid to Plaintiff, but was made unavailable to Plaintiff due to the reckless and intentional disregards of the Internal Revenue Code and regulations promulgated thereunder on the part of defendant's Agency, agents, officers, and employees.

C.   Plaintiff seeks damages in the amount of $32,387.00 for pecuniary injuries to wit: Plaintiff has suffered, as a direct loss, $32,387.00. This amount would have been credited to Plaintiff's Social Security retirement account, but was not so credited due to the reckless and intentional disregards of the Internal Revenue Code on the part of defendant's Agency, agents, officers, and employees.

D.   Plaintiff seeks damages in the amount of $1,000,000.00 for pecuniary injuries to wit: Plaintiff has suffered as a direct loss, the value of Professional Tradesman Certification which would have been available to Plaintiff, but was made unavailable to Plaintiff due to the reckless and intentional disregards of the Internal Revenue Code and regulations promulgated thereunder on the part of defendant's Agency, agents, officers, and employees. Said Professional Tradesman Certification would have guaranteed Plaintiff competitive pay rates until the age of retirement, and a considerable pension. Plaintiff conservatively estimates pecuniary losses due to the loss of said Professional Certification to exceed $1,000,000.00 over the course of Plaintiff's potential working career.

E.   Plaintiff has sustained, and is entitled to recovery of damages totaling

$1,562,669.00 to date as a direct result of defendant's Agency, agents, officers,

and employees continual, reckless, and intentional disregards of the Internal

Revenue Code.

VII.   SUMMARY:

Pursuant to section 7433(b) of the Internal Revenue Code of 1986, *26 USC §*

*7433(b)*;

In any action brought under subsection (a), upon a finding of liability on the part

of the defendant, the defendant shall be liable to the plaintiff in an amount equal

to the lesser of $ 1,000,000.00 or the sum of –

(1)   actual, direct economic damages sustained by the plaintiff as a direct  result of

the reckless or intentional actions of the officer or employee, and,

(2)   the costs of the action.

VII.   REMEDY SOUGHT:

Plaintiff seeks relief in the following particulars:

1.   A finding that defendant is liable to the Plaintiff in the amount of

$1,562,669.00 for the actual and proximate economic damages sustained

by the Plaintiff as a direct result of the reckless or intentional actions of

the defendant's agents, officers, and employees against Plaintiff and,

1    2.    A finding that the defendant is liable to the Plaintiff for the costs of this

2    action.

3

4    WHEREFORE,    Plaintiff seeks an ORDER:

5

6    A.    Directing the defendant to pay damages in the amount of $1,562,669.00

7    to the Plaintiff and,

8

9    B.    Directing the defendant to pay Plaintiff for the costs of this action.

10

11    **VERIFICATION**

12    I, Joseph A. Buaiz Jr. declare under penalty of perjury under the laws of the United States of

13    America that the foregoing is true and correct to the best of my knowledge and belief except for

14    those allegations made upon information and belief, and as to those, I believe them to be true.

15    Respectfully entered this _5_ day of September, 2006.

16

17    Joseph A. Buaiz Jr.

18

19    Sworn and Subscribed before me this _5_ day of September, 2006

20    Notary Public for the State of Tennessee _Barbara S. Wolfe_

21    My Commission expires: _3-28-2010_

22    *Seal:*

23

24

Joseph A. Buaiz Jr. V. UNITED STATES    Page 22 of 22    Amended 26 U.S.C. §7433 Verified Complaint

Joseph A. Buaiz Jr.
1783 Rocky Springs Road
Bean Station, Tennessee


Plaintiff
Judiciary Act of 1789 § 35


# district court of the United States[1]
# District of Columbia

Joseph A. Buaiz Jr.,

      Plaintiff,

v.

UNITED STATES

Respondent,

Case No: **1:06CV01312 RMC**

**AMENDED** VERIFIED STATEMENT OF FACTS
(Unlawful Collection Activities)
(Disregards of Title 26 USC)

(Trial by Jury Demanded)

1. During April of 1995, Internal Revenue agents, officers, and or employees, made and issued a fraudulent Notice of Levy bearing the SSN assigned to me.

2. Said Notice of Levy was issued to my workplace in an effort to coerce the Fiduciary Officer thereof to convert my monies/assets to the IRS.

3. My monies/assets were fraudulently converted to the IRS through deceit and inducement via the issuance of said Notice of Levy. Said Notice of Levy carried false and fraudulent "Unpaid Balance(s) of Assessment" information. I now know, through the admissions of Internal Revenue agents, officers, and employees that no assessments of, or against me have occurred.

---

[1] As designated in Title 26, United States Code, § 7433.

4. Internal Revenue Service did not have a Lien, or Notice of Lien recorded against me until February of 1996; nearly a year after implementing the aforesaid levy against me.

5. By and through the exclusive use of anonymously issued, unsigned collection documents, IRS agents, employees, and officers effectively denied me a reasonable opportunity to discover all essential elements of a possible cause of action for more than ten years. The signed correspondence of Jane Lethco, having breached the anonymity of the Internal Revenue Service as it pertains to me, has provided me with the essential elements needed to bring suit under the provisions of 26 CFR § 301. 7433-1.

6. On, or about October 4th, 2005, I received letters entitled "FINAL NOTICE" (Letter1058), and a Letter Number 3174(P), dated October 4th, 2005. Said letters being the first signed correspondence I received from IRS personnel in regards to collection, and or enforcement actions. IRS employee, Jane Lethco signed said letters which included attempts to collect taxes allegedly owed for "Tax Periods" 1993 and 1994, for which IRS admits no records of W-2 or 1099 information pertaining to me exist, and civil penalties allegedly owed for "Tax Periods" 1989 through and including 1994. Both of the aforesaid letters carry the blue ink, original signatures of Jane Lethco, Revenue Officer; employee #62-09719.

7. Prior to receipt of the aforesaid correspondences, I remained effectively barred from bringing suit due to the IRS's reliance upon computer generated letters bearing no signature whatsoever, and IRS's use of letters bearing computer generated signatures. Not until I received the signed correspondence of agent Jane Lethco, did I have a reasonable opportunity to discover all essential elements of a possible cause of action.

8. On, or about October 4th, 2006, I contacted IRS Agent Jane Lethco by telephone. Agent Lethco, after admitting IRS records show no W-2 or 1099 information regarding me for the years 1989 through 1994, refused to release said liens.

9. Until the IRS's anonymity was breached by Agent Jane Lethco, none of my correspondences to the IRS were of any effect. IRS simply responded with another anonymous, computer generated letter; usually from another office located in yet another city, and usually reflecting an increase in the amount allegedly owed. IRS relied heavily upon their anonymity to deny me an effective administrative avenue through which I could have addressed the serious procedural errors, administrative errors, and wrongful collection activities which were being perpetrated against me.

10. I have requested assessment certificates through the Freedom of Information Act, and the Privacy Act. The Internal Revenue service has never produced the requested / required documentation. Of more than a dozen requests, only five have been answered at all. One response, which was a request for additional time, was in response to my request which was received by IRS on January 12th, 2006. IRS still has not produced the requested documentation to date.

11. IRS Disclosure Specialist, Mrs. M. J. Boynton, ID # 7951514912, in her response dated February 23rd, 2006, admitted Internal Revenue Service possessed no documents responsive to my request for copies of properly executed assessments pertaining to me for years 1983 through 2004.

12. On or about March 24th, 2006, I received a letter from IRS Agent Velvet Cole. Said letter was not a standard form letter, but appeared to have been drafted by Velvet Cole herself; complete with spelling and grammatical errors. Velvet Cole's letter cited "Tax Years" 2000, 2001, 2002, 2003, & 2004 as years for which IRS did not receive tax returns from me. IRS records clearly indicate I did not have any taxable income for years 2000, through 2003. IRS records also clearly indicate that I filed a return for 2004 and 2005, and that I overpaid both years.

13. Agent Cole's letter instructed me to contact her by telephone, and not by mail. I phoned Agent Cole on March 24th, 2006, as instructed. Agent Cole stated that she intended to investigate me to determine how I "…survived those years where there is no reported income." I informed Agent Cole that her intended actions

would be in violation of §7602(e) of the Internal Revenue Code in that Agent Cole is prohibited from engaging in economic reality examination techniques.

14. I informed Agent Cole that I had filed returns for 2004 and 2005, and that the IRS had rendered determinations that I had overpaid for both years. Agent Cole then insisted that she still intended to investigate and examine me regarding said years.

15. On March 31st, 2006, I responded to Agent Cole by letter (via FAX), and requested assessment certificates directly from IRS Agent Cole, as decided by the Supreme Court in Ryder V. United States, and pursuant to § 2 of 31 CFR Part 1, Appendix B of Subpart C; both of which indicate that I am entitled to directly request evidence of authority and/or liability from the Agent making the allegations / attempt to collect. I was dealing directly with Agent Cole at that point, and requested the required documentation from her. Agent Cole refused to produce the required documentation upon my request.

16. I also requested any and all evidence which would indicate that there had been a determination made that there is such, " a reasonable indication [of] a likelihood of such unreported income." Agent Cole refused to produce the requested information in clear violation of Internal Revenue Code section 6110(a).

17. On May 3rd, 2006 Revenue Agent Velvet Cole and an accomplice made unauthorized entry onto private property and hand delivered an original un-attested Form 2039 First Party Summons upon me. Said summons was not a copy, and was not attested. These acts, committed by Agent Cole are in direct violation of the requirements set forth in §7603(a), which require that an attested copy be delivered to the hand of the person to whom it is directed. Agent Cole's summons bears a genuine, original signature, complete with discernable impressions evident on the reverse side of said summons. Said summons states years 2002 through 2005 as the years being investigated. Internal Revenue Service admits I had no taxable income from years 2002 and 2003. Further, Internal Revenue Service admits that I overpaid for years 2004 and 2005.

18. On May 3rd, 2006, upon making unauthorized entry onto private property, Agent Velvet Cole introduced herself to me as, 'Special Agent Velvet Cole from the Internal Revenue Service'. Agent Cole's statement was a material misrepresentation uttered under color of law. After claiming to be a "Special Agent", Agent Cole then produced and displayed her Administrative Pocket Commission which bore the suffix "A" immediately after the serial number, which proved her true status, and lack of authority.

19. On May 3rd, 2006, Agent Cole falsely pretended to be acting under the authority of the United States or a department, agency, or officer thereof. Agent Cole was clearly acting without authority when in reply to my question regarding her alleged authority to make entry onto private property, she stated, "I assure you that I have the authority to come here." Agent Cole admitted, through the production and display of her Pocket Commission, that she is merely an Administrative employee of the IRS, and that she was not a "Special Agent" as she had claimed.

20. On May 3rd, 2006, Agent Cole was clearly acting without authority when she demanded that I appear in response to an illegally issued summons to give sworn testimony and surrender books, papers, records, etc. Agent Cole falsely acted as though she possessed Law Enforcement authority when she threatened me by stating, "That's a real summons. If you don't appear, you'll be picked up." Agent Cole has not been commissioned with the authority to issue summonses and, or make demands upon, or threats against Citizens.

21. On May 3rd, 2006, Moments after making the false statement wherein she claimed to be, 'Special Agent Velvet Cole from the Internal Revenue Service', Ms. Cole produced and displayed her Pocket Commission. Said Pocket Commission bore the suffix "A" immediately after the serial number. When I commented on Agent Cole's Administrative Pocket Commission, Agent Cole uttered yet another false statement; "A means Agent". Agent Cole's uttered statements were false, fictitious, and fraudulent misrepresentations.

22. Agent Cole's willfully uttered false, fictitious, and fraudulent statements were intentional misrepresentations of the Official United States issued Pocket Commission she presented.

23. Less than one hour after Agent Cole hand delivered said unauthorized summons, I received, via USPS, a Form 2039 Part C, Third Party Summons. Said unauthorized summons was directed to me, and bore the genuine signature of Velvet Cole. Agent Cole signed said summons as the issuing officer, certifying that said third party summons was issued on the 3rd day of May, 2006. The envelope in which said summons was delivered carried a post mark of May 01 06. The post mark upon the envelope is evidence that Agent Cole executed and signed said summons at least two days prior to the false date she certified upon the document itself.

24. Velvet Cole, IRS employee # 62-03098, knowingly made and delivered (via USPS) as true, an Official Certificate, Form 2039 Part C, Third Party Summons, which contained statements which the evidence shows were false. Velvet Cole certified that the Third Party Summons she mailed to me was executed and issued on May 3rd, 2006. Postal records prove said summons was executed and issued (mailed) at least two days prior.

25. On June 7th, 2006, Agent Velvet Cole and her accomplice once again made un-authorized entry onto private property in Grainger County, Tennessee. Ms. Cole and her accomplice both displayed their Administrative Pocket Commissions, as they had during their previous un-authorized entry.  Ms. Cole served two more summonses upon me during this, the June 7th, 2006 encounter.

26. During this, her second un-authorized entry upon private property, June 7th, 2006, Agent Cole falsely pretended to be acting under the authority of the United States or a department, agency, or officer thereof. Agent Cole was clearly acting without authority when she committed the aforesaid violations. Agent Cole demanded that I appear in response to illegally issued summonses to give sworn testimony and surrender books, papers, records, etc. Agent Cole falsely acted as though she

possessed Law Enforcement authority by stating, "You need to be in my office on
June 29th, at nine A.M." Agent Cole has not been commissioned with the
authority to issue summonses and, or make demands upon Citizens.

27. Agent Cole has served four summonses on me in less than forty days. All four
summonses cite the same "Tax Years", as years Ms. Cole seeks to investigate;
years for which IRS records plainly state that I either had no reportable income, or
that I had filed returns and overpaid.

28. The same testimony and documentation is being sought in all four summonses. It
is my belief that Agent Cole's actions are retaliatory and designed to influence
and, or obstruct the testimony of a Witness/ Plaintiff in the instant action. Agent
Cole was noticed on March 31st, 2006, and three additional times since then, that
this action would be brought in a United States District Court.

29. Agent Cole was noticed on March 31st, 2006,  that the instant action was
imminent. Despite having been noticed, Agent Cole has engaged in a campaign of
harassment and witness tampering against me.

30. I responded to Agent Cole regarding her first two issuances of summonses. Said
response was received by Agent Cole May 15th, 2006.

31. Agent Cole responded by serving two more summonses on me. Agent Cole did
not seek enforcement by and through a U.S. District Court, but instead made,
executed, and served two more summonses.

32. My response to Agent Cole's first two summonses clearly detailed Agent Cole's
intentional and reckless disregards of the Internal Revenue Code and the
regulations promulgated thereunder.

33. Agent Cole was Noticed as to my intention to file a civil suit prior to her
execution and service of all four of her unauthorized summonses.

Agent Cole has served four summonses upon me in less than forty days.

Agent Cole has made threats and demands upon me.

Agent Cole has intimidated and lied to me.

34. Regarding "Tax Years" 2004 and 2005, Agent Cole was advised that IRS has already accepted returns for these years, recalculated, and returned determination letters to me. IRS calculated that I overpaid for years 2004 and 2005.

35. Agent Cole's desire to investigate "Tax Years" 2004 and 2005 is not only unauthorized, but completely unwarranted as well. The IRS has rendered determinations in my favor for both 2004 and 2005.

36. Agent Cole was advised that IRS records clearly indicate that I had no taxable income during the other years cited in said summonses.

## VERIFICATION

I, Joseph A. Buaiz Jr. declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief except for those allegations made upon information and belief, and as to those, I believe them to be true.

Respectfully entered this _5_ day of September, 2006.

Joseph A. Buaiz Jr.

Sworn and Subscribed before me this _5_ day of September, 2006

Notary Public for the State of Tennessee _Barbara S. Wolfe_

My Commission expires: _3-28-2010_    *Seal*

## CERTIFICATE OF SERVICE

I certify that I have served true and complete copies of the foregoing Amended Verified Complaint and Amended Statement of Facts upon:

Civil Process Clerk
Alberto Gonzales
United States Attorney General
950 Pennsylvania Avenue
Washington, District of Columbia 20530, by Certified Mail # 7003 1680 0004 1011 6905

and:

Civil Process Clerk
Kenneth L. Wainstein
United States Attorney
District of Columbia
501 3rd Street NW
Washington, District of Columbia 20001, by Certified Mail # 7003 1680 0004 1011 6912

on  September 6th, 2006

Joseph A. Buaiz Jr