IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. BUAIZ JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-CV-1312 (RMC) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES'
MOTION TO DISMISS THE AMENDED VERIFIED COMPLAINT**

Plaintiff Joseph A. Buaiz Jr. filed suit against the United States to recover damages for unlawful tax collection activities. His 26 count amended complaint alleges violations of the Internal Revenue Code, Administrative Procedure Act and a litany of other statutes. The United States moves to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Because this Court lacks subject matter jurisdiction over this action, and because plaintiff fails to state a viable damages claim, the United States' motion should be granted and the amended complaint should be dismissed.

ISSUES PRESENTED

1.  Does this Court have subject matter jurisdiction over plaintiff's suit for damages absent allegations that he exhausted administrative remedies?

2.  Has plaintiff alleged a viable damages claim under 26 U.S.C. § 7433?

3.  Do the Administrative Procedure Act and other statutes cited in the amended complaint confer subject matter jurisdiction over plaintiff's damages action?

BACKGROUND

This is an action to recover damages for unlawful tax collection activities. Plaintiff filed suit on July 24, 2006. On September 8, 2006, he filed an amended verified complaint along with an amended verified statement of facts. The amended complaint alleges that Buaiz "incurred substantial pecuniary injury as a direct result of the reckless and intentional disregards [sic] of the Internal Revenue Code and regulations promulgated thereunder on the part of the defendant's Agency, agents, officers, and employees." (Am. Compl. § VI.A.) Plaintiff seeks damages exceeding $1.5 million based on the Internal Revenue Service's alleged misconduct. (Id. §§ VI-VII.)[1]

ARGUMENT

I.  PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES UNDER U.S.C. § 7433 SHOULD BE DISMISSED.

Buaiz attempts to plead a damages claim under 26 U.S.C. § 7433 for unlawful tax collection activities. (Am. Compl. § II.A, II.D, III.F, III.K, III.N-P, III.R, VII; Am. V.S. of Facts ¶¶ 1-3.) The amended complaint should be dismissed because Buaiz does not allege that he exhausted administrative remedies prior to filing suit, and because he does not allege actionable conduct related to tax "collection."

---

[1]The amended complaint is substantially similar to a long line of cases filed in this Court for damages based on wrongful tax collection activities. See, e.g., Davis v. United States, Civ. A. No. 05-247 (RMC), 2006 WL 2687018 (D.D.C. Sept. 19, 2006); Lendway v. United States, Civ. A. No. 05-1963, 2006 WL 2460720 (RMC) (D.D.C. Aug. 23, 2006); Holt v. Davidson, Civ. A. No. 1:05-1692 (RMU), – F. Supp. 2d – , 2006 WL 2106961 (D.D.C. July 31, 2006); Lohman v. United States, Civ. A. No. 05-1976 (HHK), 2006 WL 1826770 (D.D.C. July 3, 2006); Glass v. United States, 424 F. Supp. 2d 224, 228 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004) ("McGuirl I").

> A. This Court Lacks Subject Matter Jurisdiction over Plaintiff's Damages Claim Because Plaintiff does not Allege that he Exhausted Administrative Remedies Prior to Filing Suit.

The United States, as sovereign, is immune from suit unless it consents to be sued. See United States v. Dalm, 494 U.S. 596, 608 (1990). Subject matter jurisdiction over an action against the United States does not exist unless the United States unequivocally waives sovereign immunity *and* the plaintiff brings "a claim falling within the terms of the waiver." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003). To come within the waiver, the plaintiff must comply exactly with the terms of the statute that subjects the United States to suit. See Dalm, 494 U.S. at 608; Soriano v. United States, 352 U.S. 270, 276-77 (1957). Failure to adhere to the statute negates jurisdiction. See Holt, 2006 WL 2106961 at *3; Glass, 424 F. Supp. 2d at 228; McGuirl I, 360 F. Supp. 2d at 128; see also Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1993).

The United States waived immunity to suits for damages based on unauthorized tax collection activities. See 26 U.S.C. § 7433. Section 7433 mandates that the plaintiff exhaust administrative remedies prior to filing a damages action: "A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." Id. § (d)(1). Exhaustion is a jurisdictional predicate to judicial review of a Section 7433 damages claim, Glass, 424 F. Supp. 2d at 228, and failure to exhaust "deprives the court of jurisdiction," Venen, 38 F.3d at 103.

Treasury Department regulations specify the administrative remedies the plaintiff must exhaust before initiating court action. See 26 C.F.R. § 301.7433-1(e). The plaintiff must submit to the Service a written damages claim that sets forth (1) the plaintiff's contact information, (2) the grounds for the damages claim, (3) a description of the alleged injuries, and (4) the dollar amount of the claim and the plaintiff's signature. Id. § (e)(1)-(2). Here, Buaiz does not allege that he presented his damages claim to the Service in accordance with 26 C.F.R. § 301.7433-1(e). This omission requires dismissal for lack of subject matter jurisdiction. See Holt, 2006 WL 2106961 at *3; Glass, 424 F. Supp. 2d at 228; McGuirl I, 360 F. Supp. 2d at 128; see also Venen, 38 F.3d at 103; Conforte, 979 F.2d at 1377.

Instead of alleging exhaustion, the amended complaint asserts that "Plaintiff may forego exhausting administrative remedies that are either futile or inadequate . . . or when agency action exceeds statutory authorization; however, such remedies have been exhausted in this case." (Am. Comp. ¶ II.C. (internal citations omitted).) Plaintiff is incorrect. He may not ignore the administrative claim process, no matter what his view of that process may be. See Holt, 2006 WL 2106961 at *3; Glass, 424 F. Supp. 2d at 227-29; Turner, 429 F. Supp. 2d at 152. Even if Section 7433 and its implementing regulation contained a futility exception to exhaustion – and they do not – plaintiff's conclusory allegations would not suffice. Plaintiff does not allege any facts suggesting that filing an administrative damages claim would be futile, that the administrative claim process is inadequate, or that the Treasury Department exceeded its authority

when it promulgated 26 C.F.R. § 301.7433-1(e). See Holt, 2006 WL 2106961 at *3; Glass, 424 F. Supp. 2d at 227-29. The administrative claim process is clear, valid and adequate, and plaintiff's failure to comply is fatal. See Glass, 424 F. Supp. 2d at 229.

      Plaintiff's assertion that "remedies have been exhausted in this case" is also unavailing. (Am. Compl. ¶ II.C.) Section 301.7433-1(e) specifies the requirements a taxpayer must meet prior to seeking judicial review. To establish exhaustion, Buaiz must allege or introduce evidence showing that he satisfied each of these requirements. Id. at 228; McGuirl I, 360 F. Supp. 2d at 128. Even a liberal reading of the complaint does not support the conclusion that Buaiz complied with section 301.7433-1(e). His passing reference to exhausting "remedies" does not establish that he submitted to the proper Service official an administrative damages claim, replete with the requisite information. And Buaiz has not offered any proof that he even attempted to invoke the administrative claim process. Where, as here, the plaintiff fails to make sufficient exhaustion allegations, and offers no evidence that he submitted an administrative claim, the complaint must be dismissed for lack of subject matter jurisdiction. See Glass, 424 F. Supp. 2d at 229 (dismissing damages claim for lack of jurisdiction despite taxpayer's vague allegation that she exhausted); McGuirl I, 360 F. Supp. 2d at 128 (same); see Rodriguez v. Aiello, No. Civ. A. AW-97-79, 1997 WL 440747, at *1 (D. Md. April 7, 1997) (dismissing damages claim for lack of jurisdiction, despite plaintiff's allegation that he sent certified letters to the Internal Revenue Service, because facts alleged did not establish exhaustion).

B.  Plaintiff Fails to State a Viable Damages Claim under 26 U.S.C. § 7433.

1.  Plaintiff has not adequately alleged exhaustion.

Exhaustion is a mandatory predicate to a damages claim for unauthorized tax collection activities.  26 U.S.C. § 7433(d); 26 C.F.R. § 301.7433-1(e).  To the extent this Court determines that exhaustion is not jurisdictional, but an element of the damages claim against the United States, dismissal for failure to state a claim is warranted because, as shown, plaintiff has not alleged this element.  See Turner v. United States, 429 F. Supp. 2d 149, 155 (D.D.C. 2006) (dismissing damages action for failure to state a claim where plaintiffs did not plead exhaustion); Davis, 2006 WL 2687018 at *8 (dismissing damages claim for failure to state a claim despite plaintiffs' argument that they exhausted and that administrative remedies were inadequate); see also Lendway, 2006 WL 2460720 at *3, 6 (ordering plaintiff to show cause why his damages claim should not be dismissed where he provided no details concerning his alleged attempt to exhaust).

The United States respectfully submits that exhaustion is jurisdictional.  The courts in this Circuit that found otherwise relied on Arbaugh v. Y & H Corp., 126 S. Ct. 1235 (2006), a title VII case between private litigants.  In Arbaugh, the Supreme Court considered whether title VII's "employee numerosity" requirement was jurisdictional, or whether it was merely "a substantive ingredient of a Title VII claim for relief."  Id. at 1238.  Holding the latter, the Court noted that the statutory provision (which imposed the employee number threshold) did not "speak in jurisdictional terms or refer in any

way to the jurisdiction of the district courts." Id. at 1245 (internal quotation omitted). In contrast, section 7433 speaks in jurisdictional terms because it makes the court's authority to adjudicate a damages claim against the United States contingent on whether the plaintiff exhausts administrative remedies. By stripping the district courts of authority to render judgments and award damages if the plaintiff fails to exhaust, section 7433 constrains jurisdiction in a way that title VII's numerosity requirement does not. 26 U.S.C. § 7433(d)(1); see also Glass, 424 F. Supp. 2d at 228.

Perhaps more significantly, Arbaugh did not involve a claim against the United States. Because the Arbaugh parties were private litigants, the Court did not have to consider sovereign immunity, much less determine whether the terms of a statute waiving sovereign immunity were jurisdictional. Thus, Arbaugh does not disturb the bedrock principle that "the United States is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court *define that court's jurisdiction to entertain the suit*." Dalm, 494 U.S. at 608 (internal quotations omitted) (emphasis added). Here, the United States consented to suits based on unlawful tax collection activities, if and only if the plaintiff first exhausts available remedies. 26 U.S.C. § 7433(d)(1). Because exhaustion is one of the terms of the United States' consent to suit, the exhaustion requirement is necessarily jurisdictional. See Dalm, 494 U.S. at 608 (limitations period deemed jurisdictional); Holt, 2006 WL 2106961 at *3 (exhaustion deemed jurisdictional); Glass, 424 F. Supp. 2d at 228 (same); McGuirl I, 360 F. Supp. 2d at 128 (same).

The United States respectfully requests that the Court dismiss this entire action for lack of subject matter jurisdiction based on plaintiff's failure to allege or demonstrate exhaustion of administrative remedies. Even if the Court determines that subject matter jurisdiction exists, the United States submits that dismissal for failure to state a claim is warranted based on plaintiff's failure to plead exhaustion.

2. Plaintiff has not alleged actionable tax collection activities.

Even if jurisdiction exists, the majority of the amended complaint should be dismissed because Plaintiff fails to allege conduct related to the collection of his taxes. Section 7433 creates a cause of action for damages based on misconduct "in connection with any of Federal tax . . ." 26 U.S.C. § 7433(a). The statute authorizes claims "for damages arising from the 'collection' of taxes, not for damages arising from the investigation and determination of tax liability." Judicial Watch, Inc. v. Rossotti, 317 F.3d 401, 411 (4th Cir. 2003). Courts have "narrowly construed the 'collection' activity element of Section 7433." White v. Comm'r of Internal Revenue, 899 F. Supp. 767, 772-73 (D. Mass. 1995); see also Gonsalves v. Internal Revenue Service, 975 F.2d 13, 16 (1st Cir. 1992); Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994); Miller v. United States, 66 F.3d 220, 223 (9th Cir. 1995); Bennett v. United States, 361 F. Supp. 2d 510, 513 (W.D. Va. 2005); Addington v. United States, 75 F. Supp. 2d 520, 523 (S.D. W. Va. 1999); Ludtke v. United States, 84 F. Supp. 2d 294, 301 (D. Conn. 1999). Failure to allege collection activity requires dismissal for failure to state a claim. See Snyder v. Internal

Revenue Service, Civ. A. No. 97-2929 (CKK), 1998 WL 796768, at * 2 (D.D.C. Oct. 6, 1998).

Plaintiff principally complains that the Internal Revenue Service, and its agents, investigated him for several tax years . (See Am. Compl. III.N-M, III.T, III.V-Y; Am. V.S. of Facts ¶¶ 13-14, 17-36.) He asserts that Revenue Agents issued investigative summonses,(Am. Compl. §§ III.L-M, III.W-Y), requested documents and tried to interview him in connection with a tax examination (id. §§ III.T, III.V), and exceeded their investigative authority (id. § III.V; Am. V.S. of Facts ¶¶ 13, 18-20, 26). The Revenue Agents purportedly acted in bad faith and under false pretenses to harass and intimidate plaintiff. (See, e.g., Am. Compl. § III.Y; Am. V.S. of Facts ¶¶ 21, 29.)

Even if these allegations are presumed true, they still fail to state a claim for unauthorized tax *collection* under section 7433. Plaintiff's own allegations show that he does not challenge collection actions; rather, Buaiz assails the Internal Revenue Service's attempt to investigate him for tax years in which he did not file returns and claimed to have no income. Construed in the light most favorable to plaintiff, counts 12, 13, 20 and 22 through 26 of the amended complaint merely allege that the Internal Revenue Service investigated Buaiz to determine if he owes taxes and to quantify how much he owes, not to collect an outstanding tax debt. The "pecuniary injury" Buaiz allegedly incurred as a result of the Internal Revenue Service's investigation does not give rise to a section 7433 damages claim. See Judicial Watch, 317 F.3d at 411 (no cause of action for damages resulting from investigation); White, 899 F. Supp. at 772-73 (no cause of action

for damages caused by audit).  Therefore,  counts 12, 13, 20 and 22 to 26 should be dismissed for failure to state a damages claim under section 7433.  See Snyder, 1998 WL 796768 at * 2.[2]

Buaiz also complains that the Internal Revenue Service failed to inform him of his tax reporting obligations (Am. Comp. §§ III.A-B), required him to use a social security number (id. § III.D), disclosed too much information and failed to disclose information upon request (id. §§ III.C, III.I-J, III.Q, III.U), improperly assessed taxes and failed to assess taxes (id. §§ III.E, III.G-H), and refused to abate interest and penalties accruing on his tax debts (id. § III.S).  None of these allegations relates to the Internal Revenue Service's collection of taxes and, thus, such allegations (even if true) cannot support a damages action under section 7433 as a matter of law.  See, e.g., Shaw, 20 F.3d at 184 ("Therefore, based upon the plain language of the statute, which is clearly supported by the statute's legislative history, a taxpayer cannot seek damages under § 7433 for an improper assessment of taxes."); Ludtke, 84 F. Supp. 2d at 310 (refusal to provide information related to calculation of plaintiff's tax liability does not constitute tax collection activity under section 7433); Gonsalves, 975 F.3d at 16 (Section 7433

---

[2]Buaiz does not allege that Revenue Agents issued summonses "in aid of collection."  But even if he had, dismissal would still be warranted because plaintiff does not allege that he filed an administrative claim for damages caused by the summonses.  As shown, this omission either deprives this Court of subject matter jurisdiction or constitutes a failure to state a claim.  Moreover, assuming the Revenue Agents issued summonses to facilitate collection, plaintiff's allegation that the agents violated 26 U.S.C. § 7609 by failing to provide notice of the summonses would be incorrect.  Section 7609 does not require notice of summonses issued in aid of collection.  See 26 U.S.C. § 7609(c)(2)(D).

damages action not available to challenge Internal Revenue Service's refusal to grant plaintiff a tax refund). Accordingly, Counts 1 to 5, 7 to 10, 17, 19 and 21 should be dismissed for failure to state a damages claim under section 7433. See Snyder, 1998 WL 796768 at *2.

II.  THE ADMINISTRATIVE PROCEDURE ACT AND OTHER STATUTES CITED IN THE AMENDED COMPLAINT DO NOT CONFER SUBJECT MATTER JURISDICTION OVER THIS DAMAGES ACTION.

Plaintiff contends that the Administrative Procedure Act ("APA") and several other federal statutes confer jurisdiction over this damages action. He is incorrect. None of the statutes cited in the amended complaint waives the United States' immunity to suits for damages based on unlawful tax collection activities.

A.  Administrative Procedure Act

Buaiz purports to bring this action under the APA, (Am. Compl. §§ II.B, II.D.2-4, II.E.2), which authorizes review of final agency action, 5 U.S.C. §§ 704, 706. The APA does not waive the United States' immunity to suits for money damages. See Holt, 2006 WL 2106961 at *3 (citing Larsen v. U.S. Navy, 346 F. Supp.2d 122, 128 (D.D.C. 2004)). Nor does the APA permit suits related to the assessment or collection of taxes. See Holt, 2006 WL 2106961 at *3; McGuirl v. United States, 360 F. Supp. 2d 129, 132 (D.D.C. 2004) ("McGuirl II") (citing Foodservice and Lodging Inst., Inc. v. Regan, 809 F.2d 842, 844 (D.C. Cir. 1987)). Therefore, the APA does not confer jurisdiction over an action, such as this one, for damages based on unlawful collection of taxes. See Holt, 2006 WL 2106961 at *3; McGuirl II, 360 F. Supp. 2d at 132.

B.     Federal Question Jurisdiction

Plaintiff asserts jurisdiction under 28 U.S.C. § 1331.  Section 1331 does not waive the United States' sovereign immunity to actions involving federal questions.  See Holt, 2006 WL 2106961 at * 4; Benvenuti v. Dep't of Defense, 587 F. Supp. 348, 352 (D.D.C. 1984); Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).  Rather, the statute empowers this Court to adjudicate "civil actions arising under the Constitution, law, or treaties of the United States."  28 U.S.C. § 1331.  To invoke federal question jurisdiction against the United States, Buaiz must allege a cause of action arising under a statute that subjects the United States to suit.  Holt, 2006 WL 2106961 at * 4; Benvenuti, 587 F. Supp. at 352.

He attempts to plead federal question jurisdiction by suggesting that this Court has authority to hear "federal record-keeping matters" under the Federal Records Act, National Archives Act, Freedom of Information Act and Privacy Act.  (Am. Comp. § E.I.)  None of these statutes waives the United States' sovereign immunity to actions for damages arising out of unauthorized tax collection activities.  See, e.g., Gasparutti v. United States, 22 F. Supp. 2d 1114, 1117 (C.D. Cal. 1998) ("There is no provision under FOIA which provides for an award of money damages for alleged wrongs by federal agencies.")  While the Freedom of Information and Privacy Acts do authorize litigation, those statutes provide a limited mechanism for securing records and information from federal agencies.  See 5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552a(g)(3)(A).  Neither statute sanctions a damages action against the United States.  Cf. Sherwood Van Lines v. U.S.

Dep't of the Navy, 732 F. Supp. 240, 241 (D.D.C. 1990) (proper defendant in a FOIA action is the federal agency); Thompson v. Walbran, 990 F.2d 403, 405 (8th Cir. 1993) (same). Therefore, the "record-keeping" statutes cited in the amended complaint do not confer jurisdiction over this action.

    C.    Mandamus Jurisdiction

Finally, Plaintiff attempts to establish mandamus jurisdiction under 28 U.S.C § 1651, known as the All Writs Act, and 28 U.S.C. § 1361, which authorizes a suit to compel an "officer or employee of the United States" to perform his or her duty. (Am Compl. §§ III.2, III.3.) Neither statute creates jurisdiction over this case. The All Writs Act does not waive the United States' sovereign immunity. See Benvenuti, 587 F. Supp. at 352. Nor does Section 1361 "by itself waive [the United States'] sovereign immunity." Washington Legal Foundation v. U.S. Sentencing Comm'n, 89 F.3d 897, 901 (D.C. Cir. 1996). At most, section 1361 provides limited authority to issue a "writ of mandamus to force a public official to perform a duty imposed upon him in his official capacity . . ." Id. Section 1361 does not relinquish the United States' immunity to suits for damages related to the Internal Revenue Service's tax collection efforts. Id.[3]

---

[3] Plaintiff has not attempted to assert a mandamus claim under section 1361 against an officer of the United States. Nor could he. Mandamus is a drastic remedy reserved for cases where (1) the plaintiff is clearly entitled to relief; (2) the defendant is clearly obliged to act; and (3) no other remedy is available. Northern States Power Co. v. Dep't of Energy, 128 F.3d 754, 758 (D.C. Cir. 1997). Plaintiff cannot seek mandamus because he has adequate remedies at his disposal. He may, for example, file an administrative damages claim with the Internal Revenue Service in accordance with 26 C.F.R. § 301.7433-1(e). And, upon satisfying the jurisdictional prerequisites for bringing suit, he may file a damages action in federal court under 26 U.S.C. § 7433.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court dismiss plaintiff's amended complaint in its entirety.

                              Respectfully submitted,

                              /s/ John J. LoCurto
                              JOHN J. LOCURTO
                              Trial Attorney, Tax Division
                              U.S. Department of Justice
                              Post Office Box 227
                              Ben Franklin Station
                              Washington, D.C.  20044
                              Telephone: (202) 307-2793
                              Facsimile:  (202) 514-6866
                              john.j.locurto@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney