IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,

    Plaintiff,

-vs.-

UNITED STATES,

    Defendant.
_____/

Civil Action Nº: **1:06-CV-01312(RMC)**
Hon. Rosemary M. Collyer

RESPONSE TO MOTION TO DISMISS

RECEIVED
NOV 9 - 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Defendant has moved to dismiss the above captioned action for lack of subject matter jurisdiction or, in the alternative, for failure to sate a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Defendant's motion fails on both grounds as follows:

Counsel for the defendant has misread and, or failed to comprehend Plaintiff's allegation that Plaintiff has exhausted his Administrative Remedies with respect to defendant's agency, the Internal Revenue Service. Plaintiff's allegation as to having exhausted said remedies (Am. Comp. § II. C.) was entered as sworn testimony, and in affidavit form.

## **UNITED STATES UNEQUIVOCALLY WAIVED ITS SOVEREIGN IMMUNITY**

### **ADMINISTRATVE REMEDIES EXHAUSTED IN ACCORDANCE WITH 26 CFR §301.7433-1(e)**

Plaintiff mailed a procedurally proper administrative claim, complete with exhibits and supporting documentation, to the Compliance Technical Support Manager for Area 8, on May 22nd, 2006. Said claim was received by defendant's agency on May 23rd, 2006.

1

Defendant's agency, the Internal Revenue Service, denied Plaintiff's administrative claim as evidenced by said agency's letter of June 9, 2006, **Exhibit A**. Thus, Plaintiff provides for the Court, the defendant's express waiver of sovereign immunity. It should be noted that said denial, which plainly purports to be a *final agency action*, was rendered by defendant's agency in only twelve (12) business day's time.

## FUTILITY OF EXHAUSTION ESTABLISHED

Plaintiff asserts that the aforementioned nearly immediate denial of Plaintiff's procedurally proper administrative claim is evidence of agency bias, and the futility and inadequacies of the administrative exhaustion set forth in 26 CFR § 301.7433-1(e). Plaintiff's administrative claim consisted of thirty-three (33) pages, and was supported by thirty-four (34) pages of exhibits. The nearly outright denial of Plaintiff's administrative claim by defendant's agency, when weighed against said claim's assertions and exhibits, is a clear demonstration of bias to such a degree as to render exhaustion of administrative remedies within defendant's agency, the Internal Revenue Service, futile and inadequate.

Counsel's perception of Plaintiff's "view" (Def.'s Mem. at pg. 4, ¶ 2) is incorrect. Plaintiff's "view" of the futility and inadequacy of exhausting administrative remedies with defendant's agency is based upon firsthand knowledge, fact, and evidence. Defendant's agency, Internal Revenue Service has provided evidence that said agency is fatally biased and incapable of providing administrative relief regarding circumstances in which said agency has a vested interest.

Assuming *arguendo,* that waiver of the UNITED STATES' sovereign immunity could be predicated upon exhaustion of administrative remedies as such exhaustion is set forth in 26 CFR § 301.7433-1(e), such immunity must be construed as having been waived in the instant matter, since Plaintiff has exhausted his administrative remedies in accordance with 26 CFR § 301.7433-1(e). Further, in denying Plaintiff's administrative claim, defendant's agency declared, in plain language, that Plaintiff is barred from further administrative appeals / relief; *i.e.,* the subject denial is a final agency action.

Defendant, the UNITED STATES, has unequivocally waived its sovereign immunity with respect to the instant matter. Defendant's motion to dismiss the instant matter under Fed. R. Civ. P. 12 (b)(1) fails.

## **PLAINTIFF STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Counsel mischaracterizes the action at bar. Plaintiff's complaint states, in plain language, in the caption, that the instant action is brought for (1) *Unlawful* Collection Activities, (2) Multiple Violations of Title 26 USC, and (3) Breach of Administrative Procedure. All allegations set forth in Plaintiff's amended complaint are in relation to disregards of the Internal Revenue Code and, or regulations promulgated thereunder *in connection with* collection of Federal tax by defendant's agency.

Plaintiff is in possession of discoverable evidence which will prove that defendant's agency has violated and, or disregarded a multitude of provisions of the Internal Revenue Code and regulations promulgated thereunder with respect to Plaintiff, while engaged in unlawful collection actions against Plaintiff.

Further, a complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. Kingman Park Civic Association v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing Fed. R. Civ. P. 8(a)(2) and Conley v. Gibson, 355 U.S. 41, 47 (1957)).

The D.C. Circuit has found that, "The accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless <u>the defendant can show</u> "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Warren v. District of Columbia, 353 F.3d 36, 37 (D.C. Cir. 2004)(citations omitted). Emphasis added

Plaintiff has adequately noticed his cause of action in the Complaint, and should be allowed discovery to prove his claims.

Counsel for the defendant, while attempting to move this Court under Fed. R. Civ. P. 12(b)(6), has certainly not shown, nor could he prior to discovery, that the Plaintiff could not prevail on any set of facts alleged in the instant matter. Counsel's motion to dismiss under Fed. R. Civ. P. 12 (b)(6) prior to discovery is premature, and thus fails.

The United States Supreme Court, in Conley v Gibson 355 U.S. 41 (1957) had this to say regarding the sufficiency of "notice pleading":

"The respondents also argue that the complaint failed to set forth specific facts to support its general allegations of discrimination and that its dismissal is therefore proper. The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim<u>. To the contrary, all the Rules require is "a short and plain statement of the claim" 8 that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests</u>."

Plaintiff asserts that the defendant has been given fair notice as to the Plaintiff's claims and the grounds upon which said claims rest. The Supreme Court, again citing Conley:

4

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 -46 (1957) (footnote omitted). [416 U.S. 232, 237]

Plaintiff's amended complaint clearly states that, in regards to assessment; Plaintiff is not complaining of improper assessment, as Counsel incorrectly asserts. Plaintiff is suing for monetary damages suffered as direct results of, *intra alia,* collection actions imposed <u>in the absence of assessment</u>. Am. Comp. counts: 7, 8, 9, 10, 14, 15, 17, & 25. Plaintiff will prove, through discovery, that defendant's agency unlawfully imposed collection actions against Plaintiff, in the absence of assessment.

Plaintiff's complaint is sufficient to withstand Defendant' motion to dismiss under Fed. R. Civ. P. 12 (b)(6).

Accordingly, defendant's motion to dismiss under Fed. R. Civ. P. 12 (b)(6) fails.

## **THE INTENT OF CONGRESS MANIFESTED IN TEXT**

Counsel attempts to mislead the Court as to what portion of Title 26 U.S.C. §7433 the instant action is brought under. Counsel appears to argue that a number of the allegations presented in the instant matter are not actionable under the *descriptive matter* which precedes *(a) In general* Title 26 U.S.C. §7433, *i.e.*: "Civil damages for certain unauthorized collection actions". Counsel's argument is fatally flawed. Plaintiff is suing for damages suffered as direct results of a multitude of reckless and intentional disregards of the Internal Revenue Code *'in connection with'* the collection actions of defendant's agency, as prescribed in the *text* of said provision.

5

The descriptive matter which precedes *(a) In general ...* of Title 26 U.S.C. §7433 is not any part of the provision itself. Such descriptive matter has no legal effect as set forth by Congress at:

### § 7806 Construction of title

**(a) Cross references**
The cross references in this title to other portions of the title, or other provisions of law, where the word "see" is used, are made only for convenience, and shall be given no legal effect.
**(b) Arrangement and classification**
No inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title, nor shall any table of contents, table of cross references, or similar outline, analysis, or *descriptive matter* relating to the contents of this title be given any legal effect. The preceding sentence also applies to the sidenotes and ancillary tables contained in the various prints of this Act before its enactment into law. Emphasis added.

Indeed, the descriptive matter in question, *i.e.* "Civil damages for certain unauthorized collection actions", cannot logically be construed as part of the attending provision in that said descriptive matter would necessarily introduce matters which are not set forth in the provision itself. The descriptive matter in question loosely addresses *certain unauthorized collection actions.*

The provision itself, however, contains no language whatsoever indicating which *certain* collection actions are included within, or excluded from the purview of said provision. Nor is the word *unauthorized* found anywhere within said provision. Clearly, the descriptive matter in question is not the law, nor any part thereof, is not justicable, and is not any part of the provision under which the instant matter is brought. The inapplicability of the phrase *unauthorized collection* to the case at bar is evident. Plaintiff is suing under the provision itself, which plainly states, *intra alia*:

If, **in connection with** any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by

6

reason of negligence, **disregards any provision** of this title, **or any regulation** promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions. Emphasis added.

The Supreme Court strongly favors direct application of Congress' language:

Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, <|530 U.S. 6|>6 (2000) (internal quotation marks omitted) (quoting United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, <|489 U.S. 241|>241 (1989) (in turn quoting Caminetti v. United States, 242 U.S. 470, <|242 U.S. 485|>485 (1917))).

> Caminetti: When the language of a statute is plain and does not lead to absurd or impracticable results, there is no occasion or excuse for judicial construction; the language must then be accepted by the courts as the sole evidence of the ultimate legislative intent, and the courts have no function but to apply and enforce the statute accordingly.
>
> Statutory words are presumed, unless the contrary appears, to be used in their ordinary sense, with the meaning commonly attributed to them.

Clearly, Congress intended that taxpayers would have a cause of action if *any* provision or regulation of Title 26 U.S.C. was disregarded *in connection with* the collection of Federal tax. Congress did not include language within §7433 which would indicate that said provision is restricted to collection actions. To the contrary; Congress specifically provided for a cause of action when any provision or regulation is disregarded *in connection with* any collection. The conspicuous presence of the phrase, *'in connection with'* provides a clear indication of Congress' intent. Congress has demonstrated the ability to express in plain language, exactly what gives rise to a cause of action under Title 26 U.S.C. §7433-1. Through the use of such language, the intent of Congress is clear; all that is necessary for a cause of action to arise under said provision are reckless, intentional, or negligent disregards of the Internal Revenue code or any regulation promulgated thereunder *in connection with* any collection of Federal tax.

"That being the case, the courts are without authority to restrict the application of the statute." *United States* v. *Turkette*, 452 U.S. 576, 587 (1981).

Counsel's misinterpretation of and, or failure to comprehend the plain language of Congress does not alter existing law. Title 26 U.S.C. §7433 cannot be restricted as Counsel incorrectly asserts. The language of the provision in question is in sharp contrast to Counsel's assertions that said provision pertains only to collection action itself.

Counsel provides voluminous citations, Def.'s Mem. at pg.8 ¶2, referencing cases which were ill-conceived, poorly constructed, and fatally flawed. As such, cases cited by Counsel did not have the standing to develop to the point of addressing the controlling significance of §7433's context. Such cases are therefore irrelevant to the instant matter.

Plaintiff in the instant action is not suing under the inapplicable descriptive matter which precedes the text of §7433, nor is Plaintiff attempting to sue an improper party, as was done in the cases cited by Counsel.

Plaintiff respectfully submits that Title 26 U.S.C. §7433 must be interpreted by the Court exactly as Congress intended. Plaintiff believes, and the Supreme Court affirms, that Congress expressed in its legislation exactly the terms and conditions intended to be put forth. Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, <|530 U.S. 6|>6 (2000)

… we begin with the understanding that Congress "says in a statute what it means, and means in a statute what it says there," Connecticut Nat. Bank v. Germain, 503 U.S. 249, 254 (1992).

Moreover, the significance of "the controlling significance of context" was recently brought to light and clarified by Ginsburg, J., in the Supreme Court, in WACHOVIA

8

BANK, N. A. V. SCHMIDT , ___ U.S.___, (04-1186, decided January 17, 2006), citing Citizens & Southern Nat. Bank v. Bougas, 434 U.S. 35.

One need not travel that far analytically in determining that the Congressional intent manifest in §7433 was to authorize civil actions for damages resulting from disregard of <u>any provision</u> and, or <u>any</u> <u>regulation</u> "*in connection with*" any collection of tax; not simply "wrongful collection" as counsel falsely asserts.

## THE FULL SCOPE OF TITLE 26 §7433-1

The aforementioned Supreme Court decisions most certainly supersede Counsel's voluminous and intentionally mischaracterized citations found at Def.'s Mem. pg.8 ¶ 2. Moreover, Counsel's penchant for arguing that § 7433 should (wrongly) be restricted in scope to actual collection; even to the point of citing cases which have obviously been superseded by the aforementioned <u>WACHOVIA</u> decision. This intentionally misleading strategy is not well taken, especially when weighed against what the Supreme Court had to say regarding attempts to restrict the scope of that which Congress has enacted:

Holmes v. Securities Investor Protection Corp., 503 U.S. 258 (1992)

We expressly acknowledged that "if Congress had legislated the elements of a private cause of action for damages, the duty of the Judicial Branch would be to administer the law which Congress enacted<u>; the Judiciary may not circumscribe a right which Congress has conferred because of any disagreement it might have with Congress about the wisdom of creating so expansive a liability.</u>"  Emphasis added

The aforementioned mandates from the Supreme Court bear heavily against the "collection only " arguments put forth by Counsel, and render his voluminous citations unpersuasive.

9

## ALL ALLEGATIONS IN AMENDED COMPLAINT ADMITTED

Counsel for the defendant, in moving this Court to dismiss, necessarily admits all allegations contained in the amended complaint. This matter has been put to rest by the Supreme Court, e.g. "For the purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted. See, e.g., Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 174-175 (1965). And the complaint is to be liberally construed in favor of plaintiff. See Fed. Rule Civ. Proc.8(f); Conley v. [395 U.S. 422] Gibson, 355 U.S. 41 (1957)."

Jenkins v. McKeithen, 395 U.S. 411, at 421-22.

Thus, each of the 26 counts alleging disregard of provisions of the Internal Revenue Code and regulations promulgated thereunder "are taken as admitted".

That each of the 26 admitted instances of disregard were further admitted to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence, is itself "taken as admitted".

That each of the 26 admitted disregards were further admitted to have been committed with the intent to defeat the application of the respective provision of the Internal Revenue Code, is "taken as admitted".

By attempting to move this Court to dismiss under Fed. R. Civ. P. 12 (b)(1), Counsel has conceded that all allegations put forth by Plaintiff are to be "taken as admitted …[f]or

10

the purposes of a motion to dismiss" only, Jenkins, and defendant's primary assertion in the motion is "that the Court lacks subject matter jurisdiction."

Counsel's motion relies almost exclusively upon his failed argument that this Court lacks subject matter jurisdiction over the instant matter, thus all allegations are "taken as admitted". These allegations are admitted in the teeth of the Court's decision, in Martin v. US, that administrative exhaustion is a *nonjurisdictional* issue.

Indeed, when one pares away all references to Counsel's failed subject matter jurisdiction argument, his supporting memorandum is reduced from fourteen to less than three pages of text, questionably in support of the subject motion. Paring from that remainder, all that fails in light of "the controlling significance of context", as clarified by Ginsburg, J., in WACHOVIA, and other Supreme Court jurisprudence cited herein, Counsel's memorandum is merely an ungrounded argument, heavily laden with intentionally misleading inferences and devoid of any basis law or evidence which could support his fatally flawed motion to dismiss.


**Attempt to Defeat Judicial Review Powers Leads to Fatal Admissions of Jurisdiction**

In his assault upon other bases for jurisdiction, counsel overlooks the qualification included in the invocation of 5 USC §§ 704 (for final agency actions (Exhibit A) for which there is no other adequate remedy in a court), 705 (to compel agency action unlawfully withheld or unreasonably denied), and 706 (for judicial review of final agency actions for which there is no other adequate remedy in a court). These issues under the APA are in regard to other, AND much more than "assessment or collection of taxes", and the assertion of jurisdiction under APA is an assertion of stand-alone jurisdiction.

The Court has judicial review jurisdiction under 5 USC §§ 704-706 regardless of the damages claim.

Counsel argues with himself as to whether the instant action is "... an action, such as this one, for damages based on unlawful collection of taxes." (Def.'s Mem. pg 11 ¶3), <u>or</u> "Plaintiff's own allegations show that he does not challenge collection actions; ..." (Def.'s Mem. pg 9 ¶ 2). Counsel also appears confused, or in the alternative, intentionally misleading, by falsely asserting "... he did not file returns and claimed to have no income." (Def.'s Mem. pg 9 ¶ 2). Counsel's imaginative assertion is found nowhere in Plaintiff's complaint. To the contrary, it is the admissions of defendant's agents and agency cited at counts 12, 13, 14, 15, 17, 18, 20, and 25 wherein said agents and agency admit that Plaintiff has been subjected to unlawful collection actions in connection with years for which said agents/agency admit IRS records indicate Plaintiff had no income.

Counsel's attempt to litigate / answer by footnote, (Def.'s Mem. pg.10), replicates the violation complained of in count twenty-five, in that Counsel neglected to indicate which subsection of 26 U.S.C. §7606(c)(2)(D) is relied upon for exception being claimed. The subject summons does not qualify for either subsection (i), or (ii), and Plaintiff will prove through discovery that the subject summons was issued in connection with collection.

Further, and affirmatively, Counsel attempts to defend by asserting that defendant's agency merely investigated Plaintiff "... to determine if he owes taxes and to quantify how much he owes, not to collect an outstanding tax debt." (Def.'s Mem. pg 9 ¶ 2) Counsel is again incorrect. As alleged throughout Plaintiff's complaint, defendant's agency is <u>actively imposing collection actions</u> against Plaintiff in connection with years for which said agency and agents have determined and admitted Plaintiff had no income.

12

Moreover, counsel's overreaching and incorrect assertion "Neither statute [the Administrative Procedures Act (sic), 28 U.S.C. §§ 1331, the All Writs Act and mandamus] creates jurisdiction over this case", (Def.'s Mem. pg 13 ¶ 2), even if true, necessarily concedes the court's jurisdiction over counts 1 through 3; 7 through 10; 12 through 21; and 25. Counsel's further concession of federal question jurisdiction in respect of the Federal Records Act and National Archives Act is fatal to Counsel's attempt to misdirect the Court with respect of the Freedom of Information Act and Privacy Act. Unarguably, the Court has the power to rule upon record-keeping statutes, SEE: American Friends Service Committee v. Webster, 720 F.2d 29 (D.C. Cir. 1983), and Haase v. Webster, 807 F.2d 208 (D.C. Cir. 1986), and its authority to issue a writ in aid of that jurisdiction is manifest.

## CONCLUSION

Defendant's motion fails on both grounds upon which it relies, (1) the Court does have subject matter jurisdiction over the instant matter, (2) Plaintiff has stated grounds in his complaint, and has adequately alleged economic loss, to put the defendant on notice as to the nature of his claim sufficient to withstand defendant's affirmative defense.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny defendant's motion to dismiss in its entirety.

Date: November 8th, 2006

Respectfully submitted,

*Joseph A. Buaiz Jr.*
Joseph A. Buaiz Jr.

## CERTIFICATE OF SERVICE

I certify that on November 8th, 2006, true and complete copies of the foregoing Opposition to Motion to Dismiss was served upon the following, by USPS, addressed as follows:

JOHN J. LOCURTO
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044

*Joseph A. Buaiz Jr.* (signature)

Joseph A. Buaiz Jr.



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

Date: June 9, 2006

Joseph A. Buaiz
1795 Rocky Springs Rd
Bean Station, TN  37708

Person to Contact:
   P. Jackson
Employee Number:
   Badge 62-09322
Telephone Number:
   615-250-5749
Fax Number:
   615-250-6008

Dear Mr. Buaiz,

We have received your claim for damages under Internal Revenue Code Section 7433, Civil Damages for certain unauthorized collection actions.

We are denying your claim for the following reasons:

The facts presented in your claim did not provide specific evidence as to the intentional, neglect or reckless disregard of any legal or regulatory provision of the Internal Revenue Code in connection with the collection of any federal tax.

You are not entitled to make another administrative appeal of this decision. However, if you wish to take further action, you may file a civil action for damages under Treasury Regulation 301.7433-1 in federal district court. You have two years from the date of the action you believe caused your damage to take your case to court.

Sincerely,

[signature]

Technical Services Group Manager

**Exhibit A**