IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. BUAIZ JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-CV-1312 (RMC) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**Reply Memorandum**

The United States withdraws its motion to dismiss to the extent the motion sought dismissal based on Buaiz's failure to plead exhaustion of administrative remedies. The Court should nonetheless dismiss the majority of the amended complaint because Buaiz fails to state a damages claim for unauthorized tax collection and because the Court lacks jurisdiction over Buaiz's claims under the Administrative Procedure Act and sundry federal statutes.

**Argument**

I.    **Exhaustion**

Plaintiff Joseph A. Buaiz Jr. argues that he exhausted administrative remedies and, therefore, the Court has jurisdiction to adjudicate his claim for damages under 26 U.S.C. § 7433. (Pl.'s Opp. at 1-3.) Although Buaiz does not adequately plead exhaustion in his amended complaint, it now appears that he submitted a damages claim to the Internal Revenue Service and received an adverse decision from the agency. (Id. at Ex. A.) As a result, Buaiz either exhausted his administrative remedies or the Internal

Revenue Service waived the exhaustion requirement by deciding Buaiz's claim.[1]

Accordingly, the United States withdraws its motion to the extent the motion sought dismissal based on Buaiz's failure to allege exhaustion of administrative remedies.

Although it withdraws its exhaustion arguments, the United States pauses to address the suggestion that Buaiz did not have to exhaust because the administrative process is futile. The administrative process is not futile. See Glass v. United States, 424 F. Supp. 2d 224, 229 (D.D.C. 2006). Nor does the statute recognize a futility exception. See 26 U.S.C. § 7433. And by Buaiz's own account, the administrative process worked efficiently in this case. That the Internal Revenue Service allegedly denied Buaiz's claim in 12 days is not evidence of bias, but proof that the agency reviewed the claim expeditiously and rendered a prompt decision. Buaiz's disagreement with the decision he received does not establish futility.

## II.   Failure to state a damages claim:

Buaiz argues that a damages claim under 26 U.S.C. § 7433 is not limited to unauthorized tax collection activities. (Pl.'s Opp. at 5-9.) Emphasizing the statute's "in

---

[1] It is not clear that Buaiz's claim conformed to the applicable regulation. See 26 C.F.R. § 301.7433-1(e). Still, because the Internal Revenue Service apparently reached the claim on the merits, the United States no longer contends that the case should be dismissed for failure to exhaust. The United States reiterates all other bases for dismissal raised in its motion to dismiss.

connection with" language, he contends that *any* violation of an internal revenue statute or regulation creates a section 7433 claim. (Id. at 9.)[2] Buaiz is mistaken.

Section 7433 provides a remedy "only for damages arising from the 'collection' of taxes, not for damages arising from the investigation and determination of tax liability." Judicial Watch, Inc. v. Rossotti, 317 F.3d 401, 411 (4th Cir. 2003). Courts narrowly construe the "collection" element. See White v. Comm'r of Internal Revenue, 899 F. Supp. 767, 772 (D. Mass. 1995). Conduct related to the investigation of a taxpayer's liability or the assessment of taxes does not constitute "collection" activity under section 7433. See Snyder v. Internal Revenue Service, No. 97-2929 (CKK), 1998 WL 796768, at *2 (D.D.C. Oct. 6, 1998) (dismissing damages action where plaintiffs challenged tax assessments, not collection).[3]

---

[2] The pertinent statutory language is: "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States . . . ." 26 U.S.C. § 7433(a).

[3] See also Judicial Watch, 317 F.3d at 411 (no cause of action for damages resulting from investigation); White, 899 F. Supp. at 772-73 (no cause of action for damages caused by audit); Gonsalves v. Internal Revenue Service, 975 F.2d 13, 16 (1st Cir. 1992) (no cause of action for damages based on allegedly wrongful denial of tax refund); Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994) (no cause of action for damages based on improper assessment of taxes); Miller v. United States, 66 F.3d 220, 223 (9th Cir. 1995) (agreeing with Gonsalves and Shaw); Ludtke v. United States, 84 F. Supp. 2d 294, 310 (D. Conn. 1999) (no cause of action for damages based on refusal to disclose information related to calculation of tax liability); Addington v. United States, 75 F. Supp. 2d 520, 525 (S.D. W. Va. 1999) (remedy for improper assessment of taxes is a refund suit, not a claim for damages under section 7433).

The majority of Buaiz's complaint challenges conduct that does not constitute "collection" activity as a matter of law.  <u>See</u> Counts 1 and 2 (failure to inform Buaiz of his tax reporting obligations); 3 (failure to disclose tax return information to Buaiz); 4 (requiring Buaiz to use a social security number); 5 (improper tax assessment); 7 and 8 (failure to make proper tax assessments); 9 and 10 (failure to disclose copies/records of assessments); 12 and 13 (improper investigative summons); 17 (unlawful disclosure of tax return information and failure to make proper tax assessment); 19 (refusal to abate interest and penalties accruing on Buaiz's tax debts); 20 (attempt to interview Buaiz in connection with tax examination); 21 (failure to disclose information about Buaiz's income); 22 (attempt to secure documents and information from Buaiz in connection with tax examination); 23 to 26 (improper investigative summons).  The Court should reject Buaiz's invitation to expand section 7433 liability to these non-collection activities, and should dismiss the enumerated counts for failure to plead actionable conduct.

In an attempt to avoid dismissal of Counts 12, 13 and 23 through 26, Buaiz asserts that he will prove the Internal Revenue Service issued summonses "in connection with collection."  (Pl.'s Opp. at 12.)  But this is not what he alleges in the amended complaint:

- Counts 12 and 13 explicitly state that the Internal Revenue Service issued summonses as part of the agency's investigation of Buaiz for the 1993, 1994 and 2002 through 2005 tax years.

- Counts 23, 24 and 26 allege that Velvet Cole issued improper summonses, but Buaiz does not suggest that she did so in aid of collection.  Nor could he.  Velvet Cole is a revenue agent.  Revenue agents are not involved in tax collection.  They are auditors, charged with investigating taxpayer

> liabilities. Their activities are not subsumed under the Internal Revenue Service's tax collection function.
>
> - Although count 25 is not entirely clear, it states that the Internal Revenue Service issued the disputed summons to obtain information about the 1993 and 1994 tax years – years for which Buaiz admits he was under investigation. (Am. Compl. Counts 12-13.)

Because counts 12, 13 and 23 through 26 challenge investigative summonses, rather than summonses issued in aid of collection, these counts fail to state a claim under section 7433.

Buaiz's citation to <u>Wachovia Bank, N.A. v. Schmidt</u>, 126 S. Ct. 941, 949 (2006) is inapposite. That case addressed the citizenship of national banks for jurisdictional purposes, and does not bear on the meaning of the term "collection" under section 7433.

The Court should also reject Buaiz's notice pleading and rule 12(b)(6) arguments. (Pl.'s Opp. at 4-5, 10-11.) While Fed. R. Civ. P. 8(a)(2) merely requires a "short and plain statement of the claim," the rule does not excuse Buaiz's failure to plead actionable tax collection conduct. See <u>Snyder</u>, 1998 WL 796768 (dismissing section 7433 damages claim). Moreover, that the Court must accept as true all well-pleaded allegations does not preclude dismissal. To the contrary, even if the Court credits all of Buaiz's allegations, dismissal is still warranted because he does not plead collection activity. <u>Id.</u>

### III.  Subject matter jurisdiction

Finally, Buaiz argues that the Administrative Procedure Act, Freedom of Information Act, Privacy Act, National Archives Act, Federal Records Act, All Writs Act and the Mandamus Act provide a jurisdictional basis for his suit. He is incorrect. None

of these statutes waives the United States' immunity to suits for damages based on unauthorized tax collection activity. (United States' Mot. to Dismiss at 11-13.)

To the extent Buaiz invokes these statutes as a basis for obtaining injunctive or declaratory relief rather than damages (see Pl.'s Opp. at 13 (citing American Friends Service Comm. v. Webster, 720 F.2d 29 (D.C. Cir. 1983) and Haase v. Webster, 807 F.2d 208 (D.C. Cir. 1986)), his position is untenable.[4]

Congress stripped the federal courts of jurisdiction to enjoin the assessment and collection of taxes. See 26 U.S.C. § 7421 ("Anti-Injunction Act"). The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The Act "withdraw[s] jurisdiction from state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." Enochs v. Williams Packing & Navigation Co., Inc., 370 U.S. 1, 5 (1962).

Similarly, the Declaratory Judgment Act bars suits that seek declaratory relief "with respect to Federal taxes." 28 U.S.C. § 2201. Like the Anti-Injunction Act, the Declaratory Judgment Act revokes subject matter jurisdiction over actions that might disrupt the assessment and collection of federal taxes. See McGuirl v. United States, 360

---

[4] The D.C. Circuit vacated in part the decision in Haase v. Webster. See Haase v. Sessions, 835 F.2d 902, 903 (D.C. Cir. 1987).

F. Supp. 2d 129, 132 (D.D.C. 2004); Yamaha Motor Corp., U.S.A. v. United States, 779 F. Supp. 610, 612 (D.D.C 1991).[5]

Therefore, even if the amended complaint sought injunctive or declaratory relief instead of damages, dismissal for lack of jurisdiction would still be warranted.

## Conclusion

The United States withdraws its motion to dismiss for failure to exhaust administrative remedies, but respectfully requests that the Court dismiss the majority of the amended complaint for failure to state a damages claim under 26 U.S.C. § 7433 and for lack of subject matter jurisdiction. The United States submits a revised form of order providing for the requested relief.

Dated: November 16, 2006

                              Respectfully submitted,

                              /s/ John J. LoCurto
                              JOHN J. LOCURTO
                              Trial Attorney, Tax Division
                              U.S. Department of Justice
                              P.O. Box 227, Ben Franklin Station
                              Washington, D.C.  20044
                              Telephone: (202) 307-2793
                              Facsimile:  (202) 514-6866
                              john.j.locurto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

---

[5] The Anti-Injunction and Declaratory Judgment Acts both have exceptions, but they are inapplicable here.