IN THE UNITED STATES DISTRICT COURT FOR THE **RECEiVED**
DISTRICT OF COLUMBIA

NOV 2 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Joseph A. Buaiz Jr.,

    Plaintiff,

-vs.-

UNITED STATES,

    Defendant.

_____/

Civil Action Nº: **1:06-CV-01312(RMC)**
Hon. Rosemary M. Collyer

OPPOSITION TO REPLY BRIEF

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S REPLY BRIEF

At the outset, it should be noted, and cannot be over-emphasized, that the defendant

has conceded all allegations contained in Plaintiff's verified amended complaint as

admitted. Moreover, Plaintiff's verified statement of facts stands entirely unchallenged.

With the foregoing established, little remains to be argued at this time, other than the true

intent of Congress as it pertains to the scope of Title 26 §7433.

However, Plaintiff pauses to address certain other arguments and assertions put forth

by defendant in Counsel's reply brief:

## I.        COUNSEL'S FIRST AFFIRMATIVE DEFENSE FAILS

Counsel affirmatively asserts that "The administrative process is not futile." (Def.'s

Brief pg 2 ¶ 2), but makes no attempt to provide any evidence which could support his

naked assertion. Counsel, being the proponent of the subject affirmative defense, "The

administrative process is not futile.", should be required by the Court to produce evidence

to substantiate his claim.

Plaintiff's assertions that the exhaustion requirement set forth in 26 CFR §301.7433-1(e) is futile and inadequate must prevail in the absence of credible evidence in the record to the contrary.

The citing of <u>Glass v. United States</u>, 424 F. Supp.2d 224,229 DD.C. (2006) is both unavailing, and unpersuasive. In <u>Glass</u>, an administrative claim conformant with 26 CFR §301.7433-1(e) was not submitted. Accordingly, <u>Glass</u> is inapplicable and has no bearing upon this Plaintiff's assertions as to the futility of the exhaustion of administrative remedies set forth in §7433. This Plaintiff's assertions are based on fact and firsthand knowledge, and are supported by evidence.

Counsel next argues via footnote (Def.'s Brief pg 2), that it is not clear that Plaintiff's "claim conformed to the applicable regulation." Plaintiff asserts that, as evidenced by Exhibit A (Denial), Plaintiff's claim was not deemed to be structurally deficient. Further, Counsel failed to exercise due diligence in that he neglected to ascertain the validity of Plaintiff's allegation regarding exhaustion of administrative remedies. Counsel, after squandering the very liberal reply time of sixty (60) days with which he was allotted, now chooses to argue (via footnote) the conformity of Plaintiff's administrative claim, a document with which he should be very familiar.

## II.    SECOND AFFIRMATIVE DEFENSE LEADS TO FATAL ADMISSIONS

As an introduction to his continued attack on counts 12 and 13, Counsel blatantly attempts to mislead the Court as to whether or not said counts allege actions "in connection with collection." (Def.'s R. Brief pg 4 ¶ 2). Counsel's false assertion must be construed as a fraud upon the Court in that counts 12 and 13 contain the exact phrase *(in connection with collection)* that Counsel would have the Court believe is not there.

Further, Counsel falsely asserts Plaintiff does not allege the summonses complained of were issued in connection with collection. Count 13 plainly alleges that all four of agent Cole's summonses were issued "in connection with collection".

In attempting to convince the Court that defendant's agent, Velvet Cole could not have possibly engaged in collection actions by virtue of Counsel's interpretation of said agent's job description, (Def.'s R. Brief pg 4-5), Counsel has incidentally admitted agent Cole would necessarily be violating provisions of and, or regulations promulgated under the IRC, if she were to engage in collection actions. This admission by Counsel is fatal to the defendant in that defendant has conceded all allegations in the amended complaint, and Plaintiff's amended statement of facts stands completely unchallenged. Plaintiff's sworn testimony alleging agent Cole engaged in collection actions is now further supported by Counsel's affirmation and admissions that agent Cole must have committed multiple disregards of the IRC when she engaged in the collection actions alleged by Plaintiff – affirmed and conceded by Counsel, and thereby admitted by defendant.

**REVENUE AGENT VELVET COLE**  In his failed attack upon counts 13, and 23, 24, and 26, Counsel overlooks the fact that count 13 (Am. Comp.) specifically alleges all four of agent Cole's summonses were made and issued "in connection with collection".

Notwithstanding Counsel's assertions to the contrary, the fact that Plaintiff has entered sworn testimony alleging agent Cole's four issuances of summonses were made, executed, and issued in connection with collection actions has been established.

With the sworn testimony of the Plaintiff having adequately alleged agent Cole's four

summonses were issued in connection with collection, (Am. Comp. Ct. 13), Counsel's

correlative arguments against counts 23, 24, and 26, wherein agent Cole's collection

actions are further complained of, likewise fail in their entirety.

Indeed, with agent Cole's collection actions established, counts 20, 21, and 22, must

also survive defendant's motion to dismiss. Said counts complain of agent Cole's actions

which lead to her issuance of summonses in connection with the collection of tax.

To the extent that Counsel wishes to affirm the limitations of agent Cole's powers,

(Def.'s R. Brief 4-5), Counsel's interpretation of such limitations may serve to explain

why agent Cole falsely asserted she was "Special Agent Velvet Cole from the Internal

Revenue Service", as alleged in Plaintiff's verified amended statement of facts, at #s 18,

19, 20, 21, and 22. However, Counsel's attempt to "explain away" the unlawful actions

committed by agent Cole in her collection efforts only serves to further implicate her as

someone who proceeded with malice aforethought when she falsely assumed the title

"Special Agent". As conceded and affirmed by Counsel, agent Cole, a "revenue agent", is

barred from engaging in collections. Plaintiff's allegations that agent Cole falsely

asserted she was a "Special Agent" for the purpose of concealing the fact she is merely a

"revenue agent" who was acting without authority, are thus admitted.


**REVENUE AGENT JANE LETHCO** Counsel, attempting to convince the Court

Plaintiff did not allege agent Lethco's summons was issued in connection with collection,

asserts "But this is not what he alleges in the amended complaint:". (Def.'s R. Brief pg 4)

Counsel's assertion is patently false. Count 12 clearly and directly alleges agent Lethco is "... imposing collection actions against Plaintiff." Plaintiff's complaint also adequately alleges agent Lethco established she was engaged in collection since her very first correspondence to Plaintiff. Said initial correspondence, (Am. St. of Facts #6) dated October 4, 2005, (1) clearly preceded agent Lethco's summons, (2) is clearly a collection action, (3) demands amounts (allegedly) certain for 1993 and 1994 (no pertinent W-2 or 1099 exists for said years), and (4) said years are the exact years which are named in agent Lethco's summons. Counsel's imaginative, but absurd theory would indicate agent Lethco began collection actions ten months prior to beginning her investigation.

Agent Lethco's collection actions against Plaintiff are ongoing. Indeed, agent Lethco implemented another collection action against Plaintiff as recently as October 11, 2006. Thus, Counsel also fails in his argument against counts 12, 18, 19, and 25, all of which further complain of disregards in connection with agent Lethco's collection actions.

### III.        SWORN TESTIMONY ON THE RECORD

The record in the instant matter, which includes Plaintiff's amended statement of facts, is replete with sworn testimony alleging agents Cole and Lethco did engage in collection actions against Plaintiff. However, Counsel chooses to ignore the fact that sworn testimony is on the record in the instant matter in the form of, not only Plaintiff's verified amended complaint, but Plaintiff's verified amended statement of facts as well, both of which were signed under penalty of perjury. In an effort to defend agents Cole and Lethco, Counsel affirmatively asserts that "Revenue agents are not involved in tax collection." (Def.'s R. Brief pg 4 ¶ 2)

However, Plaintiff's sworn testimony alleging collection actions by revenue agents Cole and Lethco found in Plaintiff's amended statement at # 6, and # 15, and amended complaint, counts 12 and 13, coupled with defendant's admissions, specifically contradict Counsel's affirmative defense. Thus, Counsel's challenge of counts 12, 13, and 23 through 26 fails in its entirety.

## IV.    THE RESULT OF COUNSEL'S AFFIRMATIVE DEFENSES

Defendant, through Counsel, concedes and affirms agents Cole and Lethco disregarded a multitude IRC provisions, and regulations promulgated thereunder, with intent to defeat the application thereof, while engaged in collection actions as alleged by Plaintiff.

## V.    THE CONTROLLING SIGNIFICANCE OF CONTEXT

Counsel falsely asserts that Plaintiff, "... contends that any violation of an internal revenue statute or regulation creates a section 7433 claim." (Def.'s R. Brief pg 3 ¶1) Counsel's failure to incorporate the phrase "*in connection with*" into his attempt to summarize Plaintiff's argument against the wrongful restricting of the scope of § 7433 must be seen as intentionally misleading. Plaintiff used the phrase "*in connection with*" eleven (11) times in arguing the scope of §7433, yet Counsel presumes to summarize Plaintiff's argument in a single phrase which does not incorporate the key language, "*in connection with*". Moreover, Counsel has failed to overcome the Supreme Court opinions and decisions regarding attempts to limit the scope of statutes and the "controlling significance of context" cited in Plaintiff's opposition to motion to dismiss. (Dkt. # 8)

## VI.    COUNSEL'S REPEATED CITATION OF INNAPLICABLE CASES

Perhaps unable to comprehend the fact that cases cited in his previous memorandum, (Dkt. #5-2), have been superseded by recent Supreme Court jurisprudence, and are therefore inapplicable, Counsel again cites the same cases in his reply memorandum (Dkt. #9-1). Counsel appears unwilling to accept the fact that his cited cases have been superseded by the Supreme Court's decision regarding "the controlling significance of context", which was recently brought to light and clarified by Ginsburg, J., in WACHOVIA BANK, N. A. V. SCHMIDT , ___ U.S.___, (04-1186, decided January 17, 2006), citing Citizens & Southern Nat. Bank v. Bougas,434 U.S. 35. Said case was cited by Plaintiff to exemplify the Supreme Court's opinion as to how the context of Congress' language is to be interpreted.

Moreover, Counsel should have researched his citations after seeing them fail previously, rather than reciting them in his reply brief. A simple review of said cases immediately reveals their fatal flaws. In addition to the fact that cases cited by Counsel have been superseded by the aforementioned Supreme Court standard regarding "the controlling significance of context", said cases were also fatally flawed from the outset.[1] Plaintiff asserts that such fatally flawed and ill-conceived cases have no bearing on the instant matter. Plaintiff considers Counsel's irresponsible recitation of such markedly redundant, immaterial, and impertinent cases an affront to the dignity of the Court.

---

[1] Judicial Watch, 317 F.3d at 411 (Plaintiff sued improper party – Injunction suit); White, 899 F. Supp. at 772-73 (Plaintiff incorrectly sued the Commissioner – did not adequately allege economic loss); Gonsalves v. Internal Revenue Service, 975 F.2d 13, 16 (1st Cir. 1992)(Claimed damages for actions which occurred prior to the enactment of § 7433 – Sued improper party);Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994) (improper assessment of taxes / Plaintiff was reimbursed, therefore no pecuniary damages); Miller v. United States, 66 F.3d 220, 223 (9thCir. 1995) (Plaintiff sued under incorrect statute – clearly a disclosure suit); Ludtke v. United States, 84 F. Supp. 2d294, 310 (D. Conn. 1999) (Plaintiff failed to allege specific code violations – Damaged by a third party – Sued improper Party); Addington v. United States, 75 F.Supp. 2d 520, 525 (S.D. W. Va. 1999) (refund suit – Plaintiffs failed to allege specific code sections violated).

## VII.    COUNSEL'S RECENT CORRESPONDENCE TO PLAINTIFF

Plaintiff received a letter from Counsel November 21, 2006, Exhibit **B**, in which Counsel concedes at least some of the Plaintiff's allegations will survive. Counsel's opinion as to how many counts will survive defendant's motion seems presumptuous in that he has chosen to concede Plaintiff's verified statement of facts in its entirety. Counsel's inattentive disregard of Plaintiff's verified amended statement of facts, which is referenced in the complaint (Pl. Am. Comp. II. A.) is fatal to the defendant. Moreover, although Counsel has moved to dismiss, his memorandum purportedly in support thereof, is fatally deficient, misleading, and without merit.

Counsel's inference counterclaims may ensue invites remark in response to his attack on the Administrative Procedure Act, Freedom of Information Act, Privacy Act, National Archives Act, Federal Records Act, All Writs Act and the Mandamus Act. Plaintiff does not rely specifically upon the aforesaid Acts for subject matter jurisdiction. Counsel nonetheless, argues with himself over subject matter jurisdiction (Def.'s R. Brief at III.). The issue of subject matter jurisdiction in the instant matter is settled.

The applicability of the A.P.A. has already been addressed (Dkt. #8 pg 11 ¶3) as to its relevance to final agency actions such as the denial of Plaintiff's administrative claim, and is thereby applicable and available to the Plaintiff in the instant matter.

The National Archives Act and Federal Records Act are applicable in the instant matter owing to defendant's admissions regarding failure to keep satisfactory records. Plaintiff specifically complains of collection actions being imposed in the face of defendant's admissions that no W-2, 1099, or 23-C documentation exists for years which said agency

is actively imposing collection actions against Plaintiff. See counts 3, 7, 8, 9, 10, 12, 14, 15, 17, 18, 19, 25, and statement of facts # 6 and 8.

Defendant's admissions that no W-2 and, or 1099 records pertaining to Plaintiff exist for years said agency is imposing collection actions, coupled with Plaintiff's allegations of collection actions, serve to illustrate the link between defendant's National Archives Act and Federal Records Act violations and Plaintiff's allegations in the instant matter.

Counsel's inference that counterclaims may ensue appears groundless in light of defendant's admitted recordkeeping violations and subsequent non-existence of records upon which to base such counterclaims.


## VIII.    COUNSEL'S ANCILLARY ARGUMENTS

Plaintiff in the instant matter is not seeking declaratory relief, or injunctive relief. However Counsel, again arguing with himself, as to the already settled issue of subject matter jurisdiction, invokes the Declaratory Judgment Act; and then, defending against unsought injunctive relief, invokes the Anti-Injunction Act. (Def.'s R. Brief pg 6 ¶ 1 – 3)


### QUESTION PRESENTED

Does counsel's application of the Declaratory Judgment Act effectively override Congress' enactment of IRC section 7433?

The Declaratory Judgments Act was enacted June 25, 1948, ch. 646, 62 Stat. 964; but was based upon title 28, U.S.C., 1940 ed., § 400, and apparently has roots going back as far as 1911. The D.J.A.'s current incarnation has been amended 10 times.

Internal Revenue Code § 7433 was placed into the Internal Revenue Code as the "exclusive remedy" by the Taxpayer Bill of Rights (TBOR I) in 1988, and has been amended twice, most recently in 1998 (TBOR III).

Assuming, but specifically without admitting, that Plaintiff were seeking the Court's "declaration" of rights established and conferred by Congress through its enactment of §7433's exclusive remedy (no such request is made in Plaintiff's verified complaint, verified statement of facts, or the amended versions thereof which are now before the Court), it is evident that Congress carved out, in the Taxpayers' Bill(s) of Rights, an exception to the D.J.A.'s exception with respect to federal tax matters. If interpreted otherwise, Congress' "exclusive remedy" and its amendments were nullities upon their successive enactments, as "pre-repealed" by the D.J.A. Counsel's anecdotal conclusion is absurd. Hence, his illogical attempt to eviscerate §7433's "exclusive remedy" fails. The presumption that Congress intended IRC §7433 and the D.J.A. to co-exist must prevail.

## QUESTION PRESENTED

Can Counsel' invocation of the Anti-Injunction Act bar a suit for damages under §7433?

Counsel incorrectly invokes the A.I.A. with respect to the instant matter. This Plaintiff is not seeking injunction. The instant matter is a damages suit to recover pecuniary losses incurred as direct results of violations and disregards of the IRC and regulations promulgated thereunder in connection with the collection of Federal tax.

Counsel's invocation is fatally flawed in that the A.I.A. is clearly not applicable to the instant damages suit. As previously detailed regarding Counsel's invocation of the D.J.A., his invocation of the Anti-Injunction Act is likewise fatally flawed.

Clearly, Congress was aware of the existence of the A.I.A. when enacting TBOR I, II, III and, of course, 26 U.S.C. §7433. Just as with Counsel's failed invocation of the D.J.A., the A.I.A. must also be held as no bar to a suit brought under §7433 to recover damages.

If interpreted otherwise, Congress' "exclusive remedy" and its amendments were nullities upon their successive enactments, as "pre-repealed" by the A.I.A. Such an interpretation is, of course, absurd. Therefore, Counsel's misleading attempt to derail the instant matter, which is clearly a damages suit, by invoking the A.I.A. fails on its face. The presumption that Congress intended civil actions for damages under IRC §7433 and the A.I.A. to co-exist must prevail.

Although Counsel has failed in his attempt to have the instant damages suit barred by invocation of the A.I.A., his imprudent and unwarranted invocation of said Act invites further amplification of §7433's scope.

IX.                    **THE TRUE SCOPE OF TITLE 26 §7433-1**

**QUESTION PRESENTED**

Can Congress' broadly constructed §7433 be more tightly restricted than §7421?

In order to be construed harmoniously with the Anti-Injunction Act, §7433, by virtue of the controlling significance of the phrase " in connection with" must be held at least as expansive as the very restricted Anti Injunction Act. In sharp contrast to §7433, the Anti Injunction Act contains very restrictive language. Section 7421 contains very precise language addressing and establishing exactly the parameters under which the A.I.A. may be implemented and the exceptions thereto.

-11-

Notwithstanding the very restrictive language used in the construction of §7421, defendant, through various Counsel, has for decades argued in favor of an expansive interpretation of the Anti-Injunction Act.

That the Courts have agreed with such arguments is further confirmation that § 7433, with its controlling language, "in connection with", must be held at least as expansive as the far more restricted Anti-Injunction Act.

The Anti-Injunction Act and Title 26 §7433 must be construed, in *pari materia*, WACHOVIA BANK, N. A. V. SCHMIDT. The resultant interpretation establishes the scope of §7433 as applicable to all activities which "may culminate in tax collection", as is the case with §7421.

*"It is applicable not only to the assessment and collection of taxes, but to activities which are intended to or may culminate in the assessment or collection of taxes as well."* Emphasis added. *Linn v. Chivatero*, 714 F.2d 1278, 1282, 1286-87 (5th Cir.1983). Citing: *Kemlon Products & Development Co.v. United States* 638 F. 2d 1315, 1320 (5th. Cir.), *modified on other grounds*, 647 F2d. 223, *cert. denied*, 454 U.S. 863, 102 S.Ct. 320, 70 L.Ed. 2d 162 (1981) (*Quoting United States v Dema*, 544 F.2d 1373, 1376 (7th Cir. 1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1106, 51 L.Ed.2d 539 (1977)); *accord*, *Smith v Rich* 667 F.2d. 1228, 1230 (5th Cir.1982)

Indeed, even if §7433 were to be interpreted by the Court only as expansively as the Anti-Injunction Act, every allegation in Plaintiff's verified amended complaint and verified amended statement of facts must be held actionable under §7433.

// //

// //

// //

// //

// //

## **CONCLUSION**

Defendant's motion to dismiss has failed on every ground upon which it relied. Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss in its entirety.

Date: November 27th, 2006

Respectfully submitted,

Joseph A. Buaiz Jr.

## CERTIFICATE OF SERVICE

I certify that on November 27th, 2006, true and complete copies of the foregoing

Opposition to Reply Brief was served upon the following, by USPS, addressed as

follows:


JOHN J. LOCURTO
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044


*Joseph A Buaiz Jr.*

Joseph A. Buaiz Jr.



**U.S. Department of Justice**

**Tax Division**

*Civil Trial Section, Eastern Region*

EJO'C:DAH:JJLoCurto:CEO
5-16-4073
CMN 2006105045

*Post Office Box  227*
*Washington, DC  20044*

*Telephone:* (202) 307-2793
*Telecopier:* (202) 514-6866

November 17, 2006

**VIA FEDERAL EXPRESS**
Andrew M. Stroot, Esq.
Internal Revenue Service
950 L'Enfant Plaza
Washington, DC 20024

Re:    *Buaiz v. United States*, No. 1:06-CV-1313 (RMC) (D.D.C.)

Dear Mr. Stroot:

Enclosed please find copies of the reply brief, revised order, and certificate of service filed in the above-referenced tax protest action.  As we discussed, we (1) withdrew our exhaustion arguments, (2) reiterated our request to dismiss for failure to allege actionable "collection" activity, and (3) renewed our request to dismiss the Administrative Procedure Act and related claims for lack of subject matter jurisdiction.

Assuming the court grants the motion in full, six counts will remain and will have to be addressed.  To that end, please provide the plaintiff's administrative file to enable us to answer, move or otherwise respond to the plaintiff's allegations.  In addition, as we discussed, we should be prepared to file counterclaims against plaintiff for his outstanding income tax and penalty liabilities.  As such, please provide this office with a supplemental letter authorizing counterclaims along with certified transcripts for each tax liability/period you would like us to pursue.  We ask that you provide these materials by December 20, 2006.

Thank you for your assistance and cooperation.

Sincerely yours,

JOHN J. LOCURTO
Trial Attorney
Civil Trial Section, Eastern Region

JN
Enclosures

**1:06-CV-01312 (RMC)    Exhibit B**