IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

RECEIVED
JAN 3 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Joseph A. Buaiz Jr.,

    Plaintiff,

-vs.-

UNITED STATES,

    Defendant.
_____/

Civil Action Nº: **1:06 -cv- 01312(RMC)**
The Honorable Rosemary M. Collyer

REQUEST FOR JUDICIAL NOTICE

## PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

In this federal action, Plaintiff, Joseph A. Buaiz Jr., alleged that defendant, by and through the acts and omissions of defendant's agents, engaged in unlawful collection actions, violated and, or disregarded several provisions of the Internal Revenue Code and, or regulations promulgated thereunder, and committed various breaches of Administrative Procedure *in connection with* collection.

The adjudicative facts presented herein pertain specifically to actions defendant's agents have taken against Plaintiff during the time in which the instant matter has been before this Court. Said facts serve to clearly illustrate the intent and motive(s) of defendant's agency and agents. Plaintiff provides the Court with indisputable evidence which proves the defendant's agents are in fact continuing, and indeed escalating, the wrongdoing and violations already complained of by Plaintiff in the instant matter.

Defendant, by and through recent acts and, or omissions on the part of defendant's agency and agents, has substantially escalated its efforts against Plaintiff during the time in which the instant matter has been before the Court.

The adjudicative facts presented herein are supported by indisputable exhibits, which are attached and incorporated by reference, and are beyond reasonable controversy in accordance with F.R.Civ.P. 201 (b), and (d).

Pursuant to Federal Rule of Evidence 201(b) and (d), Plaintiff, Joseph A. Buaiz Jr., respectfully requests this Court take judicial notice of the following adjudicative facts:

**DEFENDANT'S AGENT, JANE LETHCO**

1. *Within two days of* Plaintiff's Sur reply (Dkt. # 10) being docketed, defendant's agent, Jane Lethco, employee # 62-09719, made, executed, and then caused to be recorded into the Public Record "Nominee" Notices of Federal Tax Lien. Exhibits **C**, and **D**, and accompanying purported "Property Description Attachment(s)", Exhibit **E**

2. Agent Lethco's issuances clearly show that said "Nominee" notices were prepared and signed by agent Lethco herself, on December 8th, 2006. Exhibits **C** and **D**

3. Defendant's agent, Jane Lethco mailed letters to the purported "Nominees" and to the Plaintiff notifying said "Nominees" and Plaintiff of her actions. Said letters, Exhibits **F, G, H,** and **I**, plainly list the enclosures agent Lethco provided to addressees.

4. Agent Lethco's purported "Nominee" Notices of Federal Tax Lien cite "Date(s) of Assessment" for which defendant's agency is unable to produce evidence that any such assessments were performed, *i.e.*, no evidence of assessment(s) exists. Exhibit **J**

5. Defendant's agent, Jane Lethco clearly expresses (Exhibits **G, H,** and **I**) her intent to collect from the aforesaid purported "Nominees" amounts for which defendant's agency is unable to produce evidence that any assessments were performed. Exhibit **J**

6.  Defendant's agent, Jane Lethco, failed to include the notice (Exhibits **F, G, H, & I**) mandated by Congress in section 3401(a) of the IRS Restructuring and Reform Act of 1998, Public Law 105-206, § 3401(a); Internal Revenue Code § 6320, of a right to a Collection Due Process Hearing to which Internal Revenue Code § 6320(c), 112 STAT. 747, makes Internal Revenue Code § 6330(e) 112 STAT. 749 applicable, to wit:

> (c) Conduct of hearing; review; suspensions
>
> For purposes of this section, subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 shall apply. Internal Revenue Code § 6320(c), 112 STAT. 747

IRC § 6330(e), 112 STAT. 749, specifies:

> "(e) Suspension of collections and statute of limitations
>
> "(1) In general
>
> "Except as provided in paragraph (2), if a hearing is requested under subsection (a)(3)(B), the levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502 (relating to collection after assessment), section 6531 (relating to criminal prosecutions), or section 6532 (relating to other suits) shall be suspended for the period during which such hearing, and appeals therein, are pending. In no event shall any such period expire before the 90th day after the day on which there is a final determination in such hearing. Notwithstanding the provisions of section 7421 (a), the beginning of a levy or proceeding during the time the suspension under this paragraph is in force may be enjoined by a proceeding in the proper court, including the Tax Court. The Tax Court shall have no jurisdiction under this paragraph to enjoin any action or proceeding unless a timely appeal has been filed under subsection (d)(1) and then only in respect of the unpaid tax or proposed levy to which the determination being appealed relates."  Internal Revenue Code § 6330(e)(1)

[Upon information, consisting of Agent Lethco's December 11th, 2006, correspondences, Agent Lethco violated, with intent to defeat the application of, Internal Revenue Code §§ 6320 and 6330 by failing to give the notice(s) of Collection Due Process Hearing rights.]

7. Agent Lethco's actions of December 8th, 2006 are a continuation and escalation of agent Lethco's violations complained of by Plaintiff in the instant matter. (Amended Complaint at Counts 12, 18, 19, and 25, and Amended Statement of Facts at # 6 and 8)

8. The aforementioned purported "Nominee" Notices of Federal Tax Lien cite "6702" as a "Kind of Tax". Exhibits **C** and **D** Defendant's agency could not provide evidence of the purported "6702" assessments as recently as August 1, 2006 Exhibit **J**

9. Defendant's agent Jane Lethco continues to impose collection actions against Plaintiff regarding years for which defendant's agency admits and confirms no relevant W-2 or 1099 documentation supporting the imposition of a filing requirement or a liability upon Plaintiff exists. Exhibit **K**

10. Defendant has created *an impossibility in fact* arising from defendant's violations of the Federal Records Act and National Archives Act whereby the resultant non-existence of W-2 and, or 1099 documentation on the part of defendant's agency precludes the possibility of meeting said agency's demands to file accurate returns. Exhibit **K**

## A RECENT CHANGE TO PLAINTIFF'S INDIVIDUAL MASTER FILE

11. Defendant's agents recently made a change to Plaintiff's Individual Master File whereby Plaintiff's Individual Master File now carries the designation: *PDT*. Exhibit **L**

12. The *PDT* designation is described in Department of the Treasury Document (manual) 6209 (Revised 3-2005) on page 12-13 as follows: Exhibit **S**

> **(5) PDT Indicator**
>
> When TC 016 is input to identify a Potentially Dangerous Taxpayer, the first page of AMDISA print will show PDT.

13. Plaintiff's first page of AMDISA did not carry the prejudicial designation of *PDT* as recently as August 1, 2006. See page #2 of Exhibit **J**

14. Plaintiff's last contact with defendant's revenue agents and, or officers was June 7th, 2006, (Am. St. of Facts # 25).

15. Defendant's agents designated Plaintiff as a "potentially dangerous taxpayer" sometime between September 8, 2006 and December 6, 2006; a time during which Plaintiff had no contact with defendant's revenue officers or agents. Exhibit **N**

16. Plaintiff and family members are now at risk of being treated in a manner more suited to that in which the truly dangerous should be treated upon any future contact with defendant's agents. Defendant's falsification of Plaintiff's I.M.F. has created a situation which needlessly endangers Plaintiff and other innocent family members. Exhibit **L**

17. Plaintiff does not meet the criteria necessary to be labeled as a *PDT*. See Internal Revenue Manual 25.4.1 excerpted, attached, and incorporated by reference as Exhibit **M**

18. Exhibit **M** clearly defines the required criteria and dictates the exact process by which the Treasury Inspector General for Tax Administration (hereinafter: TIGTA), and the Chief Counsel are to arrive at determinations regarding the designation as a *PDT*.

19. Chief Counsel's Office confirmed that <u>no investigation</u> documentation pertaining to Plaintiff existed in the Office of Chief Counsel as recently as September 8, 2006. Said September 8, 2006 confirmation of <u>no investigation</u> was rendered more than ninety days after Plaintiff's last contact with defendant's revenue officers and, or agents. Exhibit **N**

[Upon information and belief, the falsification of this Official Record (IMF) was designed to impede, influence, and obstruct through intimidation, Plaintiff with regard to

the case at bar. Members of Plaintiff's immediate family are also likewise, collaterally endangered by defendant's erroneous designation of Plaintiff as a *PDT*.]

**TIGTA'S FAILURE TO INVESTIGATE PLAINTIFF'S COMPLAINTS**

20. The Memorandum of Understanding between the IRS and TIGTA, pages 1 and 2 excerpted and attached as Exhibit **O**, clearly indicates that TIGTA is responsible for investigating taxpayers' complaints, and especially complaints alleging violations of IRC § 7214, such as those alleged in Plaintiff's TIGTA complaint. Exhibit **Q**

21. During February, 2003, Plaintiff filed a complaint with TIGTA and received a response stating "We have reviewed your complaint and determined that this matter would more appropriately be handled by the Internal Revenue Service." Exhibit **P**

22. On September 25, 2006, Plaintiff filed another complaint with TIGTA. Exhibit **Q** Said complaint was very detailed, cited applicable law, and was well supported by exhibits, which included a copy of an affidavit of complaint Plaintiff had filed with Attorney General, specifically complaining of felonious acts on the part of IRS agents.

23. On or about October 30, 2006, Plaintiff received a response from TIGTA regarding Plaintiff's September 25, 2006 complaint. Exhibit **R**

24. TIGTA's response to Plaintiff's detailed and well supported September 25, 2006 complaint is <u>identical</u>, other than the signature, date, and Plaintiff's address, to the response Plaintiff received from TIGTA three and a half years prior. Exhibits **P** and **R**

25. TIGTA, an agency mandated by Congress to investigate taxpayers' complaints regarding violations committed by IRS agents, and specifically pursuant to Title 26 § 7214, to investigate criminal violations, decided not to investigate Plaintiff's complaints.

TIGTA instead forwarded Plaintiff's complaints to the Internal Revenue Service, the very agency / agents whose actions were being complained of. Exhibits **P & R**

26.    Defendant's agency, TIGTA, has twice refused to investigate (final agency actions) Plaintiff's complaints, and thereby rendered the process of this Plaintiff filing a complaint with TIGTA, a futile endeavor. Exhibits **P** and **R**

   Federal Rule of Evidence 201(b) provides that a court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Plaintiff provides for the Court, Exhibits **C** through **S,** documents which are capable of sufficiently accurate and ready determination. The contents of each of these documents are matters not reasonably subject to dispute.

   Federal Rule of Evidence 201 (d) provides that a Court shall take mandatory judicial notice if requested by a party and supplied with the necessary information. Accordingly, with Exhibits **C** through **S** having established the foregoing facts (#s 1 through 26) by providing the necessary information, Mandatory Judicial Notice is appropriate.

   Based upon the foregoing, this Court can and should take Mandatory Judicial Notice of each of the foregoing adjudicative facts and documents attached as exhibits hereto.

Date: December 28th, 2006

Respectfully submitted,

*Joseph A. Buaiz Jr.*
Joseph A. Buaiz Jr.

## CERTIFICATE OF SERVICE

I certify that on December 28th, 2006, a true and complete copy of the foregoing Request for Judicial Notice, and exhibits were served upon the following, by USPS, addressed as follows:

JOHN J. LOCURTO
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044

*Joseph A. Buaiz Jr.*
Joseph A. Buaiz Jr.