**Form 668(Y)**
(Rev. 10-1999)

**Department of the Treasury - Internal Revenue Service**

# Notice of Federal Tax Lien

| Small Business/Self Employed Area: 5 | Serial Number 333231606 | For Optional Use by Recording Office |
|---|---|---|

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

BK/PG: IN281/1331-1332

06188994

```
2 PGS 1 AL - FEDERAL LIEN
BATCH: 11262
12/11/2006 - 10:59:56 AM
VALUE                        0.00
MORTGAGE TAX                 0.00
TRANSFER TAX                 0.00
RECORDING FEE               10.00
DP FEE                       2.00
REGISTER'S FEE               0.00
TOTAL AMOUNT                12.00
STATE OF TENNESSEE, GRAINGER COUNTY
```

DOROTHY REAGAN
REGISTER OF DEEDS

**Name of Taxpayer**
Merl Alan Crumpley
As Nominee of Joseph A Buaiz

**Residence**
351 Gammon Springs Rd
Bean Station, TN 37708

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1993 | XXX-XX-4656 | 03/17/1997 | 04/16/2007 | $11,734.32 |
| 1040 | 12/31/1994 | XXX-XX-4656 | 03/24/1997 | 04/23/2007 | $12,448.32 |
| 6702 | 12/31/1989 | XXX-XX-4656 | 02/07/2005 | 03/09/2015 | |
| 6702 | 12/31/1989 | XXX-XX-4656 | 02/06/2006 | 03/07/2016 | $1,024.00 |
| 6702 | 12/31/1990 | XXX-XX-4656 | 02/07/2005 | 03/09/2015 | |
| 6702 | 12/31/1990 | XXX-XX-4656 | 02/06/2006 | 03/07/2016 | $1,000.00 |
| 6702 | 12/31/1991 | XXX-XX-4656 | 02/07/2005 | 03/09/2015 | |
| 6702 | 12/31/1991 | XXX-XX-4656 | 02/06/2006 | 03/07/2016 | $1,000.00 |
| 6702 | 12/31/1992 | XXX-XX-4656 | 02/07/2005 | 30/09/2015 | |
| 6702 | 12/31/1992 | XXX-XX-4656 | 02/06/2006 | 03/07/2016 | $1,000.00 |
| 6702 | 12/31/1993 | XXX-XX-4656 | 02/07/2005 | 03/09/2015 | |
| 6702 | 12/31/1993 | XXX-XX-4656 | 02/06/2006 | 03/07/2016 | $1,000.00 |
| 6702 | 12/31/1994 | XXX-XX-4656 | 02/07/2005 | 03/09/2015 | |
| 6702 | 12/31/1994 | XXX-XX-4656 | 02/06/2006 | 03/07/2016 | $1,000.00 |

**See Attachment for Description of Property**

| Place of Filing Register of Deeds Grainger County Rutledge, TN 37861 | Total | $30,206.64 |
|---|---|---|

This notice was prepared and signed at Knoxville, TN , on this, the 8th day of December , 2006 .

| Signature Jane Lethco, Employee # - 62-09719 | Title Revenue Officer, Phone # - 865-329-4539 |
|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971-2 C.B. 409)

Part 1 - Recording Office

Form 668(Y) (Rev. 10-1999)

**1:06-CV-01312 (RMC)    Exhibit C**

STATE OF TENNESSEE
I, DOROTHY W. REAGAN REGISTER IN AND FOR
SAID COUNTY AFORESAID HEREBY CERTIFY THAT THE

**Form 668(Y)**
(Rev. 10-1999)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

| Small Business/Self Employed Area: 5 | Serial Number<br>333230506 | For Optional Use by Recording Office |
|---|---|---|

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

**Name of Taxpayer**
Bonnie S Buaiz
As Nominee of Joseph A Buaiz

**Residence**
1795 Rocky Springs Rd
Bean Station, TN 37708-6617

BK/PG: IN281/1327-1328

06188992

2 PGS : AL - FEDERAL LIEN
KAREN BATCH: 11263
12/11/2006 - 10:59:56 AM
VALUE                  0.00
MORTGAGE TAX           0.00
TRANSFER TAX           0.00
RECORDING FEE         10.00
DP FEE                 2.00
REGISTER'S FEE         0.00
TOTAL AMOUNT          12.00
STATE of TENNESSEE, GRAINGER COUNTY

DOROTHY REAGAN
REGISTER OF DEEDS

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period Ended<br>(b) | Identifying Number<br>(c) | Date of Assessment<br>(d) | Last Day for Refiling<br>(e) | Unpaid Balance of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1993 | XXX-XX-4656 | 03/17/1997 | 04/16/2007 | $11,734.32 |
| 1040 | 12/31/1994 | XXX-XX-4656 | 03/24/1997 | 04/23/2007 | $12,448.32 |
| 6702 | 12/31/1989 | XXX-XX-4656 | 02/07/2005 | 03/09/2015 | |
| 6702 | 12/31/1989 | XXX-XX-4656 | 02/06/2006 | 03/07/2015 | $1,024.00 |
| 6702 | 12/31/1990 | XXX-XX-4656 | 02/07/2005 | 03/09/2015 | |
| 6702 | 12/31/1990 | XXX-XX-4656 | 02/06/2006 | 03/07/2016 | $1,000.00 |
| 6702 | 12/31/1991 | XXX-XX-4656 | 02/07/2005 | 03/09/2015 | |
| 6702 | 12/31/1991 | XXX-XX-4656 | 02/06/2006 | 03/07/2016 | $1,000.00 |
| 6702 | 12/31/1992 | XXX-XX-4656 | 02/07/2005 | 30/09/2015 | |
| 6702 | 12/31/1992 | XXX-XX-4656 | 02/06/2006 | 03/07/2016 | $1,000.00 |
| 6702 | 12/31/1993 | XXX-XX-4656 | 02/07/2005 | 03/09/2015 | |
| 6702 | 12/31/1993 | XXX-XX-4656 | 02/06/2006 | 03/07/2016 | $1,000.00 |
| 6702 | 12/31/1994 | XXX-XX-4656 | 02/07/2005 | 03/09/2015 | |
| 6702 | 12/31/1994 | XXX-XX-4656 | 02/06/2006 | 03/07/2016 | $1,000.00 |

### See Attachment for Description of Property

| Place of Filing<br>Register of Deeds<br>Grainger County<br>Rutledge, TN 37861 | Total | $30,206.64 |
|---|---|---|

This notice was prepared and signed at Knoxville, TN , on this, the 8th day of December , 2006 .

| Signature<br>Jane Lathco, Employee # - 62-09719 | Title<br>Revenue Officer, Phone # - 865-329-4539 |
|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409)

Part 1 - Recording Office

1:06-CV-01312 (RMC)    **Exhibit D**    Form 668(Y) (Rev. 10-1999)

STATE OF TENNESSEE
I, DOROTHY W. REAGAN REGISTER IN AND FOR
SAID COUNTY AFORESAID HEREBY CERTIFY THAT THE

Property Description Attachment

Tract One
**SITUATED in the Second Civil District of Grainger County, Tennessee, and BEING
Map 23    Group    Parcel 107.01 (portion)

BEING situated off Rocky Springs ± 11,181' west of Hwy. 25W, and being more
particularly described as follows:

BEGINNING at a nail and cap for corner with Margaret Lecklen in the centerline of
Rocky Springs Road; thence with the Lecklen line, S. 8.14 E. 400.0' to a point for corner
in the said Lecklen line and the southeast corner of the remaining portion of Albert
Samsel, Jr. tract; thence with the Samsel line, S. 79.02 W. 147.59' to a point for corner;
thence n. 12.31 W. 199.84' to an iron pin for corner with Boatman; thence N. 79.02 E.
150.0' to an old iron pin for corner; thence N. 8.14 W. 200.0' to a point in the centerline
of Rocky Springs Road; thence with the centerline of Rocky Springs Road, N. 79.02 E.
12.51' to the point of BEGINNING and containing 0.768 acres of land, more or less,
according to survey of Don H. Olive, RLS #915, dated 3-8-96.

BEING the same property conveyed to Merl Alan Crumpley and Bonnie Sue Buaiz by
deed of record in Book IN252, Page 256 (Instrument # 20041371901), Register's Office,
Grainger County, Tennessee. BEING the same property conveyed to Bonnie Sue Buaiz
by deed of record in Book 193, Page 1936. Property further described as 1795 Rocky
Springs Road, Bean Station, Tennessee 37708.

Tract Two
**SITUATED in the Second Civil District of Grainger County, Tennessee, and BEING
Map 23    Group    Parcel 1.07 (portion)

BEING situated off Rocky Springs Road, and being more particularly described as
follows:

BEGINNING at a nail and cap in the centerline of Rocky Springs Road, said point
bearing N. 79.02 E. 269.48 feet from a southeast corner of the TVA property ; thence
with the centerline of Rocky Springs Road, N. 79.02 E. 150.0 feet to a nail and cap for
corner; thence S. 8.14 E. passing an iron pin in the south right of way line of Rocky
Springs Road at 25.03 feet, a total distance of 200.0 feet to an iron pin for corner; thence
S. 79.02 W. 150.0 feet to an iron pin for corner; thence N. 8.14 W. passing an iron pin in
the south right of way line of Rocky Springs Road at 174.97 feet, a total distance of 200.0
feet to the point of BEGINNING and containing 0.688 acres of land, more or less.

BEING the same property conveyed to Merl Alan Crumpley and Bonnie Sue Buaiz by
deed of record in Book IN252, Page 256 (Instrument # 20041371901), Register's Office,
Grainger County, Tennessee. BEING the same property conveyed to Bonnie Sue Buaiz
by deed of record in Book 193, Page 1934. Property further described as 1795 Rocky
Springs Road, Bean Station, Tennessee 37708.

**1:06-CV-01312 (RMC)    Exhibit E**

**Internal Revenue Service**
710 Locust Street
Suite 400, MDP 73
Knoxville, TN  37902

**Department of the Treasury**

**Date:**  December 11, 2006

Joseph A Buaiz
1795 Rocky Springs Rd
Bean Station, TN  37708-6617

**Social Security or Employer Identification Number:**
●●●●●4656
**IRS Employee to Contact:**
Jane Lethco
**Employee Identification Number:**
62-09719
**Telephone Number:**
865-329-4539

## NOTICE OF ADDITIONAL FEDERAL TAX LIEN FILING

We have filed additional Notices of Federal Tax Lien in the Grainger Co, TN Register's Office against the following nominees for you:  Bonnie S Buaiz, The Golden Light Ministry, & Merl Alan Crumpley.  The enclosed Forms 668(Y), Notice of Federal Tax Lien, contains the type of tax, the tax period and the initial amount of the debt.

The liens attach to all property you currently own and to all property you may acquire in the future.  It also may damage your credit rating and hinder your ability to obtain additional credit.

We'll issue a Certificate of Release of Notice of Federal Tax Lien within 30 days after you pay the full debt or after we accept a bond guaranteeing payment of the amount owed.  To get your current balance, contact the person whose name and telephone number appears at the top of this letter.

If you have any questions, please phone the contact person.

Sincerely,

*Jane Lethco*

Jane Lethco
Revenue Officer

Enclosures:
Forms 668Y, *Notice of Federal Tax Lien*

**1:06-CV-01312 (RMC)   Exhibit F**

Letter 3171 (DO) (Rev. 04-2003)

**Internal Revenue Service**                          **Department of the Treasury**

710 Locust Street
Suite 400, MDP 73
Knoxville, TN  37902

**Date:** December 11, 2006

                                                      **Person to Contact:**
                                                        Jane Lethco
Merl Alan Crumpley                                    **IRS Telephone Number:**
As Nominee of Joseph A Buaiz                            865-329-4539
351 Gammon Springs Rd                                **Employee Identification Number:**
Bean Station, TN  37708                                62-09719
                                                      **Taxpayer Identification Number:**
                                                        XXX-XX-4656

### Notice of Federal Tax Lien Filing--Nominee or Alter-Ego

You have been identified as the nominee, transferee or alter-ego for **Joseph A Buaiz**.  This letter is to inform you that we have filed a Notice of Federal Tax Lien.

You have the right to appeal this decision.  We explain your rights in the enclosed Publication 1660, *Collection Appeal Rights*.

There may be other ways that we can resolve this issue.  Contact the person named above for further information.

One option you have is to request a Certificate of Discharge from the Federal Tax Lien.  However, before we will issue a discharge, you must pay the amount due or post a bond guaranteeing payment.  The enclosed Publication 783, *Instructions on how to apply for a Certificate of Discharge From Federal Tax Lien*, provides information on how to request a certificate of discharge.

We will issue a Certificate of Release of Federal Tax Lien within 30 days after you pay the full amount due or within 30 days after we accept a bond guaranteeing payment.

                                   Sincerely yours,

                                   *Jane Lethco*

                                   Jane Lethco
                                   Revenue Officer

Enclosures:
Publication 1660, Collection Appeal Rights
Publication 783, Instruction on How to Apply for a Certificate of Discharge From Federal Tax Lien
Form 668(Y), Notice of Federal Tax Lien

**1:06-CV-01312 (RMC)  Exhibit G**
Letter 3177 (DO) (Rev. 04-2003)
Catalog Number: 26921M

**Internal Revenue Service**                          **Department of the Treasury**

710 Locust Street
Suite 400, MDP 73
Knoxville, TN  37902


**Date:** December 11, 2006

                                                     **Person to Contact:**
                                                       Jane Lethco
Bonnie S Buaiz                                        **IRS Telephone Number:**
As Nominee of Joseph A Buaiz                           865-329-4539
1795 Rocky Springs Rd                                **Employee Identification Number:**
Bean Station, TN  37708                                62-09719
                                                     **Taxpayer Identification Number:**
                                                       XXX-XX-4656


### Notice of Federal Tax Lien Filing--Nominee or Alter-Ego

You have been identified as the nominee, transferee or alter-ego for **Joseph A Buaiz**.  This letter is to inform you that we have filed a Notice of Federal Tax Lien.

You have the right to appeal this decision.  We explain your rights in the enclosed Publication 1660, *Collection Appeal Rights*.

There may be other ways that we can resolve this issue.  Contact the person named above for further information.

One option you have is to request a Certificate of Discharge from the Federal Tax Lien.  However, before we will issue a discharge, you must pay the amount due or post a bond guaranteeing payment.  The enclosed Publication 783, *Instructions on how to apply for a Certificate of Discharge From Federal Tax Lien,* provides information on how to request a certificate of discharge.

We will issue a Certificate of Release of Federal Tax Lien within 30 days after you pay the full amount due or within 30 days after we accept a bond guaranteeing payment.

                                       Sincerely yours,

                                       *Jane Lethco*

                                       Jane Lethco
                                       Revenue Officer


Enclosures:
Publication 1660, Collection Appeal Rights
Publication 783, Instruction on How to Apply for a Certificate of Discharge From Federal Tax Lien
Form 668(Y), Notice of Federal Tax Lien


**1:06-CV-01312 (RMC)        Exhibit H**
                             Letter 3177 (DO) (Rev. 04-2003)
                             Catalog Number: 26921M

**Internal Revenue Service**                    **Department of the Treasury**

710 Locust Street
Suite 400, MDP 73
Knoxville, TN  37902


**Date:** December 11, 2006

                                                **Person to Contact:**
                                                  Jane Lethco
The Golden Light Ministry                       **IRS Telephone Number:**
As Nominee of Joseph A Buaiz                      865-329-4539
1795 Rocky Springs Rd                           **Employee Identification Number:**
Bean Station, TN  37708                           62-09719
                                                **Taxpayer Identification Number:**
                                                  XXX-XX-4656


### Notice of Federal Tax Lien Filing--Nominee or Alter-Ego

You have been identified as the nominee, transferee or alter-ego for **Joseph A Buaiz**.  This letter is to inform you that we have filed a Notice of Federal Tax Lien.

You have the right to appeal this decision. We explain your rights in the enclosed Publication 1660, *Collection Appeal Rights.*

There may be other ways that we can resolve this issue.  Contact the person named above for further information.

One option you have is to request a Certificate of Discharge from the Federal Tax Lien.  However, before we will issue a discharge, you must pay the amount due or post a bond guaranteeing payment.  The enclosed Publication 783, *Instructions on how to apply for a Certificate of Discharge From Federal Tax Lien*, provides information on how to request a certificate of discharge.

We will issue a Certificate of Release of Federal Tax Lien within 30 days after you pay the full amount due or within 30 days after we accept a bond guaranteeing payment.


                          Sincerely yours,

                          *Jane Lethco*

                          Jane Lethco
                          Revenue Officer


Enclosures:
Publication 1660, Collection Appeal Rights
Publication 783, Instruction on How to Apply for a Certificate of Discharge From Federal Tax Lien
Form 668(Y), Notice of Federal Tax Lien


**1:06-CV-01312 (RMC)   Exhibit I**

Letter 3177(DO) (Rev. 04-2003)
Catalog Number: 26921M



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

August 1, 2006

Joseph Anthony Buaiz, Jr.
c/o 1795 Rocky Springs Road
Bean Station, TN 37708-6617 951

Dear Mr. Buaiz, Jr.

This is in response to your Freedom of Information Request Act (FOIA) request dated April 25, 2006 and received May 2, 2006 in our Nashville Office. Via certified mail RB 931 426 257 US. Your request was made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. 552.

You are requesting certified copies of any assessments, for all years included in your agency's records, but not limited to years 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, 1998, and 1999, through and including 2006.

There were no tax returns prepared for calendar year 1988. In response to calendar year tax return for tax year 1989, 1990, 1991, and 1992 were prepared and later reversed, therefore, there are no taxes on the above tax years.

For calendar years 1993, and 1994, the tax returns and assessment documents should be located in the Cincinnati Campus. Their address is IRS, 201 W. Rivercenter Blvd, Covington, KY. The 1995 tax return filed by you should be located in the same Campus.

For tax years 2002, 2003, 2004, and 2005, the tax returns will be prepared in the Cincinnati Campus also in the very near future. Enclosed is an AMDISA print. The tax return for year 2006 is not due until 2007.

Notice 393, which explains your Appeal rights, is enclosed.

If you have any questions about this response, please contact Ann Rempel #72-18044, at (504) 558-3379. Please refer to case number 08-2006-01692.

Sincerely,

Tim D. Christian

Tim Christian
Badge Number 62-09241
Disclosure Manager, Nashville
Communication, Liaison and Disclosure

Enclosure(s): As stated above.

**1:06-CV-01312 (RMC)    Exhibit J**

Station Name: RLN017WA2474196 Date: 8/1/2006 Time: 9:48:32 AM

AMDISA███-██-4656

| MFT | TX-PRD | ST-CD | PBC | SER/RPT NUMBER | EGC | NC/CD | SRC | PICF | JULIAN-DT>2006213 ASED | CRTN-DT | PRJ-CD | FRZ-CD |
|-----|--------|-------|-----|----------------|-----|-------|-----|------|------------------------|---------|--------|--------|
| 30 | 200212 | 12 | 205 | 292772450 | 1508 | BUAI | 24 | 0 | 04/EE/2006 | 20040805 | 0134 | |
| 30 | 200312 | 12 | 205 | | 1508 | BUAI | 44 | 0 | 04/EE/2007 | 20060511 | 0134 | |
| 30 | 200412 | 12 | 205 | | 1508 | BUAI | 40 | 0 | 02/22/2009 | 20060511 | 0134 | |
| 30 | 200512 | 12 | 205 | | 1508 | BUAI | 40 | 0 | 04/15/2009 | 20060511 | 0134 | |

NM-LN-YR>2005                    PRIMARY-NAME>BUAIZ,JOSEPH A
                  CONTINUATION-OF-PRIMARY-NAME>
                            STREET>1795 ROCKY SPRINGS RD
            CITY>BEAN STATION                    STATE>TN ZIP>377086617



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

December 5, 2005

Joseph Buaiz
1795 Rocky Springs Rd.
Bean Station, TN  37708

Dear Mr. Buaiz:

This letter is in response to your Privacy Act request dated August 15, 2005
received in our office on August 19, 2005.  In checking our records, we found no
responsive documents pertaining to your request seeking IRS 22.034, w-2, 1099
and IRP transcripts for 1996 through 2002.  Please find the requested information
for 1995 and 2003 enclosed, 2 pages.  The tax years regarding 1983 through 1994
would have been destroyed in accordance with the destruction schedule.

If you have any questions, please call Jennifer Dotson, Disclosure Assistant,
badge number 62-09784 at (615) 250-5166.  Our office is located at 801
Broadway, MDP 44, Nashville, TN  37203.  Your case number is 62-2005-03469.

Sincerely,

Tim D. Christian
Badge Number 62-09241
Nashville Disclosure Officer
Communications Liaison & Disclosure

**1:06-CV-01312 (RMC)  Exhibit K**

6

000622

PAGE NO-0001

```
                    *IMF MCC TRANSCRIPT-COMPLETE*          EMP NO 79-280-5401
                                                    GARCIA/STOP40/7-453
  ACCOUNT NO ██-██-4656              12-06-2006
  NAME CONT- BUAI                    CYCLE-200649
*******************************************************************
FOR-7928054012 BY-7928054012 ON-12062006 TYP-C
TIME-14:05 SRC-I   GARCIA/STOP40/7-453  PROCESSED ON-340
                                    ENTITY AND TAX MODULE DATA FOUND ON MF


2005 6 JOSEPH A BUAIZ
       1795 ROCKY SPRINGS RD                   BODC-WI BODCLC-
200642 BEAN STATION        TN 37708-6617-951    SPOUSE SSN-██-██-███
                                   PRIOR NAME CONTROL-           FZ>    -
LOC-6213                           MFR-02  VAL-1 IRA-                CAF-
YEAR REMOVED-        ENT EXT CYC-200648  FYM-12 SCS-0  CRINV-  130-   *PDT*
                                   RPTR-4  PMF-   SHELT-  BNKRPT-  BLLC-
                                   ACCRETION-                     MIN SE-
                                   JUSTIFICATION-   IRS EMPL-  FED EMPL-


1986 1 JOSEPH A BUAIZ
1995 6 JOSEPH A BUAIZ
2002 1 JOSEPH A BUAIZ                   ██-██-███
2004 3 JOSEPH A BUAIZ
PTNL JOSEPH A BUAIZ                     ██-██-███

LSTRET-2005 ME- 206* CND-R FLC-00 200613

    150 ------------------------197819        04209-119-02253-8
    148 ------------------------199432        08277-615-01163-4
    014 ------------------------199446        08263-711-00463-4
    030 ------------------------199451        08250-748-00032-4
    148 ------------------------199514        49277-489-01382-5
    132 ------------------------199640        49277-667-01092-6
                                       XREF-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        SC-49
                                       CLOSING CD-00          BMF NAME-
                                       AGENCY-
    131 ------------------------199711        49277-464-00995-7
                                       XREF-                  SC-49
                                       CLOSING CD-00          BMF NAME-
                                       AGENCY-
    014 ------------------------199916        62263-001-00000-9
    030 ------------------------199942        62250-685-00101-9
    971 ------------------------200001        62277-999-99999-0
    030 ------------------------200008        49250-442-00085-0
    030 ------------------------200030        09250-601-00023-0
    016 ------------------------200244        49263-697-96095-2
                                       JUSTIFICATION-
                                       HIST NAME CTRL-
    014 ------------------------200306        89263-424-01585-3
    013 ------------------------200319        29263-888-88888-3
    013 ------------------------200319        29263-888-88888-3
    030 ------------------------200536        09250-643-00009-5
```

1:06-cv-01312 (RMC)    **Exhibit L**

**********************CONTINUED ON NEXT PAGE*************************



# Internal Revenue Service
## United States Department of the Treasury

Site Map | Español | Help

Keyword/Search Terms   **SEARCH**

Advanced Search    Search Tips

- INDIVIDUALS
- BUSINESSES
- CHARITIES & NON-PROFITS
- GOVERNMENT ENTITIES
- TAX PROFESSIONALS
- RETIREMENT PLANS COMMUNITY
- TAX EXEMPT BOND COMMUNITY

**IRS Resources**

- **Compliance & Enforcement**
- **Contact My Local Office**
- **e-file**
- **Forms and Publications**
- **Frequently Asked Questions**
- **News**
- **Taxpayer Advocacy**
- **Where To File**

# Part 25. Special Topics

# Chapter 4. Employee Protection

# Section 1. Potentially Dangerous Taxpayer

_____

## 25.4.1  Potentially Dangerous Taxpayer

- 25.4.1.1    Introduction
- 25.4.1.2    Reporting to TIGTA
- 25.4.1.3    TIGTA'S Role
- 25.4.1.4    Office of Employee Protection Role

**1:06-CV-01312 (RMC)    Exhibit M**

- 25.4.1.5    PDT Determination and Appeal
- 25.4.1.6    PDT Indicator
- 25.4.1.7    PDT Indicator versus CAU Indicator
- 25.4.1.8    Five-Year Review of PDT Records
- 25.4.1.9    Threats, Assaults, Harassment
- 25.4.1.10    Definitions
- Exhibit 25.4.1-1    List of "PDT" Coded IDRS/Master File Documents

## 25.4.1.1  (04-11-2006)
## Introduction

1. The designation of Potentially Dangerous Taxpayer (PDT) must be based on verifiable evidence or information. There must also be a nexus to tax administration.

2. Taxpayers must be identified by Social Security Numbers and/or Employer Identification Numbers.

3. Association with a PDT or membership in a group, some of whose members advocate violent protest against our tax systems, does not by itself fulfill the criteria for designation as a PDT.

4. The following criteria have been established for determining PDT status:

   A. Taxpayers who physically assault IRS employees or contractors or members of their immediate family;

   B. Taxpayers who attempt to intimidate or threaten IRS employees or contractors or members of their immediate family through specific threats of bodily harm, a show of weapons, the use of animals, or through specific threatening behavior (such as acts of stalking);

   C. Persons who are active members of groups that advocate violence against IRS employees, or against other federal employees, where advocating such violence could reasonably be understood to threaten the safety of Service employees and impede the performance of Service duties;

   D. Taxpayers who have committed the acts set forth in any of the preceding criteria, but whose acts have been directed against employees or contractors of other governmental agencies at federal, state, county or local levels; or

   E. Taxpayers who are not classified as PDTs through application of the above criteria but who have demonstrated a clear propensity towards violence through acts of violent

behavior within the five-year period immediately preceding the time of classification as potentially dangerous.

## Note:

The preceding criteria were approved by Chief Counsel. Adherence to the criteria is essential to ensure compliance with the Privacy Act. If a particular situation represents a borderline case in the application of the above criteria, the determination should be made in favor of the PDT designation (erring on the side of caution) for the protection of Service employees.

## 25.4.1.2 (04-11-2006)
## Reporting to TIGTA

1. Employees will promptly report assaults, threats, harassment or forcible interference incurred during, or related to, the performance of official duties to their local Treasury Inspector General for Tax Administration (TIGTA) office. Visit the Office of Employee Protection (OEP) website at ***http://sbse.web.irs.gov/oep/*** for a list of TIGTA field division addresses and phone numbers.

2. Employees will report the incident to TIGTA if a threat to Service personnel is believed to exist, even if the information does not meet the established criteria.

3. Employees will report information to TIGTA about individuals who are dangerous, but where no specific incident has occurred involving an IRS employee, e.g., the taxpayer was recently convicted of assault, if there is a relevance to tax administration.

## 25.4.1.3 (06-01-2003)
## TIGTA'S Role

1. TIGTA will:

   - Review the facts of the incident

   - Initiate a PDT case

   - Send an electronic PDT referral to the OEP

   - Conduct an investigation

   - Forward the results of the investigation to the OEP

**1:06-CV-01312 (RMC)   Exhibit M**

## 25.4.1.4 (04-11-2006)
## Office of Employee Protection's Role

1. The OEP will:

   - Input and remove the PDT indicator to and from IDRS/Master File accounts

   - Maintain the PDT database

   - Review and analyze TIGTA's Reports of Investigation (ROI's)

   - Make PDT determinations through authorized delegation

   - Function as liaison with Chief Counsel

   - Provide information and feedback to referring employees and their local Area Directors

   - Perform five-year reviews

## 25.4.1.5 (04-11-2006)
## PDT Determination and Appeal

1. The Chief, Office of Employee Protection is authorized to make all PDT determinations.

2. Cases determined to not meet PDT criteria can be appealed by the referring employee's local Area Director.

3. In order to appeal a "No PDT" determination, the employee's local Area Director must contact the Chief, Office of Employee Protection. If an agreement on the determination cannot be reached, the OEP staff will forward the appeal to Chief Counsel. Chief Counsel is responsible for making the final decision on the determination.

4. Cases initiated by TIGTA that result in a "No PDT" determination can be appealed by the referring TIGTA Special Agent In Charge.

5. In order for TIGTA to appeal a "No PDT" determination, the TIGTA Special Agent In Charge must contact the Chief, Office of Employee Protection. If an agreement on the determination cannot be reached, the OEP staff will forward the appeal to Chief Counsel. Chief Counsel will make the final decision on the determination.

**1:06-CV-01312 (RMC)     Exhibit M**

## 25.4.1.6 (04-11-2006)
## PDT Indicator

1. Under the service-wide PDT database, which is a component of the Employee Protection System (EPS), input and removal of the PDT indicator is restricted to the OEP.

2. Input of the PDT indicator will result in the initials " PDT" being listed on all IDRS/Master File documents and ICS, as listed in Exhibit 25.4.1-1.

3. If an employee is unsure whether the PDT indicator is on the primary or secondary taxpayer, the employee could contact the OEP at (313) 628-3742.

## 25.4.1.7 (04-11-2006)
## PDT Indicator versus CAU Indicator

1. If a PDT referral meets CAU criteria rather than PDT criteria:

   A. The Chief, Office of Employee Protection will make a "No PDT" determination on the PDT referral.

   B. The referring employee's local Area Director will be notified of the "No PDT" determination and the intent of initiating a CAU case.

   C. The OEP staff will initiate a CAU case.

   D. The Chief, Office of Employee Protection will make a "Yes CAU" determination on the CAU case.

   E. The referring employee and his/her manager will be notified of the CAU determination.

## 25.4.1.8 (04-11-2006)
## Five-Year Review of PDT Records

1. A PDT indicator will remain on the IDRS/Master File account of the Potentially Dangerous Taxpayer for five years, at which time, the status will be reevaluated by the OEP with the assistance of TIGTA.

2. Any taxpayer, who has been in the PDT database for five years and meets one or more of the following criteria, will retain the PDT indicator for an additional five-year period:

**1:06-CV-01312 (RMC)      Exhibit M**

A. An additional PDT referral was made during the five-year period under review;

B. The PDT offense was a physical assault on an IRS employee or contractor;

C. An arrest by TIGTA or other law enforcement agencies, for a threat to or an assault on an IRS employee or contractor, occurred during the five-year period under review; or

D. There is current IRS activity by Criminal Investigation, Collection or Examination at the time of the review.

3. The OEP will remove the PDT indicators on those taxpayers who do not warrant retention as a PDT.

## 25.4.1.9 (06-01-2003)
## Threats, Assaults, Harassment

1. Personal safety is always the first priority. Employees need to take the necessary steps to protect themselves and to properly report incidents of threats, assaults, or harassment to ensure the safety of other employees.

2. Information regarding individuals who are not violent towards a Service employee, but who may have a propensity toward violence, should also be reported if there is a relevance to tax administration.

## 25.4.1.10 (04-11-2006)
## Definitions

1. The following definitions are provided to clarify terminology used in the PDT criteria:

A. **Assault:** Direct physical contact, with the intent to cause physical harm, including striking or attempting to strike with objects, such as rocks or bottles, or brandishing a weapon.

B. **Threat:** Verbal or written expression of intent to cause harm to an IRS employee or contractor or to an IRS employee's or contractor's immediate family member. It also includes preventing an IRS employee or contractor from leaving a taxpayer's business or residence, even if no physical contact actually occurs.

C. **Intimidate:** Action intended to cause an IRS employee or contractor to become timid, or to force or deter an IRS employee or contractor from taking action.

**1:06-CV-01312 (RMC)    Exhibit M**

**Exhibit 25.4.1-1  (04-11-2006)**

# List of "PDT" Coded IDRS/Master File Documents

The PDT indicator will be reflected on the following IDRS/Master File documents:

- NCC Transcripts (except Privacy Act Transcripts)

- MRS Transcripts

- FTD Alerts (BMF only)

- IDRS Transcripts

- TXMOD

- ENMOD

- SUMRY

- AMDIS

- Balance Due Accounts

- Return Delinquency Accounts

- AIMS Charge-outs (Form 5546)

- AIMS Weekly Updates

- Daily Transaction Registers (DTR's)

- Delinquent Investigation/Account Listings (DIAL's)

- IMFOL

- BMFOL

- INOLE

- ICS

**1:06-CV-01312 (RMC)**    **Exhibit M**



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON. D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

September 08, 2006


Joseph Anthony Buaiz, Jr.
c/o 1795 Rocky Spring Road
Bean Station, TN    37708

RE:  03-2006-01137

Dear Mr. Buaiz:

This is in response to your Freedom of Information Act request dated April 25, 2006, for copies of all documents which pertain to you within several systems of records, for the years 1991 through and including 2006.

If there were some investigation, examination or collection action taken in reference to you, the records would be maintained at the Area Office or Campus Disclosure Office in which such action took place or where you filed your income tax returns.

The request should be directed to the attention of the Disclosure Officer, and should include proper evidence of your identity and state your willingness to pay any fees which may be incurred in the processing of your request.

We apologize for the delay in responding to your request. Should you have questions, please reference the control number listed above and call me at (202) 622-3662.  Due to the flooding at the Main IRS building, we have been relocated to a temporary work site, you may call me at the number listed above and leave a voicemail as I do not have voicemail at the temporary work site.

After an extensive search by our Disclosure and Litigation and Support Branch for any documents contained in the system of records 90.009 and 90.017, no documents were found in either TL-CATS and CASEMIS (TECHMIS) within the Office of Chief Counsel.

We apologize for the delay in responding to your request.


Sincerely,

Symeria R. Rascoe
Tax Law Specialist
Disclosure Office 3 - FOIA

**1:06-CV-01312 (RMC)   Exhibit N**

# MEMORANDUM OF UNDERSTANDING

# BETWEEN

# THE INTERNAL REVENUE SERVICE

# AND

# THE TREASURY INSPECTOR GENERAL FOR TAX ADMINISTRATION

# REGARDING INVESTIGATIVE RESPONSIBILITY

## Section I. Purpose

This Memorandum of Understanding (MOU) constitutes an agreement between the Internal Revenue Service (IRS) and the Office of the Treasury Inspector General for Tax Administration (TIGTA) to clarify the responsibility of the IRS and TIGTA to investigate conduct involving IRS employees and/or potential offenses under the Internal Revenue laws or related statutes.

For purposes of definition, "IRS CI" refers to special agents and other employees, as appropriate, of the IRS Criminal Investigation function. "TIGTA" refers to special agents and other employees, as appropriate, of TIGTA.

While this MOU's purpose is to delineate investigatory responsibility, the fact that a particular investigation and/or prosecution recommendation was accomplished contrary to the provisions of this MOU will not constitute a defense for any person.

## Section II. Responsibilities

It is understood and agreed that IRS CI has responsibility to investigate violations of the Internal Revenue Code's substantive criminal tax provisions, such as, § 7201 attempted evasion, § 7203 failure to file or pay, § 7206 subscription of false documents, § 7212(a) corrupt endeavors to obstruct or impede the administration of the Internal Revenue Code, with exceptions noted below, and § 7212(b) forcible rescue of seized property; the Bank Secrecy Act 31 U.S.C. § 5311 et seq.; and the money laundering forfeiture and criminal provisions in 18 U.S.C. §§1956 and 1957.

Similarly, it is understood and agreed that TIGTA has responsibility to investigate allegations against

attempts to corrupt or threaten IRS employees. TIGTA investigates conduct violations by IRS employees, and other allegations regarding their integrity, such as disclosure violations punishable under I.R.C. § 7213, unauthorized inspection of returns or return information punishable under I.R.C. § 7213A, unlawful acts punishable under I.R.C. § 7214, wrongful disclosure or use of information by other persons made punishable under I.R.C. § 7216, unlawful influence over taxpayer audits and other investigations punishable under I.R.C. § 7217, and the money laundering provisions in 18 USC §§1956 and 1957 where the underlying conduct is specifically subject to investigation by TIGTA. Additionally, TIGTA has responsibility to investigate acts, such as filing harassing liens, done to intimidate, influence, tamper with or retaliate against Service employees and their families, and other related persons such as witnesses and informants, punishable under I.R.C. § 7212(a).

During the course of investigating allegations within the investigative responsibility of one bureau, the investigation may disclose information indicating the commission of an offense within the investigative responsibility of the other bureau. Except as otherwise provided in this MOU, the relevant information will be promptly provided to the other bureau for investigation.

Some investigations by their nature involve allegations within the responsibility of both bureaus, including employee misconduct involving substantive tax statutes, certain tax preparer cases, etc. Cases involving allegations of substantive criminal tax violations by employees will be jointly investigated by TIGTA and IRS CI. Where information indicates the involvement of an IRS CI employee in any such offense, the responsible TIGTA Regional Inspector General for Investigations and the responsible IRS CI Director of Investigations will ensure that the investigation is conducted by IRS CI personnel from a district other than the district to which the targeted IRS CI employee is assigned.

The remainder of this section addresses responsibilities in particular situations.

**A. Armed Escort Duties.** IRS CI has primary responsibility for providing armed escorts as appropriate for Service personnel, informants and witnesses, and other eligible persons. TIGTA is available to assist CI in providing armed escorts in emergency circumstances or when otherwise necessary.

**B. Assaults and Threats.** Assaults upon and threats to Service employees or their families, as well as to informants and witnesses, done to intimidate, influence, tamper with or retaliate against such persons, in violation of 26 U.S.C. § 7212(a), are primarily the investigative responsibility of TIGTA. However, when the assault or threat occurs in the course of IRS CI armed escort assignments or during the execution of search or arrest warrants, IRS CI may take appropriate enforcement action, such as place the attacker under arrest. CI will promptly notify TIGTA and provide documentation concerning the incident and action taken. TIGTA will determine what investigation by TIGTA is warranted and will initiate appropriate processing of Potentially Dangerous Taxpayer determination. 1:06-CV-01312 (RMC)    **Exhibit O**

**DEPARTMENT OF THE TREASURY**

WASHINGTON, D.C. 20220

INSPECTOR GENERAL
for TAX
ADMINISTRATION

MAR 1 8 2003

Joseph Buaiz
Route 1 Box 6010
Bean Station, TN  37708

Dear Joseph Buaiz:

This is to acknowledge receipt of your complaint by the Office of the Treasury Inspector General for Tax Administration (TIGTA).  We have reviewed your complaint and determined that this matter would more appropriately be handled by the Internal Revenue Service.  Therefore, we have forwarded your complaint to the Internal Revenue Service for appropriate action.

We regret this office cannot be of further assistance to you regarding this matter.

Sincerely,

Karen J. Parker
Assistant Special Agent-in-Charge
Complaint Management

**1:06-CV-01312 (RMC)    Exhibit P**