IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. BUAIZ JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:06-CV-1312 (RMC) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

Plaintiff Joseph A. Buaiz Jr. requests judicial notice of various "facts," which allegedly show that the Internal Revenue Service has engaged in unlawful conduct while "the instant matter has been before this Court." (Pl.'s Req. for Notice at 1.) The request should be denied because Buaiz's allegations are not properly before the Court and do not satisfy Fed. R. Evid. 201, which governs judicial notice.

**ISSUE**

Judicial notice is appropriate when a party presents facts that are not subject to reasonable dispute. Buaiz does not offer indisputable facts. Rather, he asks the Court to take notice of new allegations of misconduct in an improper attempt to expand his pleading. Should the Court take notice under these circumstances?

**STATEMENT**

1. <u>Buaiz's complaint</u>. This is a damages action. Buaiz filed suit on July 24, 2006, seeking redress under 26 U.S.C. § 7433 for unlawful tax collection. On September 8, 2006, Buaiz filed an amended complaint alleging that the Internal Revenue Service's

misconduct caused him substantial financial harm.  (Am. Compl. § VI.A.)  Buaiz seeks damages exceeding $1.5 million.  (Id. §§ VI-VII.)  The United States moved to dismiss the amended complaint on September 26, 2006.  The motion to dismiss is pending.

    2. Buaiz's request for notice.  On January 3, 2007, Buaiz filed a request for judicial notice, alleging that:

- The Internal Revenue Service filed improper nominee liens against third parties to secure payment of Buaiz's tax liabilities – liabilities Buaiz disputes and that the Service allegedly cannot justify.

- The Internal Revenue Service improperly designated Buaiz a "potentially dangerous taxpayer" – a classification Buaiz contends he does not meet. The Service allegedly imposed this designation to intimidate Buaiz and to impede this action.

- The Treasury Inspector General for Tax Administration – TIGTA – refused to investigate Buaiz's complaints against the Internal Revenue Service and its agents.

This purported misconduct has allegedly occurred while this case has been pending. (Pl.'s Req. for Notice at 1.)  Buaiz seeks judicial notice of these alleged misdeeds.

## ARGUMENT

A court may take judicial notice of adjudicative facts that are not subject to reasonable dispute.  Fed. R. Evid. 201(b).  The noticed facts must either be "(1) generally known within the territorial jurisdiction of the court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Id.  Allegations of misconduct are not appropriate for judicial notice under rule 201 because they are disputed, subjective, and cannot be resolved without evidence.  See, e.g., American Stores Co. v. Comm'r of Internal Revenue, 170 F.3d 1267,

1270 (10th Cir. 1999) (rejecting request for judicial notice of allegations that the Internal Revenue Service engaged in misconduct).

The parties need not prove facts that satisfy rule 201(b).  See Gov't of the Virgin Islands v. Gereau, 523 F.2d 140, 147 (3d Cir. 1975).  Because judicial notice dispenses with the evidentiary process and related safeguards, a court must apply rule 201 cautiously.  See Melong v. Micronesian Claims Comm'n, 643 F.2d 10, 12 n.5 (D.C. Cir. 1980) (rule 201(b) applies when facts are "ascertainable with certainty without resort to cumbersome methods of proof"); see also Fed. R. Evid. 201 advisory committee's note to subdivision (b) ("With respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy.").

The "facts" Buaiz presents for judicial notice do not satisfy rule 201.  Those facts are, in realty, new misconduct allegations against the Internal Revenue Service offered for the purpose of expanding Buaiz's amended complaint.  The United States denies these new allegations and opposes Buaiz's attempt to add new claims.

## I. Buaiz improperly seeks to add new misconduct allegations.

Buaiz asks the Court to take notice that the Internal Revenue Service violated several statutory provisions when the Service filed nominee liens to secure payment of Buaiz's tax liabilities.  (Pl.'s Req. for Notice at 3 ¶6.)  Buaiz also seeks a factual finding, in the guise of judicial notice, that he "does not meet the criteria necessary to be labeled as a [potentially dangerous taxpayer]."  (Id. at 5 ¶17.)  And Buaiz criticizes TIGTA's

failure to investigate his complaints, seeking judicial notice that TIGTA's inaction rendered the complaint process a "futile endeavor." (Id. at 7 ¶26.)

These so-called facts constitute new allegations of wrongdoing that are not properly before the Court. As explained in the United States' motion to dismiss, a plaintiff may bring a damages claim against the United States for unauthorized tax collection if, and only if, the plaintiff first exhausts administrative remedies by submitting a written damages claim to the proper Internal Revenue Service official. (Gov't Mot. to Dismiss at 5-8.) There is no evidence that Buaiz filed an administrative damages claim based on Internal Revenue Service misconduct that has allegedly occurred while this case has been pending. Therefore, Buaiz's new allegations are not properly before the Court. Moreover, the appropriate mechanism for adding new claims is a motion for leave to amend or supplement under Fed. R. Civ. P. 15, not a rule 201 request for judicial notice. The Court should reject Buaiz's attempt to use rule 201 as a mechanism for expanding his pleading.

**II.    Buaiz's new misconduct allegations do not satisfy rule 201.**

Buaiz's new allegations do not satisfy rule 201 because such allegations are not undisputed facts that are generally known or capable of accurate and ready determination. Fed. R. Evid. 201(b). Indeed, allegations are not facts at all. See American Stores Co., 170 F.3d at 1270 (holding that allegations of wrongdoing against the Internal Revenue Service are not facts appropriate for notice under rule 201).

Buaiz's allegations are particularly inappropriate for notice because they are based on his subjective characterization of the Internal Revenue Service's conduct. For example, he does not merely seek notice that the Service filed nominee liens. Rather, he asks the Court to take notice that the lien filings were improper and violated the Internal Revenue Code.[1] Similarly, Buaiz does not just seek notice of the fact that he has been designated as a potentially dangerous taxpayer. To the contrary, he asks the Court to find that he does not meet the requirements for this classification, which the Service allegedly imposed to intimidate him and impede this action.[2] Buaiz's new accusations may only be resolved following an evidentiary presentation during which both parties have an opportunity to offer and argue the facts. See Melong, 643 F.3d at 12 n.5 (cautioning that notice is appropriate only when resort to traditional methods of proof is unnecessary); Storm Plastics Inc. v. United States, 770 F.2d 148, 155 (10th Cir.

---

[1] The only fact that is even arguably appropriate for judicial notice is the fact that the Internal Revenue Service filed nominee liens against various third parties to secure payment of Buaiz's outstanding tax liabilities. See Haye v. United States, 461 F. Supp. 1168, 1174-75 (C.D. Cal. 1978) (taking notice of a federal tax lien because the existence of the lien was undisputed and capable of ready and accurate determination by resort to public property records). As demonstrated, however, Buaiz's nominee lien allegations are not properly before the Court.

[2] The underlying fact that Buaiz has been designated a potentially dangerous taxpayer is not appropriate for judicial notice because the designation is specific to Buaiz and is not a matter that is generally known or capable of accurate and ready determination. See American Stores, 170 F.3d at 1270 (holding that Internal Revenue Service determinations issued to taxpayers are not appropriate for notice under rule 201 because such rulings are not widely available or subject to ready determination). Moreover, Buaiz's classification as potentially dangerous is irrelevant to the damages claims alleged in this case and is not properly before the Court.

1985) (holding that finding based on judicial notice, rather than evidence, was improper). The Court should reject Buaiz's attempt to use rule 201 as a mechanism for circumventing the trial process and its evidentiary and procedural safeguards.

## CONCLUSION

The United States respectfully requests that the Court deny plaintiff's request for judicial notice.

Dated: January 17, 2007

                Respectfully submitted,

                /s/ John J. LoCurto
                JOHN J. LOCURTO
                Trial Attorney, Tax Division
                U.S. Department of Justice
                P.O. Box 227, Ben Franklin Station
                Washington, D.C. 20044
                Telephone: (202) 307-2793
                Facsimile: (202) 514-6866
                john.j.locurto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

**CERTIFICATE OF SERVICE**

I certify that, on January 17, 2007, I electronically filed the United States' opposition to plaintiff's request for judicial notice, and caused a copy thereof to be served via regular mail, postage prepaid, on plaintiff as follows:

>Joseph A. Buaiz, Jr., Pro Se
>1783 Rocky Springs Rd.
>Bean Station, TN 37708

>/s/ John J. LoCurto
>JOHN J. LoCURTO