IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,

     Plaintiff,

-vs.-

UNITED STATES,

     Defendant.

_____/

Civil Action Nº: **1:06-cv-01312(RMC)**
The Honorable Rosemary M. Collyer

SUPPLEMENT TO PLEADINGS

**RECEIVED**

JAN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## SUPPLEMENTAL PLEADINGS

*Within two days of* Plaintiff's Sur reply (Dkt. # 10) being docketed, defendant's

agent, Jane Lethco, employee # 62-09719, made, executed, and caused to be recorded

into the Public Record, "Nominee" Notices of Federal Tax Lien. Exhibits **C** and **D**, and

accompanying purported "Property Description Attachment(s)", Exhibit **E**[1]


Agent Lethco's issuances clearly show that said notices were prepared and signed,

by agent Lethco herself, on December 8th, 2006 and the amount agent Lethco intends to

collect. Exhibits **C** and **D**


Defendant's agent, Jane Lethco mailed letters to the purported "Nominees" and to

the Plaintiff notifying said "Nominees" and Plaintiff of her actions. Said letters, Exhibits

**F, G, H,** and **I**, plainly list the enclosures agent Lethco provided to addressees.

---

[1] Exhibits referenced herein appear on the docket in the above captioned case at Dkt # 11-2

Further, said letters state <u>"However, before we will issue a discharge, you must pay the amount due or post a bond guaranteeing payment."</u> Agent Lethco's letters are clearly collection actions implemented in the absence of evidence of liability. Exhibits **J** and **K**

Agent Lethco's purported "Nominee" Notices of Federal Tax Lien cite "Date(s) of Assessment" for which defendant's agency is unable to produce evidence that any such assessments were performed, i.e., no evidence of assessment(s) exists. Exhibit **J** Absent an assessment, NO TAX EXISTS (Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment) Agent Lethco's collection actions complained of herein, have not been preceded by assessment. Indeed, defendant's agency cannot provide assessment certificates or evidence (copies) thereof. Nor can defendant's agency provide evidence the act of assessment has occurred with regard to the Plaintiff.

Defendant's agent, Jane Lethco clearly expresses (Exhibits **G, H,** and **I**) her intent to collect from the aforesaid purported "Nominees" amounts for which defendant's agency is unable to produce evidence that any assessments were performed. Exhibit **J** However, agent Lethco's collection actions are preceded by her own admission that IRS does not possess W-2 and, or 1099 info pertaining to Plaintiff for the years in question.

Defendant's agent, Jane Lethco, failed to include the notice (Exhibits **F, G, H, & I**) mandated by Congress in section 3401(a) of the IRS Restructuring and Reform Act of 1998, Public Law 105-206, § 3401(a); Internal Revenue Code § 6320, of a right to a

Collection Due Process Hearing to which Internal Revenue Code § 6320(c), 112 STAT.

747, makes Internal Revenue Code § 6330(e) 112 STAT. 749 applicable, to wit:

> (c) Conduct of hearing; review; suspensions
>
> For purposes of this section, subsections (c), (d) (other than paragraph (2)(B)
>
> thereof), and (e) of section 6330 shall apply. Internal Revenue Code § 6320(c),
>
> 112 STAT. 747

IRC § 6330(e), 112 STAT. 749, specifies:

> "(e) Suspension of collections and statute of limitations
>
> "(1) In general
>
> "Except as provided in paragraph (2), if a hearing is requested under subsection
>
> (a)(3)(B), the levy actions which are the subject of the requested hearing and the
>
> running of any period of limitations under section 6502 (relating to collection after
>
> assessment), section 6531 (relating to criminal prosecutions), or section 6532
>
> (relating to other suits) shall be suspended for the period during which such hearing,
>
> and appeals therein, are pending. In no event shall any such period expire before the
>
> 90th day after the day on which there is a final determination in such hearing.
>
> Notwithstanding the provisions of section 7421 (a), the beginning of a levy or
>
> proceeding during the time the suspension under this paragraph is in force may be
>
> enjoined by a proceeding in the proper court, including the Tax Court. The Tax Court
>
> shall have no jurisdiction under this paragraph to enjoin any action or proceeding
>
> unless a timely appeal has been filed under subsection (d)(1) and then only in respect
>
> of the unpaid tax or proposed levy to which the determination being appealed
>
> relates." Internal Revenue Code § 6330(e)(1)

Agent Lethco's actions complained of herein are a <u>continuation</u>, and indeed an <u>escalation</u>, of agent Lethco's violations complained of by Plaintiff in the instant matter. (Am. Comp. at Counts 12, 18, 19, and 25, and Amended Statement of Facts at # 6 and 8)

The aforementioned purported "Nominee" Notices of Federal Tax Lien cite "6702" as one of the "Kind(s) of Tax" Agent Lethco intends to collect. Exhibits **C** and **D** Defendant's agency could not provide evidence of any purported "6702" assessments as recently as August 1, 2006 Exhibit **J**

Defendant's agent Jane Lethco continues to impose collection actions against Plaintiff regarding years for which defendant's agency admits and confirms no relevant W-2 or 1099 documentation supporting the imposition of a filing requirement or a liability upon Plaintiff exists. Exhibit **K**

// //

// //

// //

// //

// //

// //

// //

// //

// //

## DESTRUCTION OF RECORDS UNAVAILING AND FATAL

The issue of IRS destroying records, or claiming to have possessed certain records, but that said records have subsequently been destroyed, is both unavailing and fatal to the defendant. In the Court of Federal Claims: *Parker Hannifin Corporation v THE UNITED STATES* No. 05-1041T (2006) defendant presented the "destruction schedule" defense. Wheeler J. opined:

> "The Court cannot dismiss Plaintiff's complaint on a presumption of regularity where the most probative evidence no longer exists, and where Defendant has not offered any other reliable evidence to establish the date of signing."

End of supplement

Date: January 26, 2007

Respectfully submitted,

*Joseph A. Buaiz Jr.*
Joseph A. Buaiz Jr.