IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. BUAIZ JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:06-CV-01312-RMC |
| | ) |
| UNITED STATES | ) |
| | ) |
| Defendant. | ) |

## ANSWER & COUNTERCLAIM

### Answer

### First Defense

The Court lacks subject matter jurisdiction over the amended complaint.

### Second Defense

The amended complaint fails to state a claim upon which relief may be granted.

### Third Defense

26 U.S.C. § 7433(d)(1) bars plaintiff from recovering damages because plaintiff failed to exhaust administrative remedies.

### Fourth Defense

26 U.S.C. § 7433(d)(2) bars plaintiff from recovering damages because plaintiff failed to mitigate.

### Fifth Defense

The claims alleged in the amended verified complaint are time barred by 26 U.S.C. § 7433(d)(3).

### Sixth Defense

The amended complaint is incomprehensible in violation of Fed. R. Civ. P. 8(e).

### Seventh Defense

The amended complaint does not plead fraud with particularity in violation of Fed. R. Civ. P. 9(b).

### Eighth Defense

Plaintiff is not entitled to a jury trial and his jury demand should be stricken.

### Ninth Defense

The United States responds to the amended complaint as follows:

1. The paragraph on page one of the amended complaint is introductory and no response is required. To the extent a response is necessary, the United States denies the entire paragraph.

2. The United States denies ¶ I.A.

3. The United States admits ¶ I.B.

4. The United States denies ¶ II.A, except admits plaintiff purports to bring this action under 26 U.S.C. § 7433. The United States denies the allegations set forth in plaintiff's amended verified statement of facts.

5. The United States denies ¶ II.B, except admits plaintiff purports to bring this action under the Administrative Procedure Act.

6. The United States denies ¶ II.C, except admits plaintiff filed papers that the Internal Revenue Service treated as an administrative damages claim and denied by letter dated June 9, 2006.

7. The United States denies ¶ II.D.

8. The United States denies ¶ II.E.

9. The United States denies ¶ II.F, except admits venue is proper.

10. The United States denies ¶ III.

11. The Court dismissed count one (¶ III.A) by opinion and order dated January 24, 2007, and no response is required.

12. The Court dismissed count two (¶ III.B) by opinion and order dated January 24, 2007, and no response is required.

13. The Court dismissed count three (¶ III.C) by opinion and order dated January 24, 2007, and no response is required.

14. The Court dismissed count four (¶ III.D) by opinion and order dated January 24, 2007, and no response is required.

15. The Court dismissed count five (¶ III.E) by opinion and order dated January 24, 2007, and no response is required.

16. The United States denies count six (¶ III.F).

17. The Court dismissed count seven (¶ III.G) by opinion and order dated January 24, 2007, and no response is required.

18. The Court dismissed count eight (¶ III.H) by opinion and order dated January 24, 2007, and no response is required.

19. The Court dismissed count nine (¶ III.I) by opinion and order dated January 24, 2007, and no response is required.

20. The Court dismissed count ten (¶ III.J) by opinion and order dated January 24, 2007, and no response is required.

21. The United states denies count 11 (¶ III.K).

22. The Court dismissed count 12 (¶ III.L) by opinion and order dated January 24, 2007, and no response is required.

23. The Court dismissed count 13 (¶ III.M) by opinion and order dated January 24, 2007, and no response is required.

24. The United States denies count 14 (¶ III.N).

25. The United States denies count 15 (¶ III.O).

26. The United States denies count 16 (¶ III.P).

27. The Court dismissed count 17 (¶ III.Q) by opinion and order dated January 24, 2007, and no response is required.

28. The United States denies count 18 (¶ III.R).

29. The Court dismissed count 19 (¶ III.S) by opinion and order dated January 24, 2007, and no response is required.

30. The Court dismissed count 20 (¶ III.T) by opinion and order dated January 24, 2007, and no response is required.

31. The Court dismissed count 21 (¶ III.U) by opinion and order dated January 24, 2007, and no response is required.

32. The Court dismissed count 22 (¶ III.V) by opinion and order dated January 24, 2007, and no response is required.

33. The Court dismissed count 23 (¶ III.W) by opinion and order dated January 24, 2007, and no response is required.

34. The Court dismissed count 24 (¶ III.X) by opinion and order dated January 24, 2007, and no response is required.

35. The amended complaint contains two paragraphs denoted "III.Y." The Court dismissed count 25 (¶ III.Y at 17) by opinion and order dated January 24, 2007, and no response is required.

36. The amended complaint contains two paragraphs denoted "III.Y." The Court dismissed count 26 (¶ III.Y at 18) by opinion and order dated January 24, 2007, and no response is required.

37. The United States denies ¶ IV.

38. The United States denies ¶ V.A.

39. The United States denies ¶ V.B.

40. The United States denies ¶ VI.A.

41. The United States denies ¶ VI.B.

42. The United States denies ¶ VI.C.

43. The United States denies ¶ VI.D.

44. The United States denies ¶ VI.E.

45. The amended complaint contains two paragraphs denoted "VII." The United States denies ¶ VII ("Summary").

46. The amended complaint contains two paragraphs denoted "VII." The United States denies ¶ VII ("Remedy Sought").

47. The remainder of the complaint is a prayer for relief to which no response is required. To the extent a response is necessary, the United States denies plaintiff is entitled to relief.

WHEREFORE, the United States respectfully requests that the Court deny the relief sought and dismiss the complaint with prejudice, award the United States its costs, and grant such other relief as the Court deems appropriate.

## Counterclaim

48. The United States asserts this counterclaim pursuant to 26 U.S.C. § 7401 at the request and with the authorization of the Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States.

49. The Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1346(c) and 26 U.S.C. § 7402.

50. This district is a proper venue under 28 U.S.C. § 1391.

### First Count: 1993 Income Taxes

51. The United States incorporates paragraphs 48 to 50.

52. Buaiz failed to file a federal income tax return for 1993, despite having taxable income for that year.

53. The Commissioner prepared a statutory notice of deficiency for Buaiz's 1993 calendar year. Buaiz defaulted on the notice.

54. On March 17, 1997, a delegate of the Secretary of the Treasury assessed against Buaiz income tax, interest, and penalties totaling $8,834.30 for the 1993 tax year.

55. The United States gave Buaiz proper notice and demand for payment of the assessment described in the preceding paragraph.

56. Buaiz has not paid the amount due.

57. As of January 24, 2007, Buaiz owed the United States $11,806.32 for the 1993 tax year, plus interest and other statutory additions that have accrued and will continue to accrue by law from the date of the assessment to the date of payment.

WHEREFORE, the United States respectfully requests that the Court enter judgment for the United States and against Buaiz in the amount of $11,806.32, plus interest and other statutory additions that have accrued and will continue to accrue by law, award the United States its costs, and grant such other relief as the Court deems appropriate.

### Second Count: 1994 Income Taxes

58. The United States incorporates paragraphs 48 to 57.

59. Buaiz failed to file a federal income tax return for 1994, despite having taxable income for that year.

60. The Commissioner prepared a statutory notice of deficiency for Buaiz's 1994 calendar year. Buaiz defaulted on the notice.

61. On March 24, 1997, a delegate of the Secretary of the Treasury assessed against Buaiz income tax, interest, and penalties totaling $9,500.19 for the 1994 tax year.

62. The United States gave Buaiz proper notice and demand for payment of the assessment described in the preceding paragraph.

63. Buaiz has not paid the amount due.

64. As of January 24, 2007, Buaiz owed the United States $12,448.32 for the 1994 tax year, plus interest and other statutory additions that have accrued and will continue to accrue by law from the date of the assessment to the date of payment.

WHEREFORE, the United States respectfully requests that the Court enter judgment for the United States and against Buaiz in the amount of $12,448.32, plus interest and other statutory additions that have accrued and will continue to accrue by law, award the United States its costs, and grant such other relief as the Court deems appropriate.

### Third Count: Frivolous Filing Penalties

65. The United states incorporates paragraphs 48 to 64.

66. Buaiz filed with the Internal Revenue Service frivolous documents related to several tax years.

67. A delegate of the Secretary of the Treasury assessed against Buaiz frivolous filing penalties pursuant to 26 U.S.C. § 6702, as follows:

| Tax Year | Assessment Dates | Penalty Assessed |
|---|---|---|
| 1989 | February 7, 2005<br>February 6, 2006 | $500.00<br>$500.00 |
| 1990 | February 7, 2005<br>February 6, 2006 | $500.00<br>$500.00 |
| 1991 | February 7, 2005<br>February 6, 2006 | $500.00<br>$500.00 |
| 1992 | February 7, 2005<br>February 6, 2006 | $500.00<br>$500.00 |
| 1993 | February 7, 2005<br>February 6, 2006 | $500.00<br>$500.00 |
| 1994 | February 7, 2005<br>February 6, 2006 | $500.00<br>$500.00 |

68.     The United States gave Buaiz proper notice and demand for payment of the assessments described in the preceding paragraph.

69.     Buaiz has not paid the amount due.

70.     As of December 6, 2006, Buaiz owed the United States a frivolous filing penalty balance of $6,024.00, plus interest and other statutory additions that have accrued and will continue to accrue by law from the date of the assessments to the date of payment.

WHEREFORE, the United States respectfully requests that the Court enter judgment for the United States and against Buaiz in the amount of $6,024.00, plus

interest and other statutory additions that have accrued and will continue to accrue by law, award the United States its costs, and grant such other relief as the Court deems appropriate.

Dated:  February 5, 2007

/s/ John J. LoCurto
JOHN J. LOCURTO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-2793
Facsimile:   (202) 514-6866
Email:  john.j.locurto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney
District of Columbia
Judiciary Center Building
555 4th Street, NW
Washington, DC 20530

**CERTIFICATE OF SERVICE**

I certify that, on February 5, 2007, I electronically filed the United States' answer and counterclaim, and caused a copy thereof to be served via regular mail, postage prepaid, on plaintiff as follows:

> Joseph A. Buaiz, Jr., Pro Se
> 1783 Rocky Springs Rd.
> Bean Station, TN 37708

/s/ John J. LoCurto
JOHN J. LoCURTO