IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. BUAIZ JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:06-CV-1312 (RMC) ) |
| UNITED STATES, | ) ) |
| Defendant. | ) ) |

**United States' Opposition to Plaintiff's Motion for
Leave to File Supplement to the Amended Complaint**

Plaintiff, Joseph A. Buaiz Jr., moves for leave to file a supplemental pleading pursuant to Fed. R. Civ. P. 15(d). The Court should deny the motion because Buaiz's supplemental pleading is futile.

**Issue**

A plaintiff must obtain leave to file a supplemental pleading to add a claim that arose after plaintiff filed suit. Leave should be denied if the proposed claim is futile. Buaiz seeks leave to file a supplemental pleading to add a damages claim based on the filing of nominee tax liens, but he does not allege that he first exhausted administrative remedies – a necessary predicate to any damages claim for unlawful tax collection. Should the Court deny Buaiz's motion because the proposed claim is futile?

**Statement**

1. <u>Procedural History.</u>  This is a damages action. Buaiz filed suit on July 24, 2006, seeking redress under 26 U.S.C. § 7433 for unlawful tax collection. On September

8, 2006, Buaiz filed an amended complaint alleging that the Internal Revenue Service's misconduct caused him substantial financial harm. The amended complaint seeks damages exceeding $1.5 million.

The United States moved to dismiss the amended complaint on September 26, 2006. The Court granted the motion in substantial part, dismissing 20 of the 26 counts for lack of subject matter jurisdiction. See Buaiz v. United States of America, No. 06-CV-1312, at 13 (D.D.C. filed Jan. 24, 2007) (Buaiz's failure to plead collection activity deprived Court of subject matter jurisdiction).

On February 5, 2007, the United States answered the amended complaint's six surviving counts, and filed a counterclaim against Buaiz. The counterclaim seeks to reduce to judgment Buaiz's 1993 and 1994 federal income tax liabilities as well as frivolous filing penalties the Internal Revenue Service assessed against Buaiz for tax years 1989 through 1994.

2. Motion to supplement. Buaiz seeks leave to file a supplemental pleading based on "actions defendant's agents have taken against [Buaiz] during the time in which the instant matter has been before this Court." (Pl.'s Mot. at 1.) Although the motion is unclear, it appears Buaiz intends to add a damages claim (or claims) under 26 U.S.C. § 7433 based on nominee liens the Internal Revenue Service filed against third parties on or about December 11, 2006. Buaiz does not allege that he exhausted administrative remedies before requesting leave to add this damages claim.

**Argument**

A plaintiff must obtain leave to file a "supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Here, Buaiz seeks to file a supplemental pleading based on events that allegedly transpired on or about December 11, 2006 – over three months after Buaiz filed his amended complaint. Thus, leave of court is mandatory.

Although the decision to grant leave under rule 15(d) is discretionary, leave should be denied where the new claim proposed in the supplemental pleading is futile. Streicher v. Washington, Nos. 83-3295, 84-1538, 1992 WL 73508, at *4 (D.D.C. March 20, 1992); see also City of Moundridge v. Exxon Mobil Corp., – F. Supp. 2d –, No. 04-940, 2007 WL 80832, at *3 (D.D.C. Jan. 9, 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A proposed claim is futile if the claim would not survive a motion to dismiss. See Howard v. Evans, 193 F. Supp. 2d 221, 226 n.2 (D.D.C. 2002).

In this case, Buaiz's supplemental pleading purports to allege a Section 7433 damages claim based on the Service's filing of nominee liens. This proposed claim is futile because it would not survive a motion to dismiss for failure to exhaust administrative remedies or failure to plead tax collection activity.

1.  Failure to exhaust administrative remedies.

The United States is immune from suit unless it consents to be sued. See Buaiz, No. 06-CV-1312 at 6. Congress adopted a limited waiver of the United States' immunity

to suits for damages based on unauthorized tax collection.  See 26 U.S.C. § 7433.  This statute, like all statutes that waive sovereign immunity, is "strictly construed and any doubt or ambiguity is resolved in favor of immunity."  Buaiz, No. 06-CV-1312 at 7.

Section 7433 requires the plaintiff to exhaust administrative remedies prior to filing a damages action against the United States:  "A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  Id. § (d)(1).  Treasury Department regulations specify the administrative steps the plaintiff must take before initiating a damages action.  See 26 C.F.R. § 301.7433-1(e).  The plaintiff must submit to the Service a written damages claim that sets forth (1) the plaintiff's contact information, (2) the grounds for the damages claim, (3) a description of the alleged injuries, and (4) the dollar amount of the claim and the plaintiff's signature.  Id. § (e)(1)-(2).  Failure to exhaust in accordance with this regulation mandates dismissal.

The United States respectfully submits that exhaustion is jurisdictional, and, thus, failure to exhaust requires dismissal for lack of subject matter jurisdiction.  See Holt v. Davidson, 441 F. Supp. 2d 92, 96 (D.D.C. 2006); Glass v. United States, 424 F. Supp. 2d 224, 228 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125, 128 (D.D.C. 2004) ; see also Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1993).  This Court has also held that exhaustion is not jurisdictional, but that failure to exhaust requires dismissal for failure

to state a claim.  See Turner v. United States, 429 F. Supp. 2d 149, 155 (D.D.C. 2006); Davis v. United States, Civ. A. No. 05-247 (RMC), 2006 WL 2687018, at *6 (D.D.C. Sept. 19, 2006).  Whether or not exhaustion is a prerequisite for jurisdiction or merely an element of a claim under 26 U.S.C. § 7433, the consequence of failing to exhaust is dismissal.

In this case, Buaiz did not exhaust before seeking leave to file his supplemental pleading.  He does not allege that he presented his proposed damages claim to the Service in accordance with 26 C.F.R. § 301.7433-1(e)(1)-(2).  Nor does he offer any proof of exhaustion, such as a copy of an administrative damages claim submitted to the Internal Revenue Service based on the December, 2006 nominee lien filings.  Absent such allegations or evidence, the proposed damages claim set forth in Buaiz's supplemental pleading could not withstand a motion to dismiss and, therefore, is futile.  See Howard, 193 F. Supp. 2d at 226 n.2.  Buaiz's motion for leave to file a supplemental pleading should be denied.

Buaiz cannot argue that the administrative damages claim he filed on or about May 22, 2006, encompassed the claim he now seeks to add through his supplemental pleading.  The Service filed the nominee liens at issue on or about December 11, 2006 – nearly seven months after Buaiz filed his administrative claim.  Thus, Buaiz's supplemental pleading challenges conduct that had not yet occurred at the time he filed his administrative claim.

2.      Failure to plead tax collection activity.

Even Apart from Buaiz's failure to exhaust, the motion to supplement should be denied because Buaiz does not allege tax collection activity. As this Court held when it dismissed the majority of Buaiz's amended complaint, conduct related to the assessment of taxes is not actionable under 26 U.S.C. § 7433 and must be dismissed for lack of subject matter jurisdiction. Buaiz, No. 06-CV-1312 at 7-12. In his supplemental pleading, Buaiz contends that the nominee liens are improper because the Service filed those liens in the absence of a valid tax assessment. (Pl.'s Suppl. Pleading at 2, 4.) Buaiz does not allege, however, that the Service's filing of nominee liens against third parties caused him harm. Because Buaiz's supplemental allegations focus on whether the Service did or did not make an assessment, rather than on how the Service allegedly injured Buaiz through its collection efforts, the proposed claim does not allege collection activity. See No. 06-CV-1312 at 10 (dismissing for lack of jurisdiction counts related to assessment rather than collection); see also Snyder v. Internal Revenue Service, No. 97-2929, 1998 WL 796768, at *2 (D.D.C. Oct. 6, 1998) (dismissing damages claim where plaintiffs alleged that the Service was attempting to collect taxes that were never properly assessed because the claim did not challenge the method of collection, but would require the Court to examine the propriety of the assessment). Because Buaiz's proposed claim does allege tax collection, it could not withstand a motion to dismiss for lack of subject matter jurisdiction. The motion to supplement should be denied as futile.

**Conclusion**

The United States respectfully requests that the Court deny plaintiff's motion for leave to file a supplemental pleading.

Dated: February 7, 2007

                                                Respectfully submitted,

                                                /s/ John J. LoCurto
                                                JOHN J. LOCURTO
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                P.O. Box 227, Ben Franklin Station
                                                Washington, D.C.  20044
                                                Telephone: (202) 307-2793
                                                Facsimile:  (202) 514-6866
                                                john.j.locurto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

- 7 -

**Certificate of Service**

I certify that, on February 7, 2007, I electronically filed the United States' opposition to plaintiff's motion for leave to supplement the amended complaint, and caused a copy thereof to be served via regular mail, postage prepaid, on plaintiff as follows:

>Joseph A. Buaiz, Jr., <u>Pro Se</u>
>1783 Rocky Springs Rd.
>Bean Station, TN 37708

>/s/ John J. LoCurto
>JOHN J. LoCURTO