IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,
    Plaintiff,

-vs.-

UNITED STATES,

    Defendant.
_____/

Civil Action N°: **1:06-CV-01312(RMC)**
Hon. Rosemary M. Collyer

MOTION FOR
PRELIMINARY INJUNCTION

**RECEIVED**

FEB 8 - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff files this Motion in accordance with Fed. R. Civ. P. 65 and requests the Court enjoin defendant, its agency(s), and its agents from imposing and, or implementing collection actions against Plaintiff and, or purported "Nominee(s)" thereof, and other relief the Court deems appropriate.

Plaintiff submits a proposed order and a memorandum of law in support of this motion. The record evidence in this action establishes that enjoining defendant, its agency(s), and its agents is appropriate.

Date: February 6, 2007

                          Respectfully submitted,

                          */s/ Joseph A. Buaiz Jr.*
                          Joseph A. Buaiz Jr.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,

    Plaintiff,

-vs.-

UNITED STATES,

    Defendant.
_____/

Civil Action N°: **1:06-CV-01312(RMC)**
Hon. Rosemary M. Collyer

MEMORANDUM
IN SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff in the above-captioned cause files this Motion in accordance with Fed. R. Civ. P. 65 complaining of defendant, its agency(s), and agents, and requests the Court grant preliminary injunction. Plaintiff brings this motion for preliminary injunction to enjoin the actions of defendant, its agency, and its agents, both named and un-named.

**FACTS AND VIOLATIONS**

1. On or about December 8, 2006, defendant's agent Jane Lethco emp. # 62-09719 a/k/a Mary Jane Lethco made, executed, and caused to be recorded into the Public Record at Grainger County, Tennessee, "Nominee" Notices of Tax Lien. Exhibits **C** and **D**[fnt. 1], and accompanying purported "Property Description Attachment(s)", Exhibit **E** The aforesaid "Nominee" Notices, were prepared and signed by agent Lethco

2. Defendant's agent, Jane Lethco, failed to include the notice (Exhibits **F, G, H, & I**) mandated by Congress in section 3401(a) of the IRS Restructuring and Reform Act of

---

[1] Exhibits C through S appear on the docket in the above captioned case at Dkt # 11-2 and # 11-3

1

1998, Public Law 105-206, § 3401(a); Internal Revenue Code § 6320, of a right to a Collection Due Process Hearing to which Internal Revenue Code § 6320(c), 112 STAT. 747, makes Internal Revenue Code § 6330(e) 112 STAT. 749 applicable, to wit:

> (c) Conduct of hearing; review; suspensions
>
> For purposes of this section, subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 shall apply. Internal Revenue Code § 6320(c), 112 STAT. 747

IRC § 6330(e), 112 STAT. 749, specifies:

> "(e) Suspension of collections and statute of limitations
>
> "(1) In general
>
> "Except as provided in paragraph (2), if a hearing is requested under subsection (a)(3)(B), the levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502 (relating to collection after assessment), section 6531 (relating to criminal prosecutions), or section 6532 (relating to other suits) shall be suspended for the period during which such hearing, and appeals therein, are pending. In no event shall any such period expire before the 90th day after the day on which there is a final determination in such hearing. Notwithstanding the provisions of section 7421 (a), the beginning of a levy or proceeding during the time the suspension under this paragraph is in force may be enjoined by a proceeding in the proper court, including the Tax Court. The Tax Court shall have no jurisdiction under this paragraph to enjoin any action or proceeding unless a timely appeal has been filed under subsection (d)(1) and then only in respect

of the unpaid tax or proposed levy to which the determination being appealed relates."   Internal Revenue Code § 6330(e)(1)

The record evidence proves defendant's agent, Jane Lethco, violated § 6330 (e)(1) and that Plaintiff's motion falls within a statutory exception to § 7421, the A.I.A.

### PLAINTIFF'S PETITION QUALIFIES FOR THE JUDICIAL EXCEPTION

In the case of *Enochs v. Williams Packing Co.*, 370 U.S. 1 (1962), the Supreme Court formulated an exception to the Anti Injunction Act. The Court's judicially created exception was referred to as a two part test in *Commissioner v. Shapiro*, 424 U.S. 614 (1976). In *Comm. v Shapiro*, the Court said, "… an injunction may be obtained against the collection of any tax if (1) it is "clear that under no circumstances could the Government ultimately prevail" and (2) "equity jurisdiction" otherwise exists in that the taxpayer shows that he would otherwise suffer irreparable injury.

Regarding part one of the test, the Court in <u>Enochs</u> opined:

> "We believe that the question of whether the Government has
> a chance of ultimately prevailing is to be determined on the basis
> of the *information available to it at the time of suit*." Emphasis added

The record evidence in the instant matter clearly establishes:

a. Defendant (the Government) admits it does not possess any pertinent W-2 or 1099 information regarding years for which defendant's agency has imposed and is currently imposing collection actions against Plaintiff. See Exhibit **K**

b. Defendant (the Government) admits it does not possess information which could prove a tax has been assessed against Plaintiff. See Exhibit **J**

c. Exhibits **J** and **K** prove that the Government cannot prevail. Said exhibits, which have been incorporated into the Amended Complaint by Order of the Court, constitute admissions that the "information available to it (Government) at the time of the suit", Enochs, is insufficient to indicate defendant has "a chance of ultimately prevailing".

To the contrary, the admitted 1) non-existence of pertinent W-2 or 1099 information, and 2) non-existence of any evidence showing a tax has been assessed against Plaintiff, are clear indications *from the Government* that defendant will not ultimately prevail. The Enochs Court further opined:

> "Thus, in general, the Act prohibits suits for injunctions barring the collection of federal taxes when the collecting officers *have made the assessment* and claim that it is valid." Citing *Snyder v. Marks*, 109 U.S. 189, 194. Emphasis added

The record evidence clearly establishes defendant's agency is attempting to collect un-assessed amounts from the Plaintiff "in the guise of a tax".

Despite defendant's many assertions of "Date of Assessment" and "Unpaid Balance of Assessment" Exhibits **C** and **D**, defendant's agency admits being unable to provide evidence of having *made the assessment*. Snyder See Exhibit **J**

Moreover, as decided by the Honorable Wheeler J., in *Parker Hannifin v THE UNITED STATES* U.S.C.F.C. No. 05-1041T (2006) the non-existence of requisite evidentiary documentation is fatal to the defendant:

> "The Court cannot dismiss Plaintiff's complaint on a presumption of regularity where the most probative evidence no longer exists, and where Defendant has not offered any other reliable evidence to establish the date of signing."

Thus, the record in the instant matter proves fatal to the defendant. Indeed, absent impeachment of its own agency records already on the docket and the agents who

4

produced said records, defendant cannot reasonably assert any expectation of ultimately prevailing in the instant matter. Thus, Plaintiff clearly has met the first part of the <u>Enochs</u> test, by establish through the record evidence that defendant cannot prevail in this case.

Regarding part two of the <u>Enochs</u> test:

The record evidence shows that Plaintiff has been subjected to collection actions in the absence of assessment. Irreparable damage has already been inflicted. Plaintiff has been under levy and, or the threat of levy for more than eleven years. Exhibit **T**, attached and incorporated by reference.

Defendant has now instituted collection actions (Ex. **G**, **H**, and **I**) against purported "Nominees" in its efforts to collect what defendant admits are <u>un-assessed</u> amounts. The aforementioned "Nominee" Notices clearly show defendant's agency expects to have free reign to collect said un-assessed amounts at least until the year 2016.

The actions of defendant's agency and agents effectively create a twenty-one year window (1995 -2016) of collection, attempted collection, and proposed collection of <u>admittedly un-assessed amounts</u>.

Absent an assessment, no tax exists. <u>Rosenman v. Commissioner</u>, 323 US 658 (1945) (a tax does not exist absent an assessment) Absent an assessment, NO TAX EXISTS. <u>Rosenman v. Commissioner</u>, 323 US 658 (1945) (a tax does not exist absent an assessment), <u>Ridinsky v. United States</u>, 622 F. Supp. 331 (1985); <u>Estate of M. Karl Goetz v. United States</u>, 286 F.Supp. 128; <u>In re</u> Western Trading Co., 340 F.Supp. 1130 (D.Nev. 1972).

The absence of the requisite documents, indeed defendant's admissions such documentation does not exist, proves as an adjudicative fact, that there has been no

assessment of or against Plaintiff and, consequently, no tax exists and no tax collection activities may be pursued.

In addition to the foregoing, the aforementioned "Nominees" have no remedy at law. Thus, the matter of equity jurisdiction becomes crystal clear. Defendant's agency and agents have irreparably damaged the Plaintiff, intend to continue, and now propose to do likewise to purported "Nominees" not named in the instant matter and who have no adequate remedy at law.

The potential damage faced by Plaintiff and the aforementioned "Nominees" far outweighs defendant's need to collect the admittedly un-assessed amounts claimed. Thus, Plaintiff has met the requirement of the second Enochs test; that of equity jurisdiction.

If defendant is not enjoined by the Court, Plaintiff and the aforementioned "Nominee(s)", whose property has been encumbered by the actions of defendant's agency, will suffer further irreparable damage the extent of which cannot be ascertained at this time. Credit ratings of the purported "Nominees" and their ability to obtain credit will be unjustly damaged. Said "Nominees" have been placed into an untenable position of having their property encumbered to satisfy an alleged tax debt which is really not a tax debt at all, but merely an exaction in the guise of a tax.

Plaintiff respectfully submits that for the foregoing reasons, 1) defendant, its agency, and its agents, should be enjoined from collecting and, or attempting to collect from Plaintiff and purported "Nominees", 2) all Notices of Tax Lien against Plaintiff, both those solely naming Plaintiff and those naming Plaintiff and a "Nominee", should be deemed null and void and ordered expunged from the Public Record owing to defendant's admissions that said asserted liens and Notices thereof are not the result of

assessment, and 3) defendant should be ordered to deliver Closing Notices to Plaintiff for 1989, 1990, 1991, 1992, 1993, and 1994, due to the fact no assessments have been made against Plaintiff for the aforesaid years, as proven by the agency records which have been accepted as exhibits in this case.

## CONCLUSION

Plaintiff's Petition for Injunctive Relief is supported by evidence consisting of agency records obtained from defendant's agency, and Public Records which originated from the actions of defendant's agency(s). Said record evidence proves Plaintiff's motion meets at least one statutory exception to Title 26 §7421, and surpasses the requirements set forth by the Supreme Court establishing a judicial exception to Title 26 §7421.

Having met and, or exceeded the statutory and Judicial exceptions to the Anti Injunction Act, Plaintiff respectfully requests the Court issue an Order enjoining the defendant, its agency, and its agents from any further collection actions against Plaintiff and purported "Nominees", and order such other equitable relief the Court deems appropriate.

Date: February 6, 2007

Respectfully submitted,

*Joseph A. Buaiz Jr.*
Joseph A. Buaiz Jr.

## CERTIFICATE OF SERVICE

I certify that on February 6, 2007, a true and complete copy of the foregoing Motion for Preliminary Injunction, Memorandum in Support thereof, Exhibit T, and proposed Order were served upon the following, by USPS, addressed as follows:

JOHN J. LOCURTO
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044

*Joseph A. Buaiz Jr.*
Joseph A. Buaiz Jr.



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

March 24, 2006

Joseph Buaiz
1795 Rocky Springs Rd.
Bean Station, TN  37708

Dear Mr. Buaiz:

This letter is in response to your Freedom of Information Act request dated March 3, 2006 received in our office on March 14, 2006.  In checking our records, we found no responsive documents pertaining to your request seeking copies of Forms 668W and 668A.  These automated levy notices are usually computer generated and we would not maintain a copy.  Also note that if a levy was issued a copy would have been mailed to you as well.  Please find the attached transcript showing two levy payments that were applied to the 1989 tax account.  These are the only two levy payments we found regarding the 1988 through 2005 tax years as requested.  Please find enclosed Notice 393 explaining your appeal rights.

If you have any questions, please call Jennifer Dotson, Disclosure Assistant, badge number 62-09784 at (615) 250-5166.  Our office is located at 801 Broadway, MDP 44, Nashville, TN  37203.  Your case number is 08-2006-01349.

Sincerely,

Tim D. Christian
Badge Number 62-09241
Nashville Disclosure Manager
Communications Liaison & Disclosure

1:06-CV-01312 (RMC)

**Exhibit T**

```
Station Name: NSH001WA2215684 Date: 3/23/2006 Time: 1:21:58 PM
IMFOLT    -4656 30198912P02   IMF TAX MODULE          NM CTRL:BUAI
                                                              UP-CYC:12
TC   DATE         AMOUNT    CYCLE      DLN              VARIABLE DATA
599  05131994        .00    19942108  08249-533-00659-4 CC:88
166  06061994      574.00   19942108  08254-533-64243-4 CSED:06062004
196  06061994    1,247.19   19942108  08254-533-64243-4
290  10031994        .00    19943808  08254-638-00119-4
971  01231995        .00    19950608  49277-427-01044-5 ACT-CD: 035
670  04181995      259.46-  19951808  49217-114-58309-5 DESG-PYMT-CD:05
670  05031995      169.43-  19952008  49217-124-58830-5 DESG-PYMT-CD:05
582  02271996        .00    19961008  62277-458-02121-6
670  02271996        .00    19961008  49218-458-00846-6
360  03181996       12.00   19961008  49218-458-00846-6
530  05161996        .00    19962108  62277-537-05804-6 CC:12
971  02011999        .00    19990708  62277-436-03013-9 ACT-CD: 035
971  02011999        .00    19990808  62277-447-04119-9 ACT-CD: 069
971  03011999        .00    19991108  62277-468-03326-9 ACT-CD: 067
971  08212000        .00    20003308  62277-001-99999-0 ACT-CD: 060
972  11182002        .00    20024608  28277-001-99999-2 ACT-CD: 060
531  01222003        .00    20030608  89277-424-57348-3
971  02172003        .00    20030708  28277-001-99999-3 ACT-CD: 060
971  03012003        .00    20031108  63277-462-04164-3 ACT-CD: 611
972  03242003        .00    20031208  28277-001-99999-3 ACT-CD: 060
             PAGE 002 OF 003            IMFPG 003
```

1:06-CV-01312 (RMC)

**Exhibit T**

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,

    Plaintiff,

-vs.-

Civil Action Nº: **1:06-CV-01312 (RMC)**
Hon. Rosemary M. Collyer

UNITED STATES,

    Defendant.

_____/

## **ORDER**

Plaintiff, having filed his Motion for Preliminary Injunction, and the record evidence in the instant matter showing injunction is appropriate, the Court finds that the relief prayed for therein should be granted.

IT IS THEREFORE ORDERED defendant, its agency, and its agents are enjoined from collecting and, or attempting to collect from Plaintiff, and purported Nominees thereof, any tax or penalty alleged to be owed by Plaintiff for years 1989, 1990, 1991, 1992, 1993, and 1994; and it is further

ORDERED that all Notices of Tax Lien against Plaintiff, both those solely naming Plaintiff and those naming Plaintiff and a "Nominee", alleging amounts owed by Plaintiff for years 1989, 1990, 1991, 1992, 1993, and 1994 are deemed null and void and ordered expunged from the Public Record(s) and that release(s) of lien certification shall be mailed to Plaintiff and purported Nominees thereof within _____ days; and it is further

ORDERED that defendant, by and through its agency, the Internal Revenue Service, shall deliver Closing Notices to Plaintiff for 1989, 1990, 1991, 1992, 1993, and 1994, attesting to the fact no assessments have been made against Plaintiff for the aforesaid years; and it is further

ORDERED that the Clerk shall distribute copies of this order to the parties listed below


Dated:_____, 2007


                                        _____
                                        UNITED STATES DISTRICT JUDGE

Distribution to:

Joseph A. Buaiz Jr., Plaintiff Pro Se
1783 Rocky Springs Road
Bean Station, TN 37708


John J. LoCurto, Esq.
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 227,
Ben Franklin Station
Washington, D.C. 20044


Jeffery A. Taylor, Esq.
United States Attorney
District of District of Columbia
Judiciary Center Building
555 4th Street, NW
Washington, DC 20530