IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,

    Plaintiff,

-vs.-

UNITED STATES,

    Defendant.

_____/

Civil Action Nº: **1:06-cv-01312(RMC)**
The Honorable Rosemary M. Collyer

REPLY TO OPPOSITION TO
MOTION FOR LEAVE TO
SUPPLEMENT PLEADINGS

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO SUPPLEMENT AMENDED COMPLAINT

Defendant, through Counsel, filed its opposition (Dkt # 17) to this Plaintiff's motion for leave to supplement the amended complaint. Although Counsel purports to argue "futility" as the reason for defendant's opposition, he raises sundry arguments in his attempt to influence the Court as to the viability and propriety of Plaintiff's supplemental pleading. All of Counsel's arguments fail as follows:

### COUNSEL'S "FAILURE TO EXHAUST" ARGUMENT FAILS

The record evidence proves Plaintiff exhausted administrative remedies prior to filing suit. Accordingly, defendant conceded the issue and withdrew its "exhaustion of administrative remedies" argument. (Dkt # 9-1) Counsel's attempt to create an additional "exhaustion" requirement is not supported by law or Rule and, therefore, must fail.

Plaintiff's supplemental pleading is merely a supplement to the amended complaint now properly before the Court. As such, said supplement is subsumed by defendant's express waiver of sovereign immunity (Exhibit **A**) under which Plaintiff filed suit.

Notably, Counsel was unable to cite any authority in support of his "re-exhaustion" theory. Nor could he; supplements, like amendments, are not stand alone actions. Neither requires the "starting from scratch" methodology proposed by Counsel. Indeed, no Federal Rule, Statute, or regulation can be found which would support Counsel's theory.

Counsel's imaginative, but absurd, theory would entail exhausting administrative remedies at least twice for a single suit, under a single docket number, thereby subjecting the case at bar to the possibility of a six month interruption.

Next, Counsel argues that the collection actions complained of "…had not yet occurred at the time he filed his administrative claim." (Def's Opp. pg 5 ¶ 3) Counsel's argument is nothing more than an attempt to create a material issue where none exists. Without question, such a circumstance is exactly why the drafters created Rule 15(d).

Supplementing allows the suit to be kept current. Without supplementation, the Court's decisions will be based upon a deficient evidentiary record and incomplete pleadings. Moreover, if Plaintiff's supplemental pleading were to be disallowed, the Federal Circuit will have an incomplete record on appeal.

### COUNSEL'S "COLLECTION ACTIVITY" ARGUMENT FAILS

The actions complained of in Plaintiff's supplement are unmistakably collection actions. Agent Lethco mailed letters demanding payment. Exhibits **F**, **G**, **H**, and **I**  It should be noted that agent Lethco's "Nominee" letters contained the following sentence: "However, before we will issue a discharge, *you must pay the amount due* or post a bond guaranteeing payment." Emphasis added

Agent Lethco's letter addressed to Plaintiff contained substantially similar collection language. Thus, Counsel's "collection activity" argument is contrary to the record evidence and an obvious intentional misrepresentation of the supplemental pleading.

The fact that agent Lethco continues to impose collection actions is an issue outside of the Plaintiff's control. However, upon information and belief, agent Lethco is acting under the supervision of, if not the advice of, Counsel owing to the fact she is named in the instant matter. Agent Lethco's actions complained of by supplement are clearly a <u>continuation</u>, and indeed an <u>escalation</u>, of the violations complained of in the Amended Complaint at counts 14, 15, 16, and 18 and Amended Statement of Facts at # 6 and 8.

The aforesaid counts allege collection actions this Court has determined "…state a valid claim under § 7433." Plaintiff's supplemental pleading plainly alleges collection actions related to, and stemming from, collection actions complained of in the aforesaid counts by specifically complaining of collection actions by the same agent, Jane Lethco, concerning collection of taxes allegedly owed for the same years. Specifically, Plaintiff's supplement complains of agent Lethco continuing to impose, and imposing new collection actions, despite admissions on the part of herself and defendant's agency that said collection actions are not supported by the required documentation. Agent Lethco is expanding upon her earlier refusal (Am Comp #18) to release invalid liens by implementing new collection actions against the Plaintiff and purported "Nominees".

One need not travel far analytically in determining that Plaintiff's supplemental pleading alleges wrongdoing directly related to allegations which have not only been conceded by defendant, but were also deemed actionable under §7433 by the Court.

Plaintiff respectfully contends that agent Lethco's actions complained of by way of supplement are so unmistakably continuations and escalations of the actions complained of in counts 14, 15, 16, and 18 that the resulting nexus cannot reasonably be denied.

## COUNSEL'S ANCILLARY ARGUMENTS FAIL

Counsel attempts to create a material issue (Def's Opp. pg 2 ¶ 1) by insinuating the amount of damages sought in Plaintiff's Amended Complaint is substantially different than the amount sought in Plaintiff's original (now moot) complaint. However, the slight difference between to subject amounts is nothing more than the result of accrual.

Next, Counsel argues that Plaintiff's supplemental pleading should be barred due to Plaintiff mentioning "assessment." However, Plaintiff's mentioning of assessment does not detract from or invalidate Plaintiff's clear allegations of agent Lethco's continuation and escalation of the collection actions complained of in counts 14, 15, 16, and 18 of the Amended Complaint.

Counsel has chosen not to take issue with the fact Plaintiff also alleged agent Lethco's issuances concerned "tax years" for which the record evidence shows defendant's agency admits to possessing no pertinent W-2 and, or 1099 documentation. The record evidence wherein defendant's agency admits to the nonexistence of pertinent W-2 or 1099 documentation is sufficient to establish that agent Lethco's collection activities complained of by way of supplement are actionable under 26 U.S.C. § 7433

Moreover, said supplement also alleges violations of 26 U.S.C. §§ 6320, 6320 (c), and § 6330 (e)(1). Indeed, agent Lethco's *methods of collection* are a substantial part of what the Plaintiff complains of throughout said supplement. Thus, Counsel's attempt to mislead the Court by only arguing Plaintiff's mention of assessment fails.

## THE NECESSITY FOR SUPPLEMENTAL PLEADING

Plaintiff respectfully contends that the supplemental pleading at issue is a direct result of the actions of defendant's agent, Jane Lethco. The allegations in said supplement are easily seen as directly related to counts 14, 15, 16, and 18, which are some of the counts which this Court determined state valid claims under 26 U.S.C. § 7433. Indeed, it is due to agent Lethco's 1) persistence in refusing to release admittedly unsubstantiated liens, 2) re-assertion of the same admittedly unsubstantiated liens, 3) making and executing of "Nominee" liens obviously derived from the aforementioned fatally deficient liens and, 4) issuance of collection letters to Plaintiff and "Nominees" demanding payment in return for un-encumbering property unlawfully encumbered.

It should be noted that agent Lethco has been named in the instant matter since its inception, July 24, 2006. Despite being so named, Agent Lethco, who is presumed to be acting under the supervision if not the advice of Counsel, continues her unlawful collection actions against Plaintiff. Counsel cannot reasonably argue that supplemental pleadings are improper in circumstances such as those created by defendant's agent.

## COUNSEL'S "FUTILITY" ARGUMENT FAILS IN EVERY RESPECT

The record evidence shows Counsel's "exhaustion" argument is groundless. The applicable Federal Rule, 15(d), allows supplementation without re-exhaustion. Contrary to Counsel's groundless arguments, there exists no statute or regulation which would require re-exhaustion prior to supplementing pleadings.

Counsel's "collection activity" argument fails as well. Once again, the record evidence is in stark contrast to Counsel's assertions. Agent Lethco's letters demanding payment of alleged tax liabilities (Exhibits **F**, **G**, **H**, and **I**) are unquestionably collection actions.

Contrary to Counsel's assertions, (Def's Opp. pg 3 ¶ 3) Plaintiff's supplement would survive a motion to dismiss. As such, Plaintiff's supplemental pleading cannot properly be considered futile.

## CONCLUSION

Defendant's opposition to Plaintiff's supplemental pleading fails in every respect. Plaintiff's supplemental pleading is in conformity with the Fed. R. Civ. P. 15(d), alleges collection activity actionable under § 7433, and is, therefore, properly before the Court. Accordingly, Plaintiff respectfully requests the Court permit supplementation.

Date: February 13, 2007

Respectfully submitted,

_Joseph A. Buaiz Jr._
Joseph A. Buaiz Jr.

CERTIFICATE OF SERVICE

I certify that on February 13, 2007, a true and complete copy of the foregoing Reply Memorandum was served upon the following, by USPS, addressed as follows:

JOHN J. LOCURTO
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044

*Joseph A. Buaiz Jr.*
Joseph A. Buaiz Jr.