IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. BUAIZ JR., | ) |
|         Plaintiff, | ) |
| v. | ) No. 1:06-CV-1312 (RMC) |
| UNITED STATES, | ) |
|         Defendant. | ) |

**United States' Opposition to Plaintiff's Motion for Preliminary Injunction**

Plaintiff, Joseph A. Buaiz Jr., has moved for a preliminary injunction pursuant to Fed. R. Civ. P. 65.  The motion seeks to enjoin the United States from collecting Buaiz's unpaid taxes, either from Buaiz himself or from third parties against whom the United States filed nominee tax liens.  The motion should be denied because the Court lacks authority to grant the relief sought.

**Issue**

The Anti-Injunction Act deprives the federal courts of authority to enjoin the United States' tax collection activities.  The United States assessed, and is attempting to collect, over $30,000 in income taxes and penalties that Buaiz owes but refuses to pay.  Buaiz has now moved to enjoin the United States' tax collection efforts.  Does the Court have the authority to grant the relief sought?

**Statement**

1.  <u>Buaiz's tax liabilities.</u>  For more than a decade, Buaiz has habitually ignored his duty to file federal income tax returns.  Since 1986, he has filed just three returns – for 1995, 2004, and 2005.  Instead of filing annual returns, as required by law, Buaiz has repeatedly submitted to the Internal Revenue Service documents making frivolous arguments and protesting his obligation to pay taxes.  The Service is currently investigating Buaiz to determine his tax liabilities for the 2002 through 2005 tax years.  (<u>See</u> Gov. Ex. 1-3.)

In addition to neglecting to file returns, Buaiz refuses to pay amounts he owes for several periods:

    a.    <u>1993 and 1994 income taxes.</u>  Buaiz did not file returns for the 1993 and 1994 tax years, despite having taxable income for those years.  On March 17, 1997, the Service assessed against Buaiz income tax, penalties, and interest totaling $8,834.30 for 1993.  (<u>See</u> Gov. Ex. 4 at 1.)  On March 24, 1997, Service assessed against Buaiz income tax, penalties, and interest totaling $9,500.19 for 1994.  (<u>See</u> Gov. Ex. 5 at 1.)  As of January 24, 2007, Buaiz owed the United States $11,806.32 for the 1993 tax year, and $12,448.32 for the 1994 tax year, plus interest and statutory additions that have accrued but not yet been assessed.  (<u>See</u> Gov. Ex. 4 at 7; Gov. Ex. 5 at 6.)  Buaiz has not paid these assessed taxes.  On or about July 24, 2007, the Service filed a notice of federal tax lien against Buaiz to secure payment of his back income taxes.  (<u>See</u> Gov. Ex. 6.)

    b. <u>Frivolous filing penalties.</u>  From 1989 through 1994, Buaiz repeatedly filed frivolous documents with the Service.  Pursuant to 26 U.S.C. § 6702, the Service assessed against Buaiz penalties for each year in which Buaiz made frivolous filings.  (<u>See</u> Gov. Ex. 7-12.)  As of December 6, 2006, Buaiz owed the United States penalties totaling $6,024.00, plus interest and other statutory additions that have accrued but not yet been assessed.  (<u>Id.</u> at 3.)  Buaiz has not paid these assessments and, on or about October 11, 2006, the Service filed a notice of federal tax lien against Buaiz to secure payment.  (<u>See</u> Gov. Ex. 13.)

  Through its investigation, the Service determined that Buaiz used "nominees" (including relatives, a trust, and a religious entity) to avoid paying his taxes.[1]  On or about December 8, 2006, the Service filed nominee liens against Bonnie S. Buaiz, Merl Alan Crumpley, and the Golden Light Ministry (of which Buaiz is the "presiding overseer") to secure payment of Buaiz's tax liabilities.

  2. <u>Buaiz's damages action.</u>  Buaiz brought this damages action under 26 U.S.C. § 7433 for unlawful tax collection.  On September 8, 2006, he filed an amended

---

[1] A nominee is a third-party – individual or entity – that holds property for the benefit of a taxpayer.  The Internal Revenue Service may pursue property held by a taxpayer's nominee (or alter ego) to satisfy the taxpayer's liabilities.  <u>See</u> <u>G.M. Leasing Corp. v. United States</u>, 429 U.S. 338, 350-351 (1977).  "Focusing on the relationship between the taxpayer and the property, the [nominee] theory attempts to discern whether a taxpayer has engaged in a sort of legal fiction, for federal tax purposes, by placing legal title to property in the hands of another while, in actuality, retaining all or some of the benefits of being the true owner."  <u>In re Richards</u>, 231 B.R. 571, 578  (E.D. Pa. 1999).

complaint alleging that the Internal Revenue Service's misconduct caused him financial harm exceeding $1.5 million.

The United States moved to dismiss the amended complaint on September 26, 2006. The Court granted the motion in substantial part, dismissing 20 of the 26 counts for lack of subject matter jurisdiction. See Buaiz v. United States of America, No. 06-CV-1312, – F. Supp. 2d –, 2007 WL 163203, at *5-6 (D.D.C. filed Jan. 24, 2007) (Buaiz's failure to plead collection activity deprived Court of subject matter jurisdiction).[2]

On February 5, 2007, the United States answered the amended complaint's six surviving counts, and filed a counterclaim against Buaiz. The counterclaim seeks to reduce to judgment Buaiz's 1993 and 1994 federal income tax liabilities as well as the frivolous filing penalties the Internal Revenue Service assessed against Buaiz for tax years 1989 through 1994.

3.      Buaiz's motion for a preliminary injunction.  Buaiz moves to enjoin the Service from collecting taxes the agency allegedly never assessed. (Pl.'s Mot. for P.I. at 5-6.) The motion asks the Court to (a) enjoin the Service from collecting Buaiz's back taxes and penalties, either from Buaiz or his nominees, (b) expunge the notices of federal tax liens filed against Buaiz and his nominees, and (c) compel the Service to deliver to Buaiz "closing notices" for the 1989 through 1994 tax years. (Id. at 6-7.)

---

[2]Buaiz filed a motion for leave to supplement the amended complaint on January 29, 2007. That motion seeks to add a new damages claim (or claims) under 26 U.S.C. § 7433 based on the Service's nominee lien filings. The United States opposed the motion because Buaiz failed to exhaust administrative remedies before seeking leave to add his new claim. The motion to supplement has been fully briefed and is pending.

**Discussion**

I.  **The Anti-Injunction Act deprives the Court of authority to enjoin the Service from collecting Buaiz's unpaid taxes and penalties.**

The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."  26 U.S.C. § 7421(a).  The Act "withdraw[s] jurisdiction from state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes."  Enochs v. Williams Packing & Navigation Co., Inc., 370 U.S. 1, 5 (1962).  The Supreme Court observed that the Act's revocation of jurisdiction "could scarcely be more explicit."  Bob Jones University v. Simon, 416 U.S. 725, 736 (1974); see also Judicial Watch, Inc. v. Rossotti, 317 F.3d 401, 404-05 (4th Cir. 2003) ("The effect of the [Anti-Injunction] Act is simple and obvious:  courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes.")

Congress passed the Anti-Injunction Act to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in a suit for refund.'"(quoting Williams Packing, 370 U.S. at 7); see also Buaiz, 2007 WL 163203 at *6; Bennett v. United States, 462 F. Supp. 2d 35, 41 (D.D.C. 2006); Kim v. United States, 461 F. Supp. 2d 34, 39 (D.D.C. 2006).

Despite the Anti-Injunction Act's plain language and manifest purpose, Buaiz moves to enjoin the Service from collecting his back taxes and outstanding penalties.

The motion seeks the very relief that the Anti-Injunction Act precludes, and granting such relief would occasion the exact harm Congress prohibited. Buaiz's motion for a preliminary injunction should be denied.[3]

## II.     The Williams Packing exception to the Anti-Injunction Act does not apply.

Recognizing that the Anti-Injunction Act bars the relief he seeks, Buaiz invokes the common law exception to the Act recognized in Williams Packing, Inc., 370 U.S. at 7. The Williams Packing exception applies if, and only if, there are no circumstances under which the United States may ultimately prevail and equity jurisdiction otherwise exists. Id. The taxpayer bears the burden of establishing that the exception applies. See Jericho Painting & Special Coating, Inc. v. Richardson, 838 F. Supp. 626, 629 (D.D.C. 1993); Bennett, 462 F. Supp. 2d at 42 n.3; Kim, 461 F. Supp. 2d at 39 n.4. Buaiz cannot demonstrate either element of the Williams Packing exception and, thus, his motion must be denied.

First, Buaiz argues that the United States cannot prevail here because the Internal Revenue Service never assessed the taxes the agency is attempting to collect and lacks information that would support tax assessments. (Pl.'s Mot. for P.I. at 3-6.) To

---

[3]Congress enacted exceptions to the Anti-Injunction Act, see 26 U.S.C. § 7421(a), but Buaiz does not invoke any of them. Nor could he, as the statutory exceptions are inapposite on their face. See 26 U.S.C. §§ 6015(e) (joint tax returns), 6212(a) and (c) (deficiency notice), 6213(a) (Tax Court petition), 6225(b) (partnership level proceeding), 6246(b) (partnership adjustments), § 6330(e)(1) (collection due process proceedings), 6331(i) (refund litigation for divisible taxes), 6672(c) (refund claim for trust fund taxes after bond posted), 6694(c) (understatement of liability), 7426(a) and (b)(1) (civil actions by persons other than taxpayer), and 7429(b) (jeopardy levy and assessment) and 7436 (employment status determination).

determine whether the United States has a chance of prevailing, this Court must look at "the information available to [the United States] at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained." Enochs, 370 U.S. at 7. Buaiz's motion fails under this standard.

Buaiz's suggestion that the Service has not assessed taxes is entirely unfounded. The Service assessed against Buaiz income taxes for 1993 and 1994, along with frivolous filing penalties under 26 U.S.C. § 6702 for the years 1989 through 1994. To date, Buaiz owes over $30,000 in assessed taxes and penalties, plus accrued interest and other statutory additions. These assessments are presumptively valid, and the certified transcripts (forms 4340 attached as Gov. Ex. 4-5, 7-12) reflecting the assessments constitute prima facie proof of Buaiz's liabilties. See United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002); Welch v. Helvering, 290 U.S. 111, 115 (1933); United States v. Pomponio, 635 F.2d 293, 296 (4th Cir. 1980); Psaty v. United States, 442 F.2d 1154, 1159 (3d Cir. 1971). Where, as here, the Service has assessed taxes, which are entitled by law to a presumption of correctness, the Anti-Injunction Act prohibits the courts from enjoining the Service's efforts to collect those taxes. See Williams Packing, 370 U.S. at 8 ("Thus, in general, the [Anti-Injunction] Act prohibits suits for injunctions barring the collection of federal taxes when the collecting officers have made the assessment and claim that it is valid.").

The certified transcripts submitted as government exhibits 4-5 and 7-12 definitively refute Buaiz's repeated assertion that the Service failed to assess taxes, or that the agency lacks information that would support tax assessments. In contrast, the exhibits Buaiz has attached to his various pleadings are immaterial, as they have nothing to do with tax collection and provide no basis for injunctive relief. For example, Buaiz's motion for a preliminary injunction wrongly asserts that "[e]xhibits J and K prove that the Government cannot prevail." (Pl.'s Mot. for Prel. Inj. at 4.)[4] In fact, exhibit J confirms that Buaiz failed to file tax returns for nearly a decade and instructs Buaiz to direct his request for assessment documents related to the 1993 and 1994 tax years to the Service's Cincinnati, Ohio office. Similarly, exhibit K transmits information related to the 1995 and 2003 tax years (the exhibit references two pages, which Buaiz failed to attach to his papers), and states that older records may have been purged in accordance with the Service's document retention policy. Neither exhibit "admits," as Buaiz repeatedly asserts, that the Service lacks information that would support tax assessments.[5]

---

[4]Exhibits J and K are attached to Buaiz's request for judicial notice (docket entry no. 11).

[5]At least some of Buaiz's exhibits are incomplete – such as exhibit K. Similarly, and more egregiously, the document attached as exhibit T to Buaiz's motion for a preliminary injunction omits at least two pages of a transcript that would almost certainly reflect the date and amount of the 1989 penalty assessment against Buaiz. Specifically, exhibit T provided to Buaiz a transcript of his 1989 tax account. The page of the transcript that Buaiz submits with his papers is plainly marked "PAGE 002 OF 003." Although it is impossible to tell, it is likely that the missing pages would reflect the penalty assessment against Buaiz.

Because the evidence before the Court demonstrates that the Service made, and is attempting to collect, presumptively valid income tax and penalty assessments, Buaiz cannot establish the first element of the Williams Packing exception. His motion for injunctive relief must be denied.

Second, Buaiz argues that equity jurisdiction exists because he has suffered, and will continue to suffer, irreparable harm without an injunction. (Pl.'s Mot. for P.I. at 5.) Buaiz does not explain why his alleged injury is irreparable, but simply repeats his assertion that the Service is attempting to collect a tax it never assessed. This allegation is baseless.

Buaiz also wrongly suggests that an injunction is necessary because he and his nominees have no legal remedy. (Pl.'s Mot. for Prel. Inj. at 6.)[6] To the contrary, Buaiz may dispute his liability for the taxes and penalties the Service assessed (or allegedly failed to assess) against him by filing a tax refund claim under 26 U.S.C. § 7422. See Bennett, 462 F. Supp. 2d at 41-42; Kim, 461 F. Supp. 2d at 39. Of course, before he may bring a refund suit, Buaiz must pay his income tax and penalty liabilities in full and exhaust his administrative remedies. See 26 U.S.C. § 7422(a); Flora v. United States, 362 U.S. 145, 146 (1960); Williams Packing, 370 U.S. at 7. Buaiz's nominees also have a

---

[6]In South Carolina v. Regan, 465 U.S. 367, 373 (1984), the Supreme Court recognized a second exception to the Anti-Injunction Act applicable to situations where the taxpayer has no way to challenge the validity of a tax. It is unclear if Buaiz intends to invoke this exception. To the extent he does, Buaiz is not entitled to relief because, as shown in the text, he and his nominees have adequate access to judicial review.

statutory remedy: they may bring suit under 28 U.S.C. § 2410 to quiet title to property subject to the United States' nominee liens.[7]

The availability of judicial review to Buaiz and his nominees is sufficient and renders inapplicable the Williams Packing and Regan exceptions to the Anti-Injunction Act. See Bennett, 462 F. Supp. 2d at 41-42; Kim, 461 F. Supp. 2d at 39; Judicial Watch, 317 F.3d at 408 (key issue in determining whether Regan exception applies is "whether the plaintiff has any access at all to judicial review"); see also Int'l Lotto Fund v. Virginia State Lottery Dep't, 20 F.3d 589, 591 (4th Cir. 1994) (ability to pay tax under protest and seek a refund deemed adequate); Urhig v. Regan, 623 F. Supp. 968, 971 (D. Md. 1985) (same).

## Conclusion

Buaiz has not established either element of the Williams Packing exception to the Anti-Injunction Act. Nor could he. Accordingly, this Court lacks authority to enjoin the

---

[7]Buaiz arguably lacks standing to assert that his nominees have suffered harm. Even if he has standing, however, his request for injunctive relief on their behalf is misdirected. Under the local action doctrine, a federal court lacks subject matter jurisdiction over cases that will affect title to real property located in another state. See, e.g., Hayes v. Gulf Oil Corp., 821 F.2d 285, 291 (5th Cir. 1987); Iselin v. Meng, 269 F.2d 345, 347 (5th Cir. 1959); G.E. Capital Corp. v. East Coast Yacht Sales, Inc., 757 F. Supp. 19, 20 (E.D. Pa. 1991); Kavouras v. Fernandez, 737 F. Supp. 477, 477-78 (N.D. Ill. 1989); Rogers v. Clipper Cruise Lines, Inc., 650 F. Supp. 143, 146-47 (D. Colo. 1986); Minchiello Realty Assoc., Inc. v. Britt, 460 F. Supp. 896, 899 (D.N.J. 1978). The nominee liens the Service filed in Tennessee against Bonnie S. Buaiz, Merl Alan Crumpley, and Golden Light Ministry attach to, among other things, real property located in Grainger County, Tennessee. Buaiz's motion asks this Court to enjoin and expunge those liens. Because this Court lacks jurisdiction over real property located in Tennessee, Buaiz's motion is defective and should be denied.

Service's efforts to collect Buaiz's taxes, either from Buaiz himself or from his nominees.

The motion for a preliminary injunction should be denied.

Dated: February 20, 2007

> Respectfully submitted,
>
> /s/ John J. LoCurto
> JOHN J. LOCURTO
> Trial Attorney, Tax Division
> U.S. Department of Justice
> P.O. Box 227, Ben Franklin Station
> Washington, D.C. 20044
> Telephone: (202) 307-2793
> Facsimile: (202) 514-6866
> john.j.locurto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

### Certificate of Service

I certify that, on February 20, 2007, I electronically filed the United States' opposition to plaintiff's motion for preliminary injunction, and caused a copy thereof to be served via regular mail, postage prepaid, on plaintiff as follows:

> Joseph A. Buaiz, Jr., Pro Se
> 1783 Rocky Springs Rd.
> Bean Station, TN 37708

> /s/ John J. LoCurto
> JOHN J. LoCURTO