UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSEPH A. BUAIZ JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1312 (RMC) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Joseph A. Buaiz, Jr., moves to file a supplement to his Amended Complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure (requiring a plaintiff to obtain leave to file a "supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented"). The Amended Complaint was filed on September 8, 2006, and the occurrences which are the subject matter of the motion occurred in December 2006.

This case is a damages action against the Internal Revenue Service ("IRS") for alleged violations of Mr. Buaiz's rights in connection with "collection activity" under 26 U.S.C. § 7433. The Court construed certain of the counts of the Amended Complaint to satisfy the contours of § 7433 and dismissed all other counts for failure to state a claim on which relief could be granted because the United States had not waived its sovereign immunity for such claims.

The supplemental pleading seeks to add a damages claim or claims under § 7433 based on nominee liens the IRS filed against third parties on or about December 11, 2006. These are the same kinds of activities that the Court earlier found potentially actionable under § 7433.

However, as to the nominee liens from December 2006, Mr. Buaiz has failed to exhaust his administrative remedies by presenting the claim(s) to the IRS before bringing them to court. Mr. Buaiz argues against requiring further administrative exhaustion under these circumstances, but exhaustion of administrative remedies is, at least, an element of a cause of action under § 7433 and its absence requires dismissal for failure to state a claim. *See Turner v. United States*, 429 F. Supp. 2d 149, 155 (D.D.C. 2006); *Davis v. United States*, No. 05-247, 2006 WL 2687018, at *6 (D.D.C. Sept. 19, 2006).

The decision to grant leave under Fed. R. Civ. P. 15(d) is discretionary. *Banks v. York*, 448 F. Supp. 2d 213, 214 (D.D.C. 2006). Although leave should be freely granted, leave should be denied when the new claim proposed in the supplemental pleading is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend under Rule 15(a) may be denied if amendment would be futile); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 2007) (same); *see also City of Moundridge v. Exxon Mobil Corp.*, No. 04-040, 2007 WL 80832, at *3 (D.D.C. Jan. 9, 2007) (noting that futility limitation applies to motions to supplement under Rule 15(d)). A proposed claim is futile if the claim would not survive a motion to dismiss. *Howard v. Evans*, 193 F. Supp. 2d 221, 226 n.2 (D.D.C. 2002).

Because the claim advanced in the supplemental pleading is futile, Plaintiff's motion for leave to file a supplemental complaint [Dkt. # 15] is **DENIED.**

**SO ORDERED.**

                                                      /s/
                                     ROSEMARY M. COLLYER
                                     United States District Judge

DATE: March 5, 2007