IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,

    Plaintiff,

-vs.-

UNITED STATES,

    Defendant.

_____/

Civil Action Nº: **1:06-CV-01312(RMC)**
Hon. Rosemary M. Collyer

REPLY TO DEFENDANT'S
OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION

**RECEIVED**

MAR 0 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

Defendant, through Counsel has filed its opposition to this Plaintiff's motion for preliminary injunction. (Dkt. # 20-1) Defendant's opposition is scandalous, fatally flawed, and is not supported by credible, admissible evidence. An examination of the "Official Record(s)" submitted by defendant reveals clear and convincing evidence that Defendant, with the active assistance of Counsel, perpetrated a fraud upon the Court.

## DEFENDANT'S FALSIFICATION OF "OFFICIAL RECORDS" STRIKES AT THE VERY HEART OF THE JUDICIAL PROCESS

### QUESTION PRESENTED

Can defendant, through the use of intentionally falsified "Official Records of the United States", prevail against Plaintiff in the instant matter?

### DISCUSSION

Defendant, with the active assistance of Counsel, has introduced patently false evidence in a corrupt attempt to deceive this honorable Court. Defendant's falsified documentary evidence boldly purports to be "Official Record(s)" of the United States.

1

Plaintiff will show that the aforementioned "Official Record(s)" of the United States of America are fatally flawed, inadmissible, inherently worthless, and were fabricated expressly for the purposes of prejudicing Plaintiff and deceiving this honorable Court.

Defendant has cast significant doubt upon itself and the trustworthiness of its "Official Records". The result of defendant's self-inflicted injury must, at a minimum, constitute the end to the "presumption of correctness" defendant's records have previously enjoyed.

DEFENDNT'S FRAUDULENT ASSERTIONS OF "LEGAL SUITS"

Defendant's exhibits 4, 5, 7, 8, 9, 10, 11, and 12 all contain false and fraudulent citations of "Legal Suit(s) Pending" and "Legal Suit(s) No Longer Pending".

Government Exhibits # 4 and # 5:

Certified by defendant's agent, Jeffery R. Lawson as being true and complete; said "Official Record(s)" fraudulently reference fictitious "Legal Suit(s) Pending" on page 4. Curiously, the fictitious "Legal Suit(s)" are purported to have been only one day in duration. The Government fraudulently claims to have had a legal suit, pertaining to the Plaintiff, "pending" on 10-19-2005.

Government Exhibits # 7 through and including # 12:

Certified by defendant's agent, Midge Ward as being true and complete; said "Official Record(s)" fraudulently reference fictitious "Legal Suit(s) Pending" on page 2. The fictitious "Legal Suit" fraudulently asserted in Midge Ward's certified records spans nearly nine months. Defendant fraudulently claims to have had a legal suit, pertaining to the Plaintiff, "pending" from 10-19-2005 until 07-16-2006.

## DEFENDANT'S FRAUDULENT ASSERTIONS OF LEGAL SUITS "PENDING"

Use of the word "pending", as it pertains to legal suits, has been argued and is well settled at the appellate level.

Case in Point:

In People ex rel. Hopf v. Barger, 30 Ill. App. 3d 525, 332 N.E.2d 649 (1975), the Court defined the word "pending" as it pertains to legal suits.

The Court had this to say:

> "We must agree with defendants' contention that 'pending' cannot be reasonably interpreted to include preliminary discussion with an attorney to secure advice on either the bringing of suit or the defense of a suit which is either threatened or likely to be brought against the city. *** The traditional concept of litigation begins in terms of 'notice, pleading, trial[,] and appeal' [citation], and presumably it is at that point that the litigation is 'pending.'" Barger, 30 Ill. App. 3d at 536-37, 332 N.E.2d at 659.
>
> Cf. United States v. Ellis, 652 F. Supp. 1451, 1452-53 (S.D. Miss. 1987) (grand jury proceeding not "pending" until it has actually begun); Johnson v. McCaughan, Carter & Scharrer, 672 P. 2d 221, 222 (Colo. App. 1983) (action is "pending" after it is commenced by either filing a complaint or serving a summons).

West's offers the following definition of "Pending.":

> Begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; in the process of adjustment.
>
> A lawsuit is said to be pending from its inception until the issuance of a final judgment by a court. The phrase pending appeal refers to the time before an appeal is taken, as well as to the period during which an appeal is in progress.

West's Encyclopedia of American Law. 2nd Ed. Ed. Jeffrey Lehman and Shirelle Phelps. Thomson Gale, 2005.

Plaintiff submits Exhibit U, an "All Courts Search" printout from P.A.C.E.R., which clearly and convincingly proves the aforementioned Government Exhibits are falsified. Plaintiff's Exhibit N (at Dkt # 11-2) likewise plainly shows that the "Legal Suit(s)"

3

asserted in the Government's exhibits are fictitious and were formulated out of nothing more than defendant's desire to prevail in the instant matter. Exhibit **U** and Exhibit **N**, taken together, are irrefutable evidence that the "Legal Suit(s)" asserted in the Government's exhibits never occurred, and that defendant, by and with the active assistance of Counsel, and with the calculated intent to deceive, has perpetrated a fraud upon this honorable Court.

COUNSEL'S ROLE IN PERPETRATING A FRAUD UPON THE COURT

Plaintiff respectfully directs the Court's attention to Exhibit **B** (at Dkt # 10). Exhibit **B** is a copy of Counsel's letter of November 17, 2006 to Mr. Andrew M. Stroot, Counsel for defendant's agency, IRS. In his letter, Mr. LoCurto specifically requests certified transcripts (Gov. Ex. 4, 5, 7, 8, 9, 10, 11, and 12) to be provided to him for use in the instant matter. Exhibit **B** proves the subject transcripts, Form(s) 4340, were produced specifically for litigation, and are not records made in the regular course of business. Comparing the date of Counsel's letter, Exhibit **B**, to the dates on which the subject transcripts were made and certified immediately reveals that said transcripts originated after Mr. LoCurto requested same – to use in the instant litigation. Counsel is presumed to be fully aware of the fact that Fed. R. Evid. 803 (6) prohibits the use of records which were not made in the regular course of business. However, the record evidence (Ex. **B**) plainly shows Counsel requested the aforementioned inadmissible transcripts specifically for use as evidence in the case at bar.

Fed. R. Civ. P. 11 (b), (1), (2), (3), and (4) require Counsel to perform an inquiry as to the propriety, correctness, legality, accuracy, and sustainability of papers submitted to

4

the Court. Further, upon submission of the subject exhibits, Counsel effectively certified that to the best of his knowledge, information, and belief, said exhibits meet all the requirements set forth in Fed. R. Civ. P. 11. Counsel, by virtue of his employment, knew or should have known, the "Legal Suits" asserted in the subject exhibits were fictitious, fraudulent, and designed to corruptly influence this Court. Counsel had the duty, responsibility, and <u>opportunity to prevent the entry of defendant's falsified "Official Record(s)"</u>, but decided otherwise. Indeed, Counsel's access to P.A.C.E.R. combined with his duty under Fed. R. Civ. P. 11 to perform an inquiry, indicate calculated intent. Hence, counsel's complicity is evident and incurable.

Counsel's actions are also in violation of the District of Columbia Rules of Professional Conduct. Specifically, Counsel violated Rule 3.3 (a) (4) by offering evidence known to be false, and Rule 3.4 (b) by falsifying evidence. *i.e.:* The subject transcripts were not "evidence" until submitted them to this Court as such.

Plaintiff respectfully contends that Counsel's contumacious disregard for the Federal Rules, and possibly several sections of Federal criminal law pertaining to falsification of Official Records of the United States, constitute fatal self-inflicted injuries to defendant's positions, both as defendant and as counterclaim plaintiff.

THE NATURE OF DEFENDANT'S TRANSCRIPTS

Defendant's transcripts are unmistakably compilations. Said transcripts each contain, on their last page, a certification statement wherein the certifying officer claims

(falsely) that said transcript is "… true and complete … and all assessments … as disclosed by the <u>records of this office</u> …". Further, the certifying officer attests,

"I FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT <u>APPEAR IN THE OFFICIAL RECORDS</u> OF THE INTERNAL REVENUE SERVICE." Emphasis added.

There can be no doubt the defendant's transcripts purport to be compilations of records that defendant's agents attest are in the possession of defendant's agency, IRS. Plaintiff respectfully asserts defendant cannot be trusted to truthfully compile information from its records and, therefore, should be ordered to produce the underlying records it certifies possession of. Specifically, defendant should be ordered to produce the physical documents which comprise all Substitute(s) for Returns, Form(s) 23-C, and substantive evidence sufficient to discern the nature and disposition of the "Legal Suit(s)" asserted in its questionable compilations. Surely, in light of the fraud evident in defendant's transcripts, the aforementioned, original, physical, underlying documentation would be the best evidence, and indeed, the only evidence admissible under Fed. R. Evid. 1002.

## TRANSCRIPTS ARE INADMISSIBLE HEARSAY UNDER D.C. COURT RULES

The rules applicable in the United States District Court for the District of Columbia with respect to secondary evidence, *i.e*, hearsay, have been governed since 1975 by the holding of the United States Court of Appeals, District of Columbia Circuit, in <u>United States v. Smith</u>, 1 Fed Evid Rep 22, 172 App DC 297, 521 F2d 957,

"Hearsay contained in an official record is admissible in evidence *only* if it was reported to the maker of the record, directly or through others, by one who was himself acting in the regular course of business <u>and</u> who had personal knowledge." (emphases added)

"There is no indication in, or with, the Notice of Determination establishing that the, "computer transcripts," to which Leland Neubauer refers, were, "acting in the regular

6

course of business," <u>Smith</u>, *supra*, nor that the, "computer transcripts," could have, "had personal knowledge."

Defendant's "Transcripts," do not meet the <u>Smith</u> test, for the following reasons:

a) HEARSAY MUST BE REPORTED TO THE MAKER OF THE RECORD BY ONE WHO WAS HIMSELF ACTING IN THE REGULAR COURSE OF BUSINESS

(1) According to the Internal Revenue Manual, IRM 4.4.13.6(3)a, "Form 4340 will be prepared and certified by use of IDRS data if available." IDRS is the Internal Revenue Service's *Integrated Data Retrieval Service*; a computer database, the information in which is unverifiable except through documentary evidence.

(2) According to the Internal Revenue Manual, IRM 4.4.13.6(4), "The tax examiner will forward a completed draft Form 4340 and all research information to the typing function, including the request, Form 4338 or Form 4338-A. The typing function will type the information on an original Form 4340." The tax examiner is not the maker of the record. *i.e.:* The maker of the record (Form 4340) does not have firsthand knowledge.

(3) According to the Internal Revenue Manual, IRM 4.4.13.6(5), "The typed Form 4340 and research information including the request Forms 4338 or 4338-A should be reviewed for accuracy. Thereafter, they will be forwarded to the Area Director (or his/her delegate) who will date and sign it at the time of certification.

(4) According to the Internal Revenue Manual, IRM 4.4.13.6(3), "Certification of Form 4340 is required when a detailed explanation of the taxpayer's account is requested <u>to satisfy legal requirements</u>. It may also be required in instances of an urgent nature such as requests for court use…". *i.e.:* Form 4340 is not made in the regular course of business.

7

(5) Courts in other Districts have also rejected the Form 4340:

    (i) In <u>United States v. Buford</u>, 889 F.2d 1406, 1408 (5th Cir. 1989) an IRS agent testified that the form was made solely for purposes of litigation.

    (ii) In <u>Jones v. United States,</u> 60 F.3d 584, 590 (9th Cir. 1995) the court found that the form (4340) was apparently made just for litigation.

    (iii) In <u>Stallard v. United States,</u> 806 F.Supp. 152 (W.D.Tex. 1992), *aff'd* 12 F.3d 499 (5th Cir. 1994), the Court rejected the Form 4340 also, *since it was not executed on the date of the alleged assessment.*

b) ... AND WHO HAD PERSONAL KNOWLEDGE ...

The Area Director (or his/her delegate) who dates and signs the original Form 4340, i.e., "the maker of the record," and,

    (a)    receives the hearsay report of information from a typist (in the typing function),

    (b)    who has no personal knowledge of the information,

    (c)    having himself/herself received the hearsay report from a tax examiner

    (d)    who obtained the unverified information from a computer database.

<u>The fact Form(s) 4340 is Inadmissible under Fed. R. Evid. 803 (6) is established.</u>

The facts immediately above show that Form 4340 is equally inadmissible under the business records exception in evidence rule 803(6) according to the doctrine established in <u>Palmer v. Hoffman</u>, 318 US 109 (1943), *i.e.*, denying the business records exception, "to any document prepared with an eye toward litigation <u>when offered by the party responsible for making the record</u>." (emphasis added).

DEFENDANT'S OTHER EXHIBITS

Government Exhibit # 1 is an excellent example of a deliberately falsified Official Record of the United States. Said exhibit, purportedly an original summons made and executed by defendant's agent, Velvet Cole, on May 3, 2006, consists of two pages. Page two of said exhibit is Velvet Cole's certificate of service, upon which agent Cole falsely certifies that she served "... a copy of the summons, which contained the attestation required by §7603, to the person ...". Emphasis added. Plaintiff provides for the Court, Exhibit V, a true copy of the summons agent Cole served upon me May 3, 2006. One can easily determine by comparing the signatures, that agent Cole did not serve a copy upon Plaintiff, as she falsely certifies. Further, contrary to agent Cole's intentionally falsified certificate of service, the summons she served upon me was not attested to. See Exhibit V

Government Exhibit # 2 purported represents agent Cole's fourth attempt to make, execute, and serve upon Plaintiff, a summons in compliance with the IRC. Although agent Cole's fourth attempt was markedly improved over her earlier versions, said summons remains clearly in violation of IRC §7603. Agent Cole's fourth issuance is clearly not a copy, as she falsely certifies upon her certificate of service. Plaintiff submits as Exhibit W, a true copy of the summons agent Cole served upon me June 7, 2006. One can easily determine by comparing the signatures, that agent Cole did not serve a copy upon this Plaintiff, as she falsely certifies Further, agent Cole's certificate of service pertaining to her June 7, 2006 service contains false and fraudulent notice and noticee information.

Agent Cole's violations of the IRC regarding the aforementioned summonses are

9

well detailed in counts 13, 23, 24, and 26 of the Amended Complaint, and in Plaintiff's Amended Statement of Facts at # 17, 20, 23, 24, 25, 26, 27, 30, 31, 32, 33, and 36. Counsel argued strenuously against the aforesaid counts previously, but now desires to revisit the issues presented therein. (Def's Opp pg 2 ¶ 1)

Government Exhibit # 3 is directly related to Gov. Ex #1 and 2 in that Exhibit # 3 purports to be a copy of Caroline Krivacka's letter of June 13, 2006, wherein Mrs. Krivacka attempted to intimidate Plaintiff into complying with one of agent Cole's four summonses. Defendant's Exhibit # 3 is clearly <u>not a true copy</u> of the letter Mrs. Krivacka mailed to Plaintiff. The letter Plaintiff received from defendant's agent, Caroline Krivacka, was date stamped JUL 13 2006, with a handwritten "4" on top of the stamped "3" contained within the date. While not as egregious as defendant's other exhibits, Exhibit # 3 is further proof that the exhibits offered by the defendant are far less than trustworthy. Plaintiff submits, as Exhibit **X**, a true copy of Mrs. Krivacka's letter and Plaintiff's response thereto.

Mrs. Krivacka's letter of July 13, 2006, "re-dated" to July 14, 2006 is detailed in count 26 of Plaintiff's Amended Complaint. Thus, Counsel's introduction of Gov. Ex 3 appears as a regression, indeed a revisiting, of count 26 of Plaintiff's Amended Complaint, a count Counsel previously argued strongly against.

The fact that Counsel introduced Government Exhibits #1, #2, and #3 cannot be said to pertain to anything other than Counsel's profuse character assassination. Indeed, the timing of agent Cole's petition to enforce, eight months after service, but curiously just in time for Counsel to claim "The Service is currently investigating …2002 through 2005" (Def's Opp pg 2 ¶ 1), appears suspicious. Said years are settled, the Service indicated

10

Plaintiff overpaid, and the only purpose that would be served by investigating those years would be to allow Counsel the opportunity to propound upon such an investigation in his pleadings.

Government Exhibit # 6 and #13 purport to be "Internal Revenue Service Facsimile Federal Tax Lien Document(s)". Unremarkably, Counsel has carelessly allowed a document (Gov. Ex 6) to be entered which displays the Social Security number assigned to Plaintiff. Government Exhibits # 6 and # 13 rely solely upon the defendant's fraudulent forms 4340 for proof of the alleged "assessment(s)" asserted therein. As such, defendant's Exhibits # 6 and # 13 are completely without foundation and baseless. Defendant itself has rendered its Exhibits # 6 and #13 unsustainable by entering falsified Form(s) 4340 dubiously in support of its defense and counterclaim. Further, all assertions within the aforementioned documents are unsustainable owing to the fact that defendant's Forms 4340 have been proven to be false, fraudulent, and inadmissible.

## THE SUM EFFECT OF DEFENDANT'S EXHIBITS, # 1 THROUGH # 13

Defendant's Exhibits # 1, # 2, and # 3 <u>support Plaintiff's allegations</u> of wrongdoing and multiple violations of the IRC on the part of defendant's agent, Velvet Cole, and show possible evidence of witness tampering and, or intimidation on the part defendant's agent Mrs. Caroline Krivacka.

Defendant's Exhibits # 4, # 5, and # 7 through # 12 (Forms 4340) all contain intentionally false entries. As such, said exhibits are abhorrent to the judicial process, are inadmissible, and constitute a fraud upon this honorable Court. Fatally flawed exhibits, such as those submitted by defendant, cannot serve to prove any position.

- Defendant's exhibits fail to prove any tax has been assessed against Plaintiff.
- Defendant's exhibits fail to prove any penalties have been assessed against Plaintiff.

Contrary to Counsel's false assertion (Opp 8 ¶ 1), the certified transcripts offered by defendant <u>do not</u> definitively refute my assertions regarding assessments. In fact, the only assertion the Government's transcripts serve to refute is the false assertion that such "Official Record(s)" are entitled to a presumption of correctness.

Although Counsel mentions assessment more than two dozen times in his opposition, defendant has been <u>unable to produce credible evidence of assessment</u>.

**DEFENSE COUNSEL TAKES ISSUE WITH PLAINTIFF'S EXHIBIT J**

Defendant, through Counsel, intentionally mischaracterizes Plaintiff's Exhibit J to the Court. Said exhibit was clearly made in response to a request for copies of assessments. (Ex J ¶ 2 Dkt # 11-2) Notably, the disclosure specialist recites exactly what was requested, but cannot offer to the requestor any assessment documentation. The disclosure specialist's inability to produce the requested assessment documentation must be construed as meaning the requested records do not exist. Any assumption that the requested records exist, but were unavailable at the disclosure specialist's location, is clearly shown as false by the sworn testimony of IRS Records Custodian Robert Dean in: UNITED STATES OF AMERICA, v. RICHARD MAYNOR BLACKSTOCK, CASE NO. 06-CR-62-TCK. According to Dean's sworn testimony, IRS can "get access to any records that are filed anywhere in the United States." Records Custodian Dean's testimony establishes that records can be "gathered" in a matter of moments, certainly within a day; it is incomprehensible that a disclosure specialist responding to a request dated April 25, 2006, ninety-nine days later, on August 1, 2006 could not have located

the requested records unless the requested records do not exist. Moreover, the disclosure specialist's assertion that "… assessment documents should be located in the Cincinnati Campus." (Ex. J ¶ 4) is in stark contrast to Record Custodian Dean's sworn testimony.

Counsel, however, mischaracterizes Exhibit J as something entirely different. He is mistaken. Rather than confirming that Plaintiff "… failed to file tax returns for nearly a decade …", as Counsel falsely asserts (Def's Opp. pg 8 ¶ 1), the subject exhibit plainly states that "There were no tax returns prepared for calendar year 1988.". Counsel's reliance upon the disclosure specialist's irrelevant diatribe concerning matters outside of the request is unavailing. Simply put, Exhibit J proves Plaintiff requested assessment documentation which defendant could not produce, and nothing more.

### DEFENSE COUNSEL TAKES ISSUE WITH PLAINTIFF'S EXHIBIT K

Defendant, through Counsel, takes issue with Plaintiff's Exhibit K. Specifically, Counsel wages a heinous assault against Plaintiff's credibility. The following is taken from Counsel's footnote # 5. (Def's Opp. pg 8)

"… the document attached as exhibit T to Buaiz's motion for a preliminary injunction omits at least two pages of a transcript that would almost certainly reflect the date and amount of the 1989 penalty assessment against Buaiz. Specifically, exhibit T provided to Buaiz a transcript of his 1989 tax account. The page of the transcript that Buaiz submits with his papers is plainly marked "PAGE 002 OF003." Although it is impossible to tell, it is likely that the missing pages would reflect the penalty assessment against Buaiz."

Notably, Exhibit T consists of a response letter from a disclosure Officer which contains the disclosure Officer's contact / telephone number. Counsel could have contacted the disclosure Officer and verified the contents of the subject F.O.I.A. response before launching his prejudicial attack upon this Plaintiff. Counsel decided instead to wage an unfounded, unethical assault against this Plaintiff's credibility.

Meanwhile, Plaintiff contacted the disclosure Officer who prepared the subject response and provides for the Court, said disclosure Officer's reply as Exhibit **Y**. This Exhibit proves Plaintiff did not omit any pages as Counsel maliciously asserts. Plaintiff supplied Exhibit **T** to this Court exactly as it was received from defendant's agency.

The aforementioned footnote is certainly not the limit of Counsel's character assassination. His opposition brief (Dkt # 20-1) is replete with unjustifiable insolence.

## COUNSEL'S AFFIRMATIVE DEFENSES FAIL

Defendant has submitted a total of thirteen exhibits thus far. All affirmative defenses raised by defendant necessarily rely upon the aforementioned Government Exhibits. As such, and due to the overwhelming fraud and falsification evidenced in said exhibits, every affirmative defense raised by Counsel must fail as unsustainable.

## PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

Plaintiff's motion for injunction should be granted. Defendant has failed to offer any legal defense to Plaintiff's motion. Defendant's unsupported assertions that Plaintiff's motion does not meet the requirements established by the Supreme Court in *Enochs v. Williams Packing Co.*, 370 U.S. 1 (1962) are unavailing. Defendant's opposition, supported by fraud and orchestrated with deceit, is not sufficient to hinder Plaintiff's motion. Moreover, the exhibits submitted by defendant constitute definitive proof that the Government cannot ultimately prevail in the instant matter.

Regarding part one of the test, the Court in Enochs opined:

> "We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit." Emphasis added

14

In the instant matter, the Government has proven that its best evidence is not only inadmissible, but falsified. Defendant's introduction of falsified "Official Record(s)" of the United States of America constitutes definitive proof that defendant will resort to fraud without hesitation. Indeed, the transcripts submitted by defendant are clear and convincing *proof from the Government that the defendant cannot ultimately prevail*. Thus, Plaintiff meets the requirements of the first Enochs test. Defendant's repugnant fraud upon this honorable Court is a spectacle that certainly cannot be interpreted as a legal defense to Plaintiff's motion.

Regarding part 2 of the Supreme Court's Enochs test, Plaintiff reiterates the assertions set forth in Plaintiff's memorandum. (Dkt # 18) Plaintiff's Exhibit **T** is clear and convincing proof that Plaintiff has been under levy and, or the threat of levy since 1995. Counsel's conclusory inference that such a situation does not constitute irreparable damage is contrary to common sense. Clearly, destroying a person's ability to pursue his career for more than a decade constitutes irreparable damage. Further, the actions of defendant's agency and agents effectively create a twenty-one year window (1995 -2016) of collection, attempted collection, and proposed collection of amounts which defendant has now conclusively proven are un-assessed.

Counsel's invocation of the Anti Injunction Act is unpersuasive. This Plaintiff seeks to have defendant's agency enjoined from collecting un-assessed amounts. Collection of un-assessed amounts is not protected by the AIA, and defendant has completely failed in its attempt to prove its allegations that assessments have been made against this Plaintiff.

## CONCLUSION

Plaintiff's Petition for Injunctive Relief is supported by evidence consisting of agency records obtained from defendant's agency, and Public Records which originated from the actions of defendant's agency(s). Said record evidence proves Plaintiff's motion meets at least one statutory exception to Title 26 §7421, and surpasses the requirements set forth by the Supreme Court establishing a judicial exception to Title 26 §7421.

Defendant has perpetrated a fraud upon this honorable Court in its attempt to hinder Plaintiff's motion. The Court, being incapable of granting relief sought by way of defendant's fraud, should grant Plaintiff's motion for injunctive relief as unopposed.

Date: March 2, 2007

Respectfully submitted,

Joseph A. Buaiz Jr.

## CERTIFICATE OF SERVICE

I certify that on March 2, 2007, a true and complete copy of the foregoing and copies of Exhibits U, V, W, X, and Y was served upon the following, by USPS, addressed as follows:

JOHN J. LOCURTO
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044

Joseph A. Buaiz Jr.

16