IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,

    Plaintiff,

-vs.-

UNITED STATES,

    Defendant.
_____/

Civil Action N°: **1:06-cv-01312(RMC)**
The Honorable Rosemary M. Collyer

MOTION TO CERTIFY ORDER FOR
INTERLOCUTORY APPEAL AND
FOR A STAY OF PROCEEDINGS

### PLAINTIFF'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND FOR A STAY OF PROCEEDINGS

Pursuant to 28 U.S.C. § 1292 (b), Plaintiff, Joseph A. Buaiz Jr., hereby moves the Court to certify for interlocutory appeal its March 5, 2007 (Dkt. # 22) Order and to stay District Court proceedings in this matter until the United States Court of Appeals for the Federal Circuit issues its ruling. The reasons for this motion are set forth in the accompanying memorandum of law.

Date: March 15, 2007

Respectfully submitted,

*Joseph A. Buaiz Jr.*
Joseph A. Buaiz Jr.

**RECEIVED**

MAR 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,

    Plaintiff,

-vs.-

UNITED STATES,

    Defendant.
_____/

Civil Action N°: **1:06-cv-01312(RMC)**
The Honorable Rosemary M. Collyer

MEMORANDUM OF LAW

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND FOR A STAY OF PROCEEDINGS

On March 5, 2007, this Court denied Plaintiff's Motion for Leave to Supplement (the "Order") after concluding that, as a matter of law, (1) the Plaintiff's action is a damages action against the Internal Revenue Service ("IRS"), (2) the Plaintiff's action is for alleged violations of Plaintiff's rights, (3) that the allegations contained within the pleadings with which Plaintiff seeks to supplement the Amended Complaint are the same kinds of activities that the Court earlier found potentially actionable under § 7433, (4) that Plaintiff failed to exhaust administrative remedies specific to the supplemental allegations before bringing them to court, and (5) that the claim[s] advanced in the supplemental pleading is futile. These legal determinations are controlling issues of law, the resolution of which will materially advance the ultimate termination of the litigation.

    Because of the importance of these issues to the resolution of the case at bar, and the importance of the Federal Circuit having a complete record on appeal, Plaintiff respectfully moves the Court for certification of the Order to the Federal Circuit pursuant

1

to 28 U.S.C. § 1292(b). The resolution of these issues "…is quite likely to effect the further course of the litigation." Sokaogon Gaming Entertainment Corp.v. Tushie-Montgomery Assoc., Inc., 86 F.3d 656, 659 (7th Cir.1996).

I.  **STANDARD OF REVIEW FOR A § 1292 (b) APPEAL**

28 U.S.C. § 1292 (b) allows a district Court to certify an interlocutory order for immediate appeal when the order (1) involves a "controlling question of law," (2) offers "substantial ground for difference of opinion" as to its correctness, and (3) if appealed immediately may "materially advance the ultimate termination of the litigation."

II. **THE COURT'S MARCH 5, 2007 DENIAL OF PLAINTFF'S MOTION FOR LEAVE TO SUPPLEMENT PLEADINGS**

The Court reasoned the Plaintiff's supplemental pleadings were futile in the face of the proposition that exhaustion of administrative remedies is, at least, an element of a cause of action under §7433. The Court further reasoned that failure to exhaust administrative remedies for the specific acts complained of in the supplement rendered said supplemental pleadings vulnerable to a motion to dismiss, and thereby, futile.

Applying this approach, the Court denied Plaintiff the opportunity to supplement his pre-existing action. The question as to whether a Plaintiff suing for damages under §7433 must re-exhaust administrative remedies prior to a Rule 15(d) supplementation appears to be an issue of first impression in this circuit, as no authorities were cited by the Court.

This Plaintiff could find no decisional authority directly applicable to this issue. Further, Plaintiff was unable to locate any statute or regulation requiring re-exhaustion of administrative remedies as a pre-requisite to either amending or supplementing pleadings pursuant to Fed. R. Civ. P. 15.

Recent Supreme Court decisional authority regarding "exhaustion" indicates that a failure to exhaust administrative remedies, *even prior to the case in chief,* does not create a bar to bringing an action before the Court.

In *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____, (Argued: October 30, 2006 -- Decided: January 22, 2007), the Honorable Roberts, C.J., writing for the Court, explained that:

> "The fact that the [statute at issue]...is silent on the issue whether exhaustion <u>must be pleaded or is an affirmative defense</u>, is strong evidence that the usual practice should be followed, and the practice under the Federal Rules is to regard exhaustion as an affirmative defense..." Emphasis added

IRC section 7433, as amended by TBOR III, is silent on the issue whether exhaustion must be pleaded. The *Jones* Court also reiterated:

> "Courts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"

and,

> "Given that the [statute at issue] does not itself require plaintiffs to plead exhaustion, such a result 'must be obtained by amending the Federal Rules, and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

Neither the TBOR III, nor Rule 8, requires Plaintiff to "demonstrate", "plead" or otherwise "assert" exhaustion – even as such exhaustion pertains to the case in chief. Clearly, defendant must, in "the usual practice", raise such matter as an affirmative defense, and "place before the jury sufficient proof to generate a jury instruction on the particular defense theory sought".[1]

---

[1] UNDERSTANDING AFFIRMATIVE DEFENSES, David Beneman, Maine CJA Resource Counsel, Levenson, Vickerson & Beneman

3

Based on the foregoing, it is evident the Supreme Court has determined failure to "demonstrate" or "plead" exhaustion does not give rise to futility or create vulnerability to a motion to dismiss *even as such exhaustion pertains to the case in chief.* No statute, regulation, or decisional authority is found which indicates a requirement to exhaust administrative remedies specific to supplementation or amendment of pleadings.

The abovementioned Supreme Court ruling, taken together with the absence of decisional authority regarding re-exhaustion as a prerequisite to supplementation, are enough in themselves to give rise to a question which (1) involves a "controlling question of law," (2) offers "substantial ground for difference of opinion" as to its correctness, and (3) if appealed immediately may "materially advance the ultimate termination of the litigation."

The Court did affirm that the subject supplemental pleadings "…are the same kinds of activities that the Court earlier found potentially actionable under § 7433." Thus, the record appears to show that the sole reason for which the Court denied this Plaintiff's motion for leave to supplement is for the failure to exhaust administrative remedies specific to the allegations contained in the subject supplemental pleading itself.

Clearly, this Plaintiff's memorandum does not contain a wealth of authority pertaining to re-exhaustion prior to supplementation. Plaintiff respectfully asserts it is precisely this notable lack of prior decisional authority which necessitates review of the Court's Order of March 5, 2007.

### III.   THE NATURE OF PLAINTIFF'S COMPLAINT

The Court's Order of March 5, 2007 describes Plaintiff's action as a "…damages action against the Internal Revenue Service ("IRS") for alleged violations of Mr. Buaiz's

rights in connection with "collection activity" under 26 U.S.C. § 7433." With all due respect to the Court, Plaintiff must assert the aforesaid description of the Plaintiff's Amended Complaint does not reflect the true nature of Plaintiff's action.

Plaintiff is suing for damages resulting from the actions of defendant's agency, the Internal Revenue Service, and its agents under 26 U.S.C. § 7433. As such, the UNITED STATES is properly named as defendant. Plainly, the captions on all papers submitted by the Plaintiff clearly name UNITED STATES as defendant; nowhere has Plaintiff applied "et al" as a suffix after identifying the defendant. Further, the Internal Revenue Service, or "IRS" is not named as defendant or co-defendant anywhere within the papers submitted by this Plaintiff. Nor could it be. The IRS is not a party to the instant action as a matter of law. Title 26 § 7433 contains concise language which explicitly directs potential plaintiffs to sue the UNITED STATES for damages resulting from the actions of its agency, the IRS and, or agents thereof. Plaintiff in the instant action filed suit exactly as prescribed in the aforesaid statute. The party being sued is UNITED STATES.

As to the "…violations of Mr. Buaiz's rights…" portion of the aforesaid description; with the defendant clearly identified as UNITED STATES, and the Plaintiff suing under Title 26 § 7433, there can be no doubt the instant action is not a suit concerning violation of rights. The instant action is purely statutory (Title 26 § 7433) in nature. The amounts sought are <u>damages</u> required to make the Plaintiff whole and not of a punitive nature.

## CONCLUSION

Plaintiff respectfully asserts the Court's Order of March 5, 2007 presents controlling questions of law to which there is substantial ground for difference of opinion and that an immediate appeal might materially advance the ultimate termination of this litigation.

5

Thus, pursuant to 28 U.S.C. 1292(b), the Court should certify the following questions:

1. whether a plaintiff suing for damages under Title 26 § 7433, and whose suit is properly before the Court, is required to exhaust administrative remedies specific to allegations contained in a supplemental pleading prior to presenting said supplement to the Court?

2. whether a supplemental pleading to an existing Title 26 § 7433 damages action, presented without prior exhaustion of administrative remedies specific to said supplement's allegations, is vulnerable to a motion to dismiss for failure to exhaust administrative remedies and thus, is correctly denied by the Court as futile?

3. whether a damages action pursuant to Title 26 § 7433, with the UNITED STATES properly named as sole defendant, is correctly interpreted as an action against the Internal Revenue Service ("IRS") for violations of rights?

For the foregoing reasons, the Court should certify its Order of March 5, 2007 for immediate appeal and stay the proceedings until the Federal Circuit issues its ruling.

Date: March 15, 2007

Respectfully submitted

*Joseph A. Buaiz Jr.*
Joseph A. Buaiz Jr.

## CERTIFICATE OF SERVICE

I certify that on March 15, 2007 a true and complete copy of the foregoing Motion to Certify Order for Interlocutory Appeal and for a Stay of Proceedings, Memorandum of Law in support thereof, and Proposed Certification were served upon the following, by USPS, addressed as follows:

JOHN J. LOCURTO
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044

By: _/s/ Joseph A. Buaiz Jr._
      Joseph A. Buaiz Jr.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,

    Plaintiff,

-vs.-

UNITED STATES,

    Defendant.
_____/

Civil Action N°: **1:06-cv-01312(RMC)**
The Honorable Rosemary M. Collyer

## **CERTIFICATION**

THIS MATTER having come before the Court by motion of Plaintiff Joseph A. Buaiz Jr. for certification of the Court's Order of March 5, 2007 for immediate appeal pursuant to 28 U.S.C. 1292(b), and the Court having considered Plaintiff's memorandum of law in support of said motion, the Court hereby FINDS:

1.    The Court's Order of March 5, 2007 presents these controlling questions of law:

    a.    whether a plaintiff suing for damages under Title 26 § 7433, and whose suit is properly before the Court, is required to exhaust administrative remedies specific to allegations contained in a supplemental pleading prior to presenting said supplement to the Court?

    b.    whether a supplemental pleading to an existing Title 26 § 7433 damages action, presented without prior exhaustion of administrative remedies specific to said supplement's allegations, is vulnerable to a motion to dismiss for failure to exhaust administrative remedies and thus, is correctly denied by the Court as futile?

1

c.  whether a damages action pursuant to Title 26 § 7433, with the UNITED STATES properly named as sole defendant, is correctly interpreted as an action against the Internal Revenue Service ("IRS") for violations of rights?

2.  There are substantial grounds for difference of opinion as to whether the Court's March 5, 2007 Order correctly decided the controlling questions of law;

3.  The termination of this litigation will be advanced materially by immediate appellate review of the Court's March 5, 2007 Order.

THEREFORE, the Court hereby CERTIFIES its March 5, 2007 Order for immediate appeal to the United States Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. §1292 (b) and stays these proceedings pending the outcome of the Federal Circuit review.

_____
Hon. Rosemary M. Collyer
UNITED STATES DUSTRICT JUDGE

_____
Date

2