IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,

    Plaintiff,

-vs.-

UNITED STATES,

    Defendant.
_____/

Civil Action Nº: **1:06-cv-01312(RMC)**
The Honorable Rosemary M. Collyer

**RECEIVED**
MAR 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### NOTICE OF RELATED CASES

Plaintiff respectfully advises the Court of the following related cases:

<u>UNITED STATES v. JOSEPH A. BUAIZ JR. ET AL</u>    Civil No: 3:07-cv-00083

The United States filed the aforementioned action March 8, 2007, in United States District Court for the Eastern District of Tennessee. Said action seeks the same relief as defendant's counterclaim in the case at bar. Indeed, the only differences are superficial additions which are expressly barred by the Declaratory Judgment Act.[fnt 1] Discounting that which is so barred, defendant's parallel action involves identical parties, and seeks relief identical to that which defendant seeks in its counterclaim in the instant matter.

---

[fnt 1] The Declaratory Judgment Act, 28 USC § 2201(a), provides: In a case of actual controversy within its jurisdiction, <u>except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code</u> of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10)of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. Emphasis added.

Notably, the United States' parallel complaint, while made to appear different than defendant's counterclaim, does not implicate the exception found at 26 USC §7428 [fnt 2] and, therefore, all declaratory relief sought by the United States therein appears to be for the sole purpose of disguising said action as something other than parallel litigation.

Defendant, the United States, appears to have absconded from the view of, and indeed the rightful existing jurisdiction of, this Court in an attempt to litigate the subject matter of its counterclaim elsewhere in a parallel action.

UNITED STATES ET AL v. JOSEPH A. BUAIZ JR. Civil No: 3:07-cv-00056

The United States filed the aforementioned action, a Petition to Enforce Summons, February 15, 2007, in United State District Court for the Eastern District of Tennessee. March 5, 2007, Plaintiff herein was served an Order to Show Cause in regards to said action. The summons for which United States seeks enforcement is the same summons Counsel for the defendant submitted to this Court as defendant's Exhibit # 2.

The abovementioned cases appear to be futile, wholly without merit, and unsupported by existing law.

Date: March 22, 2007                                Respectfully submitted

                                                    *Joseph A. Buaiz Jr.* (signature)
                                                    Joseph A. Buaiz Jr.

---

[fnt 2] Section 7428 permits certain federal courts to entertain challenges to determinations by the Secretary of the Treasury as to whether an entity qualifies as a tax-exempt non-profit organization under 26 U.S.C. § 501(c)(3) or 26 U.S.C. § 170(c)(2), a private foundation pursuant to 26 U.S.C. § 509(a) or 26 U.S.C. § 4942(j)(3), or a cooperative under 26 U.S.C. § 521(b). 26 U.S.C. § 7428(a)(1).

## CERTIFICATE OF SERVICE

I certify that on March 22, 2007, a true and complete copy of the foregoing NOTICE OF RELATED CASES was served upon the following, by USPS, addressed as follows:

JOHN J. LOCURTO
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044

Joseph A. Buaiz Jr.