IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. BUAIZ JR., | ) |
|        Plaintiff, | ) |
| v. | )  No. 1:06-CV-1312 (RMC) |
| UNITED STATES, | ) |
|        Defendant. | ) |

**United States' Opposition to Plaintiff's Motion to
Certify Order for Interlocutory Appeal and for a Stay of Proceedings**

Plaintiff, Joseph A. Buaiz Jr., has moved to certify for immediate appeal the Court's March 5, 2007, order, which denied leave to supplement the amended complaint, and to stay this action while his appeal is pending.  The Court should deny the motion because Buaiz cannot satisfy the high standard for interlocutory appeal under 28 U.S.C. § 1292(b).

**Issue**

A district court may certify an interlocutory order for appeal if the order involves a controlling issue, there exists a substantial basis for disagreement, and immediate appellate review may expedite the case.  The March 5th order at issue denied Buaiz permission to add new damages claims, which the Court determined were futile based on Buaiz's failure to exhaust administrative remedies.  Does the March 5th order satisfy the standard for interlocutory appeal?

**Statement**

1. <u>Background.</u>  This is a damages action.  Buaiz filed suit on July 24, 2006, seeking redress under 26 U.S.C. § 7433 for unlawful tax collection.  On September 8, 2006, Buaiz filed an amended complaint alleging that the Internal Revenue Service's misconduct caused him substantial financial harm.  The amended complaint seeks damages exceeding $1.5 million.

The United States moved to dismiss the amended complaint on September 26, 2006.  The Court granted the motion in substantial part, dismissing 20 of the 26 counts for lack of subject matter jurisdiction.

2. <u>Motion to supplement.</u>  Buaiz moved under Fed. R. Civ. P. 15(d) to supplement his amended complaint to add new damages.  Specifically, he sought to add claims under 26 U.S.C. § 7433 based on nominee liens the Internal Revenue Service filed against third parties on or about December 11, 2006.  Buaiz did not exhaust administrative remedies before requesting leave to add these new claims.

The Court's March 5th order denied leave to supplement the amended complaint, holding that "exhaustion of administrative remedies is, at least, an element of a cause of action under § 7433 and its absence requires dismissal for failure to state a claim."  <u>Buaiz v. United States</u>, No. 1:06-CV-1312, at 2 (D.D.C. filed Mar. 5, 2007).  Because Buaiz failed to exhaust administrative remedies, his new damages claims would be subject to dismissal and, thus, were futile.

3. <u>Motion to certify and stay.</u> Buaiz moves under 28 U.S.C. § 1292(b) to certify the March 5th order for immediate appeal and to stay this action while the appeal is pending. He argues that the Court incorrectly applied section 7433's exhaustion requirement and misconstrued the nature of this lawsuit.

## Argument

The federal court system is a final judgment system. 28 U.S.C. § 1291. Interlocutory appeals are "rarely allowed," <u>First American Corp. v. Al-Nahyan</u>, 948 F. Supp. 1107, 1116 (D.D.C. 1996), and are reserved for "truly exceptional cases," <u>Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group</u>, 233 F. Supp. 2d 16, 20 (D.D.C. 2002). A district court may certify an order for interlocutory review if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal may materially advance the ultimate termination of the litigation . . ." 28 U.S.C. § 1292(b). The moving party bears the heavy burden of showing that interlocutory appeal is warranted. <u>Judicial Watch</u>, F. Supp. 2d at 20; <u>First American</u>, 948 F. Supp. at 1116.

An order denying leave to supplement a pleading under Fed. R. Civ. P. 15(d) is interlocutory. Cf. <u>Agretti v. ANR Freight System, Inc.</u>, 982 F.2d 242, 248 (7th Cir. 1992) (order denying leave to amend is not immediately appealable as a final judgment). Therefore, to obtain immediate appellate review of the Court's March 5th order, Buaiz must satisfy section 1292(b).

Buaiz's motion fails because there is no "substantial ground for difference of opinion" with respect to the Court's March 5th order. Exhaustion is a mandatory predicate to any damages claim for unlawful collection activity. See 26 U.S.C. § 7433(d)(1). Whether or not exhaustion is jurisdictional or an element of a section 7433 claim, the consequence of failing to exhaust is dismissal. See Turner v. United States, 429 F. Supp. 2d 149, 155 (D.D.C. 2006); Davis v. United States, Civ. A. No. 05-247 (RMC), 2006 WL 2687018, at *6 (D.D.C. Sept. 19, 2006); Holt v. Davidson, 441 F. Supp. 2d 92, 96 (D.D.C. 2006); Glass v. United States, 424 F. Supp. 2d 224, 228 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125, 128 (D.D.C. 2004); see also Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1993). The Court correctly determined that failure to exhaust rendered Buaiz's new claims subject to dismissal and properly denied the motion to supplement as futile.

Buaiz's disagreement with the March 5th order does not justify immediate appellate review. "Mere disagreement, even if vehement, with a court's ruling on a motion . . . does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for interlocutory appeal." First American, 948 F. Supp. at 1116.

Buaiz attempts to create a novel legal issue requiring certification by arguing that there is no authority for requiring a plaintiff to "re-exhaust" administrative remedies before amending or supplementing a complaint. (Mot. to Certify at 2, 4.) This argument misconstrues the March 5th order. The Court did not require "re-

exhaustion," but held that Buaiz could not under the guise of "supplementation" add new damages claims he never presented to the Internal Revenue Service. Thus, the March 5th order merely upheld section 7433's plain exhaustion requirement, and did not impose a new re-exhaustion obligation. Moreover, the supposed absence of "authority pertaining to re-exhaustion prior to supplementation" (Mot. to Certify at 4), is immaterial. A lack of decisional authority, standing alone, does not establish a "substantial ground for difference of opinion" under section 1292(b). See First American, 948 F. Supp. at 1117.

Buaiz also contends that the Court mischaracterized this lawsuit by stating in the March 5th order that "[t]his case is a damages action against the Internal Revenue Service for alleged violations of Mr. Buaiz's rights in connection with 'collection activity' under 26 U.S.C. § 7433." Buaiz, No. 1:06-CV-1312 at 1. This assertion – even if true – does not involve a controlling issue of law, the resolution of which will materially advance the termination of this action. Equally as important, when read in context, the meaning of the quoted language becomes clear: that this is an action against the United States based on the Internal Revenue Service's conduct in connection with the collection of Buaiz's outstanding tax debts. Id. (observing that Court dismissed the majority of the amended complaint because the United States had not waived sovereign immunity to damages claims unrelated to collection activity). Irrespective of how one interprets the

quoted language, the issue Buaiz attempts to raise does not warrant certification under section 1292(b).[1]

## Conclusion

The United States respectfully submits that Buaiz's motion should be denied in its entirety.

Dated:  March 28, 2007

                                            Respectfully submitted,

                                            /s/ John J. LoCurto  
                                            JOHN J. LOCURTO  
                                            Trial Attorney, Tax Division  
                                            U.S. Department of Justice  
                                            P.O. Box 227, Ben Franklin Station  
                                            Washington, D.C.  20044  
                                            Telephone: (202) 307-2793  
                                            Facsimile:  (202) 514-6866  
                                            john.j.locurto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR  
United States Attorney  
Judiciary Center Building  
555 4th Street, NW  
Washington, DC  20530

---

[1] Because Buaiz has not justified certification of the March 5th order for interlocutory review, his request for a stay of this action should also be denied.

**Certificate of Service**

I certify that, on March 28, 2007, I electronically filed the United States' opposition, and caused a copy to be served via regular mail, postage prepaid, on plaintiff as follows:

Joseph A. Buaiz, Jr., <u>Pro Se</u>
1783 Rocky Springs Rd.
Bean Station, TN 37708

/s/ John J. LoCurto
JOHN J. LoCURTO