UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. BUAIZ, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-1312 (RMC) |

### MEMORANDUM OPINION

Before the Court is Plaintiff Joseph A. Buaiz's Motion for Preliminary Injunction. Mr. Buaiz seeks an injunction preventing the Internal Revenue Service from collecting unpaid taxes that Mr. Buaiz allegedly owes. Because the Anti-Injunction Act, 26 U.S.C. § 7421, deprives the Court of jurisdiction to grant the requested relief, the Court will deny Mr. Buaiz's motion.

### I.  BACKGROUND

A full explanation of the factual background of this case is not necessary here. The curious reader is directed to this Court's prior opinion and order on Defendant's motion to dismiss. *See Buaiz v. United States*, No. 06-1312, 2007 WL 163203, at *1 - *3 (D.D.C. Jan. 24, 2007). In sum, Mr. Buaiz is pursuing claims against the United States under 26 U.S.C. § 7433 based on alleged misconduct in connection with the collection of income taxes. The United States has filed a counterclaim seeking to reduce to judgment Mr. Buaiz's unpaid tax liabilities and frivolous-filing penalties that the IRS has assessed against him. On February 8, 2007, Mr. Buaiz filed for a preliminary injunction seeking to prevent Defendant from collecting alleged unpaid taxes. That motion has been fully briefed and is now ripe for decision.

## II. ANALYSIS

There are four factors that a court must consider in deciding whether to issue a preliminary injunction: (1) whether there is a substantial likelihood plaintiff will succeed on the merits; (2) whether plaintiff will be irreparably injured if an injunction is not granted; (3) whether an injunction will substantially injure the other party; and (4) whether the public interest will be furthered by the injunction. *See Serono Labs. Inc. v. Shalala*, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998). A preliminary injunction is "an extraordinary remedy that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004).

Here, the Court need not consider the foregoing factors because it lacks jurisdiction to grant the preliminary injunction that Mr. Buaiz seeks. The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a); *see also Hibbs v. Winn*, 542 U.S. 88, 102-03 (2004). The Act serves two purposes: "It responds to the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference; and it require[s] that the legal right to the disputed sums be determined in a suit for refund." *Hibbs*, 542 U.S. at 103 (citations and internal quotations deleted). A district court "must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Anti-Injunction Act." *Gardner v. United States*, 211 F.3d 1305, 1311 (D.C. Cir. 2000).

Mr. Buaiz argues that his present motion for preliminary injunction falls within a judicially created exception to the Act that was first announced by the United States Supreme Court

in *Enochs v. Williams Packing & Navigation Co., Inc.*, 370 U.S. 1, 5, (1962). Under the *Williams Packing* exception, the Anti-Injunction Act does not apply when "it is clear that under no circumstances could the Government ultimately prevail, . . . and . . . equity jurisdiction otherwise exists." *Id.* at 7; *see also Nat'l Taxpayers Union v. United States*, 68 F.3d 1428, 1436 (D.C. Cir. 1995) (quoting *Younger v. Harris*, 401 U.S. 37, 43-44 (1971) ("The basic doctrine of equity jurisprudence [is] that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.")).

The Court need not consider whether Defendant is likely to prevail in its efforts to recover back taxes from Mr. Buaiz because it is clear that Mr. Buaiz has an adequate remedy at law: to wit, a suit for refund under 26 U.S.C. § 7422. *See, e.g.*, *Church of Scientology of Cal. v. United States*, 920 F.2d 1481, 1489 (9th Cir. 1990) ("The courts have repeatedly held that the opportunity to sue for a refund is an adequate remedy at law which bars the granting of an injunction."). Indeed, Mr. Buaiz makes no attempt to demonstrate that paying the tax assessments and then suing for a refund would cause him irreparable injury. As a result, the *Williams Packing* exception does not apply, and the Anti-Injunction Act bars the relief that Mr. Buaiz seeks through this motion.

### III. CONCLUSION

For the foregoing reasons, Mr. Buaiz's Motion for Preliminary Injunction will be denied. A memorializing order accompanies this Memorandum Opinion.

Date: March 30 , 2007                             /s/
                                    ROSEMARY M. COLLYER
                                    United States District Judge