## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. BUAIZ JR.,    )<br>    )<br>    Plaintiff,    )<br>    )<br>v.    )    No. 1:06-CV-1312 (RMC)<br>    )<br>UNITED STATES,    )<br>    )<br>    Defendant.    ) | |

**United States' Motion to Dismiss and Strike Under Fed. R. Civ. P. 37(d)**

Joseph A. Buaiz Jr. did not appear for his deposition. The United States moves under Fed. R. Civ. P. 37(d) to dismiss Buaiz's amended complaint (doc. no. 3) and to strike his answer to the United States' counterclaim (doc. no. 21), and submits in support of the motion a memorandum of law, certification of John J. LoCurto, and proposed order.

Date: July 23, 2007                                  Respectfully submitted,

                                                                        /s/ John J. LoCurto
                                                                        JOHN J. LoCURTO
                                                                        Trial Attorney, Tax Division
                                                                        U.S. Department of Justice
                                                                        P.O. Box 227, Ben Franklin Station
                                                                        Washington, D.C. 20044
                                                                        Telephone: (202) 307-2793
                                                                        Facsimile: (202) 514-6866
                                                                        Email: john.j.locurto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney
555 4th Street, NW
Washington, DC 20530

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH A. BUAIZ JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-CV-1312 (RMC) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**United States' Memorandum of Law in Support of Its
Motion to Dismiss and Strike Under Fed. R. Civ. P. 37(d)**

The United States seeks an order dismissing plaintiff Joseph A. Buaiz's amended complaint and striking his answer to the United States' counterclaim for failure to appear for his deposition.

**Facts**

On June 13, 2007, the United States noticed Buaiz's deposition. (LoCurto Cert. ¶ 2, ex. 1.) The deposition was set for July 20, 2007, at 9:00 a.m., in Washington, D.C. (Id.)

On July 6, 2007, counsel for the United States sent a letter to Buaiz to, among other things, remind him of his scheduled deposition. (Id. ¶ 3, ex. 2.)

On July 13, 2007, counsel for the United States sent a second letter to Buaiz about his deposition. (Id. ¶ 4, ex. 3.) The letter invited Buaiz to contact counsel by telephone to discuss deposition logistics. (Id.)

On July 19, 2007, counsel for the United States called Buaiz to confirm that he would attend his deposition on July 20th. (Id. ¶ 5.) Buaiz returned the call and

- 2 -

informed counsel that he would not attend. (Id.) Buaiz represented that he does not have enough funds "to cross the street," and will not appear in Washington, D.C. to be deposed. (Id.) Buaiz indicated that he had sent a letter concerning his deposition, but as of the close of business on July 20, 2007, counsel had not received any such correspondence. (Id. ¶ 6.)

### Argument

Fed. R. Civ. P. 37 applies when a party fails to cooperate in discovery. The rule specifically authorizes sanctions when a party fails to attend his own properly noticed deposition. Fed. R. Civ. P. 37(d). Appropriate sanctions include "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Id. (b)(2)(C).

When deciding whether to strike a pleading or dismiss an action under rule 37, the Court should consider: (1) the effect of the plaintiff's non-compliance on the Court's docket; (2) the prejudice to the defendant; and (3) whether a deterrent sanction is needed to safeguard the integrity of the judicial system. See Bristol Petroleum Corp. v. Harris, 901 F.2d 165, 167 (D.C. Cir. 1990); Webb v. District of Columbia, 189 F.R.D. 180, 187 (D.D.C. 1999); Green v. District of Columbia, 134 F.R.D. 1, 3 (D.D.C. 1991).

- *Effect of Buaiz's non-compliance on the Court's docket*. Buaiz chose to bring suit in the District of Columbia, even though he resides in Tennessee. He affirmatively availed himself of this forum, and has filed numerous pleadings and motions with the

Court. He requested, and the United States agreed to, a period of nearly six months for discovery. In short, he has invoked this Court's authority and has taken advantage of every privilege of litigating in this forum. As a result, the Court has devoted time and effort to managing this litigation and to adjudicating the issues, all to the detriment of its other pending cases. Yet, despite all this, Buaiz will not appear in the District of Columbia to be examined. (LoCurto Cert. ¶ 5.)

Buaiz's refusal to appear is unjustified, and has already resulted in delay and additional motion practice.[1] Given that Buaiz will not appear in the District of Columbia for his deposition – or, presumably, for hearings, pre-trial proceedings, and trial – there is no end to this delay in sight. This case will continue to clog the Court's docket for as long as it remains pending, taking time and resources away from the Court's other business.

- *Prejudice to the United States.* Buaiz chose to bring suit in this Court, and that choice has consequences. One consequence is that he must appear here for a deposition. "As a normal rule plaintiff will be required to make himself or herself available for examination in the district in which suit was brought." 8A Wright, Miller & Marcus, Federal Practice & Procedure § 2112 (2007); see also Societe Internationale Pour Participations Industrielles et Commerciales S.A. v. Clark, 8 F.R.D. 565, 566

---

[1] In accordance with Fed. R. Civ. P. 26 and L. Civ. R. 7, the parties conferred on July 19th concerning Buaiz's deposition, but did not resolve their differences. (LoCurto Cert. ¶ 5.)

(D.D.C. 1948) (requiring depositions of agents of Swiss plaintiff to be conducted in D.C. where case was pending, not Switzerland where agents were located).

The United States issued a proper deposition notice under Fed. R. Civ. P. 30 for Buaiz's deposition in the District of Columbia, and reminded Buaiz of the deposition on two subsequent occasions. (LoCurto Cert. ¶¶ 2-4, exs. 1-3.) Buaiz did not move the Court for a protective order – as he was obliged to do if he wanted relief from the duty to appear. See Fed. R. Civ. P. 26(c)(2); 8A Wright, Miller & Marcus, Federal Practice & Procedure § 2112. As a result, the United States incurred tangible prejudice because counsel devoted time and effort to preparing and making arrangements for a deposition that Buaiz knew was not going to occur. But for the fact that counsel called Buaiz on July 19, 2007, to confirm his attendance at the deposition, the United States would also have incurred needless costs for the attendance of the court reporter and videographer.[2] Although Buaiz claims he sent a letter to the United States about the deposition, counsel had not received any such correspondence as of the close of business on July 20, 2007. (Id.)

More significantly, Buaiz is a central witness in this case, and his testimony is essential to identifying the alleged collection activity at issue, the damages he supposedly suffered, and whether he mitigated his injury. Thus, Buaiz's failure to

---

[2]The United States does not seek monetary sanctions against Buaiz at this time, although such sanctions are available under Fed. R. Civ. P. 30(g).

appear for his deposition has prejudiced and will continue to prejudice the United States's substantive case preparation.

The United States should not be required to suffer additional prejudice either by having to travel to Tennessee to take Buaiz's deposition or by taking the deposition over the telephone. One of the key issues in this case is Buaiz's refusal to pay or even acknowledge his tax debts. Requiring the United States to incur the extra cost of traveling to Tennessee for a deposition, while at the same time Buaiz refuses to pay his due, would be inappropriate. A telephonic deposition would also be insufficient. Because Buaiz filed criminal complaints against many of the individuals involved in his case, including counsel, it is essential that his deposition be videotaped to ensure that there are no disputes as to what actually occurs. In addition, this case involves a fair number of documents. Reviewing those materials via a telephone deposition would be cumbersome and ineffective, particularly because Buaiz is pro se.

- *Deterrence and integrity of the judicial system.* Although striking a pleading and dismissal are stern sanctions, they are effective responses that redress a party's prejudicial discovery conduct and "deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976). The D.C. Circuit has recognized that deterrent sanctions may be necessary to protect the judicial system's integrity. See Bristol, 901 F.2d at 167.

Deterrence is a critical interest in this case. Buaiz's lawsuit is part of a long line of substantially similar actions filed in this Court by individuals from around the country seeking damages for alleged unlawful tax collection activity.[3] These cases bog down the Court, and most have been dismissed at the pleading stage. Buaiz's case is the first to enter discovery, and it is important that an unequivocal message be sent: pro se parties who opt to litigate in this forum must comply with all discovery rules, and failure to comply will have consequences. Allowing Buaiz's failure to appear for his deposition to go unredressed would not only disrupt this case and prejudice the United States, but it would also set an unworkable precedent for the scores of similar damages actions pending in this Court. Other litigants, who have made allegations akin to Buaiz's, will undoubtedly invoke Buaiz's example as justification for refusing to travel to this district, avoiding their depositions, failing to provide discovery, and avoiding sanctions. Holding Buaiz accountable, in marked contrast, will achieve the correct result in this case and will give appropriate notice to those who would invoke this Court's authority and yet flout its rules.

---

[3] See, e.g., Davis v. United States, Civ. A. No. 05-2474 (RMC), 2006 WL 2687018 (D.D.C. Sept. 19, 2006); Lendway v. United States, Civ. A. No. 05-1963, 2006 WL 2460720 (RMC) (D.D.C. Aug. 23, 2006); Holt v. Davidson, Civ. A. No. 1:05-1692 (RMU), 441 F. Supp. 2d 92, 96 (D.D.C. 2006).

**Conclusion**

Pursuant to Fed. R. Civ. P. 37(d), the United States respectfully requests that the Court dismiss Buaiz's complaint and strike his answer to the United States' counterclaim for failure to appear for his deposition.

Date: July 23, 2007                                         Respectfully submitted,

                                                            /s/ John J. LoCurto
                                                            JOHN J. LoCURTO
                                                            Trial Attorney, Tax Division
                                                            U.S. Department of Justice
                                                            P.O. Box 227, Ben Franklin Station
                                                            Washington, D.C.  20044
                                                            Telephone: (202) 307-2793
                                                            Facsimile:  (202) 514-6866
                                                            Email: john.j.locurto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney
555 4th Street, NW
Washington, DC  20530

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSEPH A. BUAIZ JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:06-CV-1312 (RMC) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**Certificate of Service**

I certify that, on June 23, 2007, I electronically filed the United States' motion to dismiss and strike under Fed. R. Civ. P. 37(d) along with all supporting materials, and caused copies thereof of be served via Federal Express as follows:

> Joseph A. Buaiz Jr., Pro Se
> 1783 Rocky Springs Road
> Bean Station, TN 37708

/s/ John J. LoCurto
JOHN J. LoCURTO