UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. BUAIZ JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) No. 1:06-CV-1312 (RMC) <br> ) <br> ) <br> ) <br> ) |

To: Joseph A. Buaiz Jr.
1783 Rocky Springs Road
Bean Station, TN 37708

### Deposition Notice

Pursuant to Fed. R. Civ. P. 30, the United States will take the deposition of plaintiff pro se, Joseph A. Buaiz Jr., upon oral examination before a person authorized to administer oaths on July 20, 2007, at 9:00 a.m., at the United States Department of Justice, Tax Division, 555 4th Street, N.W., Judiciary Center Building, Room 6630, Washington, D.C. 20001. The deposition will be recorded by stenographic means and videotape. Pursuant to Fed. R. Civ. P. 30(a)(5) and 34, plaintiff shall produce the documents requested in the attached schedule prior to his deposition.

Date: June 13, 2007

/s/ John J. LoCurto
JOHN J. LoCURTO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-2793
Facsimile:  (202) 514-6866



EXHIBIT

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney
Judiciary Center Building
555 4th Street, NW
Washington, DC 20530

## Certificate of Service

I certify that, on June 13, 2007, I caused the notice of Joseph A. Buaiz Jr.'s deposition and attached document request to be served via Federal Express as follows:

Joseph A. Buaiz Jr., Pro Se
1783 Rocky Springs Road
Bean Station, TN 37708

/s/ John J. LoCurto
JOHN J. LoCURTO

## Schedule of Documents Requested from
## Joseph A. Buaiz Jr., Plaintiff Pro Se

### Instructions

1. In responding to these requests, plaintiff shall produce all responsive documents in his possession, custody, or control, including, without limitation, information that is available to plaintiff, his agents, representatives, and nominees, accountants, attorneys, and other professionals and fiduciaries, or any other source from which such information may be reasonably obtained.

2. The United States seeks production of documents in their entirety, without abbreviation or redaction, including all attachments, exhibits, lists, schedules, enclosures, or other materials at any time annexed to any responsive documents.

3. If plaintiff cannot reasonably obtain documents responsive to these requests, he shall:

    a. state the reason that he cannot obtain such documents;

    b. describe the efforts he made to secure the requested documents;

    c. identify any person or entity who may possess the requested documents or the location where such documents may be found.

4. If plaintiff objects to a request for production, he shall state the objection in detail. If plaintiff objects only to a part of a request, plaintiff shall state the objection and produce documents responsive to the non-objectionable part of the request.

5. If documents responsive to these requests have been lost, destroyed, or otherwise disposed of, provide the following information for each such document:

    a.    a detailed description of the document and its contents, including, without limitation, the document's date of creation, originator, recipients, and subject;

    b.    a description of the facts surrounding the document's loss, destruction or other disposition; and

    c.    the name, address, and telephone number of any person who may be familiar with the document and who is capable of providing competent secondary evidence of its contents.

6.    These requests are continuing, and plaintiff shall supplement his responses and production at reasonable intervals.

## Definitions

1.    The term "document" shall have the broadest possible meaning permitted by the Fed. R. Civ. P., and shall include, but not be limited to, all originals, copies, and drafts of the following items, whether written or produced by hand; or printed, written, produced, recorded, or reproduced by any mechanical process; or electronically or magnetically recorded or stored; or recorded upon any tangible thing; or stored in any retrievable format by any means of communication, representation, or data retention not described in this paragraph: agreements; draft agreements; contracts; draft contracts; correspondence; memoranda; summaries or records of personal conversations, interviews or statements; diaries; desk calendars; graphs; reports; computer tapes; computer disks; computer files; computer printouts; summaries or

records of any meetings; conferences; summaries or records of investigations or audits; summaries of any negotiations; opinions of consultants; photographs; motion picture films; video tapes; magnetic tapes; audio cassettes; microfilm; microfiche; compact disks; digital video disks; brochures; pamphlets; advertisements; circulars; press releases; drafts; checks; letters; electronic mail; telegrams; cables; telexes; facsimiles; telecopies; judicial records; maps; financial statements; drafted financial statements; trial balances; general ledgers; subsidiary ledgers; financial journals; worksheets; work papers; receipts; invoices; registers; registrations; filings; statements; bank statements; brokerage statements; insurance policies; credit reports; appraisals; confirmations; surveys; budgets; forecasts; tax returns; blueprints; diagrams; specifications; licenses; and all other forms of media involving the transmission, representation, communication, or storage of information, including writings that constitute a translation into any language other than the language in which the original exists.

2. Different versions of a document, including but not limited to drafts, revisions, or versions with notes or marks not found on the original or on other copies, shall be considered distinct documents that must be produced.

3. The term "communication" includes, without limitation, the transmission of all written, electronic, or verbal discussions, correspondence, statements, conversations, ideas, memoranda, notations, letters, notices, and documents.

4. A document or communication "relating to," "related to," or that "relates to" a subject shall mean any document or communication that constitutes, contains,

embodies, evidences, reflects, supports, undermines, negates, contradicts, concerns, identifies, states, refers to, regards, records, deal with, describes, or in any way pertains to that subject.

5.  The term "person" shall include natural persons, partnerships, joint ventures, firms, associations, proprietorships, corporations, or other such entities, along with their subsidiaries and divisions, and the individuals members, employees, and agents thereof.

6.  The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these interrogatories information that might otherwise be construed to be outside their scope.

7.  The term "each" shall be construed to include the word "every," and the term "every" shall be construed to include the word "each," as necessary to bring within the scope of these interrogatories information that might otherwise be construed to be outside their scope.

8.  The term "any" shall be construed to include the word "all," and the term "all" shall be construed to include the word "any," as necessary to bring within the scope of these interrogatories information that might otherwise be construed to be outside their scope.

9.  The singular form of a word shall include the plural of that word, and the plural shall include the singular, as necessary to bring within the scope of these interrogatories information that might otherwise be construed to be outside their scope.

10. The masculine form of a word shall include the feminine form of that word, and the feminine shall include the masculine, as necessary to bring within the scope of these interrogatories information that might otherwise be construed to be outside their scope.

### Requests

1. All documents related to counts 6, 11, 14, 15, 16, and 18 of Buaiz's amended complaint.

2. All documents related to the alleged tax collection activity challenged in the amended complaint.

3. All documents related to Buaiz's purported exhaustion of administrative remedies pursuant to 26 U.S.C. § 7433(d)(1).

4. All documents related to Buaiz's mitigation of damages pursuant to 26 U.S.C. § 7433(d)(2).

5. All documents related to Buaiz's alleged damages, including, without limitation, documents related to:

   a. the $530,282.00 direct pecuniary injury alleged in the amended complaint;

   b. the $32,387.00 direct pecuniary injury alleged in the amended complaint;

   c. the $1,000,000.00 direct pecuniary injury and loss of a professional tradesman certification alleged in the amended complaint.

6. All documents related to income of any kind that Buaiz received during 1993 and 1994, including, without limitation:

   a. cash, checks, deposit records, bank records, forms W-2 and 1099, federal and state income tax returns, and records of any other money, goods, services, and intangibles received during the specified years; and

   b. documents reflecting income of any kind that third parties received on Buaiz's behalf or for his benefit, including, without limitation, Bonnie Buaiz, Merl Alan Crumpley, and the Golden Light Ministry.

7. All documents related to the form 1041 trust returns Buaiz filed from 1989 through 1994.

8. All documents related to the civil penalties imposed on Buaiz from 1989 through 1994.

9. All communications between Buaiz and the Internal Revenue Service related to Buaiz's 1993 and 1994 federal income tax liabilities and Buaiz's civil penalty liabilities from 1989 through 1994.

10. All documents, if any, identified in Buaiz's initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

11. All documents, if any, identified in response to the United States' first set of interrogatories.

12. All documents Buaiz intends to introduce at trial.