IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,
    Plaintiff,

-vs.-

Civil Action N°: **1:06-CV-01312(RMC)**
Hon. Rosemary M. Collyer

UNITED STATES,

    Defendant.
_____/

## ANSWER TO MOTION TO DISMISS AND STRIKE

Plaintiff hereby requests that the Court deny the United States' motion to dismiss and strike for the following reasons:

**RECEIVED**
AUG - 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

I. COMPLIANCE

    Plaintiff has timely and completely complied with all discovery presented by defendant thus far except for the deposition defendant had scheduled for July 20, 2007, which Plaintiff was unable to attend due to financial hardship.

    Plaintiff has shown good faith by timely complying with defendant's interrogatories and requests for production. However, despite my best efforts to accommodate Counsel with regard to his proposed deposition, I was unable to travel to Washington D.C. on July 20, 2007. Clearly, such a trip of more than four hundred and fifty miles would entail overnight accommodations as well as the expenses of travel itself. Counsel for the defendant, John J. LoCurto, is fully aware of the fact that economic circumstances have made such travel unaffordable to me at this time.

Buaiz v UNITED STATES      1      Answer to Dkt. # 33

## II. COMMUNICATING WITH COUNSEL ON HIS TERMS

It is established on the record at Docket # 30-1, (Cert pg 2 at # 5) by way of Mr. LoCurto's Certification of June 4, 2007, that Mr. LoCurto refused to contact me by telephone. Aware of Counsel's previously asserted refusal to engage in telephone contact with me, I refrained from calling him. Instead, I used Express (overnight) Mail to send a letter communicating my situation. This letter, <u>Exhibit A</u>, was mailed on July 18, 2007.

As evidenced by <u>Exhibit B</u>, Counsel provided a dysfunctional address for overnight delivery. Taken together, <u>Exhibit A</u> and <u>Exhibit B</u> prove that my letter of July 18, 2007 was addressed exactly as Counsel had instructed, but required forwarding nevertheless. Indeed, Counsel has, on numerous occasions, specifically instructed me to use 555 4th Street N.W. Room 6611, Washington, D.C., 20001 for overnight mailings.

## III. COUNSEL'S CERTIFICATION IS UNTRUE

Despite the aforementioned forwarding, <u>Exhibit B</u> proves that my letter of July 18, 2007 was delivered at 5:13 A.M. on July 20, 2007 – well before the start of the business day. Mr. LoCurto's certification contains a false statement attesting that he had not received said letter by the close of business on July 20, 2007. Notably, Mr. LoCurto rendered the aforementioned patently false statement under penalty of perjury.

Postal records prove conclusively that Mr. Locurto lied to this Court by certifying under penalty of perjury that he "…had not received any such correspondence as of the close of business on July 20, 2007." (Cert, Dkt. # 33-2 at 6) Plaintiff respectfully asserts that Mr. LoCurto's Certification dated July 23, 2007 (Dkt # 33-2) cannot be considered as lawful, admissible support for his overreaching motion because said certification carries patently false attestations made under penalty of perjury.

Certainly, such false statements made under penalty of perjury amount to a fraud upon the Court when submitted in putative support of a motion. Further, an injustice would result if Mr. LoCurto were to go unchecked in his effort to support his motion by way of mendacious statements bordering on outright perjury.

IV.   TELEPHONE CONTACT ON JULY 19, 2007

As mentioned in section "II" above, it is established on the record by way of Mr. LoCurto's Certification of June 4, 2007, that Mr. LoCurto refused to contact me by telephone. Mr. LoCurto has also refused to return my phone calls.

However, in a manner contrary to his prior position, Mr. LoCurto telephoned me on July 19, 2007. I missed his call, but called back within less than a minute. The tone of the conversation that ensued was cordial and polite at all times.

I explained to Mr. LoCurto that my inability to travel to Washington D.C. was purely a matter of financial hardship, and not a matter of refusal. Further, in a continued effort to accommodate Counsel, I offered to accept Mr. LoCurto's implied rescheduling, to appear for deposition in Tennessee, or, alternatively, to be deposed telephonically.

Mr. LoCurto refused to conduct the deposition in Tennessee despite my overt and forthright assertions of financial hardship. My offer to be deposed telephonically was also refused without consideration. However, Mr. LoCurto did (mis) lead me to believe that he would not seek sanctions of any kind, and that he would reschedule the deposition.

Mr. LoCurto went into considerable detail explaining that he would not accept anything less than a face to face deposition. Mr. LoCurto's demand is in sharp contrast to his previously asserted position of refusing even telephone contact.

The record shows that Mr. LoCurto has contradicted himself regarding his position of not allowing telephone contact, in favor of his new position in which suddenly telephone contact is inconsequential and a face to face deposition is imperative.

Upon information and belief, Mr. LoCurto's previously established position of "no telephone contact" was a sham employed to deprive me of the opportunities which a scheduling conference would have made available to me.

V.   PLAINTIFF HAS BEEN PREJUDICED BY MR. LOCURTO'S ACTIONS

Plaintiff has been seriously prejudiced by Mr. LoCurto's unstable and misleading behavior. Indeed, as explained in my letter dated July 2, 2007, Exhibit C, in which I urge Mr. LoCurto to obey the Court's Scheduling Order; I was accommodating Mr. LoCurto with respect to his "no telephone contact policy". Operating within these constraints, I was substantially hindered but still accommodated Mr. LoCurto by allowing him extra time to submit his initial disclosures.

Then, on July 19, 2007, on the eve of his proposed deposition, Mr. LoCurto essentially admitted that his previously asserted "no telephone contact policy" was a ruse. That Counsel's putative inability to confer via telephone is now shown to be a ruse proves that I was wrongly deprived of the stipulations and other streamlining measures that a scheduling conference would have afforded me. Therefore, the record plainly shows that I have been prejudiced in my discovery by Mr. LoCurto's deceptive and unpredictable on again- off again "no telephone contact policy".

Mr. LoCurto feigned a condition which he previously alleged prevented him from engaging in telephone calls with me. However, with my opportunity for a scheduling conference now unavailable, Mr. LoCurto no longer suffers from his feigned condition.

Mr. LoCurto has proven that he was not prevented from telephone contact because of the criminal complaint as he falsely alleged in his Certification of June 4, 2007. Said criminal complaint, purportedly so heinous a thing on June 4, 2007 that Mr. LoCurto could not bring himself to even talk to me by phone, is now being used by Mr. LoCurto as the primary reason behind his demand that deposition be a face to face encounter.

That the criminal report/complaint which was once his excuse for refusing to contact me has now putatively become Mr. LoCurto's primary reason for a face to face deposition is clear evidence that Mr. LoCurto intends to manipulate procedure through deceit. Mr. LoCurto has used the existence of the aforementioned criminal complaint as both a reason to avoid contact (scheduling conference) and as his best reason to demand contact. The Court should decline Mr. LoCurto's invitation to (mis) treat the factor presented by the criminal complaint as something that alternates to accommodate Counsel's needs on a moment by moment ("now it's a shield" – "now it's a tool") basis.

## VI. THE HEIGHTENED STANDARD MR. LOCURTO SEEKS

In attempting to move for dismissal of my Amended Complaint and for the striking of my answer to the defendant's counterclaim, Mr. LoCurto essentially asks that the Court impose the highest possible standard of procedural compliance on this Pro se litigant. This tactic, taken together with his admission that he would like to use the Court as a form of media to proclaim to other Pro se litigants that they too will be held to the highest possible procedural standard, is an absurdity.

Specifically, Counsel's makes the statement that "…it is important that an unequivocal message be sent:" (Dkt 33 pg 7 ¶ 1), referring to the "message" that <u>Pro se litigants will be held to the aforementioned highest possible procedural standard</u>.

Plaintiff respectfully contends that the measures Mr. LoCurto seeks are far outside the standards commonly imposed upon even those who are represented by counsel.

Moreover, the drastic measures Counsel requests would, essentially, amount to dismissal with prejudice in the instant matter. Due to the statute of limitations, Plaintiff would be barred from bringing his claims in a future suit.

It is well established that the Court's inherent power to dismiss should be used "only when there is a record of delay [or] contumacious conduct . . ." *Dotson v. Bravo*, 321 F.3d 663, 666 (7th Cir.2003). This is a drastic punishment to impose upon a Pro se litigant in the absence of contumacious disobedience, bad faith, or intentional delay.

Indeed, despite Counsel's accusations, the Exhibits attached hereto prove that I accommodated Mr. LoCurto to the fullest extent that my present financial situation and Mr. LoCurto's underhanded on again - off again "no telephone contact" policy allowed. Said Exhibits prove that I asserted a financial hardship "inability" to attend the subject deposition. There is no evidence of the "refusal" Mr. LoCurto accuses me of. The fact that Mr. LoCurto admits knowledge of my current financial hardship weighs heavily against his attempt to move this Court to dismiss the Amended Complaint.

Default judgments are last resort sanctions for disobedience of discovery orders. In deciding whether to impose the drastic sanction of dismissal against a plaintiff, or entering a judgment against a defendant, the [C]ourt should consider: (1) evidence of willfulness or bad faith, (2) prejudice to the adversary, (3) whether the violating party had notice of the potential sanction, and (4) whether less drastic sanctions have been imposed or ordered. *Nemir v. Mitsubishi Motors Corp.*, 228 F.R.D. 573 (E.D. Mich., 2005)

In the instant matter, none of the four points addressed in *Nemir* favor dismissing the complaint, as follows: (1) there is no evidence of bad faith. Indeed, Counsel admits

knowledge that my *inability* to appear was a matter of financial hardship. (Mot. pg 3 ¶ 1), (2) although Counsel claims to have been prejudiced, such is not the case. Counsel was forewarned that I would be "unable" to attend. Further, with such a forewarning, and with the deposition scheduled in his office building, Counsel was not subjected to any burden. (3) Plaintiff had no notice whatsoever that Counsel would attempt to move the Court to dismiss the instant matter. Counsel misled me to believe he would be rescheduling his proposed deposition. (4) Point # 4 touches on whether less drastic measures have been imposed or ordered and is, therefore, inapplicable to the instant matter. However, the inapplicability of point # 4 is solely because Counsel submitted an overreaching motion to dismiss rather than attempt or even consider any other measures to resolve the issue.

Not only is Counsel moving for dismissal in the absolute absence of any showing of bad faith, intentional delay, or contumacious disobedience, he openly admits refusal to consider alternative methods of deposition despite his admitted knowledge of my present financial hardship. The record shows that Counsel is proceeding without any history of having attempted, or even considered, other measures to resolve the issue.

VII.   COUNSEL'S VENUE ARGUMENT

Counsel attempts to create an issue where none exists by arguing that the Plaintiff "somehow" had a choice as to the venue in which to file the instant action. Mr. LoCurto contends that Plaintiff "…chose to bring suit in the District of Columbia, even though he resides in Tennessee." (Mem. pg 3 ¶ 4) However, defendant admits that Plaintiff filed the instant action in the correct venue. Indeed, in its answer, (Dkt 16 pg 3 # 9) the United States "…admits venue is proper."

Defendant and Plaintiff agree; the instant action has been brought in the proper venue. Thus Mr. LoCurto's attempt to create a material issue where none exists fails, as the matter of venue has already been conceded by the defendant.

## SUMMATION

Plaintiff has asserted financial hardship directly to Counsel by way of letter and telephonically. Such matters would have been addressed and resolved prior to the Court issuing its Scheduling Order, but Mr. LoCurto refused to confer with me based upon a feigned condition from which he no longer suffers.

In my attempts to accommodate Mr. LoCurto, he was offered alternatives to the deposition style and schedule that he proposed, but Mr. LoCurto refused to consider every such offer.

Mr. LoCurto's Certification of July 23, 2007 contains at least one material false statement. Postal records prove Mr. LoCurto's Certification contains at least one patently false statement and is, therefore, fatally tainted.

Mr. LoCurto's Certification of June 4, 2007 also contains at least one material false statement. By telephoning me on July 19, 2007 and by demanding a face to face deposition, Mr. LoCurto proves that his prior excuse of being unable to contact me due to the existence of a criminal complaint was nothing more than a feigned condition designed to intentionally obstruct proper discovery procedure.

The existence of the criminal complaint was clearly <u>not a factor</u> that barred Mr. LoCurto from contacting me phone. Neither was it a factor in his refusal to accept or return my phone calls.

However, played as it was by Mr. LoCurto, the existence of the criminal complaint was used to effectively deprive me of my right to a scheduling conference and all of the options and stipulations that should have been available to me.

The record evidence now contains Mr. LoCurto's admission that he was not constrained by the aforementioned criminal complaint, (Cert. Dkt # 33-2 at 4 and 5) as he falsely attested in his certification of June 4, 2007.

Despite the fact that both of Mr. LoCurto's Certifications, that of June 4, 2007 and that of July 23, 2007, are certified under penalty of perjury as true and correct, said certifications are clearly not true and correct. Mr. LoCurto's certifications are inherently worthless in that they are easily proven to contain patently false and / or intentionally misleading statements.

Mr. LoCurto, through the use of intentionally untruthful and misleading ploys, has prejudiced my discovery by making himself unavailable telephonically until after successfully depriving me of the aforementioned scheduling conference.

The record shows that I have done everything within my means to accommodate Mr. LoCurto, including observing his "no telephone contact policy". Constrained as I was by the aforesaid "no telephone contact policy", I contacted him by overnight mail to explain the situation, and offered alternatives to his proposal. Further, all other discovery received from Mr. LoCurto thus far has been dealt with expeditiously and in good faith.

// //

// //

// //

// //

// //

## CONCLUSION

Because there has been no willful disobedience of the Court's Order or bad faith on the part of the Plaintiff, and because Mr. LoCurto has been untruthful with this Court, defendant's overreaching motion should be denied.

Wherefore, Plaintiff respectfully requests that the Court issue its Order denying the defendant's motion to dismiss and strike.

Date: July 30, 2007

Respectfully submitted,

*Joseph A. Buaiz Jr.*
Joseph A. Buaiz Jr.

## CERTIFICATE OF SERVICE

I certify that on July 30, 2007, a true and complete copy of the foregoing ANSWER TO MOTION TO DISMISS AND STRIKE and its supporting Exhibits was served upon the following, by USPS, addressed as follows:

JOHN J. LOCURTO
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044

*Joseph A. Buaiz Jr.*
Joseph A. Buaiz Jr.

Joseph A. Buaiz Jr.
1783 Rocky Springs Rd.
Bean Station, TN 37708

July 17, 2007

**VIA EXPRESS MAIL**
John J. LoCurto III
555 4th Street, N.W.
Room 6611
Washington, D.C. 20001

RE: Proposed Deposition schedule: *Buaiz v. UNITED STATES* 1:06-cv-01312 (RMC)

Dear Mr. LoCurto:

The purpose of this letter is to inform you that I will not be able to accommodate your proposed deposition schedule. It is impossible for me to travel to the Washington D.C. any time soon. Due to the hardship imposed by your client's collection actions, the expense of such a trip is outside my means.

As you know, I attempted to contact you by telephone twice on or about May 15, 2007. These efforts to communicate and in an effort to streamline our discovery plans were in good faith. Your refusal to participate in any type of conference has deprived both of us of the opportunity(s) we otherwise have had. Matters such as the present issue could have been addressed and settled in a gentlemanly manner and without undue effort.

Stipulation, concessions, agreements of all kinds should have been available to us. However, your refusal to contact me by telephone as asserted in your certification executed June 4, 2007 has become an impediment to both of our discovery plans.

A telephonic deposition would be a viable alternative to your proposal. Please advise me of a date and time for such a deposition.

I look forward to hearing from you with regard to a viable alternative to your proposed deposition schedule.

Sincerely,

*[signature]*

**Exhibit A**


UNITED STATES POSTAL SERVICE®

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: EB11 5479 081U S
Detailed Results:

- Delivered, July 20, 2007, 5:13 am, WASHINGTON, DC 20530
- Forwarded, July 19, 2007, 10:49 am, WASHINGTON, DC
- Undeliverable as Addressed, July 19, 2007, 10:48 am, WASHINGTON, DC 20001
- Arrival at Unit, July 19, 2007, 9:43 am, WASHINGTON, DC 20001
- Enroute, July 19, 2007, 7:11 am, WASHINGTON, DC 20074
- Acceptance, July 18, 2007, 3:29 pm, BEAN STATION, TN 37708
- Enroute, July 18, 2007, 3:08 pm, KNOXVILLE, TN 37950

**Track & Confirm**
Enter Label/Receipt Number.

( Go > )

( < Back )   ( Return to USPS.com Home > )

### Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email. ( Go > )

**Proof of Delivery**
Verify who signed for your item by email, fax, or mail. ( Go > )

---

*Handwritten: RES. TO DEP. NOT…*

EB 115479081 US

EXPRESS MAIL — Customer Copy — Label 11-B, March 2004
UNITED STATES POSTAL SERVICE — Post Office To Addressee

POSTAL INSPECTORS   site map   contact us   government services   jobs   National & Premier Accounts
Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use   Privacy Policy

FROM: (PLEASE PRINT) PHONE (   )
Joseph A. Boale Jr
1923 Rocky Springs Rd
Bean Station TN 37708

TO: (PLEASE PRINT) PHONE (   )
John J. Lomurto
Dept of Justice
935 Pa St NW, Rm 6611
Washington DC
20001

FOR PICKUP OR TRACKING
Visit www.usps.com
Call 1-800-222-1811
EMS

**Exhibit B**


**UNITED STATES POSTAL SERVICE**

Date: 07/24/2007

Joseph Buaiz:

The following is in response to your 07/24/2007 request for delivery information on your Express Mail item number EB11 5479 081U S. The delivery record shows that this item was delivered on 07/20/2007 at 05:13 AM in WASHINGTON, DC 20530 to M PARRIS. The scanned image of the recipient information is provided below.

Signature of Recipient: *[signature]* M W PARRIS

Address of Recipient: JUSTICE 20530

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

**Exhibit B**

Joseph A. Buaiz Jr.
1783 Rocky Springs Rd.
Bean Station, TN 37708

July 2, 2007

John J. LoCurto III
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044                   Via Certified Mail # 7003 1680 0004 1011 6981

RE: Initial Disclosures as ordered in: *Buaiz v. UNITED STATES* 1:06-cv-01312 (RMC)

Dear Mr. LoCurto:

As you know, discovery has been ordered in the above referenced case. The parties have been ordered by the Court to make their initial disclosures no later than June 27, 2007.

Plaintiff, in accordance with the Court's Order, made his initial disclosures in good faith and within the time prescribed by the Court. However, as of July 2, 2007, you have not complied with the Court's discovery Order regarding initial disclosures.

I am aware of your refusal to contact me by telephone as asserted in your certification executed June 4, 2007. The hindrance you've created by refusing to communicate via telephone, taken together with the sluggishness of communicating by mail, make your prompt compliance with the Court's discovery Order especially important.

Distanced as you already are by your "no telephone contact" policy, any further delay in complying with the Court's Order will be seen as intentional use of tactics designed by you to thwart proper reciprocal discovery in violation of the Federal rules and the Court's Order.

I have accommodated you with regard to your "no telephone contact" policy. In yet another attempt to further accommodate you, and in a good faith effort to reconcile the matter without seeking enforcement through the Court, I expect to receive your initial disclosures no later than July 9, 2007.

Sincerely,

*Joseph A Buaiz Jr.*

**Exhibit C**