UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. BUAIZ JR., | ) |
|        Plaintiff, | ) |
| v. | ) No. 1:06-CV-1312 (RMC) |
| UNITED STATES, | ) |
|        Defendant. | ) |

**United States' Reply Brief in Support of Its
Motion to Dismiss and Strike Under Fed. R. Civ. P. 37(d)**

Buaiz failed to attend his July 20, 2007, deposition, but attempts to shift the blame to counsel for the United States. Buaiz's excuses are unavailing, and he should be held accountable for his actions.

• *Buaiz's failure to attend his deposition was unjustified.* Buaiz offers a single, unsupported excuse for failing to attend his deposition: financial hardship. This justification fails as a matter of law and fact.

Buaiz chose to sue in this judicial district, and he must appear in this district for his deposition. See 8A Wright, Miller & Marcus, Federal Practice & Procedure § 2112 (2007); see also Societe Internationale Pour Participations Industrielles et Commerciales S.A. v. Clark, 8 F.R.D. 565, 566 (D.D.C. 1948). Having freely and voluntarily sued here,

Buaiz cannot avoid his discovery obligations by alleging that this is an inconvenient and financially burdensome venue.[1]

Equally as important, Buaiz offers no evidence of financial hardship. He is not proceeding in forma pauperis, and his numerous and lengthy filings show he has the funds necessary to represent himself zealously. Moreover, on August 3, 2007, Buaiz informed the United States District Court for the Eastern District of Tennessee that he is attempting to retain counsel, which also suggests he has resources at his disposal. See United States v. Buaiz, case no. 3:07-CV-56, doc. no. 24 (E.D. Tenn. filed Aug. 3, 2007).[2]

- *Buaiz's inaction was unreasonable.* The United States noticed Buaiz's deposition on June 13, 2007 – thirty-seven days before the deposition was set to occur. Buaiz had more than a month to raise his alleged inability to travel to Washington, D.C., but he inexplicably neglected to do so. Rather than contact counsel in a timely manner, Buaiz waited until July 18, 2007 – a mere two days before his scheduled examination – to send a letter that effectively and unilaterally cancelled his deposition. Counsel for the United States received Buaiz's letter on July 23, 2007.[3] While the letter

---

[1]Buaiz incorrectly suggests that this was the only venue in which he could sue. While this district may be a proper venue, it was not the exclusive venue for Buaiz's suit. See 26 U.S.C. § 7433(a) (permitting taxpayer to bring suit in "a district court of the United States," not just the United States District Court for the District of Columbia"); see also 28 U.S.C. §§ 1391, 1396.

[2]A true and correct copy of the minutes of the August 3rd hearing in case no. 3:07-CV-56 is attached as ex. 1.

[3]A date and time stamped copy of Buaiz's letter, showing its arrival in the Tax Division, is attached as exhibit 2.

may have arrived at the government mail distribution center on July 20th, it did not reach counsel for several more days.[4]  Buaiz also alleges he has called counsel on various occasions, but he never once left a voice message to provide proof of his calls.[5]

In contrast to Buaiz's inaction, the United States sent Buaiz two letters concerning the deposition and called Buaiz on July 19th to verify his appearance.  In light of the United States' efforts to confirm the deposition, Buaiz's failure to take any action until two days before the examination is unreasonable and warrants sanctions.[6]

Date:  August 7, 2007                                        Respectfully submitted,

/s/ John J. LoCurto
JOHN J. LoCURTO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-2793
Facsimile:   (202) 514-6866
Email:  john.j.locurto@usdoj.gov

---

[4] Buaiz criticizes the United States for providing a "dysfunctional address for overnight delivery."  His criticism is misplaced for two reasons.  First, the United States has provided valid addresses for mailing and shipping, and it is Buaiz's inability to distinguish between them that caused the delivery delay at issue.  Second, even if Buaiz had used the correct address in this instance, his letter still would have been untimely because it was not sent until July 18th, just two days before his scheduled examination.

[5] Buaiz disingenuously asserts that counsel has "refused to return [his] calls."  Had he left a single message, his calls would have been returned promptly.

[6] Throughout his papers Buaiz accuses counsel of lying by, among other things, representing that the United States would not seek sanctions based on Buaiz's failure to attend the deposition.  Although counsel indicated the United States would not seek monetary sanctions, counsel did not rule out the possibility of other sanctions.  Two witnesses were present for the entire conversation with Buaiz, and are available to testify concerning the parties' conversation.

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney
555 4th Street, N.W.
Washington, DC  20530

## Certificate of Service

I certify that, on August 7, 2007, I electronically filed the United States' reply brief in support of its motion to dismiss under Fed. R. Civ. P. 37, and caused a copy thereof of be served via Federal Express as follows:

> Joseph A. Buaiz Jr., Pro Se
> 1783 Rocky Springs Road
> Bean Station, TN 37708

/s/ John J. LoCurto
JOHN J. LoCURTO