**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

JOSEPH A. BUAIZ JR., )
)
Plaintiff, )
)
v. ) No. 1:06-CV-1312 (RMC)
)
UNITED STATES, )
)
Defendant. )

**United States' Motion for Summary Judgment on Counterclaims Against Plaintiff**

The United States seeks summary judgment on its counterclaims against plaintiff, and submits in support of the motion a statement of material facts, memorandum of law, declaration of Revenue Officer Jane Lethco, and proposed order. Because the undisputed evidence shows plaintiff is liable for 1993 and 1994 income taxes and civil penalties for 1989 through 1994, summary judgment is appropriate.

Date: August 16, 2007

Respectfully submitted,

/s/ John J. LoCurto
JOHN J. LoCURTO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-2793
Facsimile: (202) 514-6866
Email: john.j.locurto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney
555 4th Street, NW
Washington, DC 20530

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSEPH A. BUAIZ JR., Plaintiff, | ) | |
| v. | ) | No. 1:06-CV-1312 (RMC) |
| UNITED STATES, Defendant. | ) | |

**United States' Statement of Material Facts Pursuant to L. Civ. R. 56.1**

1. Plaintiff Joseph A. Buaiz Jr. failed to file a federal income tax return (form 1040) for 1993, despite having taxable income for that year. (PACER doc. no. 20, gov. ex. no. 4 at p. 1) (certified transcript of Buaiz's 1993 income tax liability.)[1] On March 17, 1997, a delegate of the Secretary of the Treasury assessed against Buaiz income tax, interest, and penalties totaling $8,834.30 for 1993. (Id.) Buaiz has not paid the amount due. (Lethco Cert. ¶ 2.) As of July 16, 2007, Buaiz owed the United States income tax, penalties, and interest totaling $15,375.68 for 1993. (Id. ¶ 2, gov. ex. no. 14.)[2]

2. Buaiz failed to file a federal income tax return (form 1040) for 1994, despite having taxable income for that year. (PACER doc. no. 20, gov. ex. no. 5 at p. 1)

[1] On February 20, 2007, the United States submitted certified transcripts of Buaiz's income tax and civil penalty liabilities in opposition to Buaiz's motion for a preliminary injunction. (PACER doc. no. 20.) The United States relies on those transcripts in support of its motion for summary judgment.

[2] Government exhibits 14 through 25 are attached to Revenue Officer Jane Lethco's certification.

(certified transcript of Buaiz's 1994 income tax liability.) On March 24, 1997, a delegate of the Secretary of the Treasury assessed against Buaiz income tax, interest, and penalties totaling $9,500.19 for 1994. (Id.) Buaiz has not paid the amount due. (Lethco Cert. ¶ 2.) As of July 16, 2007, Buaiz owed the United States income tax, penalties, and interest totaling $15,995.66 for 1994. (Id. ¶ 2, gov. ex. no. 15.)

3. Buaiz filed estate and trust income tax returns (form 1041) instead of individual income tax returns (form 1040) for 1989 through 1994. (Lethco Cert. ¶ 6, gov. exs. 22-25.) A delegate of the Secretary of the Treasury assessed against Buaiz civil penalties under 26 U.S.C. § 6702 based on Buaiz's filing of frivolous tax returns. (Id. ¶¶ 4, 6; Doc. no. 20, ex. nos. 7-12.) Buaiz has not paid the penalties assessed against him. (Lethco Cert. ¶ 5.) As of July 16, 2007, Buaiz owed the United States civil penalties and interest for 1989 through 1994 totaling $6,944.64. (Id. ¶ 5, gov. exs. 16-21.)

4. As of July 16, 2007, Buaiz owed the United States a total of $38,315.98 for the income tax and civil penalty liabilities assessed against him for the years 1989 through 1994. (Lethco Cert. ¶ 7.)

Date: August 16, 2007

Respectfully submitted,

/s/ John J. LoCurto

JOHN J. LoCURTO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-2793
Facsimile: (202) 514-6866
Email: john.j.locurto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney
555 4th Street, NW
Washington, DC 20530

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

JOSEPH A. BUAIZ JR., )
Plaintiff, )
v. ) No. 1:06-CV-1312 (RMC)
UNITED STATES, )
Defendant. )

**United States' Memorandum of Law in Support of its Motion for Summary Judgment on Counterclaims Against Plaintiff**

The United States counterclaimed against Joseph A. Buaiz Jr. to reduce to judgment federal income tax assessments for 1993 and 1994 and civil penalty assessments for 1989 through 1994, and now seeks summary judgment on its counterclaims.

**Statement**

1. *Federal income taxes.* Buaiz failed to file federal income tax returns (form 1040) for 1993 and 1994, despite having taxable income for both years. (PACER doc. no. 20, gov. ex. no. 4 at p. 1, gov. ex. no. 5 at p. 1.)

On March 17, 1997, a delegate of the Secretary of the Treasury assessed against Buaiz income tax, interest, and penalties totaling $8,834.30 for 1993. (PACER doc. no. 20, gov. ex. no. 4 at p. 1.) Buaiz has not paid the amount due. (Lethco Cert. ¶ 2.) As of July 16, 2007, Buaiz owed the United States income tax, penalties, and interest totaling $15,375.68 for 1993. (Id. ¶ 2, gov. ex. no. 14.)

On March 24, 1997, a delegate of the Secretary of the Treasury assessed against Buaiz income tax, interest, and penalties totaling $9,500.19 for 1994. (PACER doc. no. 20, gov. ex. no. 5 at p. 1.) Buaiz has not paid the amount due. (Lethco Cert. ¶ 2.) As of July 16, 2007, Buaiz owed the United States income tax, penalties, and interest totaling $15,995.66 for 1994. (Id. ¶ 2, gov. ex. no. 15.)

2. *Civil penalties*. Instead of filing individual federal income tax returns (form 1040) for 1989 through 1994, Buaiz filed estate and trust income tax returns (form 1041). (Lethco Cert. ¶ 6, gov. exs. 22-25.) A delegate of the Secretary of the Treasury determined that the 1041 returns were frivolous and assessed against Buaiz civil penalties under 26 U.S.C. § 6702. (Id. ¶¶ 4, 6; Doc. no. 20, gov. ex. nos. 7-12.)[3] Buaiz has not paid the penalties assessed against him. (Lethco Cert. ¶ 5.) As of July 16, 2007, Buaiz owed the United States civil penalties and interest for 1989 through 1994 totaling $6,944.64 based on his filing of frivolous tax returns. (Id. ¶ 5, gov. exs. 16-21.)

## Argument

### I. Buaiz is Liable for 1993 and 1994 Income Taxes.

The Internal Revenue Service's tax assessments are presumptively correct, and the taxpayer bears the burden of proving the assessments were erroneous. See United States v. Flor D'Italia, Inc., 536 U.S. 238, 242-43 (2002); Janis v. United States, 428 U.S. 433, 440 (1976); Welch v. Helvering, 290 U.S. 111, 115 (1933); United States v. Lease, 346

[3]The certified transcripts (doc. no. 20, gov. ex. nos. 7-12) reflect two penalty assessments for each tax year because Buaiz filed frivolous returns in multiple locations.

F.2d 696, 700 (2d Cir. 1965); Psaty v. United States, 442 F.2d 1154, 1159-60 (3d Cir. 1971); United States v. Pomponio, 635 F.2d 293, 296 (4th Cir. 1980); Palmer v. Internal Revenue Service, 116 F.3d 1309, 1312 (9th Cir. 1997). The presumption of correctness "can help the Government prove its case against a taxpayer in court." Fior D'Italia, 536 U.S. at 242. Indeed, a certified transcript (form 4340) reflecting the assessment is presumptive proof of the taxpayer's liability and establishes the government's prima facie case. See Brounstein v. United States, 979 F2d. 952, 954 (3d Cir. 1992); United States v. Vespe, 868 F.2d 1328, 1331 (3d Cir. 1989); Psaty, 442 F.2d at 1161; Pomponio, 635 F.2d at 296; Guthrie v. Sawyer, 970 F.2d 733, 737-38 (10th Cir. 1992). A certified transcript may provide a sufficient basis for summary judgment. See United States v. Guerriero, No. Civ. A. 04-3958, at *2-*3 (D.N.J. filed Jan. 30, 2006); see also Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993).

The first and second counts of the United States' counterclaim seek to reduce to judgment Buaiz's income tax liabilities for 1993 and 1994. The United States has introduced presumptive proof of those liabilities in the form of certified transcripts for each of the tax years. (Doc. no. 20, gov. exs. 4, 5.)[4] The transcripts reflect presumptively valid income tax assessments against Buaiz, which he has not rebutted and cannot rebut.[5] As of July 16, 2007, Buaiz owed the United States income tax, penalties, and

[4]The certified transcripts are self-authenticating, and need no extrinsic evidentiary support as a predicate to admissibility. See Fed. R. Evid. 902.

[5]Even Buaiz's frivolous trust and estate income tax returns show that he had income during the 1993 and 1994 tax years, and that he did not pay the full tax owed.

interest totaling (1) $15,375.68 for 1993, and (2) $15,995.66 for 1994. (Lethco Cert. ¶ 2, gov. ex. nos. 14-15.) Therefore, the United States is entitled to summary judgment on the first and second counts of its counterclaim in the amount of $31,371.34 (id. ¶ 3), plus interest and statutory additions that will continue to accrue from July 16, 2007, to the date of payment.

## II. Buaiz is Liable for Civil Penalties for Filing Frivolous Tax Returns.

The Internal Revenue Service may impose a penalty on a taxpayer who files a frivolous income tax return. 26 U.S.C. § 6702. A penalty is warranted if (1) the taxpayer files a purported return, (2) the return, on its face, contains information indicating the taxpayer's self-assessment is incorrect, and (3) the taxpayer's position is frivolous. Id. §

---

(Lethco Cert. ¶ 6, gov. ex. nos. 22-23, ln. 4.)

6702(a).[6] A taxpayer's position is frivolous when it has no basis in law or fact. See Turner v. United States, 372 F. Supp. 2d 1053, 1056 (S. D. Ohio 2005).

The third count of the United States' counterclaim seeks to reduce to judgment civil penalties assessed against Buaiz based on his filing of frivolous estate and trust income tax returns (form 1041) instead of individual federal income tax returns (form 1040) for the 1989 through 1994 tax years. (Lethco Cert. ¶ 6, gov. ex. nos. 22-25.) The United States has introduced certified transcripts reflecting the penalty assessments, and those records satisfy the government's prima facie case. (Doc. no. 20, ex. nos. 7-12.) Moreover, the returns Buaiz filed are frivolous on their face and meet the requirements for penalty liability under section 6702. (Lethco Cert. ¶ 6, gov. ex. nos. 22-25.)

---

[6]Congress amended section 6702 in 2006. The prior version of the statute read as follows:

> § 6702. Frivolous income tax return
> (a) Civil penalty.--If--
> (1) any individual files what purports to be a return of the tax imposed by subtitle A but which--
> (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
> (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and
> (2) the conduct referred to in paragraph (1) is due to--
> (A) a position which is frivolous, or
> (B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,
> then such individual shall pay a penalty of $500.
> (b) Penalty in addition to other penalties.--The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

Because the penalty assessments at issue occurred in February of 2005 and 2006, before the 2006 statutory amendments took effect, the prior version of the statute applies (which explains why the assessments against Buaiz were $500 on each occasion).

- *Purported return.* "Section 6702 applies to all tax returns, including amended returns." Colton v. Gibbs, 902 F.2d 1462, 1464 (9th Cir. 1990). The 1041 forms Buaiz filed are tax returns within the meaning of section 6702, as they claim to report income and expenses, and request a tax refund. See, e.g., Madison v. United States, 752 F.2d 607, 609 (11th Cir. 1985) (deeming document a "purported return" under section 6702, despite taxpayer's disclaimer to the contrary, where document was an official tax form and requested a refund).

- *Incorrect self-assessment apparent on face of return*. Buaiz's returns are contrived and his self-assessments (i.e., the taxable income and tax liabilities reported on his returns) are facially incorrect. Each return reports income and fiduciary fee expense deductions that are exactly the same, resulting in a zero tax liability for each year. (Lethco Cert. ¶ 6, gov. ex. nos. 22-25.) Because income and expenses cancel each other out, Buaiz claims tax overpayments and demands a refund equal to the amount of federal income tax withheld from his wages. (Id. ln. 23e-29.) Buaiz's returns lack material information, are internally inconsistent, and in some instances have been altered.[7] The positions Buaiz asserts have no basis in fact or law, and are objectively frivolous. See, e.g., Lemieux v. United States, 230 F. Supp. 2d 1143, 1144 (D. Nev. 2002) (holding returns were frivolous where W-2 forms reflected income but taxpayer inserted zeroes on all lines reflecting income earned and taxes due); Colton, 902 F.2d at

---

[7]For example, Buaiz used the 2002 Capital Gains and Losses form with his 1994 return. Rather than submit the appropriate form, he simply crossed out 2002 and wrote in 1994. (Lethco Cert. ¶ 7, gov. ex. 22 at USA 00054.)

1463 (holding amended return was frivolous where taxpayer canceled out income and demanded a refund based on disagreement with government policy); Podhola v. United States, 585 F. Supp. 1305, 1305-06 (E.D. Mich. 1984) (holding return was frivolous where taxpayers altered tax form and reported phoney deductions to offset income).

- *Frivolous position.* Joseph A. Buaiz Jr. is neither an estate nor a trust, he is an individual who is required by law to file an individual income tax return and to pay the taxes he owes. See 26 U.S.C. §§ 6011(a), 6012(a), 6072(a), 6151; 26 C.F.R. § 1.6011-1. His decision to file estate and trust returns, in lieu of individual income tax returns, is patently frivolous, and he was properly penalized for each filing.

Notably, the Internal Revenue Service gave Buaiz every opportunity to avoid penalty liability. (See Lethco Cert. ¶ 6, gov. ex. nos. 22-25). He chose to disregard the Service's instructions and to persist in asserting frivolous tax positions, to his detriment.

As of July 16, 2007, Buaiz owed civil penalties and interest for 1989 through 1994 totaling $6,944.64. (Lethco Cert. ¶ 5.) The United States is entitled to summary judgment in this amount, plus interest and statutory additions that will continue to accrue to the date of payment.

**Conclusion**

The United States respectfully requests that the Court enter summary judgment against Buaiz on all three counts of the counterclaim.

Date: August 16, 2007

Respectfully submitted,

/s/ John J. LoCurto

JOHN J. LoCURTO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-2793
Facsimile: (202) 514-6866
Email: john.j.locurto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney
555 4th Street, NW
Washington, DC 20530

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSEPH A. BUAIZ JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-CV-1312 (RMC) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**Certificate of Service**

I certify that, on August 16, 2007, I electronically filed the United States' motion for summary judgment on its counterclaims along with all supporting materials, and caused copies thereof of be served via Federal Express as follows:

Joseph A. Buaiz Jr., Pro Se
1783 Rocky Springs Road
Bean Station, TN 37708

/s/ John J. LoCurto
JOHN J. LoCURTO