IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,
    Plaintiff,

-vs.-

UNITED STATES,

    Defendant.
_____/

Civil Action Nº: **1:06-CV-01312(RMC)**
Hon. Rosemary M. Collyer

## OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiff hereby requests that the Court deny the United States' motion for summary judgment. Plaintiff submits a statement of genuine issues, memorandum of law, and proposed order in support of this opposition.

Summary judgment is inappropriate because the facts defendant relies upon are in dispute. Because defendant's motion admittedly relies upon facts that are in dispute, the Court should deny said motion as un-supported.

Dated: August 25, 2007

**RECEIVED**

AUG 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Respectfully submitted,

*[signature]*

Joseph A. Buaiz Jr.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,

    Plaintiff,

-vs.-

UNITED STATES,

    Defendant.
_____/

Civil Action Nº: **1:06-CV-01312**
Hon. Rosemary M. Collyer

## ORDER

Plaintiff, having filed his opposition to Defendant's Motion for Summary Judgment, and the Court being duly and sufficiently advised in the premises now finds that the Defendant's motion should be DENIED.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary judgment is hereby DENIED.

Dated:_____, 2006

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,
    Plaintiff,

-vs.-

UNITED STATES,
    Defendant.
    _____/

Civil Action Nº: **1:06-CV-01312(RMC)**
Hon. Rosemary M. Collyer

## PLAINTIFF'S STATEMENT OF GENUINE ISSUES

1. Defendant has not refuted or denied the allegations made on March 2, 2007 that the Certified Form 4340 Transcripts defendant relies upon are falsified and inherently worthless. Said transcripts, located at Docket # 20 and identified as Government Exhibits 4, 5, 7, 8, 9, 10, 11, and 12 contain patently false assertions of "Legal Suit(s)" that never occurred. More than five months have passed since these fraudulent exhibits have been challenged, and defendant remains silent. My Reply Brief (Dkt #23-1), the documentary exhibits in support thereof, and the United States' utter refusal to refute or deny the allegations of falsification is more than sufficient for the Court to deem the matter conceded and to deny defendant's motion as un-supported. Alternatively, the dispute regarding Government Exhibits 4, 5, 7, 8, 9, 10, 11, and 12, the exhibits upon which defendant's motion admittedly relies, remains un-resolved.

2. Counsel's assertions that I failed to file form 1040 tax returns for the years 1993 and 1994 are false. Counsel is fully aware of the fact that defendant's agency, IRS, is in possession of valid, compliant form 1040 tax returns filed by this Plaintiff for the years 1993 and 1994. See Exhibits #1, #2, and #3. Counsel's continuous allegations of failure to file 1040 tax returns for 1993 and 1994 are "facts" that are specifically disputed.

3. Counsel's attempt to create an issue where none exists by arguing that Plaintiff filed form 1041 returns for years 1989 through 1994 rather than form 1040 returns is unavailing and specifically disputed. Defendant's agency and Counsel are fully aware that those returns have long since been superseded by valid, compliant form 1040 tax returns. As evidenced by Exhibits 2 through 7 (attached), the form 1040 returns which superseded the subject 1041 returns included form 4852 and a copy of a FOIA response as attachments. Said attachments substantiate the legal impossibility Plaintiff faced as a result of IRS recordkeeping failures. But for Plaintiff discovering on his own the existence and applicability of Form 4852, Plaintiff would still be faced with a legal impossibility regarding filing tax returns for years 1989 through 1994. Defendant's agents never revealed the existence and applicability of Form 4852 to the Plaintiff despite being fully aware of my willingness, but inability, to file accurate and compliant returns. Defendant's attempt to collect penalties upon returns that have been "corrected" by way of being superseded by compliant returns is an issue that is disputed.

4. Defendant's allegation that Plaintiff owes $38,315.98 is another "fact" in dispute. Defendant intentionally ignores the fact that IRS is in possession of valid form 1040 tax returns which plainly indicate that defendant's claim is false.

5. Counsel's reliance upon the Certification of "Jane Lethco" (alias) is disputed. Counsel has perpetrated a fraud upon the Court by introducing as evidence the knowingly falsified certification of Mary Jane Lethco. All four (4) of the putative "facts" alleged in the United States' Statement of Material Facts purport to rely, at least in part, upon the falsified certification of Mary Jane Lethco.

Counsel for the defendant has known since July 5th, 2007 that Ms. Lethco's use of a fictitious name for the purpose of executing Official Records of the United States was a disputed issue. Despite such knowledge, Counsel submitted the falsified certification of Ms. Lethco to this Court.

Ms. Lethco's certification bears the false signature of "Jane Lethco". However, Exhibit # 8, which is a Public Record, plainly shows Ms. Lethco's true name. All of defendant's putative "material facts" are disputed because of their reliance upon Ms. Lethco's intentionally falsified and inherently worthless certification and / or their reliance upon certified transcripts which defendant conceded and admitted are false.

____ In sum, Plaintiff has shown by way of competent evidence that all issues asserted in defendant's counterclaim, and its motion for summary judgment thereon, remain in dispute. As demonstrated more clearly in Plaintiff's memorandum of points and authorities, defendant is not entitled to summary judgment.

Dated: August 25, 2007

Respectfully submitted,

*Joseph A. Buaiz Jr.*
Joseph A. Buaiz Jr.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,
    Plaintiff,

-vs.-

UNITED STATES,

    Defendant.
_____/

Civil Action Nº: **1:06-CV-01312(RMC)**
Hon. Rosemary M. Collyer

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES

Defendant filed a motion for summary judgment on its counterclaim in the above captioned action. Defendant is not entitled to summary judgment on its counterclaim because said counterclaim is fatally flawed, is not supported by credible / admissible evidence, and openly contends to be supported by admittedly falsified "evidence". Further, all issues raised, asserted and or alleged in said counterclaim remain in dispute.

### ARGUMENT

1. *Defendant's counterclaim and motion are not supported by admissible evidence.*

Defendant's counterclaim alleges "assessment(s)" for which defendant cannot provide credible – admissible evidence. Indeed, defendant's motion for summary judgment and the subject counterclaim admittedly rely upon (1) Government Exhibits 4, 5, 7, 8, 9, 10, 11, and 12 located at Docket # 20, and / or (2) defendant's newly submitted Exhibits 14 through and including 21, and / or (3) the falsified certification of Mary Jane Lethco. An analysis of defendant's "evidence" quickly reveals fraud(s) upon this Court.

Buaiz v UNITED STATES                     1

Government Exhibits 4, 5, 7, 8, 9, 10, 11, and 12 have all been challenged as intentionally falsified Official Record(s) of the United States. Said falsified and inherently worthless documents were challenged by Plaintiff at Docket # 23-1. Neither defendant, nor any agent thereof has denied, refuted or rebutted any of the allegations against its falsified evidence.

It is notable that defendant claims that its "...assessments are presumptively correct" (Mem pg 6 ¶ 3) and to have "...introduced presumptive proof..." (Mem pg 7 ¶ 2). Defendant's reliance upon any "presumption of correctness is misplaced and no longer available to the defendant in the instant matter. Indeed, the "presumption of correctness" the United States records previously enjoyed is one of the key issues that were addressed in my reply located at Docket # 23-1. Said reply brief carries the following un-rebutted allegation: *"Defendant has cast significant doubt upon itself and the trustworthiness of its "Official Records". The result of defendant's self-inflicted injury must, at a minimum, constitute the end to the "presumption of correctness"* (Dkt # 23-1 pg 2 ¶ 2). The fact that the foregoing allegation, and a myriad of others, has never been rebutted or denied is directly contrary to contention that defendant relies upon such a "presumption of correctness".

Further, Counsel's assertion that I have not and cannot rebut defendant's "assessments" is contrary to the record evidence. My reply brief at Docket 23-1 sufficiently rebutted all such "assessments" putatively made against me. Said brief was supported by irrefutable evidence that the United States' certified transcripts were intentionally falsified specifically for purposes of litigation. It is within that brief (Dkt # 23-1) that Plaintiff provided evidence which proved defendant's claims were groundless and unsustainable.

2. *Mary Jane Lethco's inherently worthless certification.*

Counsel also purports to rely upon the falsified certification of Mary Jane Lethco. In doing so, defendant's counterclaim gains no credibility whatsoever, as Ms. Lethco's certification suffers from a fatal self-inflicted flaw. Ms. Lethco, whose real name is Mary Jane Lethco, continually makes use of a fictitious "name" to execute Official Records of the United States. Further, Ms. Lethco has now signed a certification under penalty of perjury using the false and fictitious name "Jane Lethco". (Lethco cert.) Exhibit 8 proves conclusively that Ms. Lethco's certification is signed with a false name and is, therefore, inherently worthless.

3 *Defendant's Exhibits 14 through and including 21.*

Defendant has entered, as exhibits 14 through and including 21, un-certified transcripts. These transcripts carry the same fatal flaws as Government Exhibits 4, 5, 7, 8, 9, 10, 11, and 12. Indeed, exhibits 14 through 21 false assert the same fictitious Legal Suit(s) as previously asserted by defendant. However, Exhibits 14 through 21, being un-certified do not qualify for any presumption of correctness whatsoever. Carrying false assertions of Legal Suit(s) that never occurred, and being un-certified, said exhibits are abjectly redundant and, therefore, inconsequential.

4. *Discovery is ongoing.*

Plaintiff is still conducting discovery concerning many of the issues defendant attempts to portray as settled. Indeed, discovery directed at defendant's use of Ms. Lethco's falsified certification and the fact that the United States has not yey produced a single piece of admissible evidence to support its claims is underway.

## STANDARD OF REVIEW

Courts will grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Such is clearly not he case in the instant matter.

When ruling on a Rule 56(c) motion, the Court must view the evidence in the light most favorable to the non-moving party. Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150(2000)). The Court must therefore draw "all justifiable inferences" in the non-moving party's favor and accept the non-moving party's evidence as true. Anderson v. Liberty Lobby, 477 U.S.242, 255 (1986). The non-moving party, however, cannot rely on "mere allegations or denials." Burke v. Gould, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting Anderson, 477 U.S. at 248)(quotation marks omitted). Thus, "conclusory allegations unsupported by factual data will not create a triable issue of fact." Pub. Citizen Health Research Group v. FDA, 185 F.3d 898, 908 (D.C. Cir. 1999) (internal quotation marks and citations omitted). If the Court concludes that "the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," then the moving party is entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Thus, in a negligence action, the defendant is entitled to summary judgment only if, after viewing the evidence in the light most favorable to the plaintiff, "no reasonable jury could find that [the plaintiff] established each of the elements of negligence." Briggs v. Wash. Metro. Area Transit Auth., ___ F.3d ___, ___, No. 06-7037, slip op. at 6 (D.C. Cir. Mar. 27, 2007) (citation omitted).

Buaiz v UNITED STATES                4

## CONCLUSION

All matters raised in defendant's counterclaim remain in dispute. The record in the instant case plainly shows, by way of my reply brief at Docket # 23-1 and my answer to defendant's counterclaim, that all "facts" asserted in said counterclaim remain in dispute. As such, defendant's motion for summary judgment on its counterclaim is unsustainable at law. Alternatively, defendant's motion should be denied as premature.

Wherefore, Plaintiff respectfully requests that the Court issue its Order denying the defendant's motion for summary judgment.

Date: august 27, 2007

Respectfully submitted,

*[signature]*
Joseph A. Buaiz Jr.

## CERTIFICATE OF SERVICE

I certify that on August 27, 2007, a true and complete copy of the foregoing OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, STATEMENT OF GENUINE ISSUES, MEMORANDUM OF POINTS AND AUTHORITIES, Proposed Order, and supporting Exhibits was served upon the following, by USPS, addressed as follows:

JOHN J. LOCURTO
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044

*Joseph A. Buaiz Jr.*

Joseph A. Buaiz Jr.