UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. BUAIZ JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 1:06-CV-1312 (RMC) |
| UNITED STATES, | ) |
| Defendant. | ) |

**Reply Memorandum in Further Support of the United States'
Motion for Summary Judgment on Counterclaims Against Plaintiff**

Joseph A. Buaiz Jr. argues that facts are in dispute, but he fails to identify a single disputed issue of material fact standing in the way of summary judgment. The United States' motion should be granted and summary judgment should be entered against Buaiz on all three counts of the counterclaim.

• *Buaiz has not refuted the tax assessments against him.* The United States submitted certified transcripts evidencing the 1993 and 1994 income tax assessments against Buaiz (doc. no. 20, ex. nos. 4-5), along with an affidavit reflecting the balances due (Lethco cert., ex. nos. 14-15.) The assessments are presumptively correct, see United States v. Flor D'Italia, Inc., 536 U.S. 238, 242-43 (2002); Janis v. United States, 428 U.S. 433, 440 (1976); Welch v. Helvering, 290 U.S. 111, 115 (1933); United States v. Lease, 346 F.2d 696, 700 (2d Cir. 1965); Psaty v. United States, 442 F.2d 1154, 1159-60 (3d Cir. 1971); United States v. Pomponio, 635 F.2d 293, 296 (4th Cir. 1980); Palmer v. Internal Revenue Service, 116 F.3d 1309, 1312 (9th Cir. 1997), and the certified transcripts

constitute presumptive proof of Buaiz's liability, see Brounstein v. United States, 979 F.2d 952, 954 (3d Cir. 1992); United States v. Vespe, 868 F.2d 1328, 1331 (3d Cir. 1989); Psaty, 442 F.2d at 1161; Pomponio, 635 F.2d at 296; Guthrie v. Sawyer, 970 F.2d 733, 737-38 (10th Cir. 1992). The burden is thus on Buaiz to show, by competent evidence, that the assessments are incorrect. See Psaty, 442 F.2d at 1159-60; Pomponio, 635 F.2d at 296; Fed. R. Civ. P. 56(e).

Buaiz contends that the certified transcripts of his liabilities are "falsified and inherently worthless," (doc. no. 37 at p. 3 of 11), but he offers no proof in support of his contention. His arguments and subjective characterizations of the assessments do not constitute evidence.

Buaiz also suggests that the assessments are invalid because the transcripts contain a "Legal Suits Pending" notation for litigation that never occurred. (Id.) The Court should reject Buaiz's attempt to obfuscate the issues. First, the transcripts are certified public records, which Buaiz cannot rebut with uninformed, speculative arguments. Second, the notations on the transcripts correspond to myriad events, all of which derive ultimately from Buaiz's ardent refusal to file returns and pay his income tax liabilities. For example, the 1994 transcript contains a "Legal Suit Pending" notation for October 19, 2005 – the same day Buaiz filed a request for an administrative hearing. (Doc. no. 20, ex. no. 4 at pp. 4-5.) Third, that a legal suit was or was not pending has nothing to do with whether the United States properly assessed income taxes against Buaiz. Thus, even if the transcript contained an erroneous "legal suit" notation – and

there is no such proof – that error would not impact the assessments or Buaiz's corresponding income tax liabilities.

Finally, the income tax returns Buaiz attached to his opposition brief do not constitute competent evidence and cannot rebut the assessments.  For more than a decade, Buaiz has refused to acknowledge his duty to file returns and to pay his taxes, and has resisted all efforts to investigate his income.  Yet it now appears Buaiz filed a series of delinquent income tax returns (form 1040) on or about April 13, 2007, for the 1989 through 1994 tax years.[1]  These untimely returns are not competent evidence.  They are self-serving hearsay documents, see Blodgett v. C.I.R., 394 F.3d 1030, 1040 (8th Cir. ) (citing Greenbaum v. United States, 80 F.2d 113, 125 (9th Cir. 1935)), which cannot rebut the presumptively correct tax assessments against Buaiz, see Mays v. United States, 763 F.2d 1295, 1297 (11th Cir. 1985) (a taxpayer seeking to overturn the United States' tax assessment must offer "something other than tax returns, . . . uncorroborated oral testimony, . . . or self-serving statements." ); see also Griffin v. United States, 588 F.2d 521, 530 (5th Cir. 1979) (uncorroborated oral testimony);  Lunsford v. Commissioner, 212 F.2d 878, 883 (5th Cir. 1954) (tax returns); United States v. Novotny, 184 F. Supp. 2d 1071, 1083 (D. Colo. 2001) (uncorroborated and self-serving profit and

---

[1] The Internal Revenue Service is currently checking its records to determine if, in fact, Buaiz properly filed the returns.  Assuming he did file, the returns for 1993 and 1994 would be more than 13 years overdue and would have been filed more than 7 years after the United States assessed the taxes.

loss statements).² Because Buaiz has not submitted competent evidence to refute the assessments, the United States is entitled to summary judgment on its 1993 and 1994 income tax claims.

- *Buaiz's own papers show that he is liable for frivolous filing penalties.* Buaiz does not deny that he submitted frivolous estate and trust income tax returns (form 1041) for the years 1989 through 1994. To the contrary, he tacitly admits he filed such returns but argues that "those returns have long since been superseded by valid, compliant form 1040 tax returns." (Doc. no. 37 at p. 4 of 11.) Buaiz's argument is disingenuous, as he filed the so-called "valid, compliant" returns (if at all) just a couple of months ago – while this action was pending and over a year after the United States assessed frivolous filing penalties against him. And, more importantly, Buaiz's belated filing of 1040 returns does not change the fact that he previously filed frivolous documents and that he ignored the opportunity the Internal Revenue Service gave him to withdraw those documents and avoid penalty liability. Because it is undisputed Buaiz submitted frivolous 1041 returns, the United States is entitled to summary judgment on its civil penalty claim.

- *Buaiz's Rule 56(f) argument is frivolous.* Buaiz argues that summary judgment is inappropriate because discovery is ongoing. (Doc. no. 37 at p. 8 of 11.) This argument is frivolous in light of Buaiz's refusal to appear in Washington, D.C. for

---

²While the returns may be hearsay when offered by Buaiz to disprove his tax liabilities, they would constitute admissible admissions if offered against Buaiz. See Fed. R. Evid. 801(d)(2).

his properly noticed deposition. Moreover, Buaiz has not identified a single piece of discovery he purportedly needs in order to respond to the United States' motion. The Court should reject Buaiz's rule 56(f) argument as improper and unsubstantiated.

**Conclusion**

The United States respectfully requests that the Court enter summary judgment against Buaiz on all three counts of the counterclaim.

Date: September 4, 2007                     Respectfully submitted,

                                            /s/ John J. LoCurto
                                            JOHN J. LoCURTO
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 227, Ben Franklin Station
                                            Washington, D.C.  20044
                                            Telephone: (202) 307-2793
                                            Facsimile:   (202) 514-6866
                                            Email: john.j.locurto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney
555 4th Street, NW
Washington, DC  20530

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH A. BUAIZ JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-CV-1312 (RMC) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**Certificate of Service**

I certify that, on September 4, 2007, I electronically filed a reply memorandum in further support of the United States' motion for summary judgment on its counterclaims, and caused a copy thereof of be served via Federal Express as follows:

Joseph A. Buaiz Jr., Pro Se
1783 Rocky Springs Road
Bean Station, TN 37708


/s/ John J. LoCurto
JOHN J. LoCURTO