UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSEPH A. BUAIZ, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-1312 (RMC) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION & ORDER**

Joseph A. Buaiz, Jr., a resident of Tennessee, sued the United States in the Federal District Court of the District of Columbia on July 24, 2006, advancing numerous allegations concerning the failure of the Internal Revenue Service ("IRS") to abide by its own law and regulations and seeking damages. The Court dismissed all but one of his claims. [Dkt. # 13]. The parties thereafter entered discovery. On June 13, 2007, the United States noticed Mr. Buaiz's deposition for July 20, 2007, at 9:00 A.M. in Washington, D.C. *See* Mem. of Law in Supp. of United States' Mot. to Dismiss and Strike Under Fed. R. Civ. P. 37(d) ("Def.'s Mem.") at 2. By letter dated July 6, 2007, counsel for the IRS, John J. LoCurto, reminded Mr. Buaiz of the deposition. *Id*. By letter dated July 13, 2007, Mr. LoCurto reminded Mr. Buaiz a second time of the deposition and invited him to call to discuss logistics. *Id*. On July 19, 2007, Mr. LoCurto left a voice message for Mr. Buaiz to confirm that he would attend the deposition. *Id*. Mr. Buaiz called back and said that he would not attend because he did not have sufficient funds to pay for the trip. *Id*. at 2-3. On July 18, 2007, Mr. Buaiz sent a letter, dated July 17, by express mail to Mr. LoCurto

to tell him that he could not appear for the deposition. *Id*. at 3. The letter did not reach Mr. LoCurto until after July 20, the scheduled date. *Id.*

The Government moves to dismiss the Complaint as a sanction for Mr. Buaiz's failure to appear for his deposition. Mr. Buaiz candidly admits that he did not appear "due to financial hardship." Answer to Mot. to Dismiss and Strike ("Pl.'s Opp'n") at 1. During their telephone conversation, Mr. Buaiz suggested a telephonic deposition or one in Tennessee. *Id*. at 3. Mr. LoCurto declined both suggestions and insisted on a face-to-face deposition in the District of Columbia. *Id*. Mr. Buaiz states that "[i]t is impossible for me to travel to the Washington D.C. [area] any time soon. Due to the hardship imposed by [IRS] collection actions, the expense of such a trip is outside my means." Pl.'s Opp'n, Ex. A.

Mr. Buaiz chose to sue the United States in the District of Columbia and not in Tennessee. He has therefore voluntarily submitted to the jurisdiction of this Court and voluntarily made this the locus of his lawsuit. Mr. LoCurto can legitimately insist on an in-person deposition and can also insist that it be taken in D.C. where the suit is pending. Wright & Miller, *Federal Practice and Procedure* § 2112 (2007); *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999) (requiring plaintiff to appear in forum for deposition in absence of showing of good cause for varying from the normal rule). However, the Court will deny the motion to dismiss without prejudice. The Court will grant a 60-day period to give Mr. Buaiz an opportunity to make arrangements to travel to D.C. to be deposed, *i.e.*, until December 17, 2007. The discovery schedule is otherwise unchanged. The parties are directed to communicate by telephone on such arrangements and to confirm all telephone conversations with follow-up letters. Should Mr. Buaiz fail to appear for a deposition, as scheduled on or before December 17, 2007, his Complaint may be dismissed.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss and Strike Under Fed. R. Civ. P. 37(d) [Dkt. # 33] is **DENIED WITHOUT PREJUDICE**. It is **FURTHER ORDERED** that the discovery schedule is otherwise unchanged.

Date: October 17, 2007                                /s/
                                         ROSEMARY M. COLLYER
                                         United States District Judge