IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,

      Plaintiff,

            Civil Action Nº: **1:06-cv-01312(RMC)**
            The Honorable Rosemary M. Collyer

-vs.-

UNITED STATES,

      Defendant.

_____/

## REQUEST FOR DISCOVERY CONFERENCE

    Pursuant to instructions received from the Court's chambers on October 19, 2007,

Plaintiff respectfully requests that the Court schedule a telephone conference to resolve

the discovery disputes between the parties in the above-captioned matter.

    Owing to the complexities and volume of the disputed issues, and as directed by the

aforesaid instructions from chambers, Plaintiff has attached a copy of Plaintiff's letter to

Mr. LoCurto wherein the items at issue are detailed.

    It should be noted that Mr. LoCurto has agreed to revisit and consider amending his

responses to R.F.A. #9, #14, #17, and interrogatories #10, #11, and #13. However, the

remaining items are in dispute and the parties agree that the Court's intervention is

necessary to resolve these issues.

Date: October 20, 2007

                                 Respectfully submitted,

                                 *Joseph A. Buaiz Jr.*

                                 Joseph A. Buaiz Jr.

# RECEIVED

OCT 2 5 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

## CERTIFICATE OF SERVICE

I certify that on October 20, 2007, a true and complete copy of the foregoing REQUEST

FOR DISCOVERY CONFERENCE and its attachment were served upon the following

by USPS, addressed as follows:

JOHN J. LOCURTO
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044

_Joseph A. Buaiz Jr._

Joseph A. Buaiz Jr.

Joseph A. Buaiz Jr.
1783 Rocky Springs Rd.
Bean Station, TN 37708

October 2, 2007

**VIA EXPRESS MAIL**
John J. LoCurto III
555 4th Street, N.W.
Room 6611
Washington, D.C. 20001

RE: United States' discovery response: *Buaiz v. UNITED STATES* 1:06-cv-01312 (RMC)

Dear Mr. LoCurto:

The purpose of this letter is to inform you that the In Globo "response" and In Globo objection to Requests for Admissions, Interrogatories, and Notice for Production that I received on or about September 26, 2007 are deficient. Your immediate attention is requested regarding the deficiencies described below, beginning with your evasion of my Requests for Admissions:

Request 1. United States is requested to admit that the signature (sic) "Jane Lethco", as used on the documents represented by Exhibits 1, 2, 3, 4, 5, 6, and 7, is not a pseudonym which Mary Jane Lethco is authorized to use when executing Official Records of the United States.

Response: The United States objects to this request as incomprehensible. Subject to this objection, the United States denies that "Jane Lethco" is a pseudonym.

Deficiency: United States was not asked to admit or deny whether" Jane Lethco" is a pseudonym. Rather, United States was clearly asked to admit or deny whether "Jane Lethco" is a pseudonym which Mary Jane Lethco is authorized to use when executing Official Records of the United States. Your refusal to address this request is easily seen as evasive. Further, your qualifying objection that said request is incomprehensible fails in the face of said Request's plain language. Notably, you failed to deny the fact that Mary Lethco is not authorized to use "Jane Lethco" as a signature when executing Official Records of the United States.

1

Request 2. United States is requested to admit that the allegations in the United States counterclaim in the above captioned case that Joseph A. Buaiz Jr. failed to file tax returns for 1993 and 1994 are false.

Response: Denied. The United States filed its counterclaim on February 5, 2007. As of that date, [Mr.] Buaiz had not filed federal income tax returns (form 1040) for 1993 and 1994.

Deficiency: Request # 2 was submitted to the United States on August 27, 2007. Your improper qualifier does nothing to negate the tenor of the Request. Further, your failure and / or refusal to amend your client's counterclaim appears as an attempt to conceal a material fact from the Court. Your response is argumentative, inappropriate, and unavailing. The United States was not asked for a status report from eight months ago. United States has failed to deny Request # 2.

Request 4. United States is requested to admit that the Secretary of the Treasury, through principals, officers, agents, and/or employees of Internal Revenue Service, a component of the Department of Treasury, failed to notify the Requesting Party, by regulation or by notice served, of the imposition upon the Requesting Party of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code

Response: The United States objects to this request as incomprehensible. Furthermore, in its January 24, 2007, opinion and order, the Court dismissed [Mr.] Buaiz's record-keeping claims under 26 U.S.C. § 6001. Therefore, the United States objects to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, the United States denies this request.

Deficiency: This request pertains to the requirement to file. The United States has repeatedly alleged that Plaintiff failed to file and / or did not file certain income tax returns. The United States' incessant allegations regarding the Plaintiff's alleged failure to file are more than sufficient to show the relevance of Request # 4 and the admissibility of the information sought.

2

Further, your evasive and incomplete answer carries a qualifier which effectively moots the denial. The United States has failed to deny Request # 4.

Request 5. United States is requested to admit that no procedurally proper assessments which comply with Internal Revenue Code § 6203 have been performed with respect to the Requesting Party.

Response: Denied.

Deficiency: Although you provide an unqualified response to this Request, said response clearly contradicts the United States' inability / refusal to provide evidence of such procedurally proper assessments in its In Globo response to requests for production of assessment documentation.

Request 6. United States is requested to admit that Internal Revenue Service records indicate that Joseph A. Buaiz Jr. filed Form 1040 income tax returns for years 1989, 1990, 1991, 1992, 1993, and 1994 which have not been deemed frivolous under the provisions of 26 U.S.C. § 6702 by the Internal Revenue Service or any employee thereof.

Response: Denied. [Mr.] Buaiz filed papers that purport to be untimely federal income tax returns (form 1040) for 1989 through 1994. The United States is unaware of any determinations that have been made with respect to [Mr.] Buaiz's filings.

Deficiency: Your response is clearly argumentative, evasive, and misleading. Your denial is qualified with an admission that said returns were filed. *i.e.:* IRS possession of the subject returns is admitted. It is inconceivable that, with the admitted assistance of Mr. Stroot, Mrs. Krivacka, and Ms. Lethco, you are unable to generate a concise response to this Request. Notably, you failed to deny that the subject returns have been filed and accepted. Further, you failed to deny that said returns have not been deemed frivolous. The combined efforts of the aforementioned assistants prohibit the United States' "lack of knowledge" excuse. Ms. Lethco alone is more than capable of providing a definitive admission or denial in this instance. The use of qualifiers mooted the United States' denial. The United States has failed to deny Request # 6.

3

Request 7. United States is requested to admit that the Requesting Party attempted to mitigate damages by exhausting administrative remedies in accordance with 26 U.S.C. § 7433 prior to filing suit.

Response: Denied.

Deficiency: This denial is patently absurd and contrary to the record evidence and also contrary to the language you used in your letter to Mr. Stroot wherein you requested the compilation and certification of certain "transcripts" for use in the instant litigation. (See Exhibit A on the docket)

Request 8. United States is requested to admit that the assertions of assessments in the United States' counterclaim, pleadings, and Government Exhibits 4, 5, 7, 8, 9, 10, 11, and 12 are not supported by evidence of procedurally proper assessments made in compliance with IRC § 6203.

Response: Denied.

Deficiency: This response directly contradicts the United States' inability / refusal to produce evidence. Although you provide an unqualified response to this Request, said response clearly contradicts the United States' inability to provide evidence of such procedurally proper assessments in its In Globo response to requests for production of assessment documentation.

Request 9. United States is requested to admit that on the 25th day of January, 2007, Jeffrey R. Lawson certified, by way of executing two Catalog Number 19002E CERIFICATE OF OFFICIAL RECORD forms, as true and complete Official Records of the United States of America, the two Form 4340 transcripts identified as GOVERNMENT EXHIBIT 4 and GOVERNMENT EXHIBIT 5 in the above captioned case.

4

Response:  The United States objects to this request as incomprehensible. Subject to this objection, the United States admits Jeffrey R. Lawson signed transcripts dated January 25, 2007, which are certified records of plaintiff's federal income tax liabilities for the 1993 and 1994 tax years and which the United States has filed in the above-captioned case as government exhibits nos. 4 and 5.

Deficiency:  Your response is argumentative and evasive. The Request did not inquire about the alleged liabilities you improperly chose to respond with. Nor is the fact that Jeffrey R. Lawson "signed" the documents identified in said request at issue. Rather, the request specifically asks the United States to admit or deny that Jeffrey R. Lawson certified the subject documents in a specific manner. It is noteworthy that you failed to deny that Jeffrey R. Lawson performed the acts described in Request # 9. The United States has failed to deny Request # 9.

Request 10. With respect to the documents identified in Request # 9, above, United States is requested to admit that the entries upon the pages identified as Page 4 which assert the following:  "10-19-2005  LEGAL SUIT PENDING" and "10-19-2005  LEGAL SUIT NO LONGER PENDING" are false entries.

Response:  Denied.

Deficiency: This response directly contradicts the United States' inability / refusal to produce evidence of the alleged "LEGAL SUIT(s)". Although you provide an unqualified response to this Request, said response clearly contradicts the United States' inability / refusal to provide evidence of any such legal suits in its In Globo response to requests for production of documents.

Request 11. With respect to the documents identified in Request # 9 and Request # 17, United States is requested to admit that said documents were prepared at the request of Counsel, specifically for purposes of litigation.

5

Response: The United States admits that certified records of [Mr.] Buaiz's liabilities were prepared for use in this litigation, but denies that the information reflected in the records was compiled, maintained, or produced specifically for purposes of litigation.

Deficiency: The United States' admission that government exhibits 4, 5, 7, 8, 9, 10, 11, and 12 were produced specifically for use in the above-captioned case is an admission that said documents are inadmissible pursuant to FRE 803. Thus, the United States has failed to deny Request # 11. Does the United States intend to withdraw said Exhibits?

Request 12. With respect to the documents identified in Request # 9, and Request # 17, United States is requested to admit that said documents were not made in the ordinary course of business.

Response: The United States objects to this request as vague and ambiguous. Subject to this objection, the United States denies this request.

Deficiency: Your qualifiers (vague and ambiguous) render your denial moot. Accordingly, the United States has failed to deny the fact presented in Request # 12.

Request 13. United States is requested to admit that Jeffrey R. Lawson did not hold the title of "RESIDENT AGENT IN CHARGE" of or at both the Andover, Massachusetts and Cincinnati, Ohio Offices of the Internal Revenue Service on the days of January 24, 2007 and January 25, 2007.

Response: The United States objects to this request as compound and incomprehensible. Subject to this objection, the United States admits that Jeffrey R. Lawson was not stationed as the resident agent-in-charge in both Cincinnati, Ohio and Andover, Massachusetts on January 24, 2007, but denies that the certified records produced as government exhibits nos. 4 and 5 represent that Lawson was resident agent-in-charge at both locations.

6

Deficiency:  Your response is clearly argumentative and intentionally evasive. Government exhibits nos. 4 and 5 comprise the 4340 transcripts themselves and the certification / cover sheets. Taken together, as they must be, said exhibits assert that Lawson was indeed resident agent-in-charge at both locations. Your response admits that both Lawson's asserted status and the locations where Lawson claims to have been are false, and asks the reader to overlook what Lawson falsely sworn to. The United States has failed to deny Request # 13.

Request 14. United States is requested to admit that Jeffrey R. Lawson was not physically present at both the Andover, Massachusetts and the Cincinnati, Ohio Offices of the Internal Revenue Service on the day of January, 25, 2007.

Response: The United States admits that Jeffrey R. Lawson was not present simultaneously at both the Andover, Massachusetts and the Cincinnati, Ohio offices of the Internal Revenue Service on January 25, 2007, but denies that the certified records produced as government exhibits nos. 4 and 5 represent that Lawson was the resident agent-in-charge at both locations.

Deficiency: Your response is intentionally off-point. The United States was not asked whether Lawson was resident agent-in-charge, or whether Lawson was "present simultaneously" at both locations indicated. Rather, Request # 14 very plainly requests the United States admit or deny whether Lawson was present at both locations on January 25, 2007 as attested to in the Official Records of the United States that he produced. The United States has failed to deny Request # 14.

Request 15. United States is requested to admit that Joseph A. Buaiz Jr. exhausted administrative remedies in accordance with 26 CFR § 301.7433-1 prior to filing the above captioned civil action.

Response:  The United States objects to this request as vague and ambiguous. Subject to this objection, the United States admits that [Mr.] Buaiz administratively exhausted the specific claims set forth in his amended complaint filed on September 8, 2007, but denies that [Mr.]

7

Buaiz exhausted any other claims prior to filing suit, including any claims relating to liens filed against [Mr.] Buaiz's nominees.

Deficiency: Your response is clearly argumentative and inappropriate. The United States was not asked to admit or deny anything other than whether the Plaintiff exhausted administrative remedies (not claims, as you incorrectly state in your response) in accordance with § 301.7433-1 prior to filing the above captioned civil action. Your qualifiers and other diatribe render your response moot. The United States has failed to deny Request # 15.

Request 16. With respect to the documents identified in Request # 9 and Request # 17, United States is requested to admit that said documents do not constitute valid, admissible evidence of assessment within the meaning of IRC § 6203 and the Federal Rules of Evidence.

Response: Denied.

Deficiency: This denial is patently absurd. You have already admitted that the subject records were prepared at your request and specifically for use in the above-captioned case. This constitutes the United States' admission that government exhibits nos. 4, 5, 7, 8, 9, 10, 11, and 12 are inadmissible pursuant to FRE 803.

Request 17. United States is requested to admit that on the 6th day of December, 2006, Midge Ward certified, by way of executing six Catalog Number 19002E CERIFICATE OF OFFICIAL RECORD forms, as true and complete Official Records of the United States of America, the six Form 4340 transcripts identified as GOVERNMENT EXHIBIT 7, GOVERNMENT EXHIBIT 8, GOVERNMENT EXHIBIT 9, GOVERNMENT EXHIBIT 10, GOVERNMENT EXHIBIT 11, and GOVERNMENT EXHIBIT 12, in the above captioned case.

Response: The United States objects to this request as incomprehensible. Subject to this objection, the United States admits Midge Ward signed transcripts dated December 6, 2006, which are certified records of [Mr.] Buaiz's penalty liabilities for 1989 through 1994 and which the United States has filed in the above-captioned case as government exhibits nos. 7 through 12.

8

Deficiency: Your response is argumentative and evasive. The Request did not inquire about the alleged liabilities you improperly chose to respond with. The fact that Midge Ward "signed" the documents identified in said request is not at issue. Rather, the request specifically asks the United States to admit or deny that Midge Ward certified the subject documents in a specific manner. It is noteworthy that the United States failed to deny that Midge Ward performed the acts described in Request # 17. The United States has failed to deny Request # 17.

Request 18. With respect to the documents identified in Request # 17, above, United States is requested to admit that the entries upon the pages identified as Page 2 which assert "10-19-2005 LEGAL SUIT PENDING" and "07-16-2006  LEGAL SUIT NO LONGER PENDING" are false entries.

Response: Denied.

Deficiency: This response directly contradicts the United States' inability / refusal to produce evidence of the alleged "LEGAL SUIT(s)". Although you provide an unqualified response to this Request, said response clearly contradicts the United States' inability / refusal to provide evidence of any such legal suits in its In Globo response to requests for production of documents. Further, the United States admits in response to interrogatory # 8 that "Those notations relate to administrative hearing requests and proceedings..." Thus, the United States has admitted that the entries in government exhibits 4, 5, 7, 8, 9, 10, 11, and 12, which assert "10-19-2005 LEGAL SUIT PENDING" and "07-16-2006  LEGAL SUIT NO LONGER PENDING" are false entries.

Request 22. United States is requested to admit that the Internal Revenue Service does not possess documentary evidence of procedurally proper assessment(s) which includes the identification of the Requesting Party, the character of the liability assessed, the taxable period (if applicable), and the amount of the assessment to support the assertions of "ASSESSMENT DATE (23C, RAC 006)" attested to in the certified Form 4340 transcripts identified in Requests #9, #17, & #19.

9

Response: The United States objects to this request as incomprehensible. Subject to this objection, the United States denies this request.

Deficiency: This qualified response directly contradicts the United States' inability / refusal to produce evidence of procedurally proper assessment(s) in its In Globo response to requests for production of documents. Specifically, the United States failed to produce documentary evidence of procedurally proper assessment(s) which includes the identification of the Requesting Party, the character of the liability assessed, the taxable period (if applicable), and the amount of the assessment to support the assertions of "ASSESSMENT DATE (23C, RAC 006)" attested to in the certified Form 4340 transcripts identified in Requests #9, #17, & #19. The United States has admitted that it possesses no admissible evidence to support its allegations of assessment, assessed amounts, or the collection activities allegedly based thereon. Therefore, the United States has failed to deny Request # 22.

Request 24. United States is requested to admit that the denial of the Requesting Party's Administrative Claim (Fnt #5) constitutes the Unites States' waiver of sovereign immunity with regard to the above captioned matter.

Response: Denied.

Deficiency: This response is patently absurd and contrary to not only the opinion of the Court, but the language found in the denial (letter) referenced by Fnt #5, a copy of which was attached to the Requests for Admissions you received and a copy of which is in the record as Exhibit A.

Curiously, your responses to Requests for Admissions were undated and therefore cannot be relied upon in the case of your response to Request # 6 wherein the date said response was made becomes a factor upon which the veracity of said response would necessarily rely.

10

**Addressing the United States' responses to First Set of Interrogatories:**

1. What are the full names, addresses, occupations and relationship to the Defendant, United States, of each individual who assisted the answering of these interrogatories.

Response: John J. LoCurto, Trial Attorney, Tax Division, United States Department of Justice, P.O. Box 227, Ben Franklin Station, Washington, D.C. 20044, (202) 307-2793, was responsible for responding to [Mr.] Buaiz's interrogatories. The following Internal Revenue Service employees were consulted: Andrew Stroot, Attorney, 950 L'Enfant Plaza, Washington, DC 20024; Caroline R. Krivacka, Attorney, 810 Broadway, Suite 400, Nashville, TN 37203; Jane Lethco, Revenue Officer, 710 Locust Street, Knoxville, TN 37902.

Deficiency: The United States' response names only one person who was not an attorney acting in a representative capacity. However, the United States has refused to identify this person or to admit that a person named Jane Lethco is not employed as an IRS Revenue Officer.

2. Does the Defendant, its agencies / agents possess any evidence whatsoever of any attempt by Defendant, its agencies / agents to assist the Requesting Party with the filing of tax returns? If the answer is anything other than an unqualified "No," then for each and every such fact, observation, document, and item of evidence, please set forth specifically, and in detail, a description of the fact, event, observation, document, or item of evidence, setting forth names, dates, times, places and any other information that might assist in the identification and location of the subject information.

Response: Pursuant to Fed. R. Civ. P. 33(d), the United States refers [Mr.] Buaiz to the government's production of documents bearing control nos. US00001 to US00059.

Deficiency: The documents the United States refers to are not responsive to the interrogatory. Further, the interrogatory calls for a simple "yes" or "no" answer. Interrogatory # 2 is not a request for production, it is a question presented in plain and unambiguous language. The United States has failed to answer interrogatory # 2.

11

3. Does the Defendant, its agencies / agents possess any evidence whatsoever of Form 1040 Tax Returns prepared by the Requesting Party [f]or tax years 1989, 1990, 1991, 1992, 1993, and 1994? If the answer is anything other than an unqualified "No," then for each and every such fact, observation, document, and item of evidence, please set forth specifically, and in detail, a description of the fact, event, observation, document, or item of evidence, setting forth names, dates, times, places and any other information that might assist in the identification and location of the subject information.

Response:  The United States' possesses papers [Mr.] Buaiz filed and which he claims are federal income tax returns (form 1040) for the 1989 through 1994 tax years. Those papers are under review.

Deficiency: The United States' response to these interrogatories is intentionally back-dated to a time before the interrogatories were written. Therefore, this response is suspect and rendered moot. The United States has failed to answer request # 3.

4. Why did the Defendant, through Counsel, enter as Government Exhibits 22 through and including Government Exhibit 25, documents known to have been superseded, void, and irrelevant, and inadmissible?

Response: To the extent this interrogatory seeks that United States' rationale for taking action, the United States objects on that the request seeks information protected by the attorney / client privilege, attorney work product doctrine, and deliberative process privilege. Subject to this objection, the documents submitted by the United States on August 16, 2007, as exhibits 22 through 25, are not superseded, void, irrelevant, or inadmissible for use against [Mr.] Buaiz.

Deficiency:  The United States' response to these interrogatories is intentionally back-dated to a time before the interrogatories were written. Therefore, this response is suspect and rendered moot. The United States has failed to answer request # 4.

5. Have the tax returns allegedly represented by Government Exhibits 22 through and including Government Exhibit 25 in the above captioned case been superseded by subsequent Form 1040 Tax Returns? If the answer is anything other than an unqualified "No," then for each and every such fact, observation, document, and item of evidence, please set forth specifically, and in detail, a description of the fact, event, observation, document, or item of evidence, setting forth names, dates, times, places and any other information that might assist in the identification and location of the subject information.

Response: The United States objects to this interrogatory as vague and ambiguous. Subject to this objection, the documents submitted by the United States on August 16, 2007, as exhibits 22 through 25, have not been superseded.

Deficiency: The United States' response to these interrogatories is intentionally back-dated to a time before the interrogatories were written and, therefore, rendered moot. Further, United States admits possession of superseding tax returns, but produced documents which intentionally omit sections of the record which cover the time frame during which IRS received the superseding returns at issue, thus concealing from the Court the fact that government exhibits nos. 22 through 25 have, in fact, been superseded. Government exhibit 15, for example, omits such information.

6. Do GOVERNMENT EXHIBIT 4, GOVERNMENT EXHIBIT 5, GOVERNMENT EXHIBIT 7, GOVERNMENT EXHIBIT 8, GOVERNMENT EXHIBIT 9, GOVERNMENT EXHIBIT 10, GOVERNMENT EXHIBIT 11, and GOVERNMENT EXHIBIT 12 from the above captioned case contain any false entries whatsoever? If the answer is anything other than an unqualified "No," then for each and every such fact, observation, document, and item of evidence, please set forth specifically, and in detail, a description of the fact, event, observation, document, or item of evidence, setting forth names, dates, times, places and any other information that might assist in the identification and location of the subject information.

Response: The United States is unaware of any false entries contained in the documents filed in this action as government exhibits 4 through 12.

13

Deficiency: The United States' response to these interrogatories is intentionally back-dated to a time before the interrogatories were written and, therefore, rendered moot. Further, the United States admits the notations of legal suits "mean something else". This constitutes an overt admission that the United States is fully aware of the falsity of government exhibit nos. 4, 5, 7, 8, 9, 10, 11, and 12. The United States has failed to answer request # 6.

7. What is the name, employee number, duty post mailing address, and, telephone extension number of the Assessment Officer(s) who performed procedurally proper assessments pertaining to the Plaintiff in the above captioned case?

Response: The United States objects to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, and pursuant to Fed. R. Civ. P. 33(d), the United States refers [Mr.] Buaiz to the government's production of documents bearing control nos. USA00001 to USA00059.

Deficiency: The documents referred to, USA00001 to USA00059 are not responsive to this interrogatory. Further, this interrogatory asks a question, it does not request production. A proper answer to this interrogatory would yield admissible / relevant information related to the United States' counterclaim for alleged assessed amounts. This interrogatory is designed to garner admissible evidence regarding the assessment Officer responsible for the alleged assessments asserted in the United States' counterclaim and defenses. Therefore, said interrogatory cannot be said to seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The United States has failed to answer request # 7.

8. What are the Docket numbers of and what were the final determinations of the "Legal Suit(s)" asserted in GOVERNMENT EXHIBIT 4, GOVERNMENT EXHIBIT 5, GOVERNMENT EXHIBIT 7, GOVERNMENT EXHIBIT 8, GOVERNMENT EXHIBIT 9, GOVERNMENT EXHIBIT 10, GOVERNMENT EXHIBIT 11, and GOVERNMENT EXHIBIT 12?

14

Response: The legal suit notations in the certified records of [Mr.] Buaiz's account do not relate
to court litigations. Those notations relate to administrative hearing requests and proceedings
that [Mr.] Buaiz initiated. For information concerning the proceedings and their outcomes, the
United States refers [Mr.] Buaiz to government exhibit nos. 4 through 12.

Deficiency: The interrogatory called for an answer. The United States' response failed to address
any part of the interrogatory. Instead, the United States admitted that the legal suit notations
contained in government exhibits 4, 5, 7, 8, 9, 10, 11 and 12 are false. Indeed, the United States'
response to interrogatory # 8 is an admission that government exhibit nos. 4, 5, 7, 8, 9, 10, 11
and 12 are falsified Official Records of the United States. Further, government exhibit nos. 14
through 21 plainly show, as corroborated by document (manual) 6209, that legal suits and
administrative hearings are entered under different transaction codes. Government exhibits 14
through 21, prove that transaction code 520, and the subsequent "legal suit pending" notations,
are only used to indicate (court) litigation. The United States has failed to answer request # 8.

10. When and how was the Plaintiff in the above captioned case notified by notice served or by
regulation accordance with 26 U.S.C. § 6001 of the imposition upon Plaintiff of a requirement to
keep records, make statements, or file returns with respect to any tax imposed in the Internal
Revenue Code? Please include documentary evidence of personal service effected on Plaintiff
including time, date, and certificate of service or evidence of an implementing regulation from
26 CFR in support of the response to this interrogatory.

Response: In its January 24, 2007 opinion and order, the Court dismissed [Mr.] Buaiz's record-
keeping claims under 26 U.S.C. § 6001. Therefore, the United States objects to this request
because it seeks information that is neither relevant nor reasonably calculated to lead to the
discovery of admissible evidence.

Deficiency: The interrogatory asks about the requirement to file. The United States has
repeatedly alleged that Plaintiff failed to file and / or did not file certain income tax returns. The
United States' incessant allegations regarding the Plaintiff's alleged failure to file are more than

15

sufficient to show the relevance of interrogatory # 10 and the admissibility of the information sought. The United States has failed to answer request # 10.

11. This interrogatory concerns allegations made by the Plaintiff. Said allegations are located at Docket # 23-1 in the above referenced case. Have the allegations made by Plaintiff in the above captioned case and docketed at Docket # 23-1 been denied, refuted, or rebutted by Defendant or any Counsel for the Defendant, either in the above captioned case or any related case(s), or by any agent of Defendant in any pleading or other paper, or by way of oral argument / testimony, in or before any Court or disciplinary tribunal, investigation, inquiry and / or committee? If the answer is anything other than an unqualified "No," then for each and every such fact, event, document, and item of evidence, set forth specifically, and in detail, a description of the fact, event, and provide a copy of the document, or item of evidence, setting forth names, dates, times, places and any other information that might assist in the identification and location of the subject information.

Response: The United States objects to this request as incomprehensible. Subject to this objection, the United States has rebutted [Mr.] Buaiz's allegations and the Court rejected those allegations on March 30, 2007, when it denied [Mr.] Buaiz's request for a preliminary injunction.

Deficiency: The interrogatory clearly indicates that the allegations contained in the document located at Docket # 23-1 are at issue. The United States' intentionally misdirected response concerns a different paper. Further, the United States' assertion that the allegations made in the paper identified as Docket # 23-1 have been rebutted is not supported by the record in the above-captioned case. Nowhere can any such rebuttal be found in the record. The United States has instead answered a question that was not asked. The interrogatory is constructed using plain language and is easily comprehensible. The United States has failed to answer interrogatory # 11.

13. Did United States authorize or ratify the conduct of its agents which is complained of specifically by way of GOVERNMENT EXHIBIT 4, located at Docket # 30 and more clearly

16

described as a Criminal Report which complains of the actions of United States' employees /
agents, John J. LoCurto III, Eileen J. O'Connor, Andrew M. Stroot, Jeffrey R. Lawson, and
Midge Ward, between November 17, 2006 and February 20, 2007? If United States' answer is
anything other than an unqualified "Yes," please set forth the following information specifically
and in detail:

> A. State whether or not United States possesses any information, facts, writings or
> evidence whatsoever that either supports or contradicts its claim that it did not
> authorize or ratify the conduct of its agents / employees during the dates the subject
> incidents occurred.
>
> B. State whether or not United States possesses any information, facts, writings or
> evidence whatsoever relating to this litigation that either supports or contradicts its
> claim that it did not authorize or ratify the conduct of the aforesaid agents /
> employees during the time span within which the subject incidents occurred.
> Identify and describe each such item of information, fact, writing or evidence, and
> please state the name, address and relationship to the parties of each person who
> possesses the information.

Response: The United States objects to this request as vague, ambiguous, and incomprehensible.
The United States further objects to this request because it seeks information that is neither
relevant nor calculated to lead to the discovery of admissible evidence.

Deficiency: The actions of Lawson and Ward are easily seen relevant owing to the fact that they
produced records upon which the United States' claims and defenses rely. The admissibility of
said records being a point of contention further indicates that any questions aimed at ascertaining
the trustworthiness and admissibility of said records are relevant. Further, the United States
refused to address either of the subparts of interrogatory # 13. This outright refusal to answer is
unacceptable. The United States has failed / refused to answer request # 13 and its subparts.

14. Does United States contend that any of the agents / employees identified in #13, above, were
not agents / employees acting on behalf of United States at the time the incidents, which are the
subject of # 13, above, and GOVERNMENT EXHIBIT 4 at Docket # 30 occurred? If your
answer is anything other than an unqualified "No," please explain in detail the exact current
employment status of each of the aforementioned individuals including, but not limited to the

17

date(s) and reasons for such resignation(s), firing(s), or other event leading to termination of his / her employment.

Response:  The United States objects to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Deficiency:  The United States boilerplate response is unacceptable. The interrogatory concerns the credibility and asserted positions of individuals alleged to have participated in the making, certification, and delivery of documents the United States submitted and upon which it relies. **Addressing the United States Response to First Notice for Production of Documents:**

The United States' response to my Notice for Production begins with a compound qualifier which effectively moots every United States response that follows it. The qualifier:

> The United States has produced to [Mr.] Buaiz all of the *discoverable* documents *in the possession of its trial attorney,* and responds as follows to [Mr.] Buaiz's specific requests: Emphasis added.

    I object to the United States' use of this qualifier. Said qualifier effectively renders moot all responses that it precedes.

    The United States' blanket refusal to produce any documents whatsoever in response to the subject Notice for Production is a clear indication of evasion. It is unclear whether the United States trial attorney possessed any of the requested documents prior to the day said responses were executed. However, possession of documents by the United States' trial attorney is inconsequential. There can be no doubt that you, Mr. LoCurto, have custody of, control of, and access to far more documentation than you choose to admit or take possession of.

    Further, not a single request for production asks for documents solely in the possession of the United States' trial attorney. As you are fully aware, Mr. LoCurto, you are under a duty to gather the requested records from your client and produce them. Your "lack of possession" excuse will not suffice.

1. All documents in the United States' possession, custody, or under the United States' control, written or created that purport to be certificate(s) of assessment(s) pertaining to Joseph A. Buaiz Jr. The documents being requested must include the following:

>    (a) Identification of Joseph A. Buaiz Jr. as the "taxpayer";
>    (b) Character of liability assessed;
>    (c) Taxable period, if applicable;
>    (d) Amount of assessment; and,
>    (e) Must be signed by a duly appointed Assessment Officer.

Specifically, provide documents which meet the above description for each "Assessment Date" attested to within the certified transcripts entered by the United States in the above captioned matter as GOVERNMENT EXHIBIT 4, GOVERNMENT EXHIBIT 5, GOVERNMENT EXHIBIT 7, GOVERNMENT EXHIBIT 8, GOVERNMENT EXHIBIT 9, GOVERNMENT EXHIBIT 10, GOVERNMENT EXHIBIT 11, and GOVERNMENT EXHIBIT 12.  Please arrange these documents by date.

Response:  The United States has produced responsive documents as government exhibit nos. 4 through 12 and 14 through 21.

Deficiency:  You intentionally omitted eleven (11) lines of text when you re-wrote the request. This improper and malicious editing removed the specific description of the documents from your version of the request. Further, none of the documents to which you refer me meet the document description carried in the (un-edited) request. The United States has failed to produce any admissible evidence of assessment of or against the Plaintiff or any documents responsive to this request. You are requested to produce the documents specifically described in the request.

2. Provide documentary evidence of the Delegation(s) of Authority under which the Assessment Officer(s) identified upon the documents produced in response to request # 1, above, was / were acting when the documents produced in response to # 1 were executed.

Response: The United States objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this

objection, the United States refers [Mr.] Buaiz to the documents produced as government exhibit nos. 4 through 12 and 14 through 21.

Deficiency: This request specifically asks the United States to produce documents in support of the documentation produced in response to request # 1. The United States refused to produce any documents in response to request # 1 and, therefore, cannot respond appropriately to request # 2. The United States' blanket referral to documents Mr. LoCurto knows to be untrustworthy and inherently worthless (government exhibit nos. 4 through 12 and 14 through 21) is unacceptable.

3. Provide identification and duty post information pertaining to the Assessment Officer(s) identified in response to request # 1 sufficient to effect service of Legal Process including, but not limited to, Employee Number(s), Duty Post(s) / Campus, mailing and physical address(s), and identification of such Officer's immediate supervisor(s).

Response: The United States objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, the United States refers [Mr.] Buaiz to the documents produced as government exhibit nos. 4 through 12 and 14 through 21.

Deficiency: This boilerplate response is unacceptable. None of the documents requested have been provided and your repeated referral to the United States' exhibit nos. 4 through 12 and 14 through 21 is not responsive to the request. Said exhibits contradict each other in critical areas and their admissibility remains in question. The United States has refused to produce the documents requested by request # 3.

4. Provide all documents, inter-office memos, intra-office memos, reports, chronicles, letters, correspondence, computerized records or writings that mention, concern, discuss or pertain to travel / travel expenses of Jeffrey R. Lawson (Fnt #1) during the Months of December 2006, January 2007, and February 2007.

20

Response: The United States objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Deficiency: Documentation which would or could substantiate the whereabouts of Jeffrey R. Lawson during the time frame indicated is certainly relevant and will either consist of or lead to the discovery of admissible evidence. Your boilerplate objection fails in the face of your own arguments regarding (and attempting to protect) Mr. Lawson found in your response to # 6. Further, Mr. Lawson swore to being present in two different cities on the same day. The United States has refused to provide the documentation requested in request # 4.

5. Provide all documents, inter-office memos, intra-office memos, reports, chronicles, letters, correspondence, computerized records or writings that mention, concern, discuss or pertain to the appointment of Jeffrey R. Lawson as Resident Agent in Charge. This request is for all such documentation regarding Jeffrey R. Lawson's appointments as Resident Agent in Charge at both the Andover, Massachusetts IRS facility and the IRS facility at Cincinnati, Ohio.

Response: The United States objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Deficiency: Once again, you have intentionally omitted the descriptive language from your re-written version of the request. This improper and malicious editing removed the specific description of the documents from your version of the request. The United States relies upon documentation produced and certified by Jeffrey R. Lawson, but refuses to substantiate the status and position Mr. Lawson's claimed within the documents he produced and certified. This request will garner admissible evidence regarding the true status and position of Mr. Lawson. The United States has, without cause, refused to provide the documents requested in request # 5.

6. Provide identification and duty post information pertaining to Jeffrey R. Lawson sufficient to effect service of Legal Process including, but not limited to, Employee Number, Duty Post / Campus mailing and physical addresses, and identification of Jeffrey R. Lawson's immediate supervisor.

Response: The United States objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, Jeffrey R. Lawson is a supervisory criminal investigator, located in Covington, Kentucky and working out of the Internal Revenue Service's fraud detection center in Cincinnati, Ohio.

Deficiency: The United States openly admits Jeffrey R. Lawson is not resident agent in charge at either Andover, Massachusetts or Cincinnati, Ohio, as falsely sworn to in the Official Records of the United States. The United States' admissions support all discovery regarding Mr. Lawson since Mr. Lawson's true status has now been admitted to be something other than what Mr. Lawson attested to upon the Official Record of the United States. However, the United States has refused to provide the documents requested in request # 6.

7. Provide all documents, inter-office memos, intra-office memos, reports, chronicles, letters, correspondence, computerized records or writings that mention, concern, discuss or pertain to the legal suits attested to in GOVERNMENT EXHIBIT 4, GOVERNMENT EXHIBIT 5, GOVERNMENT EXHIBIT 7, GOVERNMENT EXHIBIT 8, GOVERNMENT EXHIBIT 9, GOVERNMENT EXHIBIT 10, GOVERNMENT EXHIBIT 11, and GOVERNMENT EXHIBIT 12. The response to this request should include, but not be limited to, Case Summary Reports, Docket Sheets, and final Orders.

Response: The United States objects to this request as unduly burdensome and because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, the United States has produced responsive documents to [Mr.] Buaiz, including government exhibit nos. 4 through 12, 14 through 21, and documents bearing control nos. USA00001 to USA00059.

Deficiency: The United States has entered exhibits which plainly assert legal suits in various stages and at various times. The request asks for the Federal record evidence of legal suits attested to in documents which have been certified as Official Records of the United States. Thus far, the United States has failed / refused to produce any responsive documents. Your claim that this request is unduly burdensome fails as an admission that the United States possesses the requested documents, but simply refuses to produce them. Please produce the records requested.

9. Provide all documents, inter-office memos, intra-office memos, reports, chronicles, letters, correspondence, computerized records or writings that mention, concern, discuss or pertain to the "suit letter(s)" authorizing the United States' counterclaim in the above captioned case.

Response: The United States objects to this request because it seeks documents that are protected by the attorney / client privilege, attorney work product doctrine, and deliberative process privilege.

Deficiency: Your blanket, unsupported claim of "privilege" with respect to the production of the requested documents is unacceptable. You have failed to specifically identify the materials for which you are attempting to claim privilege(s). The United States has refused to produce the documents requested in request # 9, and its attempt to invoke a claim(s) of privilege fails.

10. Provide all documents, inter-office memos, intra-office memos, reports, chronicles, letters, correspondence, computerized records or writings that mention, concern, discuss or pertain to authorization for IRS Employee, Mary Jane Lethco to use "Jane Lethco" as a signature when executing Official Record(s) of the United States.

Response: The United States objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. To the extent [Mr.] Buaiz seeks information from Revenue Officer Jane Lethco's personnel file, the United States objects to the request as improper, vexatious, and harassing.

Deficiency: The documentation sought in this request is normally available through the FOIA. However, in the case of Ms. Lethco, all such requests have been denied. This, taken together with the United States' insistence that Ms. Lethco's repeated perjury of Official Records and her "Certification of Jane Lethco", remains protected and concealed, provides the grounds for inquiry into Ms. Lethco's true – legal name. All such inquiries are relevant to the above-captioned case owing to the fact the United States' claims and defenses in said case rely, in part, upon the aforementioned "certification". Your assertion that such an inquiry is improper, vexatious, and harassing is meritless. The United States, by submitting and relying upon a document Ms. Lethco executed under penalty of perjury, proves the relevancy of inquiries into Ms. Lethco's identity. The United States has refused / failed to produce the documents requested in request # 10.

11. Provide a true and correct un-redacted copy of the Appointment Affidavit of Internal Revenue Service Employee # 62-09719.

Response: The United States objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Deficiency: The true identity of the person who executed the "Certification of Jane Lethco" is relevant to the above-caption case. The United States relies upon said "certification" and, therefore, the true identity of the person who claims to be IRS employee # 62-09719 is relevant to this case. Further, the documents produced will be admissible as evidence. The United States' refusal to substantiate the identity of a person who provided a "certification" executed under penalty of perjury is a matter that will not be overlooked. The United States has failed / refused to produce the documents requested in request # 11.

12. Provide all documents, inter-office memos, intra-office memos, reports, chronicles, letters, correspondence, policy, or writings that authorize IRS Employee Mary Jane Lethco to use a fictitious name(s) / signature(s), other than a registered and authorized pseudonym, for the purpose of executing Official Record(s) of the United States.

Response: The United States objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. To the extent [Mr.] Buaiz seeks information from Revenue Officer Jane Lethco's personnel file, the United States objects to the request as improper, vexatious, and harassing.

Deficiency: The documentation sought in this request is normally available through the FOIA. However, in the case of Ms. Lethco, all such requests have been denied. This, taken together with the United States' insistence that Ms. Lethco's repeated perjury of Official Records and her "Certification of Jane Lethco", remains protected and concealed, provides the grounds for inquiry into Ms. Lethco's true – legal name. All such inquiries are relevant to the above-captioned case owing to the fact the United States' claims and defenses in said case rely, in part, upon the aforementioned "certification". Your assertion that such an inquiry is improper, vexatious, and harassing is meritless. The United States, by submitting and relying upon a document Ms. Lethco executed under penalty of perjury, proves the relevancy of inquiries into Ms. Lethco's identity. The United States has refused / failed to produce the documents requested in request # 12.

13. Provide all documents, inter-office memos, intra-office memos, reports, chronicles, letters, correspondence, policy, or writings that authorize IRS Employee Mary Jane Lethco to use a fictitious name(s) / signature(s), for the purpose of executing under penalty of perjury, pursuant to 28 U.S.C. § 1746, a certification (Fnt #2) to be submitted to and relied upon by a United States District Court.

Response: The United States objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Deficiency: This boilerplate response is unacceptable owing to the fact the United States relies upon a "certification" allegedly executed under penalty of perjury by Ms. Lethco. The documentation sought is relevant and the request is designed to garner admissible evidence. The United States has failed / refused to produce the documents requested in request # 13.

The applicable Court rules and the Court's scheduling order require that we meet and confer in a good faith attempt to resolve our discovery disputes prior to requesting judicial intervention through a motion to compel further response.

As detailed above, the United States' responses to discovery require extensive supplementation. With respect to each of the deficiencies set forth above, if you disagree with any of the positions set forth in this letter, please provide a response for each disagreement in writing by October 10, 2007. Absent such a response, I will anticipate receipt of supplemental answers to my Requests for Admissions, First Set of Interrogatories, and First Notice for Production of Documents by October 15, 2007.

You may contact me by telephone at: (865) 356-6366. Thank you for your attention to this matter.

Date: October 2, 2007

Sincerely,

Joseph A. Buaiz Jr.