IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,

    Plaintiff,

-vs.-

UNITED STATES,

    Defendant.
_____/

Civil Action Nº: **1:06-CV-01312(RMC)**
Hon. Rosemary M. Collyer

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXHIBITS AND THE "CERTIFICATION OF JANE LETHCO"

Plaintiff hereby moves this Court to strike the United States' exhibits and the "Certification of Jane Lethco" pursuant to Fed. R. Civ. P. 56(e), Fed. R. Civ. P. 12(f) and, Fed. R. Civ. P. 11 (b) (1),(2),(3), & (4), and submits in support of this motion, the attached memorandum of points and authorities and proposed order.

Date: November 13, 2007

Respectfully submitted,

*/s/ Joseph A. Buaiz Jr.*
Joseph A. Buaiz Jr.

**RECEIVED**

NOV **1 5** 2007

**NANCY MAYER WHITTINGTON CLERK**
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,

    Plaintiff,

-vs.-

UNITED STATES,

    Defendant.
    _____/

Civil Action Nº: **1:06-CV-01312(RMC)**
Hon. Rosemary M. Collyer

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S PROPOSED EXHIBITS AND THE "CERTIFICATION OF JANE LETHCO"

#### INTRODUCTION

On February 20, 2007, the United States entered thirteen (13) documents as exhibits. Said documents are located at Docket # 20. On August 16, 2007, the United States entered twelve (12) additional exhibits into the above captioned case. Said documents are located at Docket # 36. Also on August 16, 2007, a document titled "Certification of Jane Lethco" was entered by the United States. Plaintiff's motion to strike and this supporting memorandum are directed at the United States' exhibit nos. 1 through 25 and the "Certification of Jane Lethco". Plaintiff moves the Court to strike the abovementioned documents from the record for the following reasons:

#### THE UNITED STATES' CERTIFIED OFFICIAL RECORDS

The allegations of fraud, falsification, and inadmissibility made against the United States' exhibit nos. 1 through 12 by Plaintiff's reply at Docket # 23-1 are re-alleged and incorporate as if fully set forth herein.

1

Government exhibits 4, 5, 7, 8, 9, 10, 11, and 12 are purported to be certified transcripts and Official Records of the United States. Through the United States' responses to Plaintiff's discovery, the United States admits that each of the aforesaid exhibits is tainted by erroneous entries. Indeed, the United States admits that its notations of "Legal Suit(s)" are erroneous and that said notations "mean something else". Therefore, said exhibits cannot be considered trustworthy. Further, counsel for the United States conceded that said the aforesaid certified transcripts, which the United States contends are certificates of assessment, were not signed by a Assessment Officer(s). Certification by the United States has been admitted, by way of a recent FOIA response, to be an inherently worthless procedure which does not certify the accuracy or validity of the contents of the document. SEE Attachment #1. This admission by defendant's agency, the IRS, casts significant doubt upon the United States' contentions that its records prove liability. This admission, from defendant's agency, that said records cannot be taken as accurate or valid is sufficient grounds for the Court to strike said records.

Government exhibits 4, 5, 7, 8, 9, 10, 11, and 12, by the admissions of defendant, through counsel, are at least erroneous and, therefore should be stricken. However, the infirmities suffered by said exhibits are compounded by the admission from defendant's agency, the IRS, that the United States' certification provided no guarantee whatsoever that the contents of said records are accurate or even valid.

The United Stats' certified transcripts are were not made contemporaneously. The United States entered exhibit nos. 4, 5, 7, 8, 9, 10, 11, and 12 purportedly as proof of alleged assessment(s). However, said records were not made at or near the time said alleged assessments are said to have occurred.

2

A portion of the "assessments" cited in the government's exhibits allegedly occurred more than ten years ago, with some citations of alleged assessment bearing dates from at least a year and a half ago. The United States' compilations of references to acts that allegedly occurred so many years ago are inherently worthless as evidence.

*Emigrant Mortgage Company, Inc. v. D'Agostino*, 896 A.2d 814, 94 Conn.App. 793 (2006). To admit evidence under the business record exception to the hearsay rule, the court must determine, before concluding that it is admissible, that the record was made in the regular course of business, that it was in the regular course of the business to make such a record, *and that it was made at the time of the act described in the report, or within a reasonable time thereafter*. Emphasis added.

The United States was offered the opportunity to provide foundation for its allegations through discovery, but refused every such request. This failure by the United States constitutes a party admission that its documents lack foundation. The United States' refusal to provide foundation for its transcripts, which are unquestionably compilations, and its refusal to provide the best evidence (the underlying documentation requested through discovery) is sufficient grounds for the Court to strike said transcripts. <u>The United States' records were not made in the ordinary course of business.</u> As detailed in Plaintiff's reply at Docket # 23-1, and admitted by the United States, the aforesaid records were not made in the ordinary course of business. Defendant's agency, the IRS, is in the "business" of collecting federal taxes through voluntary compliance. Clearly, its "business" is not litigation.

*City of Chicago v. Old Colony Partners*, 364 Ill.App.3d 806, 847 N.E.2d 565, 301 Ill.Dec. 555 (2006). Business records made in anticipation of litigation do not possess the same trustworthiness as other records prepared in the ordinary course of business.
*U.S. v. Robertson*, 588 F.2d 578 (8th Cir. 1978); *U.S. v. Johns-Mansville Corp.*, 231 F.Supp. 690 (E.D. Pa. 1963). *Lust v. Sealy, Inc.*, 383 F.3d 580 (7th Cir. Wis., 2004); *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014 (10th Cir. Colo., 2004).

The trustworthiness of the aforementioned exhibits has been challenged repeatedly

by Plaintiff. The United States has refused to provide any underlying documentation which could support the allegations of "Legal Suit(s)" or the allegations of "assessment(s)" found in its certified transcripts. It is noteworthy that in the face of Plaintiff's many challenges to the United States' documents, the United States could not provide even a single page of paper which would support its allegations or rebut Plaintiff's challenges to the truthfulness and validity of said transcripts. The United States refused to produce any documentation whatsoever in response to Plaintiff's requests for production. Much of the documentation requested by Plaintiff was directed at the foundations, if any, for the notations of acts attested to in the United States' transcripts, but not one page of documentation was provided to Plaintiff. This absolute failure by defendant to produce even a single page of foundational documentation in support of its challenged transcripts, casts significant doubt upon the trustworthiness of said records.

Further, Plaintiff is in possession of yet another set of certified Form 4340 transcripts which carry yet another series of false entries attesting to fictitious "Legal Suit(s)" purported to have occurred on different dates. To say that the defendant's exhibits described above are untrustworthy would be a gross understatement.

<u>The United States entered evidence proving its certified transcripts are false.</u> On August 16, 2007, the United States entered, as exhibits dubiously in support of the United States' motion for summary judgment, [fnt #1] government exhibit nos. 14 through 21. Said exhibits, which purport to be IMF Literal transcripts, directly contradict the excuse proffered by the United States' for the erroneous and / or false "Legal Suit" notations found in the aforesaid certified Official Records.

---

[fnt #1] The fact that the United States' exhibits 14 through 25 are also subject to Fed. R. Civ. P. 56(e) owing to their having been entered in support of a motion for summary judgment is addressed below.

4

Specifically, in response to discovery and during a telephonic discovery conference, the United States admitted that the "Legal Suit" notations made in the Government's Certified Transcripts were erroneous. Via telephone, Mr. LoCurto attempted to reinforce what the United States has proffered in its deficient discovery responses. That is, Mr. LoCurto attempted to explain away the notations of "Legal Suit(s)" by claiming these notations indicate administrative hearings requested by the Plaintiff. However, this excuse fails in the face of the United States' subsequent exhibit nos. 14 and 15.

Government exhibit nos. 14 and 15 directly contradict the United States' feeble excuse that its agency is unable to enter descriptive language into transcripts. Through the entry of government exhibits 14 and 15, the United States has submitted proof that their agency, the IRS, does not suffer from any inability whatsoever to enter descriptive language into its transcripts. Said exhibits prove conclusively that administrative hearings are described as such in IRS transcripts.

Notably, government exhibit nos. 14 through 21, purportedly being pages from the IMF transcript literal system of records, also carry the transaction codes under which all entries were made into said transcripts. This information is found in the extreme left column and appears as a three digit numerical entry.

IRS document 6209 is the instructional manual which describes the meanings and parameters of the numerical transaction codes used in IMF transcripts. It is notable that IRS document 6209 dictates transaction code (TC) 520 is not used to indicate any type of administrative hearing in government exhibit nos. 14 through 21. Rather, TC 971 is the code under which miscellaneous entries such as the various administrative hearings and administrative determinations are entered.

5

According to IRS document 6209, TC 520 and TC 521, which is the reversal of TC 520, are strictly reserved for signifying IRS "Litigation". SEE Attachment # 2, a copy of page 8 – 29 from IRS document 6209. Clearly, TC 520 and TC 521 are reserved for noting IRS litigation only.

The United States' position deteriorates further when the application of TC 971 is examined. TC 971 is the transaction code under which miscellaneous entries are made into IRS transcripts. As such, the TC 971 entries describing administrative hearings and determinations in government exhibit nos. 14 through 21 make sense. Descriptive language is used under TC 971 as detailed in IRS document 6209. SEE Attachment # 3, a copy of page 8 – 55 from IRS document 6209. Said attachment proves that IRS does indeed have a transaction code under which miscellaneous entries are made and through which descriptive language more in tune with its "miscellaneous" designation can be entered into IRS transcripts.

It is notable that government exhibit nos. 14 through 21 carry an entry noting a "Legal / Bankruptcy Suit Pending" dated 02-05-2007. This notation coincides with the United States' summons enforcement action initiated against Plaintiff in another District Court. However, as with government exhibit nos. 4, 5, and 7, through 12, government exhibit nos. 14 through 21 also carry notations of "Legal Suit(s) Pending" and "Legal Suit(s) No Longer Pending" which refer to fictitious legal suits which never occurred.

In short, every one of the aforesaid government exhibits contains false entries. The fact that government exhibits 14 through 21 directly contradict the government's position regarding the notations of "Legal Suit(s)" is more than sufficient grounds for striking government exhibit nos. 4, 5, and 7 through 12.

6

The falsity and worthlessness of government exhibit nos. 14 through 21 is further proven by the fact that said exhibits also contain TC 520 and TC 521 notations of fictitious legal suits. For example, exhibit 14 and 15 attest to a fictitious legal suit that allegedly began <u>and ended</u> on 10-19-2005. Exhibit nos. 16 through 21 all attest to legal suits that allegedly began on 10-19-2005, and lasted until 07-16-2006. The aforesaid legal suit notations are completely false.

The United States was requested to provide evidence of the aforesaid legal suits through discovery, but could not provide any such documentation. Instead, the United States essentially admitted its records are false by admitting that the entries contained in said exhibits "mean something else". Plaintiff respectfully contends that Official Records of the United States cannot "mean something else". Further, IRS document 6209, which specifically mandates the circumstances under which TC 520 and TC 521 are to be used, precludes any confusion on the issue. Government exhibit nos. 4, 5, and 7 through 12, along with government exhibit nos. 14 through 21 all carry false information and, therefore, are untrustworthy and inherently worthless.

Government exhibit 15 also carries evidence that the United States' exhibits cannot be trusted. Said exhibit contains an obviously falsified entry attesting to an alleged assessment putatively occurring July 9, 2007. This entry attests to the <u>act of</u> assessment allegedly occurring, and cannot be said to be a forecasted accrual. Said entry uses the past tense terminology of "assessed" falsely signifying that the act of assessment occurred and is being documented. The fact that said exhibit was created and printed on July 3, 2007, six days prior to the act it purports to document is further evidence that the government' records cannot be trusted.

<u>The body of working law</u> under which IRS personnel make entries into the IMF systems of records and under which transcripts such as government exhibits are made is IRS (manual) Document 6209. The United States' excuse that the notations of "Legal Suit(s)" "mean something else" is unavailing and should not be tolerated by this Court. Indeed, throughout discovery, the United States refused to recant its position and refused to comply with "best evidence" requests for the underlying documentation. It is clear that the United States intends to forge ahead in the teeth of the law and its own contradictions.

IRS document 6209 is the controlling "body of working law" which dictates exactly which transaction codes apply to certain circumstances. The record is clear; the United States' agency, the IRS, created the aforesaid exhibits in clear violation of its own internal "working law.

<u>Records produced specifically for litigation</u> are inadmissible. The United States admitted, through discovery, that government exhibit nos. 4, 5, and 7 through 12 were not records made in the regular course of business and that said records were prepared specifically for use in this litigation. This, of course, could not be refuted in the face of Mr. LoCurto's letter to IRS counsel requesting said records. SEE Attachment # 4. As such, the United States' certified transcripts are clearly inadmissible pursuant to Fed. R. Evid. 803 (6).

<u>D.C. Courts hold the United States' transcripts are inadmissible hearsay.</u> The rules applicable in the United States District Court for the District of Columbia with respect to secondary evidence, *i.e*, hearsay, have been governed since 1975 by the holding of the United States Court of Appeals, District of Columbia Circuit, in *United* States *v. Smith*, 1 Fed Evid Rep 22, 172 App DC 297, 521 F2d 957,

"Hearsay contained in an official record is admissible in evidence only if it was reported to the maker of the record, directly or through others, by one who was himself acting in the regular course of business and who had personal knowledge." (emphases added)

As detailed above, and more specifically in Plaintiff's reply docketed at Dkt # 23-1, the transcripts entered by the United States fail the D. C. Courts' *Smith* Test. Further, said transcripts also suffer from several other infirmities. The government's transcripts are riddled with false entries, contradictions, and are inherently worthless as evidence. The aforementioned records submitted by the United States have resulted not only in a fraud upon the Plaintiff, but have resulted in a fraud upon the Court s well. For the foregoing reasons, the United States' exhibit nos. 4, 5, 7 through 12, and 14 through 21 should be stricken.

### THE "CERTIFICATION OF JANE LETHCO" AND ITS ATTACHMENTS

The United States entered, as support to its motion for summary judgment, a document titled "Certification of Jane Lethco" and, as attachments thereto, government exhibit nos. 14 through 25. Ms. Lethco's "Certification" and its attachments should be stricken for the following reasons:

<u>Mary Lethco signed under penalty of perjury using a false "name"</u> The United States admitted, through discovery, that "Jane Lethco" is not a pseudonym that Mary Lethco is authorized to use when executing Official Records. Plaintiff provides Attachment #5, which is both a public record and an Official Record. Said attachment displays Ms. Lethco's true name as recognized by the federal government. It is notable that in the instant action the United States refused to produce documentation in response to discovery requests which would reveal that Ms. Lethco is using a fictitious name on Official Records.

9

The United States' refusal was putatively based on the United States' false position that the records requested are confidential and privileged. This excuse by the United States is patently false. When Plaintiff requested the same type of records pertaining to a different IRS employee, the records were produced without hesitation. In the case of Mary Lethco, however, such requests were denied. Further, this refusal to produce cannot be attributed to the instant litigation, as records pertaining to Velvet Cole (also mentioned in Plaintiff's complaint) were produced without hesitation. The refusals, both through the FOIA and through discovery, of the United States to produce evidence proving Ms. Lethco's true name are redolent of deception and fraud. The fact that the "Certification of Jane Lethco" is signed under penalty of perjury with a fictitious "name", which Ms. Lethco is not authorized to use, displays a level of fraud and hubris that should not be tolerated by the Court.

Coming as it did, in putative support of a motion for summary judgment, Mary Lethco's perjured certification (affidavit) is also subject to Fed. R. Civ. P. 56 (e) (Affidavits must "be made on personal knowledge, . . . set forth such facts as would be admissible in evidence, and . . . show affirmatively that the affiant is competent to testify to the matters stated therein."). Affidavits and declarations become wholly improper, as well as unhelpful, when they assert "self-serving" or ultimate conclusions of either law or fact. *See, e.g., BellSouth Telecomms., Inc. v. W.R. Grace & Co. – Conn.*, 77 F.3d 603, 615 (2d Cir. 1996) (finding that the district court's disregard of affidavits that advocated conclusions of law was proper); *Leonard v. Dixie Well Serv. & Supply, Inc.*, 828 F.2d 291, 295 (5th Cir. 1987) ("Affidavits . . . setting forth ultimate facts or conclusions of law can neither support nor defeat a motion for summary judgment . . .

Affidavits must be based on personal knowledge, setting forth facts admissible in evidence."); see also *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Hampton Inns, Inc. v. Ameritel Inns, Inc.*, No. 93-459-S, 1995 WL 762148, at *6 (D. Idaho Oct. 19, 1995) ("An affiant's opinion that is not founded on the facts of the case and consists largely of legal conclusions does not conform to the dictates of Rule 56(e) and is not sufficient to raise a genuine issue of fact.").

Ms. Lethco, through her affidavit, does not attest to competence to testify to the matters stated therein. Nor could she; she refuses to reveal her true name to the Court. Further, she has no first hand knowledge of the facts alleged therein. Ms. Lethco is not an Assessment Officer and, therefore, her putative knowledge of the facts is reduced to what the records revealed to her upon review.

Although occasionally sustained, in the instant matter the exception fails in that the records Ms. Lethco presumes to attest to (exhibits 14 through 21) are riddled with false entries and are contradicted by other records previously submitted by the United States.

Further, Ms. Lethco's affidavit is not authorized by statute. As such, said affidavit and its attachments should be stricken. *Kulshrestha v. First Union Commercial Corp.* 131 Cal. Rptr. 2d 881, 107 Cal. App. 4th 415 (2003) "A declaration is inadmissible hearsay in the absence of a statute permitting it." Ms. Lethco's affidavit is fraught with improper legal conclusions, ultimate facts, conclusory statements, and inadmissible hearsay. Ms. Lethco's presumed reliance upon, and self serving interpretation of, such patently false and untrustworthy records is misplaced in that the alleged facts produced are hearsay built from records which are obviously false. Such an affidavit does not meet the

11

requirements of Fed.R.Civ.P. 56(e) in that it is not made on personal knowledge and, in addition, it does not cover a proper area for testimony from Ms. Lethco.

Plaintiff attempted to gain information regarding the Assessment Officer(s) who, according to IRC § 6203 and CFR 301.6203-1, would have first hand knowledge of the alleged assessments Ms. Lethco attempts to testify to. However, the United States failed to produce any Assessment Officer information. Indeed, the United States admitted that Jeffrey Lawson and Midge Ward, the signers of the government's certified Form 4340 transcripts are not Assessment Officers. Thus, Mary Lethco, swearing under a fictitious name, is testifying to events (assessments), about which she has no first hand knowledge. Said affidavit is dubiously supported by unsigned, uncertified computer records which are not authenticated, nor self-authenticating, and which directly contradict the United States' previously submitted records. The records Mary Lethco attempts to testify to are self-contradictory as well. Neither does the United States claim that Mary Lethco is a custodian of records. Ms. Lethco's affidavit is clearly inadmissible hearsay.

<u>Government exhibits 22 through 25</u> attached to Mary Lethco's affidavit are entirely irrelevant and attached thereto solely for the purpose of impugning the Plaintiff's character and to prejudice the Court against Plaintiff.

The United States purports to be suing to collect on assessments made against Plaintiff. To this end, the United States has entered what it claims to be records of assessment, and IMF transcript literal documents. There is no need whatsoever for the United States to enter copies of tax returns, since the United States claims to have already assessed the amounts it wishes to collect. Whether or not Plaintiff was assessed a penalty due to the style of a return is a question the United States asserts was answered within the

defendant's agency long before bringing its claims to Court. Clearly, the United States' submission of exhibit nos. 22 through 25 was unnecessary and intentionally prejudicial.

Exhibits that do not conform to Rule 56 may be stricken from the record. See *United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 51 (D.D.C. 2006) (stating that a district court may "strike all or part of an affidavit for failing to satisfy the requirements of Federal Rule of Civil Procedure 56(e)").

The submission, by the United States, of the aforementioned superseded returns in this procedural posture (long after IRS claims to have made its determinations and assessments) serves only to unfairly cast aspersions upon the character of the Plaintiff. Because the United States cannot show any relevant purpose for submitting exhibits 22 through 25, said exhibits should be stricken from the record.

For the foregoing reasons and the reasons stated in my response to the United States' motion for summary judgment, Mary Lethco's affidavit, titled the "Certification of Jane Lethco" should be stricken from the record. Likewise, the attachments which putatively support it (government exhibit nos. 14 through 25) should also be stricken.

**GOVERNMENT EXHIBITS 1, 2, 3, 6, and 13**

<u>Government exhibit nos. 1, 2, and 3 are irrelevant.</u> The United States has entered as government exhibit nos. 1 and 2, copies of summonses which are entirely irrelevant. Said exhibits cannot be said to support the United States claims or defenses in any way. Indeed, the only effect such exhibits can have is to prejudice the Court against this Plaintiff.

Moreover, as detailed in Plaintiff's reply at Dkt # 23-1, government exhibit 1 is a falsified Official Record. Said exhibit carries with it a copy of the certificate of service

which attests that defendant's agent, Velvet Cole, served a "... a copy of the summons, which contained the attestation required by §7603, to the person ...". However, as proven by Plaintiff's Exhibit V, located at Docket # 23, agent Cole's certificate of service is a fraud. It is notable that, owing to the absolute irrelevance of government exhibit 1, Mr. LoCurto had no just cause whatsoever to enter said exhibit. Despite this, Mr. LoCurto has purveyed agent Cole's false and fraudulent certificate of service directly into the Court.

<u>Government exhibit 2</u> purports to be a copy of agent Cole's fourth attempt to serve a summons upon Plaintiff in compliance with §7603. As with government exhibit 1, this exhibit is equally irrelevant. It is incomprehensible that the United States could gain support for its defense or counterclaim through the use of these exhibits. Government exhibits 1 and 2 serve only to bolster the United States' assault upon the character of the Plaintiff and to unfairly prejudice this Court against Plaintiff.

It cannot be overemphasized that, like government exhibit 1, this exhibit is also a falsified Official Record. Agent Cole's certificate of service allegedly detailing her June 7, 2006 service of said summons contains false and fraudulent notice and noticee information. The occurrence of notice attested to in agent Cole's certificate of service never occurred. The United States has consistently submitted inadmissible falsified documents into this Court as exhibits.

<u>Government exhibit 3</u> is directly related to government exhibit 1 and 2 in that exhibit 3 purports to be a copy of Caroline Krivacka's letter of June 13, 2006, wherein Mrs. Krivacka attempted to intimidate Plaintiff into complying with one of agent Cole's four summonses. As such, government exhibit 3 is absolutely irrelevant and inadmissible. Said exhibit cannot be said to support the United States' claims or defenses, and serves

only to disparage the reputation of Plaintiff before the Court. Further, said exhibit is clearly not a true copy of the letter Mrs. Krivacka mailed to Plaintiff. The letter Plaintiff received from defendant's agent, Caroline Krivacka, was date stamped JUL 13 2006, with a handwritten "4" on top of the stamped "3" contained within the date. Government exhibit 3 is further proof that the exhibits offered by the United States are inherently worthless, cannot be trusted, and should be stricken from the record.

The fact that Counsel introduced government exhibit nos. 1, 2, and 3 cannot be said to pertain to anything other than the United States' relentless character assassination. Indeed, the timing of agent Cole's petition to enforce, eight months after service, but curiously just in time for Counsel to claim "The Service is currently investigating …2002 through 2005" (Def's Opp pg 2 ¶ 1), combined with the absolute irrelevance of said exhibits, appears suspect.

<u>Government exhibits 6 and 13</u> purport to be copies of "Internal Revenue Service Facsimile Federal Tax Lien Document(s)"; one of which (ex. # 6) openly displays the social security number assigned to Plaintiff. Government exhibits 6 and 13 rely solely upon the defendant's certified, but false, 4340 transcripts for proof of the alleged "assessment(s)" asserted therein. As such, government exhibit nos. 6 and 13 are entirely without foundation and, therefore, are inadmissible. The United States has rendered its exhibits 6 and 13 unsustainable by entering falsified Form(s) 4340 dubiously in support of its defense and counterclaim. Further, all assertions within the aforementioned documents are unsustainable owing to the fact that the United States admitted, through discovery, that government exhibit nos. 4, 5, and 7 through 12 are erroneous.

This admission by the United States is sufficient grounds to strike said exhibits and any other exhibits, such as exhibit. Nos. 6 and 13, which rely upon them for foundation.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue its Order striking government exhibits 1 through 25 and the "Certification of Jane Lethco" from the record.

.

Date: November 13, 2007

Respectfully submitted,

*Joseph A. Buaiz Jr.*
Joseph A. Buaiz Jr.

## CERTIFICATE OF SERVICE

I certify that on November 13, 2007, a true and complete copy of the foregoing Motion to Strike, supporting memorandum, and proposed order was served upon the following, by USPS, addressed as follows:

JOHN J. LOCURTO
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044

*Joseph A. Buaiz Jr.*
Joseph A. Buaiz Jr.

16

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Joseph A. Buaiz Jr.,

    Plaintiff,

-vs.-

UNITED STATES,

    Defendant.
_____/

Civil Action N°: **1:06-CV-01312(RMC)**
Hon. Rosemary M. Collyer

**ORDER**

This matter is before the Court on Plaintiff's motion to strike the United States' exhibits and a document which purports to be the certification of an agent for the United States' agency, the Internal Revenue Service. The Court, having considered the record and the applicable law, finds that Plaintiff's motion should be granted.

Accordingly, it is hereby ORDERED that United States' exhibit nos. 1 through 25 are STRICKEN from the record; and it is

FURTHER ORDERED that the document titled "Certification of Jane Lethco" is STRICKEN from the record.

SO ORDERED.

_____
United States District Judge

Date: _____