UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. BUAIZ, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1312 (RMC) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Joseph A. Buaiz, Jr., failed to file Form 1040 federal income tax returns for 1993 and 1994, despite having taxable income in each of those years. Mr. Buaiz sued the United States Government, seeking money damages for alleged wrongful collection activities by the Internal Revenue Service ("IRS"). The IRS filed counterclaims against Mr. Buaiz. The United States now seeks summary judgment on its counterclaims for income taxes for 1993 and 1994 and civil penalties for 1989 through 1994. Mr. Buaiz opposes the motion, asserting that the United States has submitted falsified documents to the Court. Having considered the entire record and the law, the Court will grant the motion for summary judgment.

**I. BACKGROUND**

Mr. Buaiz failed to file a Form 1040 federal income tax return for 1993 and, on March 17, 1997, a delegate of the Secretary of the Treasury assessed income tax, interest, and penalties against him, totaling $8,834.30 for 1993. He has not paid the amount due. As of July 16, 2007, Mr. Buaiz owed the United States income tax, penalties, and interest totaling $15,375.68 for 1993. Defendant's Memorandum in Support of Motion for Summary Judgment ("Def.'s Mem."),

Exh. 14.

Mr. Buaiz failed to file a Form 1040 federal income tax return for 1994 and, on March 24, 1997, a delegate of the Secretary of the Treasury assessed income tax, interest, and penalties against Mr. Buaiz totaling $9,500.19 for 1994. He has not paid the amount due. As of July 16, 2007, Mr. Buaiz owed the United States income tax, penalties, and interest totaling $15,995.66 for 1994. *Id.*, Exh. 15.

Instead of filing Form 1040 tax returns, Mr. Buaiz filed estate and trust income tax returns (Form 1041) for the years 1989 through 1994.[1] He was warned that such filings constituted frivolous tax returns but did not respond with an appropriate Form 1040. A delegate of the Secretary of the Treasury assessed civil penalties against Mr. Buaiz, under 26 U.S.C. § 6702, for filing frivolous tax returns. He has not paid the penalties. As of July 16, 2007, Mr. Buaiz owed the United States civil penalties and interest for 1989 through 1994 totaling $6,944.64. *Id.*, Exhs. 16-21.

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). Moreover, summary judgment is properly granted against a party who "after

---

[1] On February 20, 2007, the United States submitted certified transcripts of Mr. Buaiz's income tax and civil penalty liabilities in opposition to Mr. Buaiz's motion for a preliminary injunction. *See* Def.'s Opp. to Motion for Prelim. Inj. [Dkt. # 20], Exhs. 7-12. The certified transcripts reflect two penalty assessments for each tax year because Mr. Buaiz filed frivolous returns in multiple locations.

adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id*. at 252. In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Id*. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III. ANALYSIS

It has long been held that the IRS's tax assessments are presumptively correct and the taxpayer bears the burden of proving any error. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242-43 (2002); *Janis v. United States*, 428 U.S. 433, 440 (1976); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). The presumption of correctness "can help the Government prove its case against a taxpayer in court." *Fior D'Italia*, 536 U.S. at 242. A certified transcript (Form 4340) reflecting an assessment is presumptive proof of the taxpayer's liability and establishes the Government's *prima facie* case. *See Brounstein v. United States*, 979 F.2d 952, 954 (3d Cir. 1992). A certified transcript may provide a sufficient basis for summary judgment. *See United States v. Guerriero*, 2006 U.S. Dist. LEXIS 3473, at *2-3 (D. N.J. Jan. 30, 2006). The certified transcripts are self-authenticating and need no extrinsic evidentiary support as a predicate to admissibility. *See* Fed. R.

Evid. 902.

The United States has introduced such presumptive proof of Mr. Buaiz's liabilities in the form of certified transcripts for each of the tax years in question. Def.'s Opp. to Motion for Prelim. Inj., Exhs. 4 & 5. In response, Mr. Buaiz alleges that "the United States' certified transcripts were intentionally falsified specifically for purposes of litigation." Plaintiff's Memorandum in Support of Opposition to Motion for Summary Judgment ("Pl.'s Opp.") at 2. Mr. Buaiz offers no proof in support of this contention and, as he bears the burden of proof, his argument must fail.

First, Mr. Buaiz suggests that the assessments are invalid because the transcripts contain a "Legal Suits Pending" notation for litigation that never occurred. Pl.'s Opp. at 3. The 1994 transcript contains a "Legal Suit Pending" notation for October 19, 2005 – the day that Mr. Buaiz filed a request for an administrative hearing. Def.'s Opp. to Motion for Prelim. Inj., Exh. 4 at 4-5. More importantly, whether the notation was correct or in error, the transcripts are certified public records and cannot be rebutted by speculative argument. Whether a legal suit was pending or not has no impact on the assessments against Mr. Buaiz and the presumption that the certified records are correct.

Second, Mr. Buaiz attacks the credibility of the Certification of Ms. Jane Lethco, IRS Revenue Officer, who certified under penalty of perjury concerning the amounts of the assessments and civil penalties owed by Mr. Buaiz. The focal point of his attack is his assertion that Ms. Lethco's real name is Mary Jane Lethco. He argues that she used a "false and fictitious name 'Jane Lethco'" and that her certification is therefore "inherently worthless." Pl.'s Opp. at 3 & Exh. 8.[2]

---

[2] The exhibit appears to be from the Federal Election Commission's website. Not only is it irrelevant, it is not authenticated and, therefore, inadmissible.

Whether Ms. Lethco professionally uses the name "Mary Jane" or "M. Jane" or "Jane" is unimportant. Her certification is prepared properly, signed properly, and presented to the Court properly. Mr. Buaiz's argument to the contrary is totally without merit.

Third, Mr. Buaiz attaches Form 1040 income tax returns for the 1989 through 1994 tax years that he may have filed on or about April 13, 2007. The IRS has not confirmed that these returns were actually filed. As exhibits, however, the untimely returns are hearsay documents, *see Blodgett v. C.I.R.*, 394 F.3d 1030, 1040 (8th Cir. 2005), which cannot rebut the presumptively correct tax assessments. *See Mays v. United States*, 763 F.2d 1295, 1297 (11th Cir. 1985) (to overturn an assessment a taxpayer must offer "something other than tax returns, . . . uncorroborated oral testimony, . . . or self-serving statements").

Finally, Mr. Buaiz insists that summary judgment is premature because "discovery directed at defendant's use of Ms. Lethco's falsified certification and the fact that the United States has not yet produced a single piece of admissible evidence to support its claim is underway." Pl.'s Opp. at 3. The Court has already determined that Ms. Lethco's certification was not "falsified" in any way and that the United States has submitted properly certified documents that reflect the outstanding assessments, civil penalties, and interest that must be paid by Mr. Buaiz. The discovery he seeks need not prevent summary judgment.

## IV. CONCLUSION

The Court will grant summary judgment to the United States on its counterclaims. As of July 16, 2007, Mr. Buaiz owed for the 1993 and 1994 tax years income taxes, penalties, and interest totaling $31,371.34. As of July 16, 2007, Mr. Buaiz owed civil penalties and interest for 1989 through 1994 totaling $6,944.64. Judgment for the United States and against Mr. Buaiz will

be entered in the amount of $38,315.98, plus interest. A memorializing order accompanies this Memorandum Opinion.

Date: November 26, 2007                                /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge